

LODGED
CLERK, U.S. DISTRICT COURT
NOV 1 - 2013
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
12/03/13
CENTRAL DISTRICT OF CALIFORNIA
BY: sb          DEPUTY

RECEIVED
CLERK, U.S. DISTRICT COURT
OCT
NOV 3 0 2013
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

I/S 21

KEITH J. WALKER
6094 TERRACE LANE
YORBA LINDA, CA 92886
(951) 227-2839
DEFENDANT IN PRO PER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

KEITH J. WALKER, an individual                )   Case No.: EDCV13- 1992 AG-(VBK)
TARIQ A. WALKER, an individual                )
       **Plaintiff,**                )   **1.  Civil Rights Complaint Pursuant**
       Vs.                )       **to 42 U.S.C § 1983 (non-prisoners)**
RIVERSIDE COUNTY FAMILY                )
COURT                )   **Complaint for Damages:**
RIVERSIDE COUNTY DISTRICT                )
ATTORNEY                )   **2.  Intentional Infliction of**
RIVERSIDE COUNTY CIVIL COURT )   **Emotional Distress**
BEAUMONT POLICE DEPT.                )   **3.  Oppression**
BEAUMONT UNIFIED SCHOOL                )   **4.  Breach of Trust by an Officer**
DISTRICT                )   **5.  Neglect of Official Duty**
BEAUMONT HIGH SCHOOL                )   **6.  Subornation of Perjury**
ONTARIO POLICE DEPARTMENT                )   **7.  Obstruction of Justice**
RIVERSIDE POLICE DEPARTMENT )   **8.  Compounding Crime**
RANCHO CUCAMONGA POLICE                )   **9.  Misprison of Felony**
DEPARTMENT                )   **10. Extortion**
ELICK. TOBY BOWLER, an                )   **11. Negligence**
individual                )   **12. Conspiracy**
       **Defendants**                )   **13. Injunctive Relief From Riverside**
       **County Family Court**
       **14. Injunctive Relief From Riverside**
       **County Civil Court**

**Jury Trial Demanded:**

## I.   JURISDICTION

1.     This court has jurisdiction under 28 U.S.C § 1331 and 28 U.S.C. § 1343.  Federal question jurisdiction arises pursuant to 42 U.S.C § 1983, 18 U.S.C § 241, 18 U.S.C § 242, 18 U.S.C § 4 and Equal Protection of the laws as set forth under the Fourteenth Amendment of the Constitution and Bill of Rights of The United States of America.

## II. VENUE

2.     Venue is proper to 28 U.S.C §1391 because all of the defendants are residents of the State of California, and the very issues before the court are issues related to the Constitutional and civil rights of the plaintiff and his son. The Plaintiffs and his sons have suffered violations and deprivation of their civil and constitutional rights, conspiracy, unequal protection under the law and crimes put on the Plaintiff as well as intentional infliction of emotional distress by the defendants.

## III. PARTIES

3.     **Plaintiff** Keith J. Walker resides at: 6094 Terrace Lane, Yorba Linda, California 92886 (**Under protective custody**), hereinafter "Plaintiff".

4.     **Defendant** Paul Zellerbach works at Riverside County District Attorney

Office.  The Defendant's title or position is "District Attorney".  This defendant is sued in his individual and official capacities.  This defendant was acting under color of law because he is responsible for prosecution of all felonies against the citizens and residents of Riverside County, and took the oath of office as District Attorney for Riverside County during the period in question.  DA Paul Zellerbach made decisions that violated federal and the state of California laws over a period of three years, as well as violating the Plaintiffs' rights.

5.  **Defendant** Craig Datig works in the Riverside County District Attorney's Office (Western Division- Banning) The Defendant's title or position is "Deputy District Attorney".  This Defendant is sued in his individual and official capacities.  This Defendant was acting under the color of law because he is responsible for prosecution of all cases on the Banning Court at the time of the violations of federal and State of California laws against the Plaintiffs.

6.  **Defendant** Hon. Jackson Lucky works at the Riverside County Family Court.  The defendant's title or position is "Presiding Judge".  This defendant is sued in his individual and official capacities.  This defendant was acting under the color of law because he is the presiding judge of the Riverside County Family Court and was adjudicating the case "Algaouni v. Walker" in Department F-301, Riverside County Family Court of the violations of the federal and the state of California laws against the Plaintiffs.

7.  **Defendant** Commissioner Pamela Thatcher works at the Riverside

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 3

1   County Civil Court.  The defendant's title or position is   "Commissioner".
2   This defendant is sued in her individual and official capacities.  This
3   defendant was acting under the color of law because she is the Commissioner
4   of the court who adjudicated the case Walker v. Lemaitre in Riverside County
5   Civil Court at the time of the violations of federal and the State of California
6   laws against the Plaintiffs.

8.   **Defendant** Elick Toby Bowler works at E. Toby Bowler, a private law
practice in Redlands, Riverside County, California.  The Defendant's title or
position is "Attorney, Opposing Counsel".  This defendant is sued in his
official and private capacities.  This defendant was acting under the color of
law as an officer of the court and opposing counsel representing Rawah
Algaouni in the case RID 236721, Riverside County Family Court during the
time of the violations of federal and State of California laws against the
Plaintiff and his sons.

9.   **Defendant** Frank Coe works at Beaumont Police Department.  The
Defendant's title or position is "Police Chief".  This defendant is sued
In his individual and official capacities.  This Defendant was acting
under the color of law because he is the Chief Police Officer in charge
of the Beaumont Police Department during the time of the violations of
federal and the State of California laws against the Plaintiff.

10.   **Defendant** Greg Fagan works at the Beaumont Police Department.  The
defendant's title or position is "Commander".  This defendant is sued in
his individual and official capacities.  This defendant was acting under the

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for
Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 4

color of law because he is the commander with the Beaumont Police
Department during the time of the violations of federal and the State of
California laws against the Plaintiffs.

11.    **Defendant** George Walter works at the Beaumont Police Department.
The defendant's title or position is "Sergeant". This Defendant is sued
in his individual and official capacities. This defendant was acting under the
color of law because he is the sergeant with the Beaumont Police Department
who gave orders and took actions that led to violations of federal and the
State of California laws against the Plaintiff.

12.    **Defendant** Thomas D'Alessandro works at the Beaumont Police
Department. The Defendant's title or position is "Officer". This
defendant is sued in his individual and official capacities. This defendant was
acting under the color of law because he is the police officer with the
Beaumont Police whose actions led to the violations of federal and the State of
California laws against the Plaintiff.

13.    **Defendant** Maureen Latham works at the Beaumont Unified School
District. The defendant's title or position is "Superintendent". This
defendant is sued in her individual and official capacities. This defendant was
acting under the color of law in her official and private capacities as
Superintendent when she violated federal and State of California laws against
Plaintiff and his sons, Bilal and Tariq Walker.

14.    **Defendant** Shawn Mitchell works at the Beaumont Unified School

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for
Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 5

District.  The defendant's title or position is "Director of Student Services".
This defendant is sued in his private and official capacities.  This defendant
was acting under the color of law in his official and private capacities when he
violated federal laws and the State of California laws, as well as the rights of
the Plaintiff and his sons, Bilal and Tariq Walker.

15.     **Defendant** Marilyn Saucedo works at the Beaumont High School.  The
defendant's title is "Principal".  This defendant is sued in her private and
official capacities.  This defendant was acting under the color of law in her
official and private capacities as principal of Beaumont High School when she
violated federal and the state of California laws against the Plaintiff and his
sons, Bilal and Tariq Walker.

16.     **Defendant** Mark Dusold works at the Beaumont High School.  The
defendant's title or position is "Director of Athletic Department".  This
defendant is sued in his private and official capacities.  This defendant was
acting under the color of law in his official and private capacities when he
violated federal and the State of California laws, as well as the rights of the
Plaintiff and his sons, Bilal and Tariq Walker.

17.     **Defendant** Belinda Martinez works at the California Superior Court
Riverside County Family Court.  The defendant's title or position  is
"Clerk of the Court".  This defendant is sued in her private and official
capacities.  This defendant was acting under the color of law in her official
and private capacities when she violated federal and State of California laws,

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for
Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 6

as well as the rights of the Plaintiff and his sons, Bilal and Tariq Walker.

18.    **Defendant** Lisa Morris works at the California Superior Court Riverside County Family Court.  The Defendant's title or position is "Family Court Mediator Supervisor".  This defendant is sued in her private and official capacities.  This defendant was acting under the color of law in her official and private capacities when she violated federal and the State of California laws against the Plaintiff and his sons, Bilal Walker and Tariq Walker

19.    **Defendant** Kevin Carter works at the California Superior Court Riverside County Family Court.  The defendant's title or position is " Family Court Mediator".  This defendant is sued in his private and official capacities.  This defendant was acting under the color of law in his official and private capacities when he violated federal and State of California laws against the Plaintiff and his sons, Bilal and Tariq Walker.

20.    **Defendant** Tim Glisson works at the Ontario Police Department.  This Defendant is sued in his private and official capacities.  The defendant's title or position is "Sergeant".  This defendant was acting under the color of law in his official and private capacities when he   violated federal and State of California laws against rights of the plaintiff and his sons, Bilal and Tariq Walker.

## IV. STATEMENT OF FACTS

21.    The plaintiff delivered documented evidence to the office of the District Attorney Office confirming that Rawah Algaouni conspired with

Thierry Lemaitre, Ahlam Algaouni, Basma (Algaouni) Arabi, Montaser Algaouni, South Milliken Investments and Z-Tech Advance Technologies in defrauding the State of California EDD, Medicare Healthy Families Program, laundering money to Lebanon, tax evasion, trafficking in illegal and unregistered handguns and automatic weapons, as well as in trespassory burglary of an Apple 17" MAC Book Pro, Mont Blanc Pen Collection valued at $ 60,000.00, a Seiko Collector's watch and committed kidnapping and violations of California Penal Code 278.5 (a) on two different instances. When the Plaintiff confronted the District attorney's office via mail about their failure to prosecute these persons, Mr. Zellerbach sent the Plaintiff a letter claiming that the criminal activities are outside of his jurisdiction, and did not take place in his jurisdiction.

22.     The District Attorney's office also conspired with E. Toby Bowler, attorney for Rawah Algaouni in exchange for favors and other gratuities. In an attempt to discredit the plaintiff in hopes of gaining sole custody of the minor sons, Bilal and Tariq Walker in the divorce proceedings with Rawah Algaouni, the plaintiff was wrongly prosecuted for a misdemeanor which he did not commit. The Beaumont Police confirmed that they sent clear and convincing evidence confirming that Rawah Algaouni committed the felony C.P.C 278.5 (a), and DA Zellerbach rejected it four times for no valid legal reason, but clearly for personal reasons.

23.     In addition to this the DA and his office also refused to file charges against Thierry Lemaitre, Ahlam Algaouni, Montaser Algaouni, Montaser Algaouni for the crimes they committed against my sons and I as a favor to E.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 8

Toby Bowler, attorney for Rawah Algaouni.  The wife of the presiding judge in the divorce proceedings, Hon. Jackson Lucky, works for the District Attorney, and the judge himself was a prosecutor in the same office.  Both the District Attorney and the presiding Judge along with E. Toby Bowler belong to and are members of the same organization, and have conspired to intentional injure the Plaintiff.

24.     Throughout the divorce proceedings Rawah Algaouni (mother of the plaintiff's sons) and E. Toby Bowler made and continue to make false declarations to the court under the penalty of perjury.  The plaintiff was falsely accused by Rawah Algaouni of domestic violence, and was falsely arrested while at court seeking a restraining order for, Bret and Gina Beloat one of the friends of Rawah Algaouni.  On the day in question Rawah Algaouni went into the trunk of the car of the plaintiff throwing the contents into the street and hit her head as the plaintiff walked back towards the car.  The plaintiff called Beaumont PD and advised them of the facts and informed them he was going to court, hardly evading the law.  Despite giving his statement the plaintiff was arrested and was released the following day.  When the plaintiff went to court the District Attorney did not file any charges on the grounds that Rawah Algaouni was not credible.

25.     Despite this when the plaintiff went to court the mediator gave sole custody of the minor children to Rawah Algaouni, despite the fact the plaintiff had no record of any violence or previous charges.  The Family Court denied the plaintiff his rights to have joint custody of his children for no legal or other judicial discretion or reasoning.  This decision was much to the detriment of

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 9

the minor children who had a great relationship with their father including the older son, Bilal Walker, who lived with the Plaintiff overseas.  The court ordered the plaintiff to alcohol and drug assessment because of the perjured statement of Rawah Algaouni.

26.      Rawah Algaouni told the court that the plaintiff drank excessively and was abusive to her and the minor children throughout the marriage. Rawah Algaouni could not get a single person to provide her with an affidavit or corroborate her allegations, whereas the plaintiff provided the court with over twenty affidavits from neighbors and other third parties including the children's pediatrician and dentist to refute her false claims.  Hon. Jackson Lucky had these affidavits stricken from the record.   The assessment from Dr. McAffee, the court appointed counselor, verified that the Plaintiff's liver enzymes were normal.  The Plaintiff passed all subjective clinical and physical test.  Dr. McAffee report showed the tests conclusively proved that Rawah Algaouni was not telling the truth about the plaintiff's drinking or alleged abuse.  Dr. McAffee and his nurse were surprised to learn that the plaintiff was fifty years old and he looked like 35 years.

27.      Rawah Algaouni and her family alienated the minor children from the plaintiff and his family, and allowed Thierry Lemaitre and Ahlam Algaouni to come to the home where the minor children lived and mentally brain-wash and abuse the older son so much so that the older son complained to the plaintiff of the pain this abuse was causing him and its affect on his school work.  Basma Arabi, sister of Rawah Algaouni, was also mentally abusing the younger child, Tariq, who would call the plaintiff allowing the entire incidents

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 10

to be recorded.

28.     The minor children were not allowed to have any communication with the family of the plaintiff, when in previous times the children would travel to spend summers and other holidays with the family of the plaintiff. Whenever the younger son, Tariq Walker, would ask to see and spend time with the Plaintiff Rawah Algaouni would threaten him with being punished. Rawah disobeyed all court orders and the court never held her accountable, and as a result she continued to do so with impunity. The Family Court never warned Rawah Algaouni that if she is unable to facilitate and nurture the relationship between the Plaintiff and his sons that it stood ready to make an order granting sole physical custody of the minor children to the Plaintiff.

29.     The plaintiff purchased clothing for the minor children for school costing over $ 1,500.00 and school supplies for over $ 1,000.00, and Rawah Algaouni returned the clothing to the store and got store credit and spent the store credit purchasing items for herself. The week of the Sandy Hook shooting the younger son Tariq called the plaintiff telling him that he asked his mother to purchase a winter coat for him and she refused to do so stating she did not have any money. Rawah Algaouni was receiving $ 3,010.80 per month and refused to buy the kids any clothing or what they needed telling them that the plaintiff was not providing any financial support. The older son Bilal had to be provided a copy of the plaintiff's pay stub showing the money received where from the period of September 14th, 2012 through December 31st, 2012, Rawah Algaouni received over $ 15,000.00.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 11

30.      The plaintiff was informed that the older son, Bilal, was smoking marijuana to the point where other students who would be on the high school bus going to and coming from events were complaining.  Rawah Algaouni and E. Toby Bowler testified in court that they gave Bilal a drug test and he passed.  Bilal Walker told the plaintiff the statement made in court on the drug test was not true, no one ever gave him a drug test.  As a matter of fact the plaintiff later learned that while living in the same home as his mother, Rawah Algaouni, he obtained a medical marijuana card that he was convinced to surrender to a close friend of the plaintiff.  When the plaintiff filed an ex-parte hearing before the family court asking that Rawah Algaouni be ordered to give the minor child a drug test, Hon. Jackson Lucky, presiding judge, told the plaintiff he did not have the authority to direct the mother to do so when in truth and fact he had every legal authority and judicial discretion to make such orders.

31.      Rawah Algaouni caught the plaintiff's son, Bilal Walker, having sexual   intercourse with a minor on two different occasions and did nothing about it, thereby contributing to the delinquency of a minor.  The minor's parents are police officers and threatened to kill the plaintiff's son, Bilal Walker.  Rawah Algaouni recklessly allowed her cousin, Mazzin Afghani, to give  the plaintiff's minor son, Bilal, drugs.  While living in the home of Rawah Algaouni the minor son used the medical marijuana card to sell marijuana to the other kids in the neighborhood with the knowledge of Rawah Algaouni.

32.      Prior to the divorce the older son Bilal Walker received several

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 12

awards for his academic and athletic performances- Student Athlete (2),
Southern California CIF DIV-IV 50 & 100-meter swimming champion 2011
& 2012.  As a result of these achievements Bilal was being offered a
nomination to the United States Naval Academy, a full scholarship to
Occidental College and a full scholarship to University of San Diego.  Rawah
Algaouni refused to allow the minor child to speak with the folks arranging
for his nomination, or to meet with Occidental College or the Trustees from
San Diego State University.  These actions were to vindictively intentional
and were done to hurt the Plaintiff

33.     Rawah Algaouni continued a willful and deliberate process of
alienating the minor children from the plaintiff by telling Bilal that
the plaintiff held a gun to her head and threatened to shoot her if she left him.
Most recently Rawah Algaouni told the older son that the plaintiff was
recorded saying that the plaintiff wants the older son Bilal dead.

34.     On two different occasions Rawah Algaouni committed a felony
violation of California Penal Code 278.5- On December 24th, 2011 and again
on June 28th, 2013, as well as aiding and abating the kidnapping of my
younger  son, Tariq Walker, on that day and having him taken to Costa Rica.
While the children were kidnapped and taken to Denver Colorado to the home
of Robert Ardrey, my son Bilal called me early on Christmas morning crying.
When they were returned to California the younger son Tariq told the
plaintiff, "Dad, when we were at Chris's (Robert Ardrey)home, mom was
waking up early in the morning around 5:00 A.M and going upstairs by Chris
thinking that we did not notice.  The Plaintiff has reasoned this was why Bilal

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for
Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 13

1   called the Plaintiff crying on the morning of December 25th, 2011.

2

3   35.      Rawah Algaouni has left the Plaintiff's younger son at home by

4   himself on several occasions in the past.  On one occasion in June 2011,  the

5   minor child was afraid and called the Plaintiff and the Beaumont Police

6   conducted a safety check.  Rawah Algaouni has deliberately interfered with

7   the relationship between the Plaintiff's  sons by denying Tariq the ability to

8   use Skype by order of the court to communicate with the Plaintiff.  Despite a

9   court order authorizing my son and I to communicate using Skype, Rawah

10   Algaouni disconnected the phone to the home that was provided free of cost

11   so as to cut off all communication with my sons. Rawah Algaouni also

12   uninstalled the Skype software from Tariq's desktop computer purchased by

13   the Plaintiff.

14

15

16   36.      On or about December 4th, 2012, the plaintiff sent the younger son

17   Tariq Walker a birthday card with money hidden in it and Rawah Algaouni

18   withheld the card from the child.  Both Tariq and Bilal Walker then had to

19   confront their Rawah Algaouni about the card to force her to turn it over with

20   the money.  From the time the plaintiff left the home Tariq Walker was given

21   a piggy bank by the plaintiff in which Tariq saved his money.  It was

22   determined that Rawah Algaouni was stealing her son's money and going to

23   Morongo Casino to gamble with her friends.

24

25   37.      Despite receiving $ 3,010.80 every month for child and spousal

26   support Rawah Algaouni was refusing to buy the minor children clothes and

27   would tell the younger son Tariq to make sure that the plaintiff takes him

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for
Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 14

shopping.  Tariq has a podiatric issue and the plaintiff would provide for the necessary treatment and cost for corrective shoes and inserts.  Tariq would have to continually confront his mother, Rawah Algaouni, to get her to buy him the much needed inserts and proper shoes which she often time flatly refused to purchase on the grounds that they were too expensive.  The plaintiff would insure that Tariq would get his shoes for running track, basketball and regular foot ware.

38.     When the older son, Bilal, was relegated to attending a community college have been denied the opportunities afforded to him to attend  the Naval  Academy and other prestigious academic institutions, Rawah Algaouni sold the Audi Q7 leaving the child with no way to get to school.  When Bilal was living at the plaintiff's old apartment in Riverside, his aunt Rosalind Walker would pay a chauffeur service to drop him to school every morning. In early January the plaintiff purchased a car with the financial assistance of Rosalind Walker and paid for the vehicle until June 20113.  Around this time the plaintiff exercised tough love with the older son having had him agree to fin8d a job by February 2013.  Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni encouraged in the tortious interference of the financed car the Plaintiff and Rosalind Porter purchased for  Bilal Walker.  Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni encouraged Bilal to leave at the body shop, Pep Boys Yucaipa.

39.     Rawah Algaouni gave away the weimaraner dog that was purchased for the children as a puppy by Jonathan Greenbaum, long time family friend and their aunt Rosalind Porter.  Rawah Algaouni did this despite

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 15

the fact that the dog saved Tariq from being lured into a vehicle by an unknown person a few feet from the home in Beaumont. On January 6th, 2012, Tariq learned that the dog, a weimaraner called "Duke", later died and this upset Tariq very much. On the same day when the Plaintiff went to pick up Tariq from school as ordered by the court Rawah Algaouni refused to give the minor child his clothing for the weekend, as well as the jersey he needed for a basketball game the following day.

40.     After paying over $ 80,000.00 to attorneys who failed to perform adequately the plaintiff released the attorneys. The plaintiff represented himself in Family Court and managed to obtain joint legal custody of the minor children. Rawah Algaouni then conspired with attorney, E. Toby Bowler and perjured themselves in Family Court when they filed for a permanent restraining order. The Plaintiff provided the court with documented evidence and oral testimony to refute the false claims, despite this the court wrongfully granted Rawah Algaouni sole custody of the minor children.

41.     After this order was granted Rawah Algaouni moved to further interfere with the visitation orders from the court that were still in place. During the trial on May 31st, 2012, in Family Court, the plaintiff's family and other witnesses that were called to testify on the plaintiff's behalf were barred from appearing telephonically. This was the second time that witnesses coming to court to give competent and first had testimony on the Plaintiff's behalf were denied. During hearings held in July and September of 2010, Mildred Walker and Rosalind (Walker) Porter  came to court to give

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 16

testimony and were both refused the opportunity to give testimony.  In addition to this the plaintiff submitted over twenty affidavits from third parties, grandmother, Dawn Thomas, paternal aunts, cousins, teachers, pediatricians, and dentist that the court refused to allow into testimony.

42.      During the hearing in Family Court (Algaouni v. Walker) on May 31st, 2012, the plaintiff submitted a memorandum of points and authorities to state his parental rights under the Fourteenth Amendments to the court citing the Supreme Court cases reaffirming these protected parental rights of parents- Prince v. Massachusetts, Lulay v. Lulay etc.  Hon. Jackson Lucky told the plaintiff, " That Supreme Court Ruling has no standing in my court".

43.      Prior to accepting a job assignment to get out of California for his safety the Plaintiff's older son Bilal came to live in his old apartment before the Plaintiff had to have him move back home.  During this time Rawah Algaouni went to the plaintiff's apartment and stole the Plaintiff's social security card that was sent in the mail.  In addition to this Rawah Algaouni already had stolen the plaintiff's U.S Citizenship certificate and other government documents including his military DD214, and deeds to his property in Barbados.  The Beaumont Police Department was told about this and refused to do anything about the trespassory burglary.

44.      Rawah Algaouni, Thierry Lemaitre, Ahlam Algaouni and Montaser Algaouni sent the plaintiff death threats- a proposal for a cemetery,  pictures of a grave plot and a crematory.  Rawah Algaouni et al are of a mentality that would do anything to get even with me for disclosing their criminal activity,

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 17

even if it meant doing irreparable harm to my sons.  Rawah Algaouni et al also stole a years worth of telephone records on my laptop from AccessOne that were given to the DEA in Barbados in an effort to gather evidence on a major drug trafficker that we got to use our services.  That drug trafficker is now being processed for extradition to the United States for prosecution.

45.     Plaintiff sought to have a Rawah Algaouni have a psych evaluation and the court denied this, as well as a 739- evaluation.  The Mediation department mediator  was found to be racially prejudice and told another parent, a friend of the plaintiff (a mother) to ask for everything and he will recommend that the court makes such orders.  The mother told Mr. Carter she is not seeking to hurt or ruin her sons' relationship with their father.

46.     Despite Rawah Algaouni, Thierry Lemaitre and other members of the Algaouni family making death threats against the plaintiff, the plaintiff requested the court not to have Mr. Lemaitre present in the courtroom.  Judge Lucky refused to have Mr. Lemaitre removed from the courtroom even though he has made death threats to the plaintiff.  Mr. Lemaitre later made comments and laughter about the Plaintiff's failed attempts to have him removed from the courtroom.

47.     Prior to the repossession of the car that was purchased for the older son Bilal Walker, the plaintiff told the minor child not to drive the car because it did not have insurance coverage.  Rawah Algaouni was made aware of this and did nothing to stop Bilal from driving the car, and endangered the younger

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 18

son Tariq by allowing him to drive in the car.  Bilal got into an accident with the car causing over $ 3,500.00 in damages.  Despite this Rawah Algaouni was still asking Bilal to pick up Tariq, and even drop him off for visitation. The plaintiff had to bring this to the attention of the Beaumont police and the court and still nothing was done.   The plaintiff told Bilal that should he ever see Tariq in the car again or see him driving  the car he would make a citizen's arrest.

48.     Accounts of all of the aforementioned actions and violations were provided in direct testimony by the plaintiff  before the Hon. Judge Jackson Lucky in Family Court, as well as by declaration.   From July 2010 through to present was the period during which the above actions took place.  At trial the plaintiff will introduce the declarations filed with the court to provide more specific dates of events, as well as police incident reports.

49.     After the minor children complained to the plaintiff of the abuse to them at the hands of Thierry Lemaitre and Ahlam Algaouni, the plaintiff filed a restraining order against Thierry Lemaitre and Ahlam Algaouni in Riverside County Civil Court (Keith Walker v. Thierry Lemaitre & Ahlam Algaouni), December 2011.  The matter was before Commissioner Thatcher.  During the trial Thierry Lemaitre used the stolen laptop of the plaintiff to send himself threatening and malicious emails that were then presented in court making it seem as if the Plaintiff sent them.  Commissioner Thatcher.  Despite presenting conclusive evidence against Mr. Lemaitre and Ahlam Algaouni abused the Plaintiff sons, Commissioner Thatcher threatened to have the Plaintiff incarcerated for violating a restraining order erroneously granted to

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprision of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 19

1  Mr. Lemaitre by Hon. Judge Malloy, California Superior Court Riverside
2  County Civil Court.

3

4  50.     Instead of granting the restraining order against Mr. Lemaitre to
5  protect the minor children Commissioner Thatcher dismissed the case and told
6  the plaintiff, " The next time you come in my court get yourself an attorney".
7  When Commissioner Thatcher threatened to incarcerate the plaintiff, the
8  plaintiff invoked his constitutional rights and those of his children.
9  Commissioner Thatcher looked up at the Plaintiff in disbelief as the Plaintiff
10  invoked his Constitutional Rights.  Mr. Lemaitre came out of the courthouse
11  pumping his fist in the air and pointing at the plaintiff laughing.
12

13  51.     The plaintiff made several reports concerning death threats, theft, and
14  other felonies committed by Rawah Algaouni, Thierry Lemaitre, Ahlam
15  Algaouni and Montaser Algaouni to the Beaumont Police Station and got no
16  assistance to no avail.  The Plaintiff was later introduced to Beaumont Police
17  Chief. Frank Coe,  by his old neighbor, Len Leach.  In hopes of getting justice
18  the Plaintiff sent several emails to Chief Coe who then put the Plaintiff in
19  touch with Commander Fagan, still nothing was done to address the clear
20  violation of the Plaintiff's rights to equal justice, due process and felonies
21  committed against the Plaintiff and his sons by the Beaumont Police
22  Department.
23

24  52.    The plaintiff started communicating via email with Commander Fagan
25  around April or thereabout of 2013 bringing his attention to the unaddressed
26  matters.  During this time the Plaintiff asked to be provided with a copy of all
27
28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for
Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 20

of the charges that were filed and or sent to the office of the Riverside County District Attorney's Office.  The plaintiff pointed out to Commander Fagan that he was representing himself in a Pro Per manner and needed a copy of the requested documents.  Commander Fagan told the plaintiff he would have to have his attorney request the documents even though the Plaintiff told the Commander that he was representing himself in  Pro Per.

53.      On or about September 15th, 2013, the plaintiff officially requested the same documents and Commander Fagan gave the letter making the official request to Kari Martinez knowing fully well that the documents being requested were not in her custody, but instead in his custody.  It was clear to the Plaintiff and others that Commander Fagan was willfully and deliberatively refusing to comply with the Plaintiff's request, and in so doing obstructing justice.

54.      On or around  July 26th, 2013, Commander Fagan told the plaintiff not to have any contact with the officers that were involved in the various incident reports and investigations.    The Plaintiff believes this request was made after the Plaintiff challenged Sgt. George Walter on his directive to Officer Wells to stop the investigation into the crimes committed against the Plaintiff and his son by Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni on or about June 29th, 2013- Kidnapping, forgery, identity theft and felony 278.5 (a) and accessory to the same respectively.  Commander Fagan told the plaintiff to only deal with him, and despite this he was refusing to provide any information to plaintiff, and refused to issue warrants for the plaintiff's property despite having sufficient evidence and cause. Beaumont

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 21

PD knew that the stolen property was in the possession of Rawah Algaouni as she confirmed in court under oath before Commissioner LittleJohn in the case of Accessone Barbados v. Rawah Algaouni (Banning courthouse).

55.     The plaintiff repeatedly asked Commander Fagan why the Beaumont Police Department did not file any charges against Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni and Montaser Algaouni, and to date the Plaintiff has not been provided a response.  There was one prior occasion on or about early August 2013, when the plaintiff met with Commander Fagan at the Beaumont Police Department was told that the department submitted the charge of the 278.5 (a) for the December 25th, 2011 incident four times to the Riverside County District Attorney Office, December 27th, 2011, February 2012, October 12th, 2012 and October 30th, 2012.  During the conversation with Sgt. George Walter the Plaintiff determined what was deliberately done previously in an effort to obstruct justice so that the case would not be prosecuted.  The Plaintiff determined that the Beaumont PD filed the changes under the wrong California Penal Code so that the District Attorney's Office would thereby be able to claim that the evidence submitted, though thorough and conclusive for the charge of 278.5 (a), was deficient when applied to the incorrect penal code for prosecution.

56.     Supposedly the response from the Riverside District Attorney's Office on all four submissions was, "Insufficient evidence".  It should be noted here that when the Plaintiff confronted the Riverside District Attorney's Office on its willful and deliberate failure to prosecute Rawah Algaouni, Thierry Lemaitre, Ahlam Algaouni for the crimes they had committed up to that point-violation of Title 18 U.S.C 1832, tresspassory burglary, forgery,

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 22

identity theft and one count of felony violation C.P.C 278.5 (a) and battery (Thierry Lemaitre).

57.     The Beaumont PD never filed any charges against Rawah Algaouni for the reported fraud that she that her family conspired to commit against the State of California and the Federal government through Z-Tech Advance Technologies, a California company.   The plaintiff also provided evidence to the Beaumont PD that included an affidavit from Bilal Walker confirming that the iPhone purchased by the plaintiff, and on the plaintiff's account with Verizon was taken from him by Rawah Algaouni under false pretenses. Rawah Algaouni then used the phone with the assistance of Thierry Lemaitre to remove the SPAM blocker placed on the account by Verizon, and sent malware, other malicious code and death threats to the plaintiff's email and cell phone (using text as well).

58.     After the hearing on May 31st, 2012, Rawah Algaouni took pages from the previous temp restraining order and interchanged them with the erroneous order from May 31st, 2012, where there was a temporary restraining order granted to her only against the Plaintiff.  Rawah made this fraudulent change and them submitted them to the Beaumont Unified School District as the Beaumont High School so as to block the Plaintiff from having any involvement with his son Tariq Walker.   The Beaumont Unified School District is now using this document to stop the Plaintiff from having any involvement with his son's academic life, and participating in, and determining what and how he is doing in school.

59.     Rawah Algaouni refused to help the older son, Bilal, financially since he started college at Riverside Community College, and the plaintiff made all payments for the car loan with the understanding that it will be until the end of February, but actually continued to pay until the end of June 2013. Despite receiving $ 3,010.80 per month which included $ 807.00 per month for Bilal, Rawah refused to provide the any financial assistance telling the child that he was not getting a penny and then later kicking him out of the home. Rawah's excuse for kicking him out of the home was that he was using drugs, specifically marijuana. I asked the Beaumont police to intervene and provided them with enough pictures and other evidence to identify who was giving these students drugs and they did nothing.

60.     All of the factual information above was provided to Commander Fagan and the Beaumont Police Department, Rancho Cucamonga Police Department, Ontario Police Department and Riverside Police Department .

61.     On June 28th, 2013, Rawah Algaouni failed to drop off Tariq Walker for visitation with the plaintiff. On June 29th, 2013, while on her way to an appoint for her employer Solar City, Rawah Algaouni, dropped off the minor child Tariq Walker to LAX Airport to Thierry Lemaitre and Ahlam Algaouni. Thierry Lemaitre and Ahlam Algaouni had in their possession and used a letter with the forged signature of the plaintiff that was taken from the stolen laptop reported to the Beaumont Police Department on June 23rd, 2010. Thierry Lemaitre and Ahlam Algaouni kidnapped the minor child Tariq Walker and took him to Costa Rica without the Plaintiff's consent

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 24

or permission.  On August 3rd, 2013 the minor child provided a report that was taken by Beaumont Police Department that was taken by Officer Wells in the presence of the Plaintiff.  When the Plaintiff and his son Tariq Walker left the Beaumont Police Station he cried and told the

62.    On or about May 29th, 2011, Thierry Lemaitre and Ahlam Algaouni came to the Plaintiff's son Tariq's wrestling match.    The Plaintiff was there because Tariq asked the Plaintiff  to come to provide support having lost his first match.  While there Thierry Lemaitre committed battery against the plaintiff causing the plaintiff to call the Beaumont Police Dept..  Realizing what was going on Thierry Lemaitre then called the Beaumont police and Officer Thomas D'Alessandro arrived at the scene with Cpl. Harris.  The plaintiff told officer D'Alessandro that he wanted to file a citizen's arrest and had two witnesses tell the officers that they saw the battery and abuse by Mr. Thierry Lemaitre.

63.    Despite this the Beaumont PD conspired with the Riverside County District Attorney's office and filed charges against the plaintiff.  Officer D'Alessandro turned out to be a friend of Ted Gerken.  Ted Gerken is or was a friend of Rawah Algaouni.  As a result of officer D'Alessandro's violation of the plaintiff's federal rights, and denying him equal protection under the law, the plaintiff now has a misdemeanor on his record where before the Plaintiff was never in trouble with the police or had any record of any charges. Recently the plaintiff was denied a previously awarded job opportunity with Charter cable as a result of the actions of officer D'Alessandro, Beaumont Police Department and the Riverside County District Attorney's office.  The

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 25

job was withdrawn once a background check was done where The Riverside County Criminal Court reported a misdemeanor against the Plaintiff.

64.      On or about March 22nd, 2012,  the plaintiff went to the Beaumont High School at the invitation of the Beaumont High School swimming coach, Jason Bradbury and his son where a swimming event was taking place.  Bilal Walker asked the Plaintiff to bring him a pair of flip-flops he needed.  Jason Bradbury informed the plaintiff that the plaintiff's son, Bilal Walker, was smoking marijuana and so much so that other students were complaining to he and his wife Addonia Bradbury.  The Plaintiff got there before Rawah Algaouni, and insured that when Rawah Algaouni got there  the Plaintiff insured to stay as far as possible from Rawah Algaouni even though there was no restraining order in place.

65.      The following day the plaintiff went to the offices of Mark DuSold, Director Beaumont High School Athletics, and Ken Wagner, Beaumont High School Assistant Principal, Curriculum and Guidance for a meeting.  Having joint legal custody the plaintiff informed these senior persons at the school that Bilal was using drugs, and the plaintiff wanted his son to be removed from the swimming team until such a time he can pass a drug test.  The plaintiff also spoke with Jason Bradbury to make his request known, as well as to the Principal, Marilyn Saucedo and the Beaumont Unified School District.

66.      Later that day the plaintiff received a call from the Director of Student Services, Shawn Mitchell.  Mr. Mitchell told the plaintiff that he

spoke with Rawah Algaouni and she did not want to remove the plaintiff's son Bilal Walker from the swim. The plaintiff told Mr. Shawn Mitchell that the plaintiff had joint legal custody of the minor children and that included Bilal Walker. The plaintiff told Mr. Shawn Mitchell that it is the duty of the Beaumont Unified School District to place the welfare of all students ahead of all else. Mr. Mitchell told the Plaintiff that Rawah Algaouni told him that she did not wish to have Bilal removed from the Beaumont High School Swimming Team.

67.     Despite the fact that the plaintiff had joint legal custody of the minor child, Bilal Walker, the Beaumont Unified School District refused to remove the child from the swim team. The Beaumont Unified School District and was able to confirm from Mr. Bradbury that Bilal Walker was in fact using drugs. The Plaintiff as well as many of the other parents knew if the Beaumont Unified School District removed Bilal Walker from the swim team the Beaumont High School would in all eventuality lose the CIF Swimming Championship.

68.     The plaintiff filed an Ex-Parte hearing with the Riverside County Family Court to get an order to remove the minor child from the swim team. Rawah Algaouni and E. Toby Bowler appeared in court and made false statements before the court.  Despite the evidence before the Family Court the court refused to grant the order to remove the minor child from the swim team. The plaintiff pointed out to the court that Rawah Algaouni and E. Toby Bowler were perjuring themselves before the court. Rawah Algaouni gave testimony to the court under the penalty of perjury that she gave the

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 27

minor child a single drug test and it was negative.  E. Toby Bowler gave
testimony before the court that the child was given two drug test that were
both negative.  Neither of these persons could provide the court with the
receipt for the purchase of the test, a picture or any other evidence to confirm
that the child was given any test to corroborate their statements.

69.      As a last resort the plaintiff called the Beaumont Unified School
District Superintendent and never received a call back.  The plaintiff had to
painfully sit back and helplessly watch as the Beaumont High School refused
to remove his son from the swim team, or any of the other students who were
using drugs.  The plaintiff put forward the argument that the purpose of the
testing of Bilal Walker for drugs was to send he and all other students a clear
message that drugs were not tolerated.  It was apparent that the Beaumont
Unified School District failed in their duty to protect the minor children in
their care, and over-ruled the parents on the most serious decisions concerning
the welfare of their kids.

70.      The plaintiff attempted to file a contempt of court against Rawah
Algaouni in the Riverside County Family Court.  Clerk of the Court Belinda
Martinez rejected the filing three times claiming that the filing was deficient.
The plaintiff had to threaten to file a suit before Belinda Martinez, Clerk of the
Court, accepted the same filing she claimed was deficient.  The Plaintiff filed
the necessary motion requesting that the Hon. Jackson Lucky recuse himself
from the case and Hon. Jackson Lucky denied this motion.  The plaintiff also
filed a "Pro Nunc Tunc" because Rawah Algaouni defrauded the court in her
filing for spousal and child support, and the judge made the order without the

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for
Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 28

proper hearing denying the Plaintiff his due process.

71.     The Judge made the matter worse when he told the plaintiff that the "Pro Nunc Tunc" was not the proper motion to have the spousal and child support modified.  The Plaintiff field for a modification of spousal and child support in November 2010, and to this date the  Judge, Hon. Jackson Lucky has refused to have the matter heard.  The Hon. Jackson Lucky made an order to have the plaintiff pay a monthly amount for child and spousal support of $ 3,010.80 despite the fact that the plaintiff was not working.  E. Toby Bowler told the plaintiff to his face that this amount was not going to be changed.

72.     On October 21st, 2011, the plaintiff was in Dept. 301, Riverside County Family Court when the subpoena the plaintiff filed against Rawah Algaouni was served to her in department F-301.  Once the subpoena was served on Rawah Algaouni she gave it to her counsel of record, E. Toby Bowler, who was present in court the courtroom and  took the subpoena and threw it in the trash.  The plaintiff subpoenaed the documents which included the receipts that the plaintiff needed to file his taxes.  The plaintiff brought this to the attention of the court and despite filing a motion to compel, the Hon. Judge Jackson Lucky, never held Rawah Algaouni and E. Toby Bowler to answer to the court filed subpoena.

73.     The Plaintiff filed a motion to modify the spousal and child support since November 2010, and to date the Hon Jackson Lucky has refused to hear the case.  The plaintiff also filed a protective order to safeguard the stolen computer (Apple MAC Book Pro 17") and the sensitive and patented

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 29

information that is on the laptop.  The Plaintiff demanded that the computer be returned and the Hon Jackson Lucky refused to make an order to have the laptop returned, as well as the other stolen property, Mont Blanc Pen collection, a hobby the plaintiff had since he was in high school in Barbados going back to 1974.  Prior to coming before this court the plaintiff filed a complaint with the California Commission on Judicial Performance.  Despite the overwhelming evidence presented to the Commission, Ms. Karen Clay, representative for the Commission,  sent the plaintiff a letter stating that the Commission did not see any wrongdoing by the Hon Jackson Lucky.

74.     The Plaintiff strenuously requested that his son, Bilal Walker, have counseling because he was not coping well with the divorce of  the Plaintiff and Rawah Algaouni.  The Plaintiff requested this because when he told the minor child that his parents were getting a divorce Bilal Walker cried uncontrollably while hugging the Plaintiff.  It was clear to Bilal's teachers in Barbados, his cousins, relatives, friends, and business associates of the Plaintiff that Bilal Walker and his father, the Plaintiff, had a good and very communicative relationship with Bilal.  This information was confirmed in declarations to the court.

75.     In late 2010 the Plaintiff went to the Ontario Police Department to file a complaint against Thierry Lemaitre and Ahlam Algaouni for sending the Plaintiff death threats and malware and other malicious code.  The Plaintiff met with officer Dumont  providing him with documented proof of his complaints against these persons.  Nothing was done by the Ontario Police Department.  In late 2012 the Plaintiff sent a letter to the Mayor of Ontario,

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 30

Paul S. Leon,  informing him of the failures and issues of the Ontario Police Department.  The Plaintiff was later contacted by Captain Thomas who asked that the Plaintiff to send him proof of the complaints made against Thierry Lemaitre and Ahlam Algaouni.

76.      After an exchange of voicemails with Captain Thomas the plaintiff was put in touch with Sgt. Timothy Glisson (" Sgt. Tim Glisson") whom he met with at the Ontario Police Department to file a report in late July.  The Plaintiff provided Sgt. Glisson with documentary evidence and oral statements to confirm that felonies were committed against the Plaintiff and his sons by Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni.  The Plaintiff also confirmed and gave evidence to Sgt. Glisson on the kidnapping of his son, Tariq Walker, as well as other crimes.  On or about September 27th, 2013, the Plaintiff followed up with Sgt. Glisson and was later contacted by Sgt. Glisson who accused the Plaintiff of not co-operating with the investigation. On October 1st, 2013, the plaintiff provided Sgt. Glisson with a list of 8-10 know felonies and misdemeanors committed by Thierry Lemaitre and Ahlam Algaouni against the Plaintiff and his son, Tariq Walker:

1. Accessory to 278.5

2. Forgery. C.P.C- 470, 475,

3. Identity theft C.P.C 530.6

4. Using communication lines to send malicious threats. C.P.C 422 (c), 422.7, 502, 502.1

5. Sending death threats.- C.P.C 422 (a)(b)(c)

6. Aggravated kidnapping of a minor. C.P.C 207 (a)(b)(c)- 210

7. Invasion of privacy

8. Possession of stolen property - C.P.C 459, 484, 496

77.     The plaintiff has exhausted all possible attempts to have the defendants provide he and his sons with equal protection under the laws, as well as protection of the constitutional rights of he and his sons.

78.     The plaintiff made several reports to the Rancho Cucamonga police station from 2010 to present.  The Plaintiff filed a restraining order against Thierry Lemaitre, Walker v. Lemaitre, California Superior Court County of San Bernardino, Rancho Cucamonga.  The commissioner that presided over the case refused to hear the case threatening the plaintiff to settle the matter and not come back to his court.

79.     The plaintiff went to the Rancho Cucamonga police station upon being notified by his younger son, Tariq Walker, of seeing the plaintiff's stolen property at the home of Thierry Lemaitre and Ahlam Algaouni.  When the plaintiff went to inform the Rancho Cucamonga police of this development, they refused to act on it.  When the plaintiff reported the receipt of the malware and other malicious code, over 461 counts, to the Rancho Cucamonga police department nothing was done.  When the plaintiff reported the kidnapping of his son, Tariq Walker, by Thierry Lemaitre and Ahlam Algaouni and their accessory of  C.P.C 278.5; again the Rancho Cucamonga Police Dept. refused to do anything.

80.     On the morning of October 15th, 2013, the Plaintiff called the California Superior Court Mediation Department as he was directed to do by

his attorney, Bradley Hague.  When the Defendant called the receptionist in the Mediation Department told the Plaintiff that there was no record that he had a appointment with any of the mediators, and that the Plaintiff should call back around 10:00 A.M later that morning.  The Plaintiff called back shortly thereafter using a different number and spoke with another employee who place the Plaintiff on hold and spoke with Lisa Morris, Supervisor.  That employee came back and told the Plaintiff that Ms. Morris said that there was no scheduled mediation appointment for him.  When the Plaintiff tried to explain the situation the employee apologized and said she was not going back to Ms. Morris.

81.     The Plaintiff hung up and called back the Mediation Department and reached another receptionist when he asked for Ms. Morris.  The Plaintiff was then able to get a hold of Ms. Morris and spoke with her.  Ms. Morris then changed her story and said there would be no appointment because there was no record that the Plaintiff would be calling into the department for his appointment.  The Plaintiff told Ms. Morris that Mr. Garros, Office Assistant, Bradley Hague, attorney of the Plaintiff, confirmed with the Plaintiff that the scheduled call in appointment would be on the morning of October 15th, 2013, at 9:30 A.M.  Ms. Morris then told the Plaintiff that she had no way of confirming the identity of the Plaintiff.  The Plaintiff then reminded Ms. Morris that he sent her a letter in early 2011 requesting to have a new mediator assigned to his case and she advised him that that would be the only time that a mediator would be changed.  The Plaintiff then described the office of his assigned mediator, Linda Whitfield, and that Ms. Whitfield assigned both he and Rawah Algaouni to Mr. Mitchell Rosen.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 33

82.     Ms. Morris told the Plaintiff that she would place a note in the records that will be sent back to the Judge, and when the Plaintiff was next in court he could have the mediation appointment and the department would get the report to the judge that same day.  The Plaintiff pointed out the Ms. Morris that he was in protective custody and would be appearing telephonically and therefore the same issue of identity would arise.  The Plaintiff offered to have his attorney brought on to the call thereby allowing his counsel to confirm that it was in fact the Plaintiff. Ms. Morris still refused to allow the Plaintiff to have the mediation meeting.

83.     The Plaintiff called back the department around 3:48 P.M on October 15th, 2013, and asked to speak with Ms. Angela Murphy.  The Plaintiff was transferred to Ms. Vivian Pottier and explained what happened earlier in the day.  Ms. Pottier pointed out the need to follow the chain of command and asked the Plaintiff if he spoke with Ms. Tina Madison.  The Plaintiff told Ms. Pottier that he spoke with Lisa Morris and stated what Ms. Morris told him earlier in the morning.  Ms. Pottier then asked for the case number and told the Plaintiff that the computer records were reflecting that he called in and had the telephonic appointment with the mediator (Linda Whitfield).  The Plaintiff told Ms. Pottier that he did not have any meeting with Ms. Whitfield and this was why he was calling again because it was clear that Mr. E. Toby Bowler conspired with Ms. Morris to deny him his meeting most likely because of all of the crimes committed by Rawah Algaouni, Thierry Lemaitre, and Ahlam Algaouni.  The Plaintiff mentioned to Ms. Pottier that these persons kidnapped his son, Tariq Walker, at a time when the

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 34

Plaintiff's son was supposed to be with him per the court's order.

84.     Ms. Pottier then asked the Plaintiff to call back in three minutes. The Plaintiff called back and spoke with Ms. Pottier and she told him that someone would call him in an hour.  This time passed and the Plaintiff received no call and when he called back asking for Ms. Pottier the phone was clearly answered and the person who answered the phone hung up the phone. The Plaintiff called back again and the phone was not answered.  The Plaintiff was denied the mediation appointment that was previously scheduled, and it was clear that someone in the Mediation Department changed the information to make it look like the Plaintiff attended mediation when in fact he did not.

## V. CLAIMS

### Claims #1

85.     **Plaintiff re-alleges and incorporates by reference all of the paragraphs above.**

86.     Plaintiff has a claim under 42 U.S.C § 1983 for violation of the following federal constitutional or statutory civil rights:

> Title 18 U.S.C § 242 and title 18 U.S.C § 241
> Racial discrimination.

87.     The above civil rights were violated by the following Defendants:

> 1.  California Superior Court Riverside County Family Court
>      Hon. Jackson Lucky- Judge

Belinda Martinez- Clerk of the Court

Kevin Carter- Mediator

2.  Riverside County District Attorney  Office

Paul Zellerbach- District Attorney

Craig Datig- District Attorney Western Region (Banning)

3.  California Superior Court Riverside County Civil Court

Pamela Thatcher- Commissioner

4.  City of Beaumont Police Department

Frank Coe- Chief of Police

Greg Fagan- Commander

George Walter- Sergeant

Thomas D'Alessandro- Officer

5.  City of Beaumont Unified School District

Dr. Maureen Latham- Superintendent

Shawn Mitchell- Director of Student Services

6.  Beaumont High School

Marilyn Saucedo- Principal

Ken Wagner- Assistant Principal

Mark Dusold- Director of Athletic Department

7.  City of Ontario Police Department

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for
Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 36

Captain Thomas

Sergeant Timothy Glisson


8. City of Rancho Cucamonga Police Department


9. E. Toby Bowler.


88.     The California Superior Court Riverside County Family Court-Belinda Martinez, Clerk of the Court, interfered with and harassed the Plaintiff's efforts to file a contempt of court against Rawah Algaouni in efforts described above. Kevin Carter, mediator, recommended that Rawah Algaouni be given sole custody of the minor children in violation of the parental rights of the Plaintiff. Mr. Carter told another parent that will be called as a witness that she should ask for everything and they will give it to her. This action clearly showed the prejudicial tendencies of the mediation department and Kevin Carter. Kevin Carter violated the Plaintiff's parental rights described as fundamental rights, the most protected of all rights under the Constitution of the United States of America and reaffirmed by the United States Supreme Court.


89.     The Hon. Judge Jackson Lucky also did the same when he without any recommendation and seemingly in an effort to do favors for E. Toby Bowler and the organization they are both members of, granted Rawah Algaouni sole custody of the minor children. Hon. Jackson Lucky did so despite the repeated perjury and crimes committed by Rawah Algaouni, Thierry Lemaitre, and Ahlam Algaouni. E. Toby Bowler. Mr. E. Toby Bowler also violated these

rights when he took actions that deprived the plaintiff of his rights as a father. Mr. Bowler gave false statements to the court and as an Officer of the court these statements were evidently relied upon by the court as truthful when in truth and fact they were not.

90.     Hon. Judge Jackson Lucky was given irrefutable evidence to confirm that Rawah Algaouni and E. Toby Bowler repeatedly perjured themselves before the court. This evidence was both documentary and oral testimony from the plaintiff confirming the children were being alienated from the plaintiff, mentally abused by Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni. There was also expert documented evidence from child psychologist, Jennifer Downey, confirming that Tariq was suffering. Jennifer Downey provided the court with her expert analysis of the mental and physical toll on the minor child Tariq Walker.

91.     Judge Lucky also refused to allow the plaintiff to have witnesses speak on his behalf in court. Judge Lucky also failed to protect the older son Bilal when the plaintiff asked the court to order Rawah Algaouni to have the older son Bilal take a drug test. The judge also failed to provide equal justice to the plaintiff and his sons. The judge failed to warn Rawah Algaouni of her obligations to facilitate the minor children's relationship with the plaintiff.

92.     The police departments of the City of Ontario, Beaumont, Rancho Cucamonga and Riverside refused to offer the plaintiff equal protection under the laws of the State of California and the federal statutory and civil rights identified above. The Beaumont Police Department, Ontario Police

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 38

Department, the Riverside County District Attorney's Office and the Riverside Family Court committed misprision of a felony. These entities were directly provided with overwhelming evidence by the plaintiff that Rawah Algaouni, Thierry Lemaitre, Montaser Algaouni, Ahlam Algaouni, Mazzin Afghani, Basma Arabi and Christopher (Robert) Ardrey committed state and federal felonies against the plaintiff and his sons and none of these entities did nothing.

93.     Sergeant Glisson was provided with the documented evidence confirming the malicious code sent to the plaintiff by Thierry Lemaitre. Sgt. Glisson was also provided with the report form the plaintiff that Thierry Lemaitre and Ahlam Algaouni kidnapped the minor child Tariq Walker and took him out of the country to Costa Rica without the express or written authorization of the plaintiff. Thierry Lemaitre and Ahlam Algaouni were also accessories to the commission of felony 278.5 (a), forgery and identity theft. Despite all of the evidence Sgt. Glisson blamed the plaintiff for not co-operating, and made the baseless claim that the plaintiff did not give them anything to work with. The fact is that its clear that Sgt. Glisson and the officials at the Ontario Police Department willfully refused to file charges against Thierry Lemaitre and Ahlam Algaouni committed against the plaintiff and his sons.

94.     The District Attorney sent the plaintiff a letter informing the plaintiff that the felonies did not take place in his jurisdiction and he would not be seeking prosecution of these persons. Sergeant George Walter of the Beaumont Police Department directed Officer Toisha Wells to stop the investigation into

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 39

the felonies committed by Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni. Officer D'Alessandro and Corporal Harris were told that the plaintiff wanted to file a citizens arrest against Mr. Lemaitre, and despite having received corroborating statements from witnesses to confirm the plaintiffs statements the Beaumont Police filed charges against the plaintiff instead. Officer D'Alessandro never filed any charges of assault or battery against Thierry Lemaitre on the plaintiff.

95.     The Beaumont Police Department was informed of the issues with drugs at Beaumont High School where the Athletic Department condoned the use of drugs by Bilal Walker and other students.

96.     The Riverside Police Department (Magnolia Location) was informed by the plaintiff that Thierry Lemaitre was sending malicious code to his phone and email, as well as stalking him at his home in Riverside even when he had visitation with his young son and they did nothing. Despite having this information the Riverside Police Department at the urging of E. Toby Bowler

97.     Rancho Cucamonga Police Department also refused to do anything in regards to the numerous incident reports filed by the plaintiff, despite the serious crimes committed by Thierry Lemaitre and Ahlam Algaouni who are residents of Rancho Cucamonga.

98.     Commissioner Thatcher wrongfully denied the restraining order requested by the plaintiff against Thierry Lemaitre and Ahlam Algaouni for the protection of his children, and threatened the plaintiff with incarceration

for exercising his rights to due process of law, and equal protection under the law.

99.     The Beaumont Unified School District and the Beaumont High School officials placed the interest of the school and the district above the inter welfare and safety of Bilal of Walker.  The officials, Mr. Dusold (Director of Athletics), Mr. Wagner (Assistant Principal), Ms. Marilyn Saucedo (Principal), Dr. Maureen Latham (Superintendent) and Mr. Shawn Mitchell (Director of Student Services) knew that Bilal Walker was using drugs and had a duty to protect his welfare first.  The officials knew that if they gave Bilal Walker a drug test he would have failed the test, and the school would have had to remove him from the team and that would have meant the school would not have won the championship.  Even after these officials refused to take Bilal off of the swimming team the Plaintiff asked that he be given counseling and they refused to do so as well.  This was intentionally negligent on their part.

100.   **As a result of the Defendants' violation of the above civil right, Plaintiff was harmed in the following way:**

a)  The plaintiff suffered alienation of affection from his sons by Rawah Algaouni and her family that was brought about by the defendants.  This and other acts were part of retaliation of his reporting of the crimes committed by Rawah Algaouni, Thierry Lemaitre, Ahlam Algaouni, Montaser Algaouni and Basma Arabi.  The Defendants actions allowed these wrongs to be perpetuated and served to compound the crimes committed against the Plaintiff and his sons.

b) Irreparable emotional harm to the Plaintiff and his sons having to live under the constant stresses of knowing their constitutional rights were being abused, and the very State government and law enforcement entities sworn to protect them are abusing them.

c) The plaintiff was not allowed to be part of his children's lives and as a result the children and the Plaintiff have suffered irreparable harm.

d) The Court wrongfully made an order for spousal and child support without a proper trial and as a result that placed an undue burden on the plaintiff, and has damaged the plaintiff's credit report by sending a negative report to the defendant's credit report.  In so doing the Plaintiff was denied due process of law.

e) The Plaintiff has been denied his parental rights protected under the Fourteenth Amendment, and re-affirmed by the numerous Supreme Court precedent law as the law of the land.

f) The plaintiff and his sons are stripped of their rights of equal protection under the laws of the State of California and the federal statutes when the Defendants; police departments, Riverside County Family Court, Riverside Civil Court, District Attorney Paul Zellerbach and Deputy District Attorney Craig Datig, refused to press charges or prosecute Rawah Algaouni, Thierry Lemaitre, and Ahlam Algaouni.  In addition to this Commissioner Pamela Thatcher denied the Plaintiff and his sons

equal protection under the law when she refused to grant the restraining
order requested by the Plaintiff for he and his sons in the civil case Walker
vs. Lemaitre.

g) The plaintiff has not been able to participate in his children's lives.

h) The plaintiff and his family have been in fear of harm to his life causing
the plaintiff to move away for work in Utah.  Upon returning to California
Thierry Lemaitre was been stalking the plaintiff, and with the various
police departments and District Attorney's office refusing to file any
charges the plaintiff's family and friends have placed the Plaintiff  in
protective custody as best they can.  The Hon Judge Lucky also refused to
have Thierry Lemaitre removed from the courtroom.  These actions on the
part of the Defendants again show a blatant disregard for the equal
protection under the law for the Plaintiff an his sons.

i) The Plaintiff has lost the affection and the ability to provide guidance and
parenting to his son Bilal Walker where they once had a close
relationship, specially living together  in Barbados while Bilal was
attending school.

j) Lost of investment, income and profits from telecommunications venture
(2010- $ 21,000,000.00), (2011-$ 38,000,000) and (2012- 58,000,000.00).

k) The plaintiff has been denied the return of  his intellectual property stored
on a stolen laptop taken by Rawah Algaouni, Thierry Lemaitre and Ahlam

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for
Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 43

Algaouni obtained by them during trespassory burglary.

l) Plaintiff lost a job offer with Charter Cable due to the misdemeanor he was wrongfully charged with by the Beaumont Police Department and the Riverside County District Attorney's Office.  The job offer guaranteed the plaintiff a minimum monetary compensation of $ 137,000.00 USD per year. The Plaintiff also lost a job off form Merrill Lynch for a guaranteed monthly compensation of $ 18,000.00 per month plus commsission for a guaranteed period of Eighteen months due to the same action above.  The Plaintiff also lost a job offer from Waddell and Reed for $ 10,000.00 per month guaranteed plus commission.

m) The Plaintiff has been unable to find a job to take care of his own livelihood and support is sons, and as a result has to rely on family and friends.  The Plaintiff informed the court that Rawah Algaouni systematically removed over $ 360,000.00 USD from a joint account at Bank of America and  $ 13,000.00 USD from an emergency account at Chase Bank, and nothing was done.

n) The Plaintiff has been subjected to financial hardships as a result of these actions, and has been unable to maintain the quality of life he and his sons have had in the pass.

o) The Plaintiff was denied his right to due process of law and was threatened by a Commissioner of the court in exercising those rights.

p) The Plaintiff 's identity was stolen by Mr. Lemaitre, Rawah Algaouni and Ahlam Algaouni, his signature forged and his son kidnapped on two separate instances.  The Plaintiff has had to endure felonies against himself and his sons, and when he sought to seek justice was not treated equally.

q) The Plaintiff has suffered and continues to suffer intentional infliction of emotional distress.

r) The Plaintiff has suffered racial discrimination at the hands of all defendants above.

## Claim # 2

101.    Plaintiff re-alleges and incorporates by reference all of the paragraphs above.

Title 18 U.S.C § 241.

Racial Discrimination.

102.    The above civil rights were violated by the following Defendants:

1. California Superior Court Riverside County Family Court
   Hon. Jackson Lucky- Judge
   Belinda Martinez- Clerk of the Court
   Kevin Carter- Mediator

2. Riverside County District Attorney  Office

   Paul Zellerbach- District Attorney

   Craig Datig- District Attorney Western Region (Banning)

3. California Superior Court Riverside County Civil Court

   Pamela Thatcher- Commissioner

4. City of Beaumont Police Department

   Frank Coe- Chief of Police

   Greg Fagan- Commander

   George Walter- Sergeant

   Thomas D'Alessandro- Officer

5. City of Beaumont Unified School District

   Dr. Maureen Latham- Superintendent

   Shawn Mitchell- Director of Student Services

6. Beaumont High School

   Marilyn Saucedo- Principal

   Ken Wagner- Assistant Principal

   Mark Dusold- Director of Athletic Department

7. City of Ontario Police Department

   Captain Thomas

   Sergeant Timothy Glisson

   g

8. City of Rancho Cucamonga Police Department

9. E. Toby Bowler.

103.     These Defendant's conspired to violate the rights of the plaintiff and his sons by denying him due process of law, and equal protections under the law.  The actions of the above Defendants have been detailed in the above paragraphs.  The Beaumont Unified School District and the Beaumont High School officials conspired to deny the Plaintiff his legal rights as a parent, and Bilal Walker's rights as a student.  All of these officials failed to exercise a reasonable duty of care.  These persons were under an affirmative duty to act to prevent harm from others, as well as from the child himself.  The actions of the entities, Beaumont Unified School District and Beaumont High School were intentional and reckless bordering on extreme and outrageous.  The Plaintiff and any parent would expect that these defendants who are entrusted to protect and insure  the welfare of the children would act differently.

104.     E. Toby Bowler (Rawah Algaouni's Attorney), Riverside County Paul Zellerbach (District Attorney), Commissioner Pamela Thatcher (Commissioner), Hon. Jackson Lucky (Family Court Judge), Kevin Carter (mediator) and all of the police departments conspired against the Plaintiff and his sons.  All of the parties listed above are vicariously liable for the actions committed as part of their expressly or tacitly agreed-upon activity of each others' actions that only served harm the Plaintiff and his sons.  During the hearing on May 31st, 2012, Hon Jack Lucky, Presiding Judge, struck down and refused to have the twenty affidavits submitted to the court for the hearing.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 47

These twenty affidavits provided testimony to the court that Rawah Algaouni was not being truthful to the court then and in the past. Belinda Martinez refused to accept the Plaintiff's filing of contempt of court against Rawah Algaouni on two separate occasions as mentioned above.

105.      Sgt. Walter (Beaumont PD) Told officer Wells to stop the investigation into the felony violation 278.5, forgery, identity theft and kidnapping. Sgt. Glisson and officer Dumont of the Ontario Police Department, and to Hon. Judge Jackson Lucky refused to read the Plaintiff's declarations and solely relied upon the declarations of Rawah Algaouni and her attorney E. Toby Bowler which were perjured and injurious to the Plaintiff and his sons.

106.      E. Toby Bowler, the Beaumont Police Department and the Riverside County District Attorney conspired to put a crime on the Plaintiff where the Plaintiff has never had a record previously, or has been in any trouble with the law. Officer Thomas D'Alessandro denied the Plaintiff the requested citizen's arrest against the battery committed against him by Thierry Lemaitre. After the Plaintiff was charged with a misdemeanor these persons then sought to block the expunging of the Plaintiff's records.

107.      **As a result of the Defendant's violation of the above civil right, Plaintiff was harmed in the following way:**

a) The Plaintiff's right to equal protection under the law was denied.

b) Intentional infliction of emotional distress on the Plaintiff's and his sons.

c)  Slander, defamation of character of the Plaintiff.

d)  Lost of investment, income and profits (2010- $ 21,000,000.00), (2011-$ 38,000,000) and (2012- 58,000,000.00)

e)  Lost of economic gain and livelihood. The Plaintiff lost a job with Merrill Lynch ($ 18,000.00 guaranteed per month for 18 months), Charter Cable (137,000.00) and Waddell & Reed.

f)  Infliction of Economic hardship and financial ruin.

g)  Intentional alienation of affection (sons).

h)  Wrongful prosecution of Plaintiff.

i)  Intentional alienation of affection (parental).

j)  Denial of Parental rights of the Plaintiff.

k)  Lost of economic gain and livelihood. The Plaintiff lost a job with Merrill Lynch ($ 18,000.00 guaranteed per month for 18 months), Charter Cable (137,000.00) and Waddell & Reed.

### Claim # 3

108.   **Plaintiff re-alleges and incorporates by reference all of the paragraphs above**

109.   Plaintiff has a claim under 42 U.S.C. § 1983 for violation of the following federal constitutional or statutory civil right:

> Title 18 U.S.C § 4.
> Racial Discrimination.
> Extortion

110.   The above civil right was violated by the following Defendants:

1. California Superior Court Riverside County Family Court
   Hon. Jackson Lucky- Judge
   Belinda Martinez- Clerk of the Court
   Kevin Carter- Mediator

2. Riverside County District Attorney  Office
   Paul Zellerbach- District Attorney
   Craig Datig- District Attorney Western Region (Banning)

3. California Superior Court Riverside County Civil Court
   Pamela Thatcher- Commissioner

4. City of Beaumont Police Department
   Frank Coe- Chief of Police

Greg Fagan- Commander

George Walter- Sergeant

Thomas D'Alessandro- Officer

5. City of Beaumont Unified School District

Dr. Maureen Latham- Superintendent

Shawn Mitchell- Director of Student Services

6. Beaumont High School

Marilyn Saucedo- Principal

Ken Wagner- Assistant Principal

Mark Dusold- Director of Athletic Department

7. City of Ontario Police Department

Captain Thomas

Sergeant Timothy Glisson

8. City of Rancho Cucamonga Police Department

9. E. Toby Bowler.

111.　The Hon Jackson Lucky was given documentary evidence and oral testimony that refuted the perjured statements of Rawah Algaouni in court. Beyond the preponderance of the evidence, Hon Jackson Lucky knew, or should have reasonably known as a former prosecutor in the Riverside County District Attorney's Office, that Rawah Algaouni was not credible and was not

telling the truth.  Despite this Judge Lucky rendered orders that clearly showed he ignored the overwhelming evidence against Rawah Algaouni.  Judge Lucky was given the evidence of the mental abuse of the minor children and he did nothing about it and at no time gave any warnings to Rawah Algaouni

112.    Judge Lucky demonstrated a prejudicial position when he made orders pertaining to spousal and child support without a proper hearing, and clearly at the bequest of E. Toby Bowler.  This prejudicial decision was ordered at a time when the Plaintiff was unemployed and had to rely on family and friends for his  to assist him in paying his monthly living expenses.  The Court ignored the fact that evidence was submitted to corroborate the declarations and oral testimony of the Plaintiff confirming that Rawah Algaouni systematically removed over $ 360,000.00 from the joint bank account held with the Plaintiff and Rawah Algaouni at Bank of America, $ 15,000.00 from Chase Bank, and refused to disclose $ 30,000.00 held in another account at Tocqueville Fund (Mutual Fund),formerly Delafield Fund.

112.    Despite being given hard evidence of the crimes committed against the Plaintiff and his sons.  The Beaumont Police Station refused to file charges against Rawah Algaouni, Thierry Lemaitre, Ahlam Algaouni with the Riverside District Attorney Office.  When the Plaintiff would travel to pick up his younger son at the visitation pick-up point, Rawah Algaouni would send her brother Montaser Algaouni and Thierry Lemaitre to harass the Plaintiff.  Despite being ordered by the court not to use the pick-up and visitation exchange to serve the Plaintiff, Rawah Algaouni continued so do so.  The Beaumont Police Station were called to the visitation exchange site

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court- 52

on several occasions due to this ongoing harassment and did nothing, not even so much as a warning to any of the perpetrators.

113.     The Ontario, Beaumont, Riverside and Rancho Cucamonga Police Department have enough evidence of the crimes committed by Thierry Lemaitre and Ahlam Algaouni and they have failed to press any charges using all manner of excuses.

114.     On May 31st, 2012, while in the lobby area of Riverside County Family Court, Dept. F-301, the Plaintiff asked E. Toby Bowler to have his client and Mr. Thierry Lemaitre turn over the stolen laptop. Mr. Bowler and Mr. Lemaitre told the Plaintiff that the only way he would get back all of the stolen items was to deposit $ 390,000.00 in Mr. Bowler's escrow account. The Plaintiff has refused to be extorted and has yet to receive the stolen property from his home-office.

115.     Mr. Bowler has intentionally made false statements before the court perjuring himself, and has called on favors from both the Beaumont Police Department and the District Attorney, Paul Zellerbach and the Deputy Attorney General to obstruct justice and attempt to bring false charges against the Plaintiff.

116.     **As a result of the Defendants' violation of the above civil right, plaintiff and his sons were harmed in following way:**

a)   The younger son, Tariq Walker, lives in fear that nothing will be done to Thierry Lemaitre and Ahlam Algaouni as expressed to the Plaintiff after he gave his report to Officer Wells, Beaumont Police Department.

b)   Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will do something to fatally harm the kids and there will be nothing he can do.

c)   Plaintiff lives in fear of not being able to repair the relationship with his kids.

d)   Plaintiff  lives in fear of the continued abuse to his younger son who sent a text to him express disillusionment- "My life sucks"

e)   Plaintiff lives in fear of having a crime put on him, and or being wrongly accused of a crime that would have him incarcerated.

f)   Plaintiff lives in fear of being unable to get a fear trial and equal protection in the Riverside Count courts (Family and Civil)

g)   Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will ruin the life of younger sons.

l)   Lost of economic gain and livelihood. The Plaintiff lost a job with Merrill Lynch ($ 324,000.00-18,000.00 guaranteed per month for 18 months),

Charter Cable (137,000.00) and Waddell & Reed.

## VI. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests:

117.     Injunctive relief from Riverside County Family Court.  The Plaintiff requests that he be granted sole custody of son Tariq Walker.  An order to recusing Hon. Jackson Lucky from the case Algaouni v. Walker Riverside Family Court RID 236-721, and that the case is assigned to another jurisdiction for a fair hearing and final division of assets settlement.

118.     A hearing to determine spousal and child support because there was not a proper hearing for such a determination to be heard in another jurisdiction to insure a fair trial.

119.     A permanent restraining order against Thierry Lemaitre, Ahlam Algaouni, Montaser Algaouni, Basma (Algaouni) Arabi, Mazzin Afghani, Susan Bjork and Robert Ardrey for the Plaintiff and Tariq A. Walker. Commissioner Thatcher denied the Plaintiff the order for a restraining order to protect his sons.

120.     An order demanding that Thierry Lemaitre and Ahlam Algaouni pay for the counseling of Tariq Walker and Bilal Walker if Bilal Walker so decides.

121.      Revocation of the order for spousal support for the sum of $ 3,000.00 per month, $ 752.00 per week, and an order to the Riverside Department of Child Support Services to release all claims against the Plaintiff.

122.      Immediate Sole access to the funds with the Tocqueville Fund (Delafield Fund) that was hidden from the court by Rawah Algaouni, and which she failed to disclose.

123.      All records pertaining to the divorce permanently sealed, Riverside County Case number RID236721.

124.      Return of all stolen property in good working order belonging to the Plaintiff, Apple 17' MAC Book Pro, Mont Blanc Pen Collection, all corporate documents belonging to Accessone Barbados, Inc., Crystal, deeds to property in Barbados and all copies made of any document stored in any form taken form the stolen laptop.

125.      Overturn and complete expunging of all records of case BAM-1101556, California Superior Court Riverside County- Banning, and a copy of this action be sent to the Plaintiff, as well as sent to all credit bureaus .

126.      Special, punitive and compensatory damages be awarded to the Plaintiff and his sons as follows:

A.      E. Toby Bowler- $ 5,000,000.00 USD.

B.      City of Beaumont Unified School District and Beaumont High School

and City of Beaumont Police Department - $ 10,000,000.00 USD.

C.     Riverside County District Attorney's Office- $ 10,000,000.00 USD

D.     City of Riverside Police Department- $ 5,000,000.00 USD

E.     City of Ontario Police Department-  $ 10,000,000.00 USD

F.     City of  Rancho Cucamonga Police Department- $ 5,000,000.00 USD

G.     Paul Zellerbach (Private Capacity)- $ 5,000,000.00 USD

H.     Craig Datig ( Private Capacity)- $ 2,000,000.00 USD

I.     Dr. Maureen Latham, Shawn Mitchell, Marilyn Saucedo, Mark DuSold and Ken Wagner in their private capacities each ordered to pay  damages of- $ 500,000.00.

J.     George Walter and Officer Thomas D'Alessandro in their private capacities each be ordered to pay damages of - $ 500,000.00.

K.     Sergeant Timothy Glisson in his private capacity be ordered to pay damages of- $ 500,000.00 USD

127.     ** Half of all proceeds from items-125 above be used to set up a foundation (The Bilal & Tariq Walker Riverside and San Bernardino Legal Aid Foundation) to award funds for counseling for children and parents in divorce proceedings, as well as to provide paid legal services and representation for families  in the Riverside and San Bernardino counties by attorneys approved by the foundation.

128.     The Plaintiff and his sons will seek to be relocated and try as best as possible to rebuild their lives that has been destroyed by the conspiracy by the Defendants to deny them equal protection under the laws, violation of their constitutional and federal statutory rights, infliction of emotional distress, and the failure to prosecute persons who have committed crimes against them under the color of law.

Executed on _____, in _____.


                              By: _____


                                  _____

127.      ** Half of all proceeds from items-125 above be used to set up a foundation (The Bilal & Tariq Walker Riverside and San Bernardino Legal Aid Foundation) to award funds for counseling for children and parents in divorce proceedings, as well as to provide paid legal services and representation for families  in the Riverside and San Bernardino counties by attorneys approved by the foundation.

128.      The Plaintiff and his sons will seek to be relocated and try as best as possible to rebuild their lives that has been destroyed by the conspiracy by the Defendants to deny them equal protection under the laws, violation of their constitutional and federal statutory rights, infliction of emotional distress, and the failure to prosecute persons who have committed crimes against them under the color of law.

Executed on _OCTOBER 22ND, 2013_, in _WASHINGTON D.C_.

By: _Keith J Walker_

_KEITH J. WALKER_

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ )

KEITH J. WALKER

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

ELICK TOBY BOWLER, AN INDIVIDUAL
RIVERSIDE COUNTY DISTRICT ATTORNEY, RIVERSIDE POLICE DEPARTMENT, RIVERSIDE COUNTY FAMILY COURT, RIVERSIDE COUNTY CIVIL COURT, ONTARIO POLICE DEPARTMENT, BEAUMONT POLICE DEPARTMENT, BEAUMONT UNIFIED SCHOOL DISTRICT
BEAUMONT HIGH SCHOOL

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

KEITH J. WALKER          TEL. NO.-(951) 227-2839
2500 E. IMPERIAL HIGHWAY
SUITE 201 # 180
BREA, CA 92821

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes  ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 56,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

CIVIL RIGHTS COMPLAINT PURSUANT TO TITLE 42 USC 1983, TITLE 18 USC 242, TITLE 18 USC 241, TITLE 18 USC 4, DEPRIVATION OF CIVIL AND CONSTITUTIONAL RIGHTS UNDER THE COLOR OF LAW, CONSPIRACY AGAINST RIGHTS, DEFENDANTS DEPRIVE OF EQUAL PROTECTION UNDER THE LAW, OTHER PARTIES TO BE SUED. SEE BELOW

**VII. NATURE OF SUIT** (Place an X in one box only) SUIT BEING PREPARED AGAINST RAWAN ALGAOUNI, THIERRY LEMAITRE, AHLAM ALGAOUNI, AERO MEXICO, SUSAN BJORK, ROBERT ARDREY, MAZZIN AFGHANI AND MONTASER ALGAOUNI, BASMA ARABI

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☒ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**      Case Number: _____ ED CV13- 1992

**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? | A DEFENDANT? | |
| ☐ Yes  ☒ No | Then check the box below for the county in which the majority of DEFENDANTS reside. | Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C | ☒ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D, below. | Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D, below. |
| If none applies, answer question C2 to the right. ➡ | If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN |

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ NO ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ NO ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** *Keith J. Walker*   DATE: OCT-22-2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |







### UNITED STATES POSTAL SERVICE

**SAVE MORE $ BY SHIPPING ONLINE**
visit usps.com

## EXTREMELY URGENT   *Please Rush To Addressee*

## Legal Size Envelope
*For Domestic and International Use*

*Visit us at usps.com*

20
RAL HWY.
#180
OREA, CA 92821

United States District Court
Central District of California
Civil Intake Dept.
312 Spring Street
Los Angeles, CA 90012