LODGED
CLERK, U.S. DISTRICT COURT
11/1/13
CENTRAL DISTRICT OF CALIFORNIA
BY: CS    DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
DEC 3 - 2013
CENTRAL DISTRICT OF CALIFORNIA
BY    DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Keith J. Walker, et al; <br><br> PLAINTIFF(S) <br> v. <br> Riverside County Family Court, et al; <br><br> DEFENDANT(S). | CASE NUMBER <br><br> EDCV13-1992    (VBK) <br><br> ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FILING FEE |

IT IS ORDERED that the complaint may be filed without prepayment of the filing fee.

Further proceedings in this matter are subject to the orders of the Judge to whom the case is assigned.

_____        _____
Date                                                    United States Magistrate Judge

---

**IT IS RECOMMENDED** that the request of plaintiff/petitioner to file the action without prepayment of the filing fee be **DENIED** for the following reason(s):

☒ Inadequate showing of indigency *            ☐ District Court lacks jurisdiction
☐ Legally and/or factually patently frivolous    ☐ Immunity as to _____
☐ Other: _____

Comments: *See attachment for other grounds & incomplete answers - Q# 1(b), 2 and 4*

11-20-2013                                       /s/ [signature]
Date                                                    United States Magistrate Judge

---

IT IS ORDERED that the request of plaintiff to file the action without prepayment of the filing fee is:
                ☐ GRANTED            ☒ DENIED (See comments above).

11/27/13                                         /s/ [signature]
Date                                                    United States District Judge

---

CV-73A (01/10)                ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FILING FEE

**Keith J. Walker, et al. v. Riverside County Family Court, et al.**

**Case No. ED CV 13-01992-UA (VBK)**

**ATTACHMENT TO ORDER**

Because Plaintiff is seeking to proceed In Forma Pauperis, the Court shall review such a complaint "as soon as practicable after docketing." Pursuant to 28 U.S.C. §1915(e)(2), the District Court is required to dismiss a complaint if the Court finds that the complaint (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §1915(e)(2)(B) (re: all in forma pauperis complaints).

A complaint may also be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Neitzke v. Williams, 490 U.S. 319, 327 n. 6 (1989) (unanimous decision) (patently insubstantial complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). A challenge to the Court's subject matter jurisdiction can be raised at any time, including sua sponte by the Court. Emrich v. Touche Ross and Co., 846 F.2d 1190, 1194 n. 2. (9th Cir. 1988).

//
//
//
//

(CV 13-01992)                                   1

**SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Keith J. Walker (hereinafter referred to as "Plaintiff")[1] has filed a "(1) Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (non-prisoners) Complaint for Damages; (2) Intentional Infliction of Emotional Distress; (3) Oppression; (4) Breach of Trust by an Officer; (5) Neglect of Official Duty; (6) Subornation of Perjury; (7) Obstruction of Justice; (8) Compounding Crime; (9) Misprison of Felony; (10) Extortion; (11) Negligence; (12) Conspiracy; (13) Injunctive Relief from Riverside County Family Court; (14) Injunctive Relief from Riverside County Civil Court."

Plaintiff names as Defendants Paul Zellerbach (Riverside County District Attorney); Craig Datig (Riverside County District Attorney); Honorable Jackson Lucky (Riverside County Family Court Judge); Commissioner Pamela Thatcher (Riverside County Civil Court); Elick Toby Bowler (private attorney); Frank Coe (Beaumont Police Department Chief of Police); Greg Fagan (Beaumont Police Department Commander); George Walter (Beaumont Police Department Sergeant); Officer Thomas D'Allessandro (Beaumont Police Department); Maureen Latham (Superintendent Beaumont Unified School District); Shawn Mitchell (Director of Student Services, Beaumont Unified School District); Marilyn Saucedo (Principal, Beaumont High School); Mark Dusold (Director of Athletic Program); Belinda Martinez (Clerk of Riverside County Superior Court); Lisa Morris (Family Court Mediator Supervisor); Kevin Carter (Family Court Mediator); Sgt. Tim Glisson (Ontario Police Department).

---

[1] Plaintiff also lists Tariq A. Walker, his son, as a Plaintiff; however, Tariq A. Walker did not sign the Complaint or submit a request to proceed *in forma pauperis*. Additionally, Plaintiff cannot represent other plaintiffs.

Plaintiff has been involved in contentious divorce proceedings against his wife, Rawah Algaouni. (Complaint at ¶¶ 2-76.) Plaintiff alleges that Defendants have violated 18 U.S.C. §§ 241 and 242 (Complaint at ¶¶ 85-107) and 18 U.S.C. § 4 (Complaint at ¶¶ 109-116).

Plaintiff seeks injunctive relief from the Riverside Family Court awarding him sole custody of his son Tariq Walker and an order recusing Defendant Judge Jackson Lucky from Plaintiff's divorce proceeding, in <u>Algaouni v. Walker</u>, Riverside Family Court Case No. RID236-721; a proper hearing to determine spousal and child support; a permanent restraining order against Thierry Lemaitre, Ahlam Algaouni, Montaser Algaouni, Basma (Algaouni) Arabi, Mazzin Afghani, Susan Bjork and Robert Ardrey for Plaintiff and Tariq Walker; revocation of the spousal support order; sole access to the Tocqueville Fund; that all records pertaining to the divorce proceedings be permanently sealed in Riverside County Case No. RID236-721; the return of all stolen property; expungement of all records in Riverside County Superior Court Case No. BAM-1101556; compensatory, special and punitive damages; and funds to set up a legal aid foundation. (Complaint at ¶¶ 117-127).

### A. **Plaintiff Has No Authority to Represent Anyone Other than Himself**.

<u>Pro se</u> litigants have no authority to represent anyone other than themselves. See <u>Simon v. Hartford Life, Inc.</u>, 546 F.3d 661, 664 (9th Cir. 2008)(non-attorney Plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); <u>Johns v. County of San Diego</u>, 114 F.3d 874, 877 (9th Cir. 1997)

(parent or guardian cannot bring suit on behalf of a minor child); Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2nd Cir. 1990)(A non-attorney parent must be represented by counsel in order to bring an action on behalf of their child). To the extent Plaintiff seeks to represent his son Tariq A. Walker and bring claims on Tariq's behalf this is improper. (Complaint at p. 1.)

### B. Defendant Riverside County Superior Court Judge Jackson Lucky Has Absolute Immunity.

The Supreme Court has conclusively granted absolute immunity to judges from damages liability for acts of a judicial nature. Forrester v. White, 484 U.S. 219, 227-229(1988); see also Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Pierson v. Ray, 386 U.S. 547, 553-55(1967); see also Mireles v. Waco, 502 U.S. 9, 11-13 (1991); Dennis v. Sparks, 449 U.S. 24, 27 (1980); Miller v. Davis, 521 F.3d 1142, 1145 (9th Cir. 2008). Judicial immunity applies to actions brought under 42 U.S.C. § 1983 for acts committed within the scope of judicial duties, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump, 435 U.S. at 356. "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. at 356-37; see also Forrester, 484 U.S. at 227 (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"). In this case, Defendant Judge Lucky is immune from suit

for damages because the claims against him are based on acts performed in his capacity as a judge presiding over Plaintiff's divorce and custody proceedings.

To the extent that Plaintiff seeks injunctive relief with regard to judicial rulings, the Anti-Injunction Act bars federal courts from enjoining proceedings in state court "except as authorized by Act of Congress or where necessary in aid of its jurisdiction...." 28 U.S.C. § 2283. Moreover, a losing party in a state court proceeding is barred from seeking review of the judgment in a federal district court by claiming that the state court judgment violated the loser's federal constitutional rights which were "inextricably intertwined" in the state court proceedings. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).

### C. District Attorneys Paul Zellerbach and Craig Datig Have Prosecutorial Immunity.

A prosecutor is generally immune from civil suits for damages under section 1983. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity applies to activities related to the initiation and presentation of criminal prosecutions and which occur in the course of the prosecutor's advocacy for the state. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). A prosecutor is immune even when the prosecutor's malicious or dishonest action deprived the defendant of his or her liberty. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986).

### D. Criminal Causes of Action.

Plaintiff attempts to invoke jurisdiction and pursue claims

under 18 U.S.C. §§ 4, 241 and 242. These are federal criminal statutes. These sections may form the basis for a federal criminal prosecution brought by the United States Attorney's office. These sections do not form the basis for a cause of action in a civil lawsuit; thus, these allegations do not state a claim against Defendants.

E.  **Immunity - State Courts**.

A suit against the Superior Court is a suit against the State, and this is barred by the Eleventh Amendment. Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987). The Eleventh Amendment prohibits federal jurisdiction over federal and state claims against a state or state agency unless the state or agency consents to the suit. See, Seminole Tribe of Florida v. Florida, 517 U.S. 44, 53-54 (1996). Plaintiff's claims against the Riverside County Superior Court are thus barred.

F.  **Plaintiff's Civil Rights Action Appears Barred by the Rooker-Feldman Doctrine**.

Plaintiff alleges that Defendants violated his rights and seeks revocation of the Riverside County Superior Court's Order regarding child and spousal support, injunctive relief and expungement of all records in the Riverside County Superior Court Case No. 13 AM-1101556.

Federal District Courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions. District of Columbia Court of Appeals v.

(CV 13-01992) 6

Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 221 (9th Cir. 1994). This rule arises from the juxtaposition of two statutes: 28 U.S.C. §1331, giving District Courts original jurisdiction over civil actions arising under federal law, and 28 U.S.C. §1257, giving the United States Supreme Court the right to review final judgments rendered by the highest court of a state. Dubinka, 23 F.3d at 221. The rule applies even when the challenge to the state court's decision is based on alleged deprivations of federally protected rights. Allah v. Superior Court of State of Cal., Los Angeles County, 871 F.2d 887, 891 (9th Cir. 1989).

A federal Plaintiff may not avoid the Rooker-Feldman bar by styling an attack on a state court's ruling as a civil rights action. Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995), cert. denied, 516 U.S. 1009 (1995). In determining whether a civil rights action is such an attack, the Court must determine whether the federal Plaintiff's claims are "inextricably intertwined" with the state court's ruling. District of Columbia Court of Appeals v. Feldman 460 U.S. 462, 482 n. 16 (1983). A federal claim is inextricably intertwined with the state court's ruling when a district court must scrutinize the state court's application of the law. Dubinka, 23 F.3d at 222. Put another way, a "federal claim is inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring.)