# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| KEITH J. WALKER, | No. ED CV 13-01992-AG (VBK) |
| Plaintiff, | ORDER RE DISMISSAL WITH LEAVE TO AMEND |
| v. | |
| RIVERSIDE COUNTY FAMILY COURT, et al., | |
| Defendants. | |

**INTRODUCTION**

On December 3, 2013, Keith J. Walker (hereinafter referred to as "Plaintiff")[1] filed a "(1) Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (non-prisoners) Complaint for Damages: (2) Intentional Infliction of Emotional Distress; (3) Oppression; (4) Breach of Trust by an Officer; (5) Neglect of Official Duty; (6) Subornation of Perjury; (7) Obstruction of Justice; (8) Compounding Crime; (9) Misprison of Felony; (10) Extortion; (11) Negligence; (12) Conspiracy; (13) Injunctive Relief from Riverside County Family Court; (14)

---

[1]     Plaintiff also lists Tariq A. Walker, his son, as a Plaintiff; however, Tariq A. Walker did not sign the Complaint or submit a request to proceed in forma pauperis. Additionally, Plaintiff cannot represent other plaintiffs.

1  Injunctive Relief from Riverside County Civil Court."

2      Plaintiff names as Defendants Paul Zellerbach (Riverside County
3  District Attorney); Craig Datig (Riverside County District Attorney);
4  Honorable Jackson Lucky (Riverside County Family Court Judge);
5  Commissioner Pamela Thatcher (Riverside County Civil Court); Elick
6  Toby Bowler (private attorney); Frank Coe (Beaumont Police Department
7  Chief of Police); Greg Fagan (Beaumont Police Department Commander);
8  George Walter (Beaumont Police Department Sergeant); Officer Thomas
9  D'Allessandro (Beaumont Police Department); Maureen Latham
10 (Superintendent Beaumont Unified School District); Shawn Mitchell
11 (Director of Student Services, Beaumont Unified School District);
12 Marilyn Saucedo (Principal, Beaumont High School); Mark Dusold
13 (Director of Athletic Program); Belinda Martinez (Clerk of Riverside
14 County Superior Court); Lisa Morris (Family Court Mediator
15 Supervisor); Kevin Carter (Family Court Mediator); Sgt. Tim Glisson
16 (Ontario Police Department).

17     Plaintiff has been involved in contentious divorce proceedings
18 against his wife, Rawah Algaouni. (Complaint at ¶¶ 2-76.)  Plaintiff
19 alleges that Defendants have violated 18 U.S.C. §§ 241 and 242
20 (Complaint at ¶¶ 85-107) and 18 U.S.C. § 4 (Complaint at ¶¶ 109-116).

21     Plaintiff seeks injunctive relief from the Riverside Family Court
22 awarding him sole custody of his son Tariq Walker and an order
23 recusing Defendant Judge Jackson Lucky from Plaintiff's divorce
24 proceeding, in Algaouni v. Walker, Riverside Family Court Case No.
25 RID236-721; a proper hearing to determine spousal and child support;
26 a permanent restraining order against Thierry Lemaitre, Ahlam
27 Algaouni, Montaser Algaouni, Basma (Algaouni) Arabi, Mazzin Afghani,
28 Susan Bjork and Robert Ardrey for Plaintiff and Tariq Walker;

1  revocation of the spousal support order; sole access to the
2  Tocqueville Fund; that all records pertaining to the divorce
3  proceedings be permanently sealed in Riverside County Case No. RID236-
4  721; the return of all stolen property; expungement of all records in
5  Riverside County Superior Court Case No. BAM-1101556; compensatory,
6  special and punitive damages; and funds to set up a legal aid
7  foundation. (Complaint at ¶¶ 117-127).

8
9                        **STANDARD OF REVIEW**

10      A complaint may be dismissed for lack of subject matter
11  jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). <u>Neitzke v.
12  Williams</u>, 490 U.S. 319, 327 n. 6 (1989) (unanimous decision) (patently
13  insubstantial complaint may be dismissed under Rule 12(b)(1) for lack
14  of subject matter jurisdiction. "Whenever it appears by suggestion of
15  the parties or otherwise that the court lacks jurisdiction of the
16  subject matter, the court <u>shall</u> dismiss the action." Fed. R. Civ. P.
17  12(h)(3) (emphasis added). A challenge to the Court's subject matter
18  jurisdiction can be raised at any time, including <u>sua sponte</u> by the
19  Court. <u>Emrich v. Touche Ross and Co.</u>, 846 F.2d 1190, 1194 n. 2. (9th
20  Cir. 1988).

21      In civil rights cases in which the Plaintiff appears <u>pro se</u>, the
22  pleadings must be construed liberally, so as to afford the Plaintiff
23  the benefit of any doubt as to the potential validity of the claims
24  asserted. <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623
25  (9th Cir. 1988). If, despite such liberal construction, the Court
26  finds that the complaint should be dismissed for failure to state a
27  claim, the Court has the discretion to dismiss the complaint with or
28  without leave to amend. <u>Lopez</u>, 203 F.3d at 1126-30. A <u>pro se</u>

3

1 | litigant should be given leave to amend, unless it is clear that the
2 | deficiencies of the complaint cannot be cured by amendment. <u>Lopez</u>,
3 | 203 F.3d at 1130-31; <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th
4 | Cir. 1995); <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621,
5 | 623 (9th Cir. 1998); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir.
6 | 1987).

7 |   The preferred practice of pleading is to state various claims for
8 | relief in separate counts. <u>Haynes v. Anderson & Strudwick, Inc.</u>, 508
9 | F.Supp. 1303, 1307 n.1 (E.D. VA. 1981). Thus, for example, in a civil
10 | rights action, each alleged constitutional deprivation should be pled
11 | as a separate claim. <u>Pryor v. Cajda</u>, 662 F.Supp. 1114, 1115 (N.D.
12 | Illinois 1987). The purpose of this requirement is to clarify the
13 | issues that will be addressed in the ensuing litigation. <u>O'Donnell v.</u>
14 | <u>Elgin, J & E Ry. Co.</u>, 338 U.S. 384, 392 (1949); <u>Williamson v.</u>
15 | <u>Columbia Gas & Electric Corp.</u>, 186 F.2d 464, 469 (3d Cir. 1950), <u>cert.</u>
16 | <u>denied</u>, 341 U.S. 921 (1951). Grouping different claims together
17 | results in muddled pleadings, <u>Pryor</u>, 662 F.Supp. at 1114, and places
18 | the unnecessary burden on the Court and the defendants to decipher
19 | which facts support which claims. <u>Haynes</u>, 508 F.Supp. at 1307 n.1.
20 |
21 |   **A.**  **Federal Rule of Civil Procedure 8(a)**
22 |   Any complaint filed in this Court must contain (1) "a short and
23 | plain statement of the grounds upon which the Court's jurisdiction
24 | depends" and (2) "a short and plain statement of the claim" showing
25 | that the Plaintiff is entitled to relief. <u>Fed. R. Civ. P., Rule 8(a)</u>.
26 | "The Plaintiff must allege with at least some degree of particularity
27 | overt acts which defendants engaged in that support the Plaintiff's
28 | claim." <u>Jones v. Community Redevelopment Agency</u>, 733 F.2d 646, 649

1  (9th Cir. 1984).

2

3                              **DISCUSSION**

4      For all of the following reasons, the Complaint should be

5  dismissed with leave to amend.

6

7  **A.    Plaintiff Has Failed To State A Claim Against Each Defendant**

8         **Under Section 1983**.

9      42 U.S.C. §1983 provides:

10         "Every person who, under color of any statute,

11     ordinance, regulation, custom, or usage, of any state...

12     subjects, or causes to be subjected, any citizen of the

13     United States or other person within the jurisdiction

14     thereof to the deprivation of any rights, privileges, or

15     immunities secured by the Constitution and laws, shall be

16     liable to the party injured in an action at law, suit in

17     equity, or other proper proceeding for redress."

18

19     In order to state a claim under §1983, Plaintiff must allege

20  that: (1) Defendant was acting under color of state law at the time

21  the complained-of act was committed; and (2) Defendant's conduct

22  deprived Plaintiff of rights, privileges or immunities secured by the

23  Constitution or laws of the United States. Parratt v. Taylor, 451

24  U.S. 527, 535 (1981), overruled on other grounds by Daniels v.

25  Williams, 474 U.S. 327, 330-31 (1986); Jensen v. City of Oxnard, 145

26  F.3d 1078, 1082 (9th Cir.), cert. denied, 119 S.Ct. 540 (1998).

27     Plaintiff also must establish causation, by demonstrating that

28  each Defendant personally was involved in the constitutional

                                    5

1  violation, or that there was a sufficient causal connection between
2  the Defendant's wrongful conduct and the constitutional violation.
3  Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir.
4  1991)(en banc), cert. denied, 502 U.S. 1074 (1992); Hansen v. Black,
5  885 F.2d 642, 646 (9th Cir. 1989).  "The inquiry into causation must
6  be individualized to focus on the duties and responsibilities of each
7  individual defendant whose acts or omissions are alleged to have
8  caused a constitutional deprivation."  Leer v. Murphy 844 F.2d 628,
9  633 (9th Cir. 1988).

10  Liability may be imposed on an individual defendant under §1983
11  only if the plaintiff can show that the defendant proximately caused
12  the deprivations of his federally protected rights of which she
13  complains.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris
14  v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).

15

16  **B.   Plaintiff Has No Authority to Represent Anyone Other than**
17  **Himself**.

18  Pro se litigants have no authority to represent anyone other than
19  themselves.  See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th
20  Cir. 2008)(non-attorney Plaintiff may not attempt to pursue claim on
21  behalf of others in a representative capacity); Johns v. County of San
22  Diego, 114 F.3d 874, 877 (9th Cir. 1997) (parent or guardian cannot
23  bring suit on behalf of a minor child); Cheung v. Youth Orchestra
24  Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2nd Cir. 1990)(A non-
25  attorney parent must be represented by counsel in order to bring an
26  action on behalf of their child).  To the extent Plaintiff seeks to
27  represent his son Tariq A. Walker and bring claims on Tariq's behalf
28  this is improper. (Complaint at p. 1.)

C.  **Defendant Riverside County Superior Court Judge Jackson Lucky Has Absolute Immunity**.

The Supreme Court has conclusively granted absolute immunity to judges from damages liability for acts of a judicial nature. Forrester v. White, 484 U.S. 219, 227-229(1988); see also Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Pierson v. Ray, 386 U.S. 547, 553-55(1967); see also Mireles v. Waco, 502 U.S. 9, 11-13 (1991); Dennis v. Sparks, 449 U.S. 24, 27 (1980); Miller v. Davis, 521 F.3d 1142, 1145 (9th Cir. 2008). Judicial immunity applies to actions brought under 42 U.S.C. § 1983 for acts committed within the scope of judicial duties, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump, 435 U.S. at 356. "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. at 356-37; see also Forrester, 484 U.S. at 227 (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"). In this case, Defendant Judge Lucky is immune from suit for damages because the claims against him are based on acts performed in his capacity as a judge presiding over Plaintiff's divorce and custody proceedings.

To the extent that Plaintiff seeks injunctive relief with regard to judicial rulings, the Anti-Injunction Act bars federal courts from enjoining proceedings in state court "except as authorized by Act of Congress or where necessary in aid of its jurisdiction...." 28 U.S.C. § 2283. Moreover, a losing party in a state court proceeding is barred from seeking review of the judgment in a federal district court by claiming that the state court judgment violated the loser's federal

constitutional rights which were "inextricably intertwined" in the state court proceedings. <u>Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 146 (1993).

### D.   **District Attorneys Paul Zellerbach and Craig Datig Have Prosecutorial Immunity**.

A prosecutor is generally immune from civil suits for damages under section 1983. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976). Absolute immunity applies to activities related to the initiation and presentation of criminal prosecutions and which occur in the course of the prosecutor's advocacy for the state. <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993). A prosecutor is immune even when the prosecutor's malicious or dishonest action deprived the defendant of his or her liberty. <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1075 (9th Cir. 1986).

### E.   **Criminal Causes of Action**.

Plaintiff attempts to invoke jurisdiction and pursue claims under 18 U.S.C. §§ 4, 241 and 242. These are federal criminal statutes. These sections may form the basis for a federal criminal prosecution brought by the United States Attorney's office. These sections do not form the basis for a cause of action in a civil lawsuit; thus, these allegations do not state a claim against Defendants.

### F.   **Immunity - State Courts**.

A suit against the Superior Court is a suit against the State, and this is barred by the Eleventh Amendment. <u>Greater Los Angeles Council on Deafness, Inc. v. Zolin</u>, 812 F.2d 1103, 1110 (9th Cir.

1   1987).   The Eleventh Amendment prohibits federal jurisdiction over

2   federal and state claims against a state or state agency unless the

3   state or agency consents to the suit.   See, Seminole Tribe of Florida

4   v. Florida, 517 U.S. 44, 53-54 (1996).   Plaintiff's claims against the

5   Riverside County Superior Court are thus barred.

6

7        **G.    Plaintiff's Civil Rights Action Appears Barred by the**

8        **Rooker-Feldman Doctrine.**

9        Plaintiff alleges that Defendants violated his rights and seeks

10   revocation of the Riverside County Superior Court's Order regarding

11   child and spousal support, injunctive relief and expungement of all

12   records in the Riverside County Superior Court Case No. 13 AM-1101556.

13        Federal District Courts may exercise only original jurisdiction;

14   they may not exercise appellate jurisdiction over state court

15   decisions.   District of Columbia Court of Appeals v. Feldman, 460 U.S.

16   462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16

17   (1923); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 221 (9th

18   Cir. 1994).   This rule arises from the juxtaposition of two statutes:

19   28 U.S.C. §1331, giving District Courts original jurisdiction over

20   civil actions arising under federal law, and 28 U.S.C. §1257, giving

21   the United States Supreme Court the right to review final judgments

22   rendered by the highest court of a state.   Dubinka, 23 F.3d at 221.

23   The rule applies even when the challenge to the state court's decision

24   is based on alleged deprivations of federally protected rights.   Allah

25   v. Superior Court of State of Cal., Los Angeles County, 871 F.2d 887,

26   891 (9th Cir. 1989).

27        A federal Plaintiff may not avoid the Rooker-Feldman bar by

28   styling an attack on a state court's ruling as a civil rights action.

1  Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995), cert. denied, 516

2  U.S. 1009 (1995).  In determining whether a civil rights action is

3  such an attack, the Court must determine whether the federal

4  Plaintiff's claims are "inextricably intertwined" with the state

5  court's ruling.  District of Columbia Court of Appeals v. Feldman 460

6  U.S. 462, 482 n. 16 (1983).  A federal claim is inextricably

7  intertwined with the state court's ruling when a district court must

8  scrutinize the state court's application of the law.  Dubinka, 23 F.3d

9  at 222.  Put another way, a "federal claim is inextricably intertwined

10  with the state court judgment if the federal claim succeeds only to

11  the extent that the state court wrongly decided the issues before it."

12  Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J.,

13  concurring.)

14

15     **H.    Plaintiff Has Failed to State a Claim under 42 U.S.C.**

16         **§1985(3).**

17     Section 1985 proscribes against conspiracies to interfere with

18  certain civil rights.  Karim-Panahi v. Los Angeles Police Department,

19  839 F.2d 621, 626 (9th Cir. 1988).  The elements of a claim under

20  Section 1985(3) are: (1) a conspiracy; (2) for the purpose of

21  depriving, either directly or indirectly, any person or class of

22  persons of the equal protection of the law, or of equal privileges and

23  immunities under the law; (3) an act in furtherance of this

24  conspiracy; (4) whereby a person is either injured in his person or

25  property or deprived of any right or privilege of a citizen of the

26  United States.  Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir.

27  1980); Sever v. Alaska Pulp Corporation, 978 F.2d 1529, 1536 (9th Cir.

28  1992).  The deprivation of rights must motivated by a racial, or

otherwise class-based, discriminatory animus. Id. A mere allegation of conspiracy without factual specificity is insufficient. Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir. 1984).

To state a claim for conspiracy, Plaintiff must allege specific facts showing two or more persons intended to accomplish an unlawful objective of causing Plaintiff harm and took some concerted action in furtherance thereof. Gilbrook v. City of Westminster, 177 F.3d 839 (9th Cir. 1999); Burns v. County of King, 883 F.2d 819, 822 (9th Cir. 1989)(conclusory allegations of conspiracy insufficient to state a valid § 1983 claim); see also Margolis v. Ryan, 140 F.3d 850, 852 (9th Cir. 1998)(to state a claim for conspiracy under § 1983, Plaintiff must allege facts showing agreement of the alleged conspirators to deprive him of his rights. A conspiracy allegation, even if established, does not give rise to a liability under § 1983 unless there is a deprivation of civil rights.).

A valid claim for conspiracy between private parties and the government to violate constitutional rights requires an agreement or "meeting of the minds." Adickes v. S.H. Kress and Co., 398 U.S. 144, 158 (1970). Further, the acts of the private parties must be "sufficiently intertwined" with a violating government actor amounting to more than "near acquiescence." Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983).

Plaintiff's Complaint contains conclusory allegations but no specific facts to support a claim of conspiracy. Thus, Plaintiff's §1985 claims against Defendants should be dismissed.

## CONCLUSION AND ORDER

In an abundance of caution, Plaintiff will be afforded an

1    opportunity to amend her Complaint to attempt to overcome the defects

2    discussed above.  Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiff's

3    Complaint is dismissed with leave to amend; (2) the Court Clerk is

4    directed to send Plaintiff a civil rights form utilized by the Central

5    District of California; and (3) Plaintiff is granted 30 days from the

6    date of this Order within which to file a "First Amended Complaint."

7    The First Amended Complaint must be complete within itself and shall

8    not incorporate by reference any new portion of the original Complaint

9    or Amended Complaint.  Plaintiff may not add new parties without leave

10   of the Court.  Failure to comply with the requirements set forth in

11   this Order may result in a recommendation that this action be

12   dismissed with prejudice.

13

14   DATED: December 9, 2013            _____/s/_____

15                                      VICTOR B. KENTON
                                        UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### INSTRUCTIONS FOR FILING A CIVIL RIGHTS COMPLAINT BY A PRISONER - GENERAL INSTRUCTIONS

This package includes the following documents:
>    4 copies - complaint form
>    4 copies - declaration to proceed without prepayment of filing fees

In order for your complaint to be filed, you must submit the original and two copies of **both** the complaint and declaration to the Clerk. The remaining copy of each is for you to keep for your records. Your complaint must be typewritten or legibly handwritten in ink. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you must use the reverse side of the form or an additional blank page. You must file a separate complaint for each claim unless they are all related to the same incident or issue. You are required to allege facts; not legal arguments or authorities.

### FILING FEES

**Payment of filing fee required**

In accordance with 1996 amendments to the in forma pauperis statute, 28 U.S.C. § 1915, as a prisoner you will be obligated to pay the full filing fee of $350 for a civil action regardless of your forma pauperis status and the disposition of the case. If you have the money to pay the filing fee, you should submit a cashier's check, certified bank check, business or corporate check, government issued check, or money order drawn on a major America bank or the United States Postal Service, payable to the *Clerk of Court* and mail it with your complaint to the address listed on the reverse side of these instructions. The Clerk's Office will also accept credit cards (Mastercard/Visa, Discover, American Express) for filing fees and miscellaneous fees. Credit card payments may be made at all payment windows where receipts are issued.

**Request to pay filing fee in monthly installments**

If you do not have the money to pay the full filing fee, you must complete the Request to Proceed Without Prepayment of Filing Fees with Declaration in Support. The Declaration must be returned to the Court with your complaint. **NOTE: You must have a prison or jail official complete the Certification Section on the Declaration and attach to the Declaration a certified copy of your prison or jail trust account statement for the six months immediately preceding the filing of the complaint. If you submit an incomplete Declaration or do not submit a prison or jail trust account statement with the Declaration, your request to proceed without prepayment of the filing fees may be denied.**

**Initial partial filing fee assessment**

If your request to proceed without prepayment of filing fees is granted, the Court will assess an initial partial filing fee at the time your action is filed. The initial partial filing fee will be equal to 20% of the average monthly deposits to your prison or jail account for the six months immediately preceding the filing of the action, or 20% of the average monthly balance in your prison or jail account for that same six month period, whichever is greater. The Court will order the agency that has custody of you to take that initial partial filing fee out of your prison or jail account as soon as funds are available and forward the money to the Clerk of Court.

**Collection of balance of filing fee**

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the amount of the filing fee is paid in full, each month you will owe 20% of your preceding month's income toward the balance. The agency that has custody of you will collect that money and send payments to the Clerk of Court any time the amount in your account exceeds $10.00.

## DISMISSAL OF THE COMPLAINT

Regardless of whether some or all of the filing fee has been paid, the Court is required to screen your complaint and to dismiss the complaint if: 1) your allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) your complaint does not state a claim on which relief can be granted; or 4) you sue a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals while you are a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from bringing any other actions in forma pauperis unless you are in imminent danger of serious physical injury. **NOTE:  You are required under penalties of perjury to provide accurate information regarding previous filings.  Failure to provide this information may result in the immediate dismissal of your complaint.**

## JURISDICTION

To determine whether jurisdiction and venue are proper in this Court:

- **AGAINST FEDERAL DEFENDANTS**, please refer to 28 U.S.C. § 1391(e) and  Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 397 (1971);

- **AGAINST NON-FEDERAL DEFENDANTS**, please refer to 28 U.S.C. § 1391(b) for claims brought pursuant to 42 U.S.C. § 1983.

## SERVICE OF THE COMPLAINT

If your request to proceed without prepayment of the filing fees is approved, the Court will determine whether the United States Marshal should serve the defendant(s) on your behalf.

## INQUIRIES AND COPYING REQUESTS

Because of the large volume of cases filed by prisoners in this Court and limited court resources, the Court and Clerk's Office will not answer inquires concerning the status of your case or provide copies of documents, except at a charge of fifty cents ($0.50) per page.  You must therefore keep copies of all documents submitted to the court for your own records.

## TO MAIL THE COMPLAINT

Mail the original and the two copies of the following completed documents to the address below: complaint and declaration to proceed without prepayment of filing fees (if applicable):

United States District Court
Central District of California
312 North Spring Street, Room G-8
Los Angeles, California  90012

ATTENTION: PRO SE CLERK

Telephone:  (213) 894-7984

---

FULL NAME

---

COMMITTED NAME (if different)

---

FULL ADDRESS INCLUDING NAME OF INSTITUTION

---

PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER

---

*To be supplied by the Clerk*

PLAINTIFF,

v.

DEFENDANT(S).

## CIVIL RIGHTS COMPLAINT
### PURSUANT TO *(Check one)*
☐ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes   ☐ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

---

a.  Parties to this previous lawsuit:
Plaintiff _____

_____

Defendants _____

_____

b.  Court _____

_____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it appealed?  Is it still pending?) _____

f.  Issues raised: _____

_____

_____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☐ Yes    ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes     ☐ No

   If your answer is no, explain why not _____

_____

_____

3.  Is the grievance procedure completed?  ☐ Yes     ☐ No

   If your answer is no, explain why not _____

_____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
(print plaintiff's name)

who presently resides at _____ ,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

on (date or dates) _____, _____, _____.
                        (Claim I)              (Claim II)              (Claim III)

**NOTE**:   You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant _____ resides or works at
                    (full name of first defendant)

        _____
        (full address of first defendant)

        _____
        (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

     Explain how this defendant was acting under color of law:

        _____

        _____

2.   Defendant _____ resides or works at
                    (full name of first defendant)

        _____
        (full address of first defendant)

        _____
        (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

     Explain how this defendant was acting under color of law:

        _____

        _____

3.   Defendant _____ resides or works at
                    (full name of first defendant)

        _____
        (full address of first defendant)

        _____
        (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

     Explain how this defendant was acting under color of law:

        _____

        _____

4.  Defendant _____ resides or works at
     (full name of first defendant)

     _____
     (full address of first defendant)

     _____
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

5.  Defendant _____ resides or works at
     (full name of first defendant)

     _____
     (full address of first defendant)

     _____
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

**D.  CLAIMS\***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without

citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each

DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


*\*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

 

 

 

_(Date)_                                    _(Signature of Plaintiff)_

_____
FULL NAME

_____
COMMITTED NAME (if different)

_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION

_____

_____
PRISON NUMBER (if applicable)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| PLAINTIFF, | _____ |
| | *To be supplied by the Clerk* |
| v. | **CIVIL RIGHTS COMPLAINT** |
| | **PURSUANT TO** *(Check one)* |
| DEFENDANT(S). | ☐ 42 U.S.C. § 1983 |
| | ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes   ☐ No

2.  If your answer to "1." is yes, how many? _____

    Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a.  Parties to this previous lawsuit:
    Plaintiff _____

    _____

    Defendants _____

    _____

b.  Court _____

    _____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it appealed?  Is it still pending?) _____

f.  Issues raised: _____

    _____

    _____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☐ Yes   ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

    If your answer is no, explain why not _____

    _____

    _____

3.  Is the grievance procedure completed?  ☐ Yes    ☐ No

    If your answer is no, explain why not _____

    _____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
                                                                (print plaintiff's name)

who presently resides at _____ ,
                                          (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

on (date or dates) _____, _____, _____.
　　　　　　　　　　　　　　(Claim I)　　　　　　　　(Claim II)　　　　　　　　(Claim III)

**NOTE**:　　You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant _____ resides or works at
　　　　　　　(full name of first defendant)

　　　　　_____
　　　　　(full address of first defendant)

　　　　　_____
　　　　　(defendant's position and title, if any)

　　The defendant is sued in his/her (Check one or both): ☐ individual　☐ official capacity.

　　Explain how this defendant was acting under color of law:

　　_____

　　_____

2.  Defendant _____ resides or works at
　　　　　　　(full name of first defendant)

　　　　　_____
　　　　　(full address of first defendant)

　　　　　_____
　　　　　(defendant's position and title, if any)

　　The defendant is sued in his/her (Check one or both): ☐ individual　☐ official capacity.

　　Explain how this defendant was acting under color of law:

　　_____

　　_____

3.  Defendant _____ resides or works at
　　　　　　　(full name of first defendant)

　　　　　_____
　　　　　(full address of first defendant)

　　　　　_____
　　　　　(defendant's position and title, if any)

　　The defendant is sued in his/her (Check one or both): ☐ individual　☐ official capacity.

　　Explain how this defendant was acting under color of law:

　　_____

　　_____

4.  Defendant _____ resides or works at
         (full name of first defendant)

    _____
         (full address of first defendant)

    _____
         (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

5.  Defendant _____ resides or works at
         (full name of first defendant)

    _____
         (full address of first defendant)

    _____
         (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D. CLAIMS\***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*\*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**CIVIL RIGHTS COMPLAINT**

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


_____        _____
      *(Date)*                              *(Signature of Plaintiff)*

_____

FULL NAME

_____

COMMITTED NAME (if different)

_____

FULL ADDRESS INCLUDING NAME OF INSTITUTION

_____

PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PLAINTIFF, | CASE NUMBER |
| | _____ |
| | *To be supplied by the Clerk* |
| v. | **CIVIL RIGHTS COMPLAINT** |
| | **PURSUANT TO** *(Check one)* |
| DEFENDANT(S). | ☐ 42 U.S.C. § 1983 |
| | ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes   ☐ No

2.  If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a.  Parties to this previous lawsuit:
Plaintiff _____

_____

Defendants _____

_____

b.  Court _____

_____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it appealed?  Is it still pending?) _____

f.  Issues raised: _____

_____

_____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☐ Yes    ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

_____

3.  Is the grievance procedure completed?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
(print plaintiff's name)

who presently resides at _____,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

on (date or dates) _____ , _____ , _____ .
(Claim I)                    (Claim II)                    (Claim III)

**NOTE**:    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

2.  Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

3.  Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

4.  Defendant _____ resides or works at
       (full name of first defendant)

       _____
       (full address of first defendant)

       _____
       (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

5.  Defendant _____ resides or works at
       (full name of first defendant)

       _____
       (full address of first defendant)

       _____
       (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E.  REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


_____        _____
              *(Date)*                              *(Signature of Plaintiff)*

_____
FULL NAME

_____
COMMITTED NAME (if different)

_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION

_____

_____
PRISON NUMBER (if applicable)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
| --- | --- |
|  | _____ |
|  | *To be supplied by the Clerk* |
| PLAINTIFF, |  |
| v. | **CIVIL RIGHTS COMPLAINT** |
|  | **PURSUANT TO** *(Check one)* |
| DEFENDANT(S). | ☐ 42 U.S.C. § 1983 |
|  | ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes    ☐ No

2.  If your answer to "1." is yes, how many? _____

    Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:
   Plaintiff _____

   _____

   Defendants _____

   _____

b. Court _____

   _____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it

   appealed?  Is it still pending?) _____

f. Issues raised: _____

   _____

   _____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint
   occurred?  ☐ Yes    ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed?  ☐ Yes    ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
                                                        (print plaintiff's name)

who presently resides at _____,
                                              (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
                          (institution/city where violation occurred)

on (date or dates) _____ , _____ , _____ .
                           (Claim I)         (Claim II)        (Claim III)

**NOTE**:    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant _____ resides or works at
                (full name of first defendant)

        _____
        (full address of first defendant)

        _____
        (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

2.  Defendant _____ resides or works at
                (full name of first defendant)

        _____
        (full address of first defendant)

        _____
        (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

3.  Defendant _____ resides or works at
                (full name of first defendant)

        _____
        (full address of first defendant)

        _____
        (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

4.  Defendant _____ resides or works at
                    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____


5.  Defendant _____ resides or works at
                    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without

citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each

DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E.  REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____        _____

        *(Date)*                                    *(Signature of Plaintiff)*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | CASE NUMBER |
|---|---|
| PRISONER/PLAINTIFF, | |
| v. | **REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES WITH DECLARATION IN SUPPORT** |
| DEFENDANT(S). | |

I, _____, declare under penalty of perjury, that the following is true and correct; that I am the prisoner-plaintiff in the above entitled case;  that in support of my request to proceed without prepayment of  fees under 28 U.S.C. Section 1915, I declare that because of my poverty I am unable to pay the full costs of said proceedings or to give security therefore and that I am entitled to redress.

I further declare under penalty of perjury that the responses which I have made to the questions and instructions below are true, correct and complete.

1.   Are you presently employed in prison? ☐Yes    ☐No

    a.   If the answer is yes, state the number of hours you work per week and the hourly rate of pay:

    _____

    _____

    b.   State the place of your incarceration _____.
    Have the institution fill out the Certificate portion of this application and attach a certified copy of your prison trust account statement showing transactions for the past six months.

2.   Have you received, *within the past twelve months*, any money from any of the following sources?
    a.   Business, profession or form of self-employment?     ☐Yes    ☐No
    b.   Rent payments, interest or dividends?     ☐Yes    ☐No
    c.   Pensions, annuities or life insurance payments?     ☐Yes    ☐No
    d.   Gifts or inheritances?     ☐Yes    ☐No
    e.   Any other income (other than listed above)?     ☐Yes    ☐No
    f.   Loans?     ☐Yes    ☐No

If the answer to any of the above is yes, describe such source of money and state the amount received from each

source during the past twelve (12) months: _____

_____

3.  Do you own any cash, or do you have money in a checking or savings account?  (Include any funds in prison accounts, if applicable.)  ☐ Yes    ☐ No

    If the answer is yes, identify each account and separately state the amount of money held in <u>each</u> account for each of the *six (6) months prior* to the date of this declaration.

    _____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?  ☐ Yes    ☐ No

    If the answer is yes, describe the property and state it approximate value: _____

    _____

5.  In what year did you last file an Income Tax Return? _____

    Approximately how much income did your last tax return reflect? _____

6.  List the persons who are dependent upon your for support, state your relationship to those persons, and indicate how much you contribute toward their support:

    _____

    _____

    I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury.  I further understand that perjury is punishable by a term of imprisonment of up to five (5) years and/or a fine of $250,000 (18 U.S.C. Sections 1621, 3571).

| _____ | _____ |
| State | County (or City) |

I, _____, declare under penalty of perjury that the foregoing is true and correct.

| _____ | _____ |
| Date | Prisoner/Plaintiff (Signature) |

## PRISONER AUTHORIZATION

If my request to proceed without prepayment of filing fees is granted, I understand that I am required by statute to pay the full amount of the filing fees for this case, regardless of my forma pauperis status and the disposition of this case.  I further authorize the prison officials at this institution to assess, collect and forward to the Court the full amount of these fees, in monthly payments based on the average of deposits to or balance in my prison trust account in accordance with 28 U.S.C. Section  1915.

_____
Prisoner-Plaintiff (Signature)

## CERTIFICATE OF AUTHORIZED OFFICER

I hereby certify that the Prisoner-Plaintiff herein has credit in the sum of $_____ on account at the _____ institution where Prisoner-Plaintiff is confined.

I further certify that during the past six months the applicant's average monthly balance was $_____ .  I further certify that during the past six months the average of monthly deposits to the applicant's account was$_____.

A certified copy of the prisoner-plaintiff's trust account statement for the last six (6) months is attached.

_____        _____
Date                                          Authorized Officer of Institution (Signature)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | CASE NUMBER |
|---|---|
| PRISONER/PLAINTIFF, | |
| v. | **REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES WITH DECLARATION IN SUPPORT** |
| DEFENDANT(S). | |

I, _____, declare under penalty of perjury, that the following is true and correct; that I am the prisoner-plaintiff in the above entitled case; that in support of my request to proceed without prepayment of fees under 28 U.S.C. Section 1915, I declare that because of my poverty I am unable to pay the full costs of said proceedings or to give security therefore and that I am entitled to redress.

I further declare under penalty of perjury that the responses which I have made to the questions and instructions below are true, correct and complete.

1. Are you presently employed in prison? ☐Yes ☐No

    a. If the answer is yes, state the number of hours you work per week and the hourly rate of pay:

    _____

    _____

    b. State the place of your incarceration _____.
       Have the institution fill out the Certificate portion of this application and attach a certified copy of your prison trust account statement showing transactions for the past six months.

2. Have you received, *within the past twelve months*, any money from any of the following sources?
    a. Business, profession or form of self-employment?   ☐Yes   ☐No
    b. Rent payments, interest or dividends?   ☐Yes   ☐No
    c. Pensions, annuities or life insurance payments?   ☐Yes   ☐No
    d. Gifts or inheritances?   ☐Yes   ☐No
    e. Any other income (other than listed above)?   ☐Yes   ☐No
    f. Loans?   ☐Yes   ☐No

If the answer to any of the above is yes, describe such source of money and state the amount received from each

source during the past twelve (12) months: _____

_____

3.  Do you own any cash, or do you have money in a checking or savings account?  (Include any funds in prison accounts, if applicable.)  ☐ Yes    ☐ No

If the answer is yes, identify each account and separately state the amount of money held in <u>each</u> account for each of the *six (6) months prior* to the date of this declaration.

_____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?  ☐ Yes    ☐ No

If the answer is yes, describe the property and state it approximate value: _____

_____

5.  In what year did you last file an Income Tax Return? _____

Approximately how much income did your last tax return reflect? _____

6.  List the persons who are dependent upon your for support, state your relationship to those persons, and indicate how much you contribute toward their support:

_____

_____

I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury.  I further understand that perjury is punishable by a term of imprisonment of up to five (5) years and/or a fine of $250,000 (18 U.S.C. Sections 1621, 3571).

| | |
|---|---|
| _____ | _____ |
| State | County (or City) |

I, _____, declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| _____ | _____ |
| Date | Prisoner/Plaintiff (Signature) |

## PRISONER AUTHORIZATION

If my request to proceed without prepayment of filing fees is granted, I understand that I am required by statute to pay the full amount of the filing fees for this case, regardless of my forma pauperis status and the disposition of this case.  I further authorize the prison officials at this institution to assess, collect and forward to the Court the full amount of these fees, in monthly payments based on the average of deposits to or balance in my prison trust account in accordance with 28 U.S.C. Section  1915.

_____
Prisoner-Plaintiff (Signature)

## CERTIFICATE OF AUTHORIZED OFFICER

I hereby certify that the Prisoner-Plaintiff herein has credit in the sum of $_____ on account at the _____ institution where Prisoner-Plaintiff is confined.

I further certify that during the past six months the applicant's average monthly balance was $_____ .  I further certify that during the past six months the average of monthly deposits to the applicant's account was$_____.

A certified copy of the prisoner-plaintiff's trust account statement for the last six (6) months is attached.

_____          _____
Date                              Authorized Officer of Institution (Signature)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

|  | CASE NUMBER |
|---|---|
| PRISONER/PLAINTIFF, | |
| v. | **REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES WITH DECLARATION IN SUPPORT** |
| DEFENDANT(S). | |

I, _____, declare under penalty of perjury, that the following is true and correct; that I am the prisoner-plaintiff in the above entitled case;  that in support of my request to proceed without prepayment of  fees under 28 U.S.C. Section 1915, I declare that because of my poverty I am unable to pay the full costs of said proceedings or to give security therefore and that I am entitled to redress.

I further declare under penalty of perjury that the responses which I have made to the questions and instructions below are true, correct and complete.

1.   Are you presently employed in prison? ☐Yes    ☐No

    a.   If the answer is yes, state the number of hours you work per week and the hourly rate of pay:

    _____

    _____

    b.   State the place of your incarceration _____.
    Have the institution fill out the Certificate portion of this application and attach a certified copy of your prison trust account statement showing transactions for the past six months.

2.   Have you received, *within the past twelve months*, any money from any of the following sources?
    a.   Business, profession or form of self-employment?   ☐Yes  ☐No
    b.   Rent payments, interest or dividends?   ☐Yes  ☐No
    c.   Pensions, annuities or life insurance payments?   ☐Yes  ☐No
    d.   Gifts or inheritances?   ☐Yes  ☐No
    e.   Any other income (other than listed above)?   ☐Yes  ☐No
    f.   Loans?   ☐Yes  ☐No

If the answer to any of the above is yes, describe such source of money and state the amount received from each

source during the past twelve (12) months: _____

_____

3. Do you own any cash, or do you have money in a checking or savings account?  (Include any funds in prison accounts, if applicable.)  ☐ Yes     ☐ No

If the answer is yes, identify each account and separately state the amount of money held in <u>each</u> account for each of the *six (6) months prior* to the date of this declaration.

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?  ☐ Yes     ☐ No

If the answer is yes, describe the property and state it approximate value: _____

_____

5. In what year did you last file an Income Tax Return? _____

Approximately how much income did your last tax return reflect? _____

6. List the persons who are dependent upon your for support, state your relationship to those persons, and indicate how much you contribute toward their support:

_____

_____

I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury.  I further understand that perjury is punishable by a term of imprisonment of up to five (5) years and/or a fine of $250,000 (18 U.S.C. Sections 1621, 3571).

_____            _____
State                                            County (or City)

I, _____, declare under penalty of perjury that the foregoing is true and correct.

_____            _____
Date                                            Prisoner/Plaintiff (Signature)

---

**REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES WITH DECLARATION IN SUPPORT**

## PRISONER AUTHORIZATION

If my request to proceed without prepayment of filing fees is granted, I understand that I am required by statute to pay the full amount of the filing fees for this case, regardless of my forma pauperis status and the disposition of this case.  I further authorize the prison officials at this institution to assess, collect and forward to the Court the full amount of these fees, in monthly payments based on the average of deposits to or balance in my prison trust account in accordance with 28 U.S.C. Section  1915.

_____

Prisoner-Plaintiff (Signature)

## CERTIFICATE OF AUTHORIZED OFFICER

I hereby certify that the Prisoner-Plaintiff herein has credit in the sum of $_____ on account at the _____ institution where Prisoner-Plaintiff is confined.

I further certify that during the past six months the applicant's average monthly balance was $_____ .  I further certify that during the past six months the average of monthly deposits to the applicant's account was$_____.

A certified copy of the prisoner-plaintiff's trust account statement for the last six (6) months is attached.

_____          _____
Date                                              Authorized Officer of Institution (Signature)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | CASE NUMBER |
|---|---|
| PRISONER/PLAINTIFF, | |
| v. | **REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES WITH DECLARATION IN SUPPORT** |
| DEFENDANT(S). | |

I, _____, declare under penalty of perjury, that the following is true and correct; that I am the prisoner-plaintiff in the above entitled case;  that in support of my request to proceed without prepayment of  fees under 28 U.S.C. Section 1915, I declare that because of my poverty I am unable to pay the full costs of said proceedings or to give security therefore and that I am entitled to redress.

I further declare under penalty of perjury that the responses which I have made to the questions and instructions below are true, correct and complete.

1.  Are you presently employed in prison? ☐Yes     ☐No

    a.  If the answer is yes, state the number of hours you work per week and the hourly rate of pay:

    _____

    _____

    b.  State the place of your incarceration _____.
        Have the institution fill out the Certificate portion of this application and attach a certified copy of your prison trust account statement showing transactions for the past six months.

2.  Have you received, *within the past twelve months*, any money from any of the following sources?
    a.  Business, profession or form of self-employment?     ☐Yes   ☐No
    b.  Rent payments, interest or dividends?     ☐Yes   ☐No
    c.  Pensions, annuities or life insurance payments?     ☐Yes   ☐No
    d.  Gifts or inheritances?     ☐Yes   ☐No
    e.  Any other income (other than listed above)?     ☐Yes   ☐No
    f.  Loans?     ☐Yes   ☐No

    If the answer to any of the above is yes, describe such source of money and state the amount received from each

    source during the past twelve (12) months: _____

    _____

3. Do you own any cash, or do you have money in a checking or savings account?  (Include any funds in prison accounts, if applicable.)  ☐ Yes    ☐ No

   If the answer is yes, identify each account and separately state the amount of money held in <u>each</u> account for each of the *six (6) months prior* to the date of this declaration.

   _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?  ☐ Yes    ☐ No

   If the answer is yes, describe the property and state it approximate value: _____

   _____

5. In what year did you last file an Income Tax Return? _____

   Approximately how much income did your last tax return reflect? _____

6. List the persons who are dependent upon your for support, state your relationship to those persons, and indicate how much you contribute toward their support:

   _____

   _____

   I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury.  I further understand that perjury is punishable by a term of imprisonment of up to five (5) years and/or a fine of $250,000 (18 U.S.C. Sections 1621, 3571).

   _____          _____
   State                                 County (or City)

I, _____, declare under penalty of perjury that the foregoing is true and correct.

   _____          _____
   Date                                  Prisoner/Plaintiff (Signature)

## PRISONER AUTHORIZATION

If my request to proceed without prepayment of filing fees is granted, I understand that I am required by statute to pay the full amount of the filing fees for this case, regardless of my forma pauperis status and the disposition of this case.  I further authorize the prison officials at this institution to assess, collect and forward to the Court the full amount of these fees, in monthly payments based on the average of deposits to or balance in my prison trust account in accordance with 28 U.S.C. Section  1915.

_____

Prisoner-Plaintiff (Signature)

## CERTIFICATE OF AUTHORIZED OFFICER

I hereby certify that the Prisoner-Plaintiff herein has credit in the sum of $_____ on account at the _____ institution where Prisoner-Plaintiff is confined.

I further certify that during the past six months the applicant's average monthly balance was $_____ .  I further certify that during the past six months the average of monthly deposits to the applicant's account was$_____ .

A certified copy of the prisoner-plaintiff's trust account statement for the last six (6) months is attached.

_____        _____
Date                                          Authorized Officer of Institution (Signature)