Received & Returned

KEITH J. WALKER
2500 E. IMPERIAL HWY
SUITE 201- #180
BREA, CALIFORNIA 92821
(951) 227-2839
DEFENDANT IN PRO PER



CLERK, U.S. DISTRICT COURT

JAN 29,2014

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## AMENDED COMPLAINT

| | |
|---|---|
| KEITH J. WALKER, an individual<br>**Plaintiff,**<br>Vs.<br>RIVERSIDE COUNTY FAMILY COURT<br>RIVERSIDE COUNTY DISTRICT ATTORNEY<br>RIVERSIDE COUNTY CIVIL COURT<br>RIVERSIDE CRIMINAL COURT<br>PAUL ZELLERBACH, an individual<br>CREG DATIG, an individual<br>CITY OF BEAUMONT<br>ROGER BERG, an individual<br>ALAN KAPANICAS, an individual<br>GERSHAM SAVAGE TILDEN & NOLAN, a corporation<br>BEAUMONT POLICE DEPT.<br>JOSHUA GALBRAITH, an individual<br>GEORGE WALTER, an individual<br>FRANK COE, an individual<br>GREGORY FAGAN, an individual<br>JEREMY HARRIS, an individual | ) Case No. EDCV13-1992AG (VBK)<br>)<br>) **1.  Civil Rights Complaint Pursuant<br>     to 42 U.S.C § 1983 (non-prisoners)**<br>) First Amend<br>) **Complaint for Damages:**<br>)<br>) **2.  Intentional Infliction of<br>     Emotional Distress**<br>)  **3.  Oppression**<br>) **4.  Breach of Trust by an Officer**<br>) **5.  Neglect of Official Duty**<br>) **6.  Subornation of Perjury**<br>) **7.  Obstruction of Justice**<br>) **8.  Compounding Crime**<br>) **9.  Misprison of Felony**<br>) **10. Extortion**<br>) **11. Intentional Negligence**<br>) **12. Conspiracy**<br>) **13. Injunctive Relief From Riverside<br>     County Family Court**<br>) **14. Injunctive Relief From Riverside<br>     County Civil Court**<br>) **15. Injunctive Relief From Riverside<br>     County Criminal Court** |

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 1

| | | |
|---|---|---|
| 1 | MARK KEYSER, an individual | ) 16. Perjury |
| 2 | BEAUMONT UNIFIED SCHOOL DISTRICT | ) 17. Malicious Prosecution<br>) 18. False Declaration Before a Court |
| 3 | DR. MAUREEN LATHAM, an | ) 19. Delay, Interference and or<br>) Destruction of mail |
| 4 | individual | ) 20. International Parental |
| 5 | MARK DuSOLD, an individual | ) Kidnapping |
| 6 | MIKE WAGNER, an individual | ) 21. Parental Kidnapping |
| 7 | MARILYN SAUCEDO, an individual | ) 22. Forgery |
| 8 | SHAWN MITCHELL, and individual | ) 23. Aggravated Identity Theft<br>) 24. Invasion of Privacy |
| 9 | BEAUMONT HIGH SCHOOL | ) 25. Fraud, Manufacture of Evidence |
| 10 | ONTARIO POLICE DEPARTMENT | ) with Intent to Incriminate |
| 11 | TIMOTHY GLISSON, an individual | ) 26. Altering of Official State<br>) Document |
| 12 | RIVERSIDE POLICE DEPARTMENT | ) 27. Mental Abuse of Minors |
| 13 | RANCHO CUCAMONGA POLICE DEPARTMENT | ) 28. Giving Drugs to Minor |
| 14 | ELICK. TOBY BOWLER, an | ) 29. Hacking Email, Sending<br>) Malicious Code with intent to |
| 15 | individual | ) 30. Stalking |
| 16 | RAWAH ALGAOUNI, an individual | ) 31. Battery |
| 17 | AHLAM ALGAOUNI, an individual | ) 32. Theft of Corporate Secrets<br>) Property and Patents |
| 18 | BASMA ARABI, an individual | ) 33. Defamation of Character |
| 19 | MONTASER ALGAOUNI, an individual | ) 34. Accessory to Felony/ies<br>) 35. Aiding in the Consummation of a |
| 20 | THIERRY LEMAITRE, an individual | ) Crime |
| 21 | Z-TECH ADVANCE TECHNOLOGIES, a corporation | ) 36. Hindering Apprehension or<br>) Prosecution |
| 22 | MAZZIN AFGHANI, an individual | ) 37. Malicious Use of Process |
| 23 | MTA GALLERY, a corporation | ) 38. Vicarious Liability |
| 24 | MEDDITERENIAN CAFÉ, a corporation | ) 39. Respondeat Superior Liability<br>) |
| 25 | ROBERT ARDREY, an individual | ) |
| 26 | CHRISTOPHER PLUMBING, a corporation | ) |
| 27 | SUSAN BJORK, an individual | ) |
| 28 | FRONTIER AIRLINES, a corporation | ) |

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 2

1  AERO MEXICO, a corporation            )
2  SOLAR CITY, a corporation             )
   BILL ESSAYLI, an individual           )
3                                        )
4                                        )          **Jury Trial Demanded:**
5          **Defendants**                )
                                         )
6  ─────────────────────────────────────)

7                          I.    **JURISDICTION**

8  1.      This court has jurisdiction under 28 U.S.C § 1331 and 28 U.S.C. §

9  1343.  Federal question jurisdiction arises pursuant to 42 U.S.C § 1983, 18

10  U.S.C § 241, 18 U.S.C § 242, 18 U.S.C § 4, 18 U.S.C 1201, 1204, 1621, 1622,

11  1703, 1832, 1832, 1028 (a), 2261A, 1204, 1962, 1964 (a) and (c), 2701, and

12  Equal Protection of the laws as set forth under the Fourth, Eight and Fourteenth

13  Amendment of the Constitution and Bill of Rights of The United States of

14  America.

15                              **II. PARTIES**

16  2.      **Plaintiff** Keith J. Walker resides at: 2500 E. Imperial Hwy, Suite 201-#

17  180, Brea, California 92821 (**Under protection of family relatives and**

18  **military friends**), hereinafter "Plaintiff".

19

20

21  3.      **Defendant** Paul Zellerbach works at Riverside County District Attorney

22          Office.  The Defendant's title or position is "District Attorney".  This

23          defendant is sued in his individual and official capacities.  This

24          defendant was acting under color of law because he is responsible for

25          prosecution of all felonies against the citizens and residents of Riverside

26          County, and took the oath of office as District Attorney for Riverside

27          County.  DA Paul Zellerbach made decisions that violated federal and

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 3

the state of California laws over a period of three years, as well as violating the plaintiff's rights.

4. **Defendant** Hon. Jackson Lucky works at the Riverside County Family Court. The defendant's title or position is "Presiding Judge". This defendant is sued in his individual and official capacities. This defendant was acting under the color of law because he is the presiding judge of the Riverside County Family Court and was adjudicating the case "Algaouni v. Walker" in Department F-301, Riverside County Family Court when he violated the federal and the state of California laws.

6. **Defendant** Commissioner Pamela Thatcher works at the Riverside County Civil Court. The defendant's title or position is "Commissioner". This defendant is sued in her individual and official capacity. This defendant was acting under the color of law because she is the Commissioner of the court who adjudicated the case Walker v. Lemaitre in Riverside County Civil Court and violated federal and the state of California laws during the process.

7. **Defendant** Frank Coe works at Beaumont Police Department. The Defendant's title or position is "Police Chief". This defendant is sued in   his individual and official capacities. This Defendant was acting under the color of law because he is the Chief Police Officer in charge of the Beaumont Police Department during the time of the violations of federal and the state of California laws against the plaintiff.

8.   **Defendant** Greg Fagan works at the Beaumont Police Department. The defendant's title or position is "Commander". This defendant is sued in his individual and official capacities. This defendant was acting under the color of law because he is the commander with the Beaumont Police Department during the time of the violations of federal and the State of California laws as well as the rights of the plaintiffs.

9.   **Defendant** George Walter works at the Beaumont Police Department. The defendant's title or position is "Sergeant". This Defendant is sued in his individual and official capacities. This defendant was acting under the color of law because he is the sergeant with the Beaumont Police Department who gave orders and took actions that led to violations of federal and the State of California laws, as well as the rights of the plaintiff.

10.  **Defendant** Joshua Galbraith works at the Beaumont Police Department. The Defendant's title or position is "Sergeant". This defendant is sued in his individual and official capacities. This defendant was acting under the color of law because he is the police officer with the Beaumont Police whose actions led to the violations of federal and the State of California laws, as well as the rights of the plaintiff.

11.  **Defendant** Maureen Latham works at the Beaumont Unified School District. The defendant's title or position is "Superintendent". This

1    defendant is sued in her individual and official capacities.  This
2    defendant was acting under the color of law in her official and private
3    capacities as Superintendent  when she violated federal and state of
4    California laws, as well as the rights of the plaintiff and his sons, Bilal
5    and Tariq Walker.
6
7    12.    **Defendant** Shawn Mitchell works at the Beaumont Unified School
8           District.  The defendant's title or position is "Director of Student
9           Services".  This defendant is sued in his private and official capacities.
10          This defendant was acting under the color of law in his official and
11          private capacities when he violated federal laws and the state of
12          California laws, as well as the rights of the plaintiff and his sons, Bilal
13          and Tariq Walker.
14
15
16   13.    **Defendant** Marilyn Saucedo works at the Beaumont High School.  The
17          defendant's title is "Principal".  This defendant is sued in her private
18          and official capacities.  This defendant was acting under the color of
19          law in her official and private capacities as principal of Beaumont High
20          School when she violated federal and the state of California laws, as
21          well as the rights of the plaintiff and his sons, Bilal and Tariq Walker.
22
23   14.    **Defendant** Mark Dusold works at the Beaumont High School.  The
24          defendant's title or position is "Director of Athletic Department".
25          This defendant is sued in his private and official capacities.  This
26          defendant was acting under the color of law in his official and private
27          capacities when he violated federal and the state of California laws, as
28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 6

1
2
3      well as the rights of the plaintiff and his sons, Bilal and Tariq Walker.

15.    **Defendant** Belinda Martinez works at the California Superior Court
       Riverside County Family Court. The defendant's title or position is
       "Clerk of the Court". This defendant is sued in her private and official
       capacity. This defendant was acting under the color of law in her
       official and private capacities when she violated federal and state of
       California laws, as well as the rights of the plaintiff and his sons, Bilal
       and Tariq Walker.

16.    **Defendant** Kevin Carter works at the California Superior Court
       Riverside County Family Court. The defendant's title or position is
       " Family Court mediator". This defendant is sued in his private
       and official capacities. This defendant was acting under the color of
       law in his official and private capacities when he violated federal and
       state of California laws, as well as the rights of the plaintiff and his
       sons, Bilal and Tariq Walker.

17.    **Defendant** Tim Glisson works at the Ontario Police Department. This
       defendant is sued in his private and official capacities. The defendant's
       title or position is "Sergeant". This defendant was acting under the
       color of law in his official and private capacities when he violated
       federal and state of California laws, as well as the
       rights of the plaintiff and his sons, Bilal and Tariq Walker.

18.    **Defendant** Roger Berg works at the City of Beaumont. The

1   Defendant's title or position is "Mayor". This defendant is sued in his

2   individual (Private) and official capacities. This defendant was acting

3   under color of law because he is responsible for the City of Beaumont

4   Police Department, and took the oath of office as Mayor of the City of

5   Beaumont. Mayor Berg made decisions that violated federal and the

6   State of California laws, as well as violating the Plaintiffs' civil and

7   constitutional rights.

8

9   19.   **Defendant** Alan C. Kapanicas works at the City of Beaumont in

10   Beaumont California. The Defendant's title or position is "City

11   Manager". This Defendant is sued in his individual and official

12   capacities. This Defendant was acting under the color of law because he

13   is responsible for operations of all of the City of Beaumont, and took the

14   oath of office as City Manager of the City of Beaumont. City Manager

15   Kapanicas made decisions that violated federal and State of California

16   laws and statutes that violated the Plaintiffs civil and constitutional

17   rights.

18

19

20   20.   **Defendant** Gresham Savage Nolan & Tilden in the City of Riverside.

21   The Defendant's title or position is "Law Firm". This defendant is sued

22   in its individual and official capacities. This defendant was acting under

23   the color of law because he is an officer of the Court and is registered in

24   the State of California. The Defendant made decisions that violated the

25   federal statutes and the state of California laws against the Plaintiffs.

26

27   21.   **Defendant** Robert Ardrey works at the Christopher Plumbing,

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 8

Littleton, Colorado. The defendant's title or position is "Owner". This defendant is sued in his individual and official capacities. This defendant was acting as an officer and employee of the company registered in the State of Colorado. The Defendant made decisions that violated the federal statutes and the state of California laws against the Plaintiffs.

22.    **Defendant** Christopher Plumbing, Inc., is a business in the City of Littleton, Colorado. This company is owned by Mr. Christopher Ardrey and is sued in its official capacity. The Defendant and or its agents, made decisions that violated the federal statutes and the state of California laws against the Plaintiffs during this time.

23.    **Defendant** Rawah Algaouni works at Solar City, a California Corporation. The Defendant's title or position is believed to be that of "Salesperson", and is not verified. This defendant is sued in her individual and official capacities. This Defendant was acting in her official and private capacities during the time of her offenses against the Plaintiffs.  The defendant violated federal statutes and State of California laws against the Plaintiff.

24.    **Defendant** Thierry Lemaitre works at Z-Tech Advance Technologies in the City of Ontario. The Defendant's title or position is "Owner". The Defendant is being sued in his private capacity. The Defendant was acting in his official capacity as an employee of the company, and private capacity as an officer and owner of the company during the time of his

offenses against the plaintiffs.  The Defendant violated  federal statues and the State of California laws during this time.

25.  **Defendant** Ahlam Algaouni works at Z-Tech Advance Technologies in the City of Ontario.  The Defendant's title or position is "Owner".  The Defendant is being sued in her private capacity.  The Defendant was acting in his official capacity as an employee of the company, and private capacity as an officer and owner of the company during the time of her offenses against the plaintiffs.  The Defendant violated  federal statues and the State of California laws during this time.

26.  **Defendant** Montaser (Victor) Algaouni works at Z-Tech Advance Technologies in the City of Ontario.  The Defendant's title or position is "Owner".  The Defendant is being sued in his private capacity.  The Defendant was acting in his official capacity as an employee of the company, and in his private capacity as an officer and owner of the company during the time of his offenses against the plaintiffs.  The Defendant violated  federal statues and the State of California laws during this time.

27.  **Defendant** Z-Tech Advance Technologies, Inc. is a California registered company owned jointly by Thierry Lemaitre, Ahlam Algaouni and Montaser Algaouni.  The Defendant (company- Z-Tech Advance Company) has its place of business in Ontario, California.  The Defendant is being sued in its official capacity.  The owners and agents of the company and its officers violated federal statutes and the State of

California laws against the Plaintiff during the time of the offenses.

28. **Defendant** Corporal Harris works at the Beaumont Police Department. The Defendant's title or position is "Officer". This defendant is sued in his individual and official capacities. This defendant was acting under the color of law because he is the police officer with the Beaumont Police whose actions led to the violations of federal and the State of California laws against the Plaintiff.

29. **Defendant** Mazzin Afghani works at MTA Gallery and Mediterranean Café located in the City of Carlsbad, California. The defendant's title is "Manager and Owner". This defendant is sued in his private and official capacities. This defendant was both an employee, owner and officer of both companies when he acted in a manner that violated federal and State of California laws committing offenses against the Plaintiffs and his son Bilal Walker.

30. **Defendant** Aero Mexico is a corporation headquartered in Mexico City, Mexico, with passenger air carrier operations out of Houston, Texas, and several cities in the United States including California. The Defendant is being sued because employee/s and or agents of the airline acted vicariously in violating federal statutes and State of California laws committing tortious offenses against the Plaintiff and his son during this time.

31. **Defendant** Frontier Airlines is a Delaware corporation headquartered in

Denver, Colorado with operations in several states including the State of California. The Defendant is being sued because employee/s and or agents of the airline acted vicariously in violating federal statutes and State of California laws committing tortious offenses against the Plaintiff and his sons during this time.

32. **Defendant** Susan Bjork is an individual living in the City of Beaumont California. The Defendant a retired employee of the city of Los Angeles, California. The Defendant is being sued in her private capacity for violations of federal statutes and State of California laws committed against the Plaintiff.

33. **Defendant** Hon. Judge Jorge Hernandez works at the Riverside County Criminal Court, Banning, California. The defendant's title or position is "Judge". This defendant is sued in his and official capacities. This defendant was acting under the color of law because he is the presiding judge of the Riverside County Criminal Court, Banning, California and is adjudicating the case "People of the State of California v. Keith J. Walker" in Department B-1, Riverside County Criminal Court, Banning, California when he violated the federal statutes and the State of California laws.

34. **Defendant** Solar City is a Delaware registered corporation headquartered in Sam Mateo, California. The Defendant is being sued in its official capacity because an employee/s or agent of the Defendant committed offenses that are in violation of federal statutes and State of California

laws against the Plaintiff during this time.

35. **Defendant** Mark Keyser works at the Beaumont Police Department, in Beaumont, California. The defendant's title or position is "Sergeant". This Defendant is sued in his individual and official capacities. This defendant was acting under the color of law because he is the sergeant with the Beaumont Police Department who gave orders and took actions that led to violations of federal and the State of California laws, as well as the rights of the plaintiff.

## III. STATEMENT OF FACTS

36.     On or about some time 2007 or 2008 the Plaintiff was asked to render an opinion on a requested long-term contract between Greenfield Communications and Fairway Canyon Association (Residential Community Association) located in the City of Beaumont. The Plaintiff's expertise in the telecommunications and technology industry was confirmed and common knowledge by the board members of the Fairway Canyon Association and residents of the community. The Plaintiff was unaware that his recommendation to the board and the ensuing issues related to the contract that was being sought by the board members that represented the at that time the Plaintiff advised the board members and the residents not to enter into the agreement being sought by Greenfield.

37.     Apparently this technical and business advise was followed and as a result apparently disrupted and broke up the illegal action by the perpetrators

of a bribery and kickback scheme, as well as insured that the Fairway Canyon
Association and its residents were not held to indirectly participate in any
illegal activity that would have allowed the perpetrators to benefit financially.
As a result of this it was clear that the board members then representing the
developer and other parties with a financial interest in seeing the signature to
the agreement that would have insure the annual revenues of over
$ 13,000,000.00 USD were angry and sought revenge of the Plaintiff.  It was
not until late November 2013 that the Plaintiff learned of affects of his actions
some years prior, and those that were involved to include the fact that the law
firm for the City of Beaumont at the time was also the law firm representing
Thierry Lemaitre in the matter Lemaitre et al v. Walker (EDCV-13-00118).
The manner in which the Plaintiff learned of these events and the revelations
of the parties and the conspiracy will be presented before the court.  The
beneficiaries of the bribery and kickback were officials of the City of
Beaumont, the Mayor and City Manager.

38.      The Plaintiff's harassment then started with the City Code
Enforcement officer visiting his home to tell him he could not have the safety
lights outside of his home.  The Plaintiff challenged the Code Enforcer and
when as far as to visit the City where he spoke with an assistant to the Mayor
and presented his case.  The Plaintiff's position later led to a community-wide
installation of safety lights on almost all homes in the community.

39.      In October 2000 the Plaintiff was diligently working on building a
4G wireless company in Barbados with the assistance and direction of Dr.
Hatim Zaghloul, inventor and patent holder of Wi-Fi, CDMA, CDMAONE,

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 14

CDMA2000, WCDMA and OFDM (underlying technology in 4G) and several other patents, while still working full time in the United States. After many challenges the company was ready to be launched and that was when Rawah Algaouni and her family were conspiring to steal the company from the Plaintiff, but saw their plans foiled due to the signed shareholders' agreement that negated any community property claim by the Plaintiff's ex-wife, Rawah Algaouni.

40.     After the Plaintiff returned to Barbados after spending Valentines in California the Plaintiff received a call from Rawah Algaouni telling him that she loved him but was not in love with him. Upon hearing this and discussing its meaning with his sisters, family and friends. Those friends that were female advised the Plaintiff that his wife of sixteen years was fooling around and advised him to hire an investigator. Not long after the Plaintiff hired Wynn & Associates, Steve Wynn, former police officer. It was while under surveillance by Steve Wynn that the Plaintiff learned that despite the disclaimers by Rawah Algaouni and Tanya Griffin, Rawah Algaouni was working with The Shaping Spaces Group where she was listed as one of its owners and was being paid under the table.

41.     After it was clear that a divorce was imminent Rawah Algaouni was encouraged by her sister in-laws, Rosalind Porter and Millie Walker, whom she was very close with and spoke to on a daily basis, to leave the kids out of it and remain amicable. Up to this point Millie Walker never told the Plaintiff that his soon to be ex-wife had also committed a transgression while on vacation with her in Antigua where she was missing from bed and was caught

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 15

having sexual intercourse on the beach with a guest she met at hotel. Rawah Algaouni attempted to extort money from the Plaintiff, and when the Plaintiff refused to agree to give Rawah Algaouni the requested $ 10,000.00 per month for the rest of her life Rawah became extremely vengeful and became someone the Plaintiff was unfamiliar with.

41.     The Plaintiff then later learned that Rawah Algaouni was and had been unfaithful for quite some time, and in fact had been conspiring with her family, Thierry Lemaitre (brother in-law), Montaser Algaouni (brother), Ahlam Algaouni (sister), Basma Arabi (sister), The Shaping Spaces Group (Tanya Griffin- business partner), Robert Ardrey ( one of the persons with whom she had an adulterous affair) to violate federal laws and those of the State of California.

42.     The Plaintiff learned that Mr. Thierry Lemaitre planted a listening device in the 2009 Audi A-8 purchased by his employer, AccessOne Barbados, Inc., as pieces and excerpts from some conversations found their way into declarations before the family court. Rawah Algaouni first contributed to the delinquency of the older minor son, Bilal Walker, by having Bilal break into the home office of the Plaintiff owned by AccessOne Barbados, Inc. Rawah Algaouni, Ahlam Algaouni and Thierry Lemaitre then committed felony trespassory burglary and stole an Apple 17" MAC Book Pro containing patented device information, personal identity information such as bank accounts and private communications, customer telephone records for over thirteen months, and the telephone records belonging a wanted drug trafficker in Barbados that is now awaiting extradition to the. The parties to

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 16

this crime gave a copy of the evidence used by the DEA (Barbados) to Ricky Williams, friend of the drug trafficker.

43.      Also stolen form the office was a Mont Blanc pen collection currently valued at $ 60,000.00 USD, a Seiko collector's watch valued $ 1,000.00 USD, A WII exercise board, deeds to property in Barbados valued at over $ 500,000.00 USD inherited by the Plaintiff from his great grandmother, the plaintiff's United States Citizen certificate, United States Army official documents, files and documents pertaining to patented devices, AccessOne Corporate secrets and documents.

44.      Earlier in the week of the week starting the Memorial weekend 2010, the Plaintiff dropped the minor son Tariq Walker to school. Before leaving the house Rawah Algaouni told Tariq she would see him later to which Tariq said, "I do not want to see you". The Plaintiff told Rawah Algaouni he would be back to speak with her. Upon returning home Rawah Algaouni was not at home and the Plaintiff figured she went over to the home of Susan Bjork. The Plaintiff went over to the home and rang the bell as other young children were at the door. Ms. Bjork or Rawah  refused to come to the door and so the Plaintiff left and returned home. Shortly thereafter two police officer form the Beaumont Police Department came to his door stating there were there on a domestic violence call.

45.      The Plaintiff allowed them in and showed them around the home and told them what had just occurred. The officers asked why would Ms. Bjork call making such a claim and the Plaintiff told them he could only surmise that

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 17

there was some bitterness on the part of Ms. Bjork and that Rawah Algaouni was at her home. The Plaintiff picked up his son from school on the Friday morning before the long weekend after attending a presentation by his son Tariq Walker, a then student at Tournament Hills Elementary School, Beaumont. When the Plaintiff and his son returned home after spending the day together Rawah Algouni threatened the Plaintiff with not being allowed to see the minor children in the future if he ever spent the entire day with the child and not tell her where he was. The Plaintiff submitted this to the Family Court in a declaration. On the way home Rawah Algaouni called the Plaintiff and she spoke with Tariq and during the conversation Tariq told Rawah Algaouni he wanted to spend time with the Plaintiff.

46.     The Saturday morning Rawah Algaouni seeing that the Plaintiff and Tariq were getting ready to spend the day with his uncle, Kyle (Kevin) Thomas. Rawah then huddled with Tariq and tried to dissuade him not to go with the Plaintiff, and upon seeing she was being unsuccessful in persuading Tariq not to go she then started lying to the child and slandering the Plaintiff's name to the child. Rawah Algaouni then flew into such a rage that she attempted to break the video camera of the plaintiff attempting to break the screen. Rawah then called 911 and told the Beaumont police officers that the Plaintiff was attempting to cause her harm so as to get the plaintiff arrested.

47.     The Beaumont Police officers, Greer, Cruz and Stewart came to the home and it was not until the Plaintiff showed them the video of Rawah Algaouni acting in a deranged manner that they left the home. The plaintiff left for Barbados the following Friday morning and while boarding a flight to

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 18

Barbados via Miami  received a call from the Principal informing the Plaintiff that his younger son Tariq was acting out and wanted to speak with him.  The Plaintiff reassured his son he was returning and Tariq understood the Plaintiff need to leave and that seemed to have solved he situation for the time.  While in Barbados the Plaintiff called the minor son Tariq to check on his welfare and being informed by Rawah Algaouni that the minor child was at the home of Susan Bjork.  When the Plaintiff called Susan Bjork to speak with his son, Susan Bjork refused to allow the Plaintiff to speak with his son.

48.     It was upon the Plaintiff's return to his home in Beaumont in the month of June 2010 that he discovered that his office was broken into and the above referenced items were stolen.  When officer Adams interviewed Rawah Algaouni she claimed to have no knowledge of  the stolen items or the burglary that had taken place.  It was during a call with the older son Bilal Walker with Jonathan Greenbaum on the other line that it was witnessed that Rawah Algaouni contributed to the delinquency of a minor, the older son, having him break into the office under the guise of fixing the wireless unit housed in the office.  While the minor children were at school Rawah Algaouni and Thierry Lemaitre stole the items mentioned.

49.     The Plaintiff later learned of the premeditated actions of Rawah Algaouni and her family involved conspiring as to how they were going to get the Plaintiff arrested.  This was confirmed was via emails to Defendant Robert Ardrey with whom Rawah had an adulterous affair with on or about December 20th, 2011 and on prior occasions. In the email Rawah Algaouni spoke of telling the police that the Plaintiff threatened her with a gun.  The

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 19

Plaintiff is on record as asking Brett Beloat to get the gun out of the home. The gun was purchased by the Plaintiff as protection for his family because of crime in the area and his frequent travel. The only person that knew the location of the gun was Rawah Algaouni. Upon learning of the interference of Gina Beloat, wife of Brett Beloat, had towards the Plaintiff the Plaintiff asked Gina Beloat not to have any contact with his children and she refused to comply and due to the nature of her work as a high school teacher the Plaintiff took the necessary steps.

50.     Rawah Algaouni then resorted to having her friends and their spouses provoke the Plaintiff to fight, but at every instance the Plaintiff walked away. The Plaintiff had to file a restraining order against Brett Beloat, husband of Gina Beloat, after he trespassed onto the property of the Plaintiff provoking the Plaintiff to fight. In front of his younger son, Tariq, Mr. Beloat called the Plaintiff a coward and a "pussy" because the Plaintiff refused to fight saying to the Plaintiff, " I thought you Special Forces and Airborne guys are bad-asses", the Plaintiff responding "Saying, we are, but we are also very disciplined". Mr. Beloat was ordered by the court to stay away from the minor children Bilal and Tariq.

51.     The Plaintiff had moved out of the home and had stopped by his old home to get a shirt to wear to court and Rawah Algaouni waited until he was in the family car looking for his glasses, and went to the Plaintiff's 2006 Audi A-6 (Gold) car parked on the driveway sloped to the street and started removing items and throwing them into the street. As the Plaintiff ran back to his car Rawah Algaouni bumped her head on the trunk of the car as she

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 20

attempted to flee.  Rawah Algaouni then said, " You fucker………….. The Plaintiff immediately called the Beaumont Police station and told the person on the other end what had taken place, and that he would be at the Banning Courthouse if they needed any further report because he had to be present for a restraining hearing against Mr. Beloat.

52.     Upon arrival a the courthouse Susan Bjork and  her 11 year old daughter were harassing the Plaintiff before the Plaintiff asked a deputy that was present to request that she cease and desist the harassment.  While waiting for the case to be heard, Claudia Lewis, a friend of Rawah Algaouni brought the Plaintiff's minor son to the courthouse.  Unknown to the Plaintiff Rawah Algaouni claimed made a report that the Plaintiff hit her on her head and neck with the trunk lid of the car.  Mr. Beloat was ordered to stay away from the minor children the Plaintiff left the courtroom.  As the Plaintiff exited the courtroom Officer Brian Stehli, Beaumont Police Department, asked him to step into one of the rooms to be investigated

53.     After the Plaintiff provided the details as to what took place Officer Stehli informed the Plaintiff that he was being placed under arrest.  The plaintiff then asked the officer if there were any signs of blood, bruising, scratches etc. and the officer responded "no".  Officer Stehli told the Plaintiff he had to arrest him so that Rawah Algaouni would not be able to claim that they did not protect her.  The Plaintiff was remanded into custody and was released on bail later that evening but was not allowed to leave until the following morning where he was released on bond to the custody of a deputy friend of his.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 21

54.      Upon his release the Plaintiff called the Beaumont Police Department and asked that an office meet his to escort him to his home to pick-up his clothing. The Plaintiff was met by Officer Breida and escorted to the home where he packed and took a shower.  Before leaving the Plaintiff heard the officer tell the Beaumont Police dispatch that the Plaintiff was in his presence and they should stand down.  The Plaintiff was informed that Claudia Lewis called the Beaumont Police Department and told them that the Plaintiff was standing in her driveway looking into her vehicle and she was afraid of what he was going to do.  Apparently, the Beaumont Police Dept. was dispatching officers to her home with the intent of re-arresting the Plaintiff.  Realizing that Rawah Algaouni was gaming the system with her perjured statements and false accusations the Plaintiff told Beaumont Police Chief, Frank Coe, to keep the handgun that Mr. Beloat took from Rawah Algaouni and turned into the police station.  The Plaintiff made this decision to insure not to give anyone the ability to say that he was armed and dangerous.  To this day the Plaintiff has never reclaimed the weapon and it remains in the custody of Beaumont Police Department.

55.      The Plaintiff left the home and went to the home of Carl and Jennifer Stephen in the City of Ontario.  The Plaintiff appeared at the Banning courthouse to face the charge of domestic violence (battery).  Upon arrival he checked in with the clerk and was informed that the prosecutors did not file any charges citing the lack of credibility of the victim, Rawah Algaouni.  Despite being arrested by the Beaumont Police Department, the judicial officer of the Beaumont Police Department also cited the lack of credibility of

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 22

Rawah Algaouni.

56,      The Plaintiff then appeared for a hearing on domestic violence in the Riverside County Family Court where Hon Jackson Lucky presided.  After the trial where the Plaintiff was represented by attorney Byron Thompson, the facts of the trial confirmed that Rawah Algaouni was not telling the truth as to what had taken place on the day in question, and that her claim of being afraid of the Plaintiff was not at all true.  Hon Judge Jackson Lucky found her in his own words, " Ms. Algaouni I find you to be less than credible".

57.      In early 2010 the Plaintiff became suspicious of Rawah Algaouni and her family's motives and continued criminal behavior.  In or around December 8th, 2009, there was a settlement between a bank in Barbados and Accessone Barbados, Inc., the company that the Plaintiff worked for and help start that allowed the company to move forward with its 4G wireless network deployment.  The Plaintiff now realizes that as this was taking place Rawah Algaouni and her family started to make their move to attempt to steal the company by having Rawah Algaouni file for divorce from the Plaintiff figuring under a community property state she would be entitled to half of the Plaintiff's ownership.  Unfortunately Rawah Algaouni was presented with a signed copy of the shareholders agreement  "Spousal Consent Form-B".  This document clearly stated that in event of dissolution of the marriage the company would not be treated as community property.  Rawah Algaouni presented the Plaintiff with a demand to pay her $ 10,000.00 per month for the rest of her life and the Plaintiff rejected that

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 23

58.     The plaintiff delivered documented evidence to the office of the District Attorney Office confirming that Rawah Algaouni conspired with Thierry Lemaitre, Ahlam Algaouni, Basma (Algaouni) Arabi, Montaser Algaouni, South Milliken Investments and Z-Tech Advance Technologies in defrauding the State of California EDD, Medicare Healthy Families Program, laundering money to Lebanon, tax evasion, trafficking in illegal and unregistered handguns and automatic weapons, as well as in trespassory burglary of an Apple 17" MAC Book Pro, Mont Blanc Pen Collection valued at $ 60,000.00, a Seiko Collector's watch and committed kidnapping and violations of California Penal Code 278.5 (a) on two different instances. When the Plaintiff confronted the District attorney's office via mail about their failure to prosecute these persons,  Mr. Zellerbach sent the Plaintiff  a letter claiming that the criminal activities are outside of his jurisdiction, and did not take place in his jurisdiction.

59.     The District Attorney's office also conspired with E. Toby Bowler, attorney for Rawah Algaouni in exchange for favors and other gratuities.  In an attempt to discredit the plaintiff in hopes of gaining  sole custody of the minor sons, Bilal and Tariq Walker in the divorce proceedings with Rawah Algaouni, the plaintiff was wrongly prosecuted for a misdemeanor which he did not commit.  The Beaumont Police confirmed that they sent clear and convincing evidence confirming that Rawah Algaouni committed the felony C.P.C 278.5 (a), and DA Zellerbach rejected it four times for no valid legal reason, but clearly for personal reasons.

60.     In addition to this the DA and his office also refused to file charges

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints-24

against Thierry Lemaitre, Ahlam Algaouni, Montaser Algaouni, Montaser Algaouni for the crimes they committed against my sons and I as a favor to E. Toby Bowler, attorney for Rawah Algaouni. The wife of the presiding judge in the divorce proceedings, Hon. Jackson Lucky, works for the District Attorney, and the judge himself was a prosecutor in the same office. Both the District Attorney and the presiding Judge along with E. Toby Bowler belong to and are members of the same organization, and have conspired to intentional injure the Plaintiff.

62.     Despite being declared not guilty of the allegations of domestic violence the court the mediator, Kevin Carter recommended that Rawah Algaouni be given sole custody of the minor children. The plaintiff had no record of any violence or previous charges and this was a clear violation of law. The Family Court denied the plaintiff his rights to have joint custody of his children for no legal or other judicial discretion or reasoning. This decision was much to the detriment of the minor children who had a great relationship with their father including the older son, Bilal Walker, who lived with the Plaintiff overseas for an entire school year. The court ordered the plaintiff to alcohol and drug assessment because of the perjured statement of Rawah Algaouni.

63.     Rawah Algaouni told the court that the plaintiff drank excessively and was abusive to her and the minor children throughout the marriage. Rawah Algaouni could not get a single person to provide her with an affidavit or corroborate her allegations, whereas the plaintiff provided the court with over twenty affidavits from neighbors and other third parties including the

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 25

children's pediatrician and dentist to refute her false claims.  Hon. Jackson Lucky had these affidavits stricken from the record.   The assessment from Dr. McAffee, the court appointed counselor for the drug and alcohol abuse, verified that the Plaintiff's liver enzymes were normal.  The Plaintiff passed all subjective clinical and physical test administered by Dr. McAffee in early 2011.  Dr. McAfee's report to the court showed the tests conclusively proved that Rawah Algaouni was not telling the truth about the plaintiff's drinking or alleged abuse.  Dr. McAffee and his nurse were surprised to learn that the plaintiff was fifty years old and he looked like 35 years.

63.     Rawah Algaouni and her family alienated the minor children from the plaintiff and his family, and allowed Thierry Lemaitre and Ahlam Algaouni to come to the home where the minor children lived and mentally brain-wash and abuse the older son so much so that the older son complained to the plaintiff of the pain this abuse was causing him and its affect on his school work.  Basma Arabi, sister of Rawah Algaouni, was also mentally abusing the younger child, Tariq, who would call the plaintiff allowing the entire incidents to be recorded.

64.     The minor children were not allowed to have any communication with the family of the plaintiff, when in previous times the children would travel to spend summers and other holidays with the family of the plaintiff. Whenever the younger son, Tariq Walker, would ask to see and spend time with the Plaintiff Rawah Algaouni would threaten him with being punished. Rawah disobeyed all court orders and the court never held her accountable, and as a result she continued to do so with impunity. The Family Court never

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 26

warned Rawah Algaouni that if she is unable to facilitate and nurture the relationship between the Plaintiff and his sons that it stood ready to make an order granting sole physical custody of the minor children to the Plaintiff.

65.     The plaintiff purchased clothing for the minor children for school costing over $ 1,500.00 and school supplies for over $ 1,000.00, and Rawah Algaouni returned the clothing to the store and got store credit and spent the store credit purchasing items for herself.  The week of the Sandy Hook shooting the younger son Tariq called the plaintiff telling him that he asked his mother to purchase a winter coat for him and she refused to do so stating she did not have any money.  Rawah Algaouni was receiving $ 3,010.80 per month and refused to buy the kids any clothing or what they needed telling them that the plaintiff was not providing any financial support.  The older son Bilal had to be provided a copy of the plaintiff's pay stub showing the money received where from the period of September 14th, 2012 through December 31st, 2012, Rawah Algaouni received over $ 15,000.00.

66.     The plaintiff was informed that the older son, Bilal, was smoking marijuana by the swimming coach of Beaumont High School around mid 2011, and then again in March 2012,  to the point where other students who would be on the high school bus going to and coming from events were complaining.  Rawah Algaouni and E. Toby Bowler testified in court that they gave Bilal a drug test and he passed.  Bilal Walker told the plaintiff the statement made in court on the drug test was not true, no one ever gave him a drug test.  As a matter of fact the plaintiff later learned that while living in the same home of his mother, Rawah Algaouni, he obtained a medical marijuana

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 27

card that he was convinced to surrender to a close friend of the plaintiff. When the plaintiff filed an ex-parte hearing before the family court asking that Rawah Algaouni be ordered to give the minor child a drug test, Hon. Jackson Lucky, presiding judge, told the plaintiff he did not have the authority to direct the mother to do so when in truth and fact he had every legal authority and judicial discretion to make such orders.

67.     Starting around this same time in early 2011, the minor son Bilal would travel to San Diego where he would visit with the cousin of Rawah Algaouni, Mazzin Afghani. In an attempt to condone and further enable the illegal use of marijuana and other drugs, Mazzin Afghani an adult and father of three sons, sole proprietor of MTA Gallery, an importer of good from the Far East, and the owner of Mediterranean Café, engaged in giving the minor child Bilal Walker marijuana and other controlled substances much to his detriment. Rawah Algaouni failed in her duty to the minor child by willfully and recklessly allowing her cousin, Mazzin Afghani, to give the plaintiff's minor son, Bilal, drugs.

68.     Rawah Algaouni caught the plaintiff's son, Bilal Walker, having sexual  intercourse with a minor on two different occasions and did nothing about it, thereby contributing to the delinquency of a minor now the third time. The minor's parents are police officers and threatened to kill the plaintiff's son, Bilal Walker.. While living in the home of Rawah Algaouni the minor son used the medical marijuana card to sell marijuana to the other kids in the neighborhood with the knowledge of Rawah Algaouni. When the Plaintiff returned to California for hearing n December 6th, resident form the

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 28

neighborhood called the Plaintiff and told him that the older son was in trouble for celling drugs.

68.     Prior to the divorce the older son Bilal Walker received several awards for his academic and athletic performances- Student Athlete (2), Southern California CIF DIV-IV 50 & 100-meter swimming champion 2011 & 2012.  As a result of these achievements Bilal was being offered a nomination to the United States Naval Academy, a full scholarship to Occidental College and a full scholarship to University of San Diego.  Rawah Algaouni refused to allow the minor child to speak with the folks arranging for his nomination, or to meet with Occidental College or the Trustees from San Diego State University.  In an effort to register her bitterness and anger these actions were vindictive and intentionally  committed to hurt the Plaintiff in such blind rage and anger that Rawah Algaouni could not see she was in fact hurting Bilal Walker's future.

69.     Rawah Algaouni continued a willful and deliberate process of alienating the minor children from the plaintiff by telling Bilal that the plaintiff held a gun to her head and threatened to shoot her if she left him. The Plaintiff spoke with his son and reminded him of past instances that would show that Rawah Algaouni was not telling him the truth and was just seeking to ruin their relationship.  When this and other deliberate attempts to slander and libel the Plaintiff did not work, she then told Bilal that the Plaintiff was  recorded saying that the plaintiff wants the older son Bilal dead.

70.     On two different occasions Rawah Algaouni committed a felony

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 29

violation of California Penal Code 278.5- On December 24th, 2011,
kidnapping the children and taking them to the Littleton Denver to the home
of Robert Ardrey. Mr. Ardrey tortious interference of the marriage also
included him being an accomplice to felony C.P.C 278.5 (a), and parental
kidnapping of the minor children a federal offense. Mr. Ardrey sent letters on
the letterhead of Christopher plumbing to the Frontier Airlines and purchased
the tickets for both sons, Tariq and Bilal Walker, to travel to Denver denying
the Plaintiff the company and affection of his sons during the Christmas
Holiday season of December 2011when there was a court order ordering
custody of the minor children to the Plaintiff. Bilal called the Plaintiff early
on Christmas morning December 25th, 2011, crying. When the minor
children were returned to California the younger son Tariq told the plaintiff,
"Dad, when we were at Chris's (Robert Ardrey)home, mom was waking up
early in the morning around 5:00 A.M and going upstairs by Chris thinking
that we did not notice". The Plaintiff has reasoned this was why Bilal called
the Plaintiff crying on the morning of December 25th, 2011.

71.      Again on June 28th, 2013, pursuant to the Riverside County Court
Rawah Algaouni committed the second violation of C.P.C. 278.5(a) and
International parental kidnapping with Thierry Lemaitre and Ahlam Algaouni
as accomplices. On the morning of June 29th, 2013, while under the employ
of Solar City, Rawah Algaouni while on her way to an appointment dropped
Tariq Walker off to Thierry Lemaitre and Ahlam Algaouni at LAX airport.
Thierry Lemaitre and Ahlam Algaouni then illegally traveled with Tariq
Walker taking him first to Mexico and then on to Costa Rica. While at LAX
airport it was apparent that Thierry Lemaitre and Ahlam Algaouni forged the

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 30

signature of the Plaintiff and stole his identity when they showed Tariq Walker a letter of some sort signed by the Plaintiff.  This was later confirmed in a report given to the Beaumont Police Department, Beaumont, California.

72.     Rawah Algaouni has left the Plaintiff's younger son at home by himself on several occasions in the past.  On one occasion in June 2011, the minor child was afraid and called the Plaintiff and the Beaumont Police conducted a safety check.  Rawah Algaouni has deliberately interfered with the relationship between the Plaintiff's  sons by denying Tariq the ability to use Skype by order of the court to communicate with the Plaintiff.  Despite a court order authorizing my son and I to communicate using Skype, Rawah Algaouni disconnected the phone to the home that was provided free of cost so as to cut off all communication with my sons. Rawah Algaouni also uninstalled the Skype software from Tariq's desktop computer purchased by the Plaintiff.

73.     On or about December 4th, 2012, the plaintiff sent the younger son Tariq Walker a birthday card with money hidden in it and Rawah Algaouni withheld the card from the child.  Both Tariq and Bilal Walker then had to confront their Rawah Algaouni about the card to force her to turn it over with the money.  From the time the plaintiff left the home Tariq Walker was given a piggy bank by the plaintiff in which Tariq saved his money.  It was determined that Rawah Algaouni was stealing her son's money and going to Morongo Casino to gamble with her friends.

74.     Despite receiving $ 3,010.80 every month for child and spousal

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 31

support Rawah Algaouni was refusing to buy the minor children clothes and would tell the younger son Tariq to make sure that the plaintiff takes him shopping. Tariq has a podiatric issue and the plaintiff would provide for the necessary treatment and cost for corrective shoes and inserts. Tariq would have to continually confront his mother, Rawah Algaouni, to get her to buy him the much needed inserts and proper shoes which she often time flatly refused to purchase on the grounds that they were too expensive. The plaintiff would insure that Tariq would get his shoes for running track, basketball and regular foot ware.

76.     When the older son, Bilal, was relegated to attending a community college having been denied the opportunities afforded to him to attend the United States Naval Academy and other prestigious academic institutions, Rawah Algaouni sold the Audi Q7 leaving the child with no way to get to school. When Bilal was living at the plaintiff's old apartment in Riverside, his aunt Rosalind Walker would pay a taxi service to drop him to school every morning. In early January the plaintiff purchased a car with the financial assistance of Rosalind Walker and paid for the vehicle until June 20113. Around this time the plaintiff exercised tough love with the older son having had him agree to find a job by February 2013. Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni encouraged in the tortious interference of the financed car the Plaintiff and Rosalind Porter purchased for Bilal Walker. Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni encouraged Bilal to leave at the body shop, Pep Boys Yucaipa.

77.     Rawah Algaouni gave away the weimaraner dog that was

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 32

purchased for the children as a puppy by Jonathan Greenbaum, long time

family friend and their aunt Rosalind Porter. Rawah Algaouni did this despite

the fact that the dog saved Tariq from being lured into a vehicle by an

unknown person a few feet from the home in Beaumont. On January 6th,

2012, Tariq learned that the dog, a weimaraner called "Duke", later died and

this upset Tariq very much. On the same day when the Plaintiff went to pick

up Tariq from school as ordered by the court Rawah Algaouni refused to give

the minor child his clothing for the weekend, as well as the jersey he needed

for a basketball game the following day.

78.      After paying over $ 80,000.00 to attorneys who failed to perform

adequately the plaintiff released the attorneys. The plaintiff represented

himself in Family Court and managed to obtain joint legal custody of the

minor children. Rawah Algaouni then conspired with attorney, E. Toby

Bowler and perjured themselves in Family Court when they filed for a

permanent restraining order. The Plaintiff provided the court with

documented evidence and oral testimony to refute the false claims, despite this

the court wrongfully granted Rawah Algaouni sole custody of the minor

children.

78.      After this order was granted Rawah Algaouni moved to further

interfere with the visitation orders from the court that were still in place.

During the trial on May 31st, 2012, in Family Court, the plaintiff's family and

other witnesses that were called to testify on the plaintiff's behalf were barred

from appearing telephonically. This was the second time that witnesses

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 33

coming to court to give competent and first had testimony on the Plaintiff's behalf were denied.  During hearings held in July and September of 2010, Mildred Walker and Rosalind (Walker) Porter  came to court to give testimony and were both refused the opportunity to give testimony.  In addition to this the plaintiff submitted over twenty affidavits from third parties, grandmother, Dawn Thomas, paternal aunts, cousins, teachers, pediatricians, and dentist that the court refused to allow into testimony.

79.     During the hearing in Family Court (Algaouni v. Walker) on May 31st, 2012, the plaintiff submitted a memorandum of points and authorities to state his parental rights under the Fourteenth Amendments to the court citing the Supreme Court cases reaffirming these protected parental rights of parents- Prince v. Massachusetts, Lulay v. Lulay etc.  Hon. Jackson Lucky told the plaintiff, " That Supreme Court Ruling has no standing in my court".

80.     Prior to accepting a job assignment to get out of California for his safety the Plaintiff's older son Bilal came to live in his old apartment before the Plaintiff had to have him move back home.  During this time Rawah Algaouni went to the plaintiff's apartment and stole the Plaintiff's social security card that was sent in the mail.  In addition to this Rawah Algaouni already had stolen the plaintiff's U.S Citizenship certificate and other government documents including his military DD214, and deeds to his property in Barbados.  The Beaumont Police Department was told about this and refused to do anything about the trespassory burglary.

81.     Rawah Algaouni, Thierry Lemaitre, Ahlam Algaouni and Montaser

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 34

Algaouni sent the plaintiff death threats- a proposal for a cemetery, pictures of a grave plot and a crematory. Rawah Algaouni et al are of a mentality that would do anything to get even with me for disclosing their criminal activity, even if it meant doing irreparable harm to my sons. Rawah Algaouni et al also stole a years worth of telephone records on my laptop from AccessOne that were given to the DEA in Barbados in an effort to gather evidence on a major drug trafficker that we got to use our services. That drug trafficker is now being processed for extradition to the United States for prosecution.

82.     Plaintiff sought to have a Rawah Algaouni have a psych evaluation and the court denied this, as well as a 739- evaluation. The Mediation department mediator  was found to be racially prejudice and told another parent, a friend of the plaintiff (a mother) to ask for everything and he will recommend that the court makes such orders. The mother told Mr. Carter she  is not seeking to hurt or ruin her sons' relationship with their father and was no interested.

83.     Despite Rawah Algaouni, Thierry Lemaitre and other members of the Algaouni family making death threats against the plaintiff, the plaintiff requested the court not to have Mr. Lemaitre present in the courtroom. Judge Lucky refused to have Mr. Lemaitre removed from the courtroom even though he has made death threats to the plaintiff. Mr. Lemaitre later made comments and laughter about the Plaintiff's failed attempts to have him removed from the courtroom.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 35

84.     Prior to the repossession of the car that was purchased for the older son Bilal Walker, the plaintiff told the minor child not to drive the car because it did not have insurance coverage.  Rawah Algaouni was made aware of this and did nothing to stop Bilal from driving the car, and endangered the younger son Tariq by asking Bilal to drive the child various places.  Bilal got into an accident with the car causing over $ 3,500.00 in damages.  Despite this Rawah Algaouni was still asking Bilal to pick up Tariq, and even drop him off for visitation.  The plaintiff had to bring this to the attention of the Beaumont police and the court and still nothing was done.   The plaintiff told Bilal that should he ever see Tariq in the car again or see him driving  the car he would make a citizen's arrest.

85.     Accounts of all of the aforementioned actions and violations were provided in direct testimony by the plaintiff  before the Hon. Judge Jackson Lucky in Family Court, as well as by declaration.   From July 2010 through to present was the period during which the above actions took place.  At trial the plaintiff will introduce the declarations filed with the court to provide more specific dates of events, as well as police incident reports.

87.     After the minor children complained to the plaintiff of the abuse to them at the hands of Thierry Lemaitre and Ahlam Algaouni, the plaintiff filed a restraining order against Thierry Lemaitre and Ahlam Algaouni in Riverside County Civil Court (Keith Walker v. Thierry Lemaitre & Ahlam Algaouni), December 2011.  The matter was before Commissioner Thatcher.  During the trial Thierry Lemaitre used the stolen laptop of the plaintiff to send himself threatening and malicious emails that were then presented in court making it

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 36

seem as if the Plaintiff sent them.  Commissioner Thatcher.  Despite presenting conclusive evidence against Mr. Lemaitre and Ahlam Algaouni abused the Plaintiff sons, Commissioner Thatcher threatened to have the Plaintiff incarcerated for violating a restraining order erroneously granted to Mr. Lemaitre by Hon. Judge Malloy, California Superior Court Riverside County Civil Court.

88.     Instead of granting the restraining order against Mr. Lemaitre to protect the minor children Commissioner Thatcher dismissed the case and told the plaintiff, " The next time you come in my court get yourself an attorney". When Commissioner Thatcher threatened to incarcerate the plaintiff, the plaintiff invoked his constitutional rights and those of his children. Commissioner Thatcher looked up at the Plaintiff in disbelief as the Plaintiff invoked his Constitutional Rights.  Mr. Lemaitre came out of the courthouse pumping his fist in the air and pointing at the plaintiff laughing.

89.     The plaintiff made several reports concerning death threats, theft, and other felonies committed by Rawah Algaouni, Thierry Lemaitre, Ahlam Algaouni and Montaser Algaouni to the Beaumont Police Station and got no assistance to no avail.  The Plaintiff was later introduced to Beaumont Police Chief. Frank Coe,  by his old neighbor, Len Leach.  In hopes of getting justice the Plaintiff sent several emails to Chief Coe who then put the Plaintiff in touch with Commander Fagan, still nothing was done to address the clear violation of the Plaintiff's rights to equal justice, due process and felonies committed against the Plaintiff and his sons by the Beaumont Police Department.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 37

90.     The plaintiff started communicating via email with Commander Fagan around April or thereabout of 2013 bringing his attention to the unaddressed matters.  During this time the Plaintiff asked to be provided with a copy of all of the charges that were filed and or sent to the office of the Riverside County District Attorney's Office.  The plaintiff pointed out to Commander Fagan that he was representing himself in a Pro Per manner and needed a copy of the requested documents.  Commander Fagan told the plaintiff he would have to have his attorney request the documents even though the Plaintiff told the Commander that he was representing himself in  Pro Per.

91.     On or about September 15th, 2013, the plaintiff officially requested the same documents and Commander Fagan gave the letter making the official request to Kari Martinez knowing fully well that the documents being requested were not in her custody, but instead in his custody.  It was clear to the Plaintiff and others that Commander Fagan was willfully and deliberatively refusing to comply with the Plaintiff's request, and in so doing obstructing justice.

92.     On or around  July 26th, 2013, Commander Fagan told the plaintiff not to have any contact with the officers that were involved in the various incident reports and investigations.   The Plaintiff believes this request was made after the Plaintiff challenged Sgt. George Walter on his directive to Officer Wells to stop the investigation into the crimes committed against the Plaintiff and his son by Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni on or about June 29th, 2013- Kidnapping, forgery, identity theft and felony 278.5 (a) and accessory to the same respectively.  Commander Fagan

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 38

told the plaintiff to only deal with him, and despite this he was refusing to provide any information to plaintiff, and refused to issue warrants for the plaintiff's property despite having sufficient evidence and cause. Beaumont PD knew that the stolen property was in the possession of Rawah Algaouni as she confirmed in court under oath before Commissioner LittleJohn in the case of Accessone Barbados v. Rawah Algaouni (Banning courthouse).

93.     The plaintiff repeatedly asked Commander Fagan why the Beaumont Police Department did not file any charges against Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni and Montaser Algaouni, and to date the Plaintiff has not been provided a response. There was one prior occasion on or about early August 2013, when the plaintiff met with Commander Fagan at the Beaumont Police Department was told that the department submitted the charge of the 278.5 (a) for the December 25th, 2011 incident four times to the Riverside County District Attorney Office, December 27th, 2011, February 2012, October 12th, 2012 and October 30th, 2012. During the conversation with Sgt. George Walter the Plaintiff determined what was deliberately done previously in an effort to obstruct justice so that the case would not be prosecuted. The Plaintiff determined that the Beaumont PD filed the changes under the wrong California Penal Code so that the District Attorney's Office would thereby be able to claim that the evidence submitted, though thorough and conclusive for the charge of 278.5 (a), was deficient when applied to the incorrect penal code for prosecution.

94.     On August 3rd, 2013 the minor child provided a report that was taken by Beaumont Police Department that was taken by Officer Wells in the

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 39

presence of the Plaintiff.  When the Plaintiff and his son Tariq Walker left the Beaumont Police Station he cried and told the Plaintiff that they (Beaumont PD) will not do anything to Thierry Lemaitre or Ahlam Algaouni.

95.      Supposedly the response from the Riverside District Attorney's Office on all four submissions was, "Insufficient evidence".  It should be noted here that when the Plaintiff confronted the Riverside District Attorney's Office on its willful and deliberate failure to prosecute Rawah Algaouni, Thierry Lemaitre, Ahlam Algaouni for the crimes they had committed up to that point-violation of Title 18 U.S.C 1832, tresspassory burglary, forgery, identity theft and one count of felony violation C.P.C 278.5 (a) and battery (Thierry Lemaitre).

96.      The Beaumont PD never filed any charges against Rawah Algaouni for the reported fraud that she that her family conspired to commit against the State of California and the Federal government through Z-Tech Advance Technologies, a California company.   The plaintiff also provided evidence to the Beaumont PD that included an affidavit from Bilal Walker confirming that the iPhone purchased by the plaintiff, and on the plaintiff's account with Verizon was taken from him by Rawah Algaouni under false pretenses.  Rawah Algaouni then used the phone with the assistance of Thierry Lemaitre to remove the SPAM blocker placed on the account by Verizon, and sent malware, other malicious code and death threats to the plaintiff's email and cell phone (using text as well).

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 40

97.      After the hearing on May 31st, 2012, Rawah Algaouni took pages from the previous temporary restraining order and interchanged them with the erroneous order from May 31st, 2012, where there was a temporary restraining order granted to her only against the Plaintiff. Rawah made this fraudulent change and then submitted them to the Beaumont Unified School District as the Beaumont High School so as to block the Plaintiff from having any involvement with his son Tariq Walker.  The Beaumont Unified School District is now using this document to stop the Plaintiff from having any involvement with his son's academic life, and participating in, and determining what and how he is doing in school.

98.      Rawah Algaouni refused to help the older son, Bilal, financially since he started college at Riverside Community College, and the plaintiff made all payments for the car loan with the understanding that it will be until the end of February, but actually continued to pay until the end of June 2013. Despite receiving $ 3,010.80 per month which included $ 807.00 per month for Bilal,  Rawah refused to provide the any financial assistance telling the child that he was not getting a penny and then later kicking him out of the home. Rawah's excuse for kicking him out of the home was that he was using drugs, specifically marijuana. I asked the Beaumont police to intervene and provided them with enough pictures and other evidence to identify who was giving these students drugs and they did nothing.

99.      All of the factual information above was provided to Commander Fagan and the Beaumont Police Department, Rancho Cucamonga Police Department, Ontario Police Department and Riverside Police Department, yet

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 41

to date nothing has been done to those that committed these crimes.  Instead the Riverside County District Attorney and the Beaumont Police Department are  maliciously prosecuting the Plaintiff for contempt of court based on the perjured statements of Rawah Algaouni .

100.      On or about May 29th, 2011, Thierry Lemaitre and Ahlam Algaouni came to the Plaintiff's son Tariq's wrestling match.   The Plaintiff was there because Tariq asked the Plaintiff  to come to provide support having lost his first match.  While there Thierry Lemaitre committed battery against the plaintiff causing the plaintiff to call the Beaumont Police Dept.. Realizing what was going on Thierry Lemaitre then called the Beaumont police and Officer Thomas D'Alessandro arrived at the scene with Cpl. Harris.  The plaintiff told officer D'Alessandro that he wanted to file a citizen's arrest and had two witnesses tell the officers that they saw the battery and abuse by Mr. Thierry Lemaitre.

101.      Despite this the Beaumont PD conspired with the Riverside County District Attorney's office and filed charges against the plaintiff and never sent the citizen's arrest complaint.  Officer D'Alessandro turned out to be a friend of Ted Gerken.  Ted Gerken is or was a friend of Rawah Algaouni.  As a result of officer D'Alessandro's violation of the plaintiff's federal rights, and denying him equal protection under the law, the plaintiff now has a misdemeanor on his record where before the Plaintiff was never in trouble with the police or had any record of any charges.  Recently the plaintiff was denied a previously awarded job opportunity with Charter cable as a result of the actions of officer D'Alessandro, Beaumont Police Department and the

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 42

Riverside County District Attorney's office.  The job was withdrawn once a background check was done where The Riverside County Criminal Court reported a misdemeanor against the Plaintiff.

102.     On or about March 22nd, 2012,  the plaintiff went to the Beaumont High School at the invitation of the Beaumont High School swimming coach, Jason Bradbury and his son where a swimming event was taking place.  Bilal Walker asked the Plaintiff to bring him a pair of flip-flops he needed.  Jason Bradbury informed the plaintiff that the plaintiff's son, Bilal Walker, was smoking marijuana and so much so that other students were complaining to he and his wife Addonia Bradbury.  The Plaintiff got there before Rawah Algaouni, and insured that when Rawah Algaouni got there  the Plaintiff insured to stay as far as possible from Rawah Algaouni even though there was no restraining order in place.

103.     The following day the plaintiff went to the offices of Mark DuSold, Director Beaumont High School Athletics, and Ken Wagner, Beaumont High School Assistant Principal, Curriculum and Guidance for a meeting.  Having joint legal custody the plaintiff informed these senior persons at the school that Bilal was using drugs, and the plaintiff wanted his son to be removed from the swimming team until such a time he can pass a drug test.  The plaintiff also spoke with Jason Bradbury to make his request known, as well as to the Principal, Marilyn Saucedo and the Beaumont Unified School District.

104.     Later that day the plaintiff received a call from the Director of Student Services, Shawn Mitchell.  Mr. Mitchell told the plaintiff that he

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 43

spoke with Rawah Algaouni and she did not want to remove the plaintiff's son Bilal Walker from the swim. The plaintiff told Mr. Shawn Mitchell that the plaintiff had joint legal custody of the minor children and that included Bilal Walker. The plaintiff told Mr. Shawn Mitchell that it is the duty of the Beaumont Unified School District to place the welfare of all students ahead of all else. Mr. Mitchell told the Plaintiff that Rawah Algaouni told him that she did not wish to have Bilal removed from the Beaumont High School Swimming Team.

105.     Despite the fact that the plaintiff had joint legal custody of the minor child, Bilal Walker, the Beaumont Unified School District refused to remove the child from the swim team. The Beaumont Unified School District and was able to confirm from Mr. Bradbury that Bilal Walker was in fact using drugs. The Plaintiff as well as many of the other parents knew if the Beaumont Unified School District removed Bilal Walker from the swim team the Beaumont High School would in all eventuality lose the CIF Swimming Championship.

106.     The plaintiff filed an Ex-Parte hearing with the Riverside County Family Court to get an order to remove the minor child from the swim team. Rawah Algaouni and E. Toby Bowler appeared in court and made false statements before the court. Despite the evidence before the Family Court the court refused to grant the order to remove the minor child from the swim team. The plaintiff pointed out to the court that Rawah Algaouni and E. Toby Bowler were perjuring themselves before the court. Rawah Algaouni gave testimony to the court under the penalty of perjury that she gave the

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 44

minor child a single drug test and it was negative. E. Toby Bowler gave testimony before the court that the child was given two drug test that were both negative. Neither of these persons could provide the court with the receipt for the purchase of the test, a picture or any other evidence to confirm that the child was given any test to corroborate their statements.

107.    As a last resort the plaintiff called the Beaumont Unified School District Superintendent and never received a call back.  The plaintiff had to painfully sit back and helplessly watch as the Beaumont High School refused to remove his son from the swim team, or any of the other students who were using drugs.  The plaintiff put forward the argument that the purpose of the testing of Bilal Walker for drugs was to send he and all other students a clear message that drugs were not tolerated.  It was apparent that the Beaumont Unified School District failed in their duty to protect the minor children in their care, and over-ruled the parents on the most serious decisions concerning the welfare of their kids.

108.    The plaintiff attempted to file a contempt of court against Rawah Algaouni in the Riverside County Family Court.  Clerk of the Court Belinda Martinez rejected the filing three times claiming that the filing was deficient. The plaintiff had to threaten to file a suit before Belinda Martinez, Clerk of the Court, accepted the same filing she claimed was deficient.  The Plaintiff filed the necessary motion requesting that the Hon. Jackson Lucky recuse himself from the case and Hon. Jackson Lucky denied this motion.  The plaintiff also filed a "Pro Nunc Tunc" because Rawah Algaouni defrauded the court in her filing for spousal and child support, and the judge made the order without the

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 45

proper hearing denying the Plaintiff his due process.

109.    The Judge made the matter worse when he told the plaintiff that the "Pro Nunc Tunc" was not the proper motion to have the spousal and child support modified.  The Plaintiff field for a modification of spousal and child support in November 2010, and to this date the  Judge, Hon. Jackson Lucky has refused to have the matter heard.  The Hon. Jackson Lucky made an order to have the plaintiff pay a monthly amount for child and spousal support of $ 3,010.80 despite the fact that the plaintiff was not working.  E. Toby Bowler told the plaintiff to his face that this amount was not going to be changed.

110.    On October 21st, 2011, the plaintiff was in Dept. 301, Riverside County Family Court when the subpoena the plaintiff filed against Rawah Algaouni was served to her in department F-301.  Once the subpoena was served on Rawah Algaouni she gave it to her counsel of record, E. Toby Bowler, who was present in court the courtroom and  took the subpoena and threw it in the trash.  The plaintiff subpoenaed the documents which included the receipts that the plaintiff needed to file his taxes.  The plaintiff brought this to the attention of the court and despite filing a motion to compel, the Hon. Judge Jackson Lucky, never held Rawah Algaouni and E. Toby Bowler to answer to the court filed subpoena.

111.    The Plaintiff filed a motion to modify the spousal and child support since November 2010, and to date the Hon Jackson Lucky has refused to hear the case.  The plaintiff also filed a protective order to safeguard the stolen computer (Apple MAC Book Pro 17") and the sensitive and patented

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 46

Paul S. Leon, informing him of the failures and issues of the Ontario Police Department. The Plaintiff was later contacted by Captain Thomas who asked that the Plaintiff to send him proof of the complaints made against Thierry Lemaitre and Ahlam Algaouni.

114.     After an exchange of voicemails with Captain Thomas the plaintiff was put in touch with Sgt. Timothy Glisson (" Sgt. Tim Glisson") whom he met with at the Ontario Police Department to file a report in late July. The Plaintiff provided Sgt. Glisson with documentary evidence and oral statements to confirm that felonies were committed against the Plaintiff and his sons by Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni. The Plaintiff also confirmed and gave evidence to Sgt. Glisson on the kidnapping of his son, Tariq Walker, as well as other crimes. On or about September 27th, 2013, the Plaintiff followed up with Sgt. Glisson and was later contacted by Sgt. Glisson who accused the Plaintiff of not co-operating with the investigation.

On October 1st, 2013, the plaintiff provided Sgt. Glisson with a list of 8-10 know felonies and misdemeanors committed by Thierry Lemaitre and Ahlam Algaouni against the Plaintiff and his son, Tariq Walker:

1. Accessory to 278.5

2. Forgery. C.P.C- 470, 475,

3. Identity theft C.P.C 530.6

4. Using communication lines to send malicious threats. C.P.C 422 (c), 422.7, 502, 502.1

5. Sending death threats.- C.P.C 422 (a)(b)(c)

6. Aggravated kidnapping of a minor. C.P.C 207 (a)(b)(c)- 210

7. Invasion of privacy

8.  Possession of stolen property - C.P.C 459, 484, 496

115.      The plaintiff has exhausted all possible attempts to have the defendants provide he and his sons with equal protection under the laws, as well as protection of the constitutional rights of he and his sons.

116.      The plaintiff made several reports to the Rancho Cucamonga police station from 2010 to present.  The Plaintiff filed a restraining order against Thierry Lemaitre, Walker v. Lemaitre, California Superior Court County of San Bernardino, Rancho Cucamonga.  The commissioner that presided over the case refused to hear the case threatening the plaintiff to settle the matter and not come back to his court.

117.      The plaintiff went to the Rancho Cucamonga police station upon being notified by his younger son, Tariq Walker, of seeing the plaintiff's stolen property at the home of Thierry Lemaitre and Ahlam Algaouni.  When the plaintiff went to inform the Rancho Cucamonga police of this development, they refused to act on it.  When the plaintiff reported the receipt of the malware and other malicious code, over 461 counts, to the Rancho Cucamonga police department nothing was done.  When the plaintiff reported the kidnapping of his son, Tariq Walker, by Thierry Lemaitre and Ahlam Algaouni and their accessory of  C.P.C 278.5; again the Rancho Cucamonga Police Dept. refused to do anything.

118.      On the morning of October 15th, 2013, the Plaintiff called the California Superior Court Mediation Department as he was directed to do by

his attorney, Bradley Hague.  When the Defendant called the receptionist in the Mediation Department told the Plaintiff that there was no record that he had a appointment with any of the mediators, and that the Plaintiff should call back around 10:00 A.M later that morning.  The Plaintiff called back shortly thereafter using a different number and spoke with another employee who place the Plaintiff on hold and spoke with Lisa Morris, Supervisor.  That employee came back and told the Plaintiff that Ms. Morris said that there was no scheduled mediation appointment for him.  When the Plaintiff tried to explain the situation the employee apologized and said she was not going back to Ms. Morris.

119.    The Plaintiff hung up and called back the Mediation Department and reached another receptionist when he asked for Ms. Morris.  The Plaintiff was then able to get a hold of Ms. Morris and spoke with her.  Ms. Morris then changed her story and said there would be no appointment because there was no record that the Plaintiff would be calling into the department for his appointment.  The Plaintiff told Ms. Morris that Mr. Garros, Office Assistant, Bradley Hague, attorney of the Plaintiff, confirmed with the Plaintiff that the scheduled call in appointment would be on the morning of October 15th, 2013, at 9:30 A.M.  Ms. Morris then told the Plaintiff that she had no way of confirming the identity of the Plaintiff.  The Plaintiff then reminded Ms. Morris that he sent her a letter in early 2011 requesting to have a new mediator assigned to his case and she advised him that that would be the only time that a mediator would be changed.  The Plaintiff then described the office of his assigned mediator, Linda Whitfield, and that Ms. Whitfield assigned both he and Rawah Algaouni to Mr. Mitchell Rosen.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 50

120.     Ms. Morris told the Plaintiff that she would place a note in the records that will be sent back to the Judge, and when the Plaintiff was next in court he could have the mediation appointment and the department would get the report to the judge that same day. The Plaintiff pointed out the Ms. Morris that he was in protective custody and would be appearing telephonically and therefore the same issue of identity would arise. The Plaintiff offered to have his attorney brought on to the call thereby allowing his counsel to confirm that it was in fact the Plaintiff. Ms. Morris still refused to allow the Plaintiff to have the mediation meeting.

121.     The Plaintiff called back the department around 3:48 P.M on October 15th, 2013, and asked to speak with Ms. Angela Murphy. The Plaintiff was transferred to Ms. Vivian Pottier and explained what happened earlier in the day. Ms. Pottier pointed out the need to follow the chain of command and asked the Plaintiff if he spoke with Ms. Tina Madison. The Plaintiff told Ms. Pottier that he spoke with Lisa Morris and stated what Ms. Morris told him earlier in the morning. Ms. Pottier then asked for the case number and told the Plaintiff that the computer records were reflecting that he called in and had the telephonic appointment with the mediator (Linda Whitfield). The Plaintiff told Ms. Pottier that he did not have any meeting with Ms. Whitfield and this was why he was calling again because it was clear that Mr. E. Toby Bowler conspired with Ms. Morris to deny him his meeting most likely because of all of the crimes committed by Rawah Algaouni, Thierry Lemaitre, and Ahlam Algaouni. The Plaintiff mentioned to Ms. Pottier that these persons kidnapped his son, Tariq Walker, at a time when the

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 51

Plaintiff's son was supposed to be with him per the court's order.

122.     Ms. Pottier then asked the Plaintiff to call back in three minutes. The Plaintiff called back and spoke with Ms. Pottier and she told him that someone would call him in an hour. This time passed and the Plaintiff received no call and when he called back asking for Ms. Pottier the phone was clearly answered and the person who answered the phone hung up the phone. The Plaintiff called back again and the phone was not answered. The Plaintiff was denied the mediation appointment that was previously scheduled, and it was clear that someone in the Mediation Department changed the information to make it look like the Plaintiff attended mediation when in fact he did not.

123.     Sometime in early September or there about Sergeant Joshua Galbraith called the Plaintiff asking him if he called Solar City where Rawah Algaouni is employed and to insure all of is right were protected the Plaintiff told the Officer to call his Attorney Bradley Hague. Sgt. Galbraith never called Bradley Hague and submitted would amount to false charges to the Riverside District Attorney's office. Shortly thereafter charges were filed against the Plaintiff in Banning Criminal Court, BAM1302202. The Plaintiff appeared before Hon. Jorge Hernandez where Assistant District Attorney Salam representing the people came before the court make false claims.

124.     Hon. Jorge Hernandez ordered the Plaintiff to return the next day and had Rawah Algaouni summoned before the Court. It was clear to any reasonable person that the prosecutor coached Rawah Algaouni in what to say

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 52

before the court. Under oath Rawah Algaouni was allowed to provide the same false evidence that she previously presented and was found to be less than credible. In a very clear act of malicious prosecution and prejudicial comments before the court with no legal basis and reliance upon the statement of a recognized perjurer, *"res ajudicata",* Hon Jorge Hernandez ordered that the Plaintiff be taken into custody based on the perjured statements of Rawah Algaouni with not offering or request form rebuttal or comments form the Plaintiff.

125.     Rawah Algaouni claimed to have been fired from her previous job because of the actions of the Plaintiff, and accused the Plaintiff of sending her current boss emails, calling the company where she was currently working, calling here and threatening her, and that she was afraid that the Plaintiff would cause her grave bodily harm. The fact was in or around early 2012 Rawah Algaouni got her self fired from the Verizon contractor whom she worked for because of violations of California Public Utility Commission rules on CPNI (Customer Proprietary Network Information) which makes it illegal for any employee of any licensed telecommunication carrier to access any customers account information without that customer's approval and or consent. Rawah Algaouni did so on several occasions. On one occasion she did so by attempting to use Tariq's cell phone to give reason to access the account of the Plaintiff and despite Verizon's suggestion to call the police to the store where she was  the Plaintiff chose not to do so which would have caused a scene. The Plaintiff went to the store and Rawah Algaouni was ordered to return the iPhone that is the  property of the Plaintiff.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 53

126.     On another occasion Rawah Algaouni told the older son that the iPhone given to him by the Plaintiff had a microphone that allowed the Plaintiff to listen to what he was saying which was totally false.  In doing so Rawah demanded the older child give her the iPhone purchased on his Verizon account and then gave the phone to Mr. Lemaitre who used the phone to access the Plaintiff's Verizon's  account removing the SPAM blockers. The Plaintiff gave this evidence to the Beaumont Police Department who did not file any charges against Rawah Algaouni or Thierry Lemaitre.  The Plaintiff had been living outside the state of California and will have the former Commander of the 5th & 7th Special Forces Group and his wife a former counsel for one of the U.S Government agency vouch for his physical whereabouts, as well as several other persons.

127.     The Plaintiff has evidence that will show the modus operandi of Thierry Lemaitre and other persons acting ac accomplices of Mr. Lemaitre his spoofed the Plaintiff's emails sending malware to his inbox appearing to be from persons he trusted, and once the Plaintiff clicked on these emails the browser on the Plaintiff's laptop would blindly download a Trojan onto the Plaintiff's laptop thereby giving Mr. Lemaitre et al the ability to send email making them appear to have come from the Plaintiff laptop thereby manufacturing emails as evidence to be used against the Plaintiff.  The Plaintiff has enough evidence to present to the court and verifiable by the appropriate entities to confirm this is what was done.

128.     The Riverside District Attorney's office rejected what few cases were filed against Rawah Algaouni claiming that the matter was in Family

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 54

court when clearly the State of California laws were being broken, as well as federal offense being committed by Rawah Algaouni, Thierry Lemaitre et al and Paul Zellerbach citing that the parties, Rawah Algaouni and the Plaintiff were being heard in Riverside County Family Court, as reasons for not bring prosecution against Rawah Algaouni, but offered no valid legal reason for not bring charges against Thierry Lemaitre and others who were committing crimes against the Plaintiff and his son. Crimes of parental international kidnapping and accessory thereto were not prosecuted, as well as the other crimes Title 18 USC 1832, 18 USC 1201, 18 USC 1028, 18 USC 2261A, 18 USC 2701, 18 USC 1622, 18USC 1623, 18 USC 1204,

129.     Instead both the Beaumont Police Department that knew of the stolen laptop and the lack of credibility of Rawah Algaouni, as well as the Riverside County District Attorney's office continued to bring false charges against the Plaintiff and maliciously prosecuting the Plaintiff, violating his civil and constitutional rights as well as violating federal statues under the color of law.

130.     The Plaintiff served the Riverside County District Attorney's Office with a motion pursuant to California Penal Code 1424 (a) that would cause the District Attorney to disqualify himself thereby recusing himself from the case, and would therefor normally have to turn the matter over to the State Attorney General. To date the Riverside County District Attorney Office has not recused themselves.

131.    The Hon. Jorge Hernandez is also being asked to recuse himself due in truth and fact that he is both friends with and a close acquaintance of one of the defendants in this case, Hon Jackson Lucky. The other reason for this the motion of recusal is that Hon Jorge Hernandez made statement that demonstrated a prejudice that would be detrimental to the Plaintiff rendering his decision to be very biased and detrimental to the Plaintiff, judging the Plaintiff without first hearing or examining any of the overwhelming evidence to disprove the charges against the Plaintiff.

132.    The Plaintiff was able to post bail for $ 5,000.00 and leave the court allowing him to spend his visitation weekend with his younger son.

133.    On November 30th, 2013, the Plaintiff was made aware of the fact that Gresham Savage Tilden & Nolan was the law firm that represented the City of Beaumont. On January 18th, 2013, the Plaintiff was served with a federal complaint for a lawsuit brought by Thierry Lemaitre & Ahlam Algaouni, United States District Court Central District of California (Ninth District), EDCV 13-0118-TJH (OPx). Gresham Savage Tilden & Nolan represented Thierry Lemaitre et al in the case. This case was dismissed by the court due to lack of subject matter jurisdiction due to lack of complete diversity of jurisdiction. The Plaintiff alleges that this was part of the conspiracy by the defendants- City of Beaumont, and its mayor, city manager, Ontario, Rancho Cucamonga, Riverside and Beaumont Police Department and their officers, Riverside County District Attorney and Deputy District Attorney and the office of the Riverside District Attorney, Elick Toby Bowler, Riverside Family Court (Hon. Jackson Lucky), Commissioner Pamela

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 56