Thatcher, Riverside County Criminal Court (Banning), Thierry Lemaitre, Ahlam Algaouni, Montaser Algaouni, Assistant District Attorney and Rawah Algaouni.

## IV. CLAIMS

### Claims #1

134.    **Plaintiff re-alleges and incorporates by reference all of the paragraphs above.**

135.    Plaintiff has a claim under 42 U.S.C § 1983 for violation of the following federal constitutional or statutory civil rights:

Title 18 U.S.C § 242 and title 18 U.S.C § 241as we well as

Racial discrimination by the following persons in the following fashion.

136.    The above civil rights and federal statutes were violated by the following Defendants:

1. California Superior Court Riverside County Family Court
   Hon. Jackson Lucky- Judge
   Belinda Martinez- Clerk of the Court
   Kevin Carter- Mediator

2. Riverside County District Attorney  Office
   Paul Zellerbach- District Attorney

Sergeant Timothy Glisson

8. City of Rancho Cucamonga Police Department

9. E. Toby Bowler.

137.     The California Superior Court Riverside County Family Court-Belinda Martinez, Clerk of the Court, interfered with and harassed the Plaintiff's efforts to file a contempt of court against Rawah Algaouni in efforts described above. Kevin Carter, mediator, recommended that Rawah Algaouni be given sole custody of the minor children in violation of the parental rights of the Plaintiff. Mr. Carter told another parent that will be called as a witness that she should ask for everything and they will give it to her. This action clearly showed the prejudicial tendencies of the mediation department and Kevin Carter. Kevin Carter violated the Plaintiff's parental rights described as fundamental rights, the most protected of all rights under the Constitution of the United States of America and reaffirmed by the United States Supreme Court.

138.     The Hon. Judge Jackson Lucky also did the same when he without any recommendation and seemingly in an effort to do favors for E. Toby Bowler and the organization they are both members of, granted Rawah Algaouni sole custody of the minor children. Hon. Jackson Lucky did so despite the repeated perjury and crimes committed by Rawah Algaouni, Thierry Lemaitre, and Ahlam Algaouni. E. Toby Bowler. Mr. E. Toby Bowler also violated these rights when he took actions that deprived the plaintiff of his

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 59

rights as a father.  Mr. Bowler gave false statements to the court and as an Officer of the court these statements were evidently relied upon by the court as truthful when in truth and fact they were not.

139.     Hon. Judge Jackson Lucky was given irrefutable evidence to confirm that Rawah Algaouni and E. Toby Bowler repeatedly perjured themselves before the court.  This evidence was both documentary and oral testimony from the plaintiff confirming the children were being alienated from the plaintiff, mentally abused by Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni. There was also expert documented evidence from child psychologist, Jennifer Downey, confirming that Tariq was suffering.  Jennifer Downey provided the court with her expert analysis of the mental and physical toll on the minor child Tariq Walker.

140.     Judge Lucky also refused to allow the plaintiff to have witnesses speak on his behalf in court.  Judge Lucky also failed to protect the older son Bilal when the plaintiff asked the court to order Rawah Algaouni to have the older son Bilal take a drug test.  The judge also failed to provide equal justice to the plaintiff and his sons.  The judge failed to warn Rawah Algaouni of her obligations to facilitate the minor children's relationship with the plaintiff.

141.     The police departments of the City of Ontario, Beaumont, Rancho Cucamonga and Riverside refused to offer the plaintiff equal protection under the laws of the State of California and the federal statutory and civil rights identified above.  The Beaumont Police Department, Ontario Police

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 60

with similar copies of the evidence indicating that Thierry Lemaitre was sending malicious code to the email and cell phone of the Plaintiff, case number 111460395. The Riverside Police Department was also provided with similar evidence and a complaint that Thierry Lemaitre and Ahlam Algaouni were harassing him and staking out his apartment, Incident report was taken by Fabella # 1401, incident number P11 171967.

144.     The District Attorney sent the plaintiff a letter informing the plaintiff that the felonies did not take place in his jurisdiction and he would not be seeking prosecution of these persons. The District Attorney referred the matters to the Family Court citing that there was an ongoing family divorce matter. However, when the District Attorney received the maliciously filed charges from the Beaumont PD, completed by Sergeant Galbraith Paul Zellerbach did not refer them to the Riverside Family Court as he did with the matter with Rawah Algaouni. Instead Paul Zellerbach maliciously started criminal prosecution proceedings against the Plaintiff who had just filed a federal civil rights lawsuit against he, his deputy Creg Datig and his office.

145.     Sergeant George Walter of the Beaumont Police Department directed Officer Toisha Wells to stop the investigation into the felonies committed by Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni. Officer D'Alessandro and Corporal Harris were told that the plaintiff wanted to file a citizens arrest against Mr. Lemaitre, and despite having received corroborating statements from witnesses to confirm the plaintiffs statements the Beaumont Police filed charges against the plaintiff instead. Officer D'Alessandro never filed any charges of assault or battery against Thierry Lemaitre on the plaintiff.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 62

146.     The Beaumont Police Department was informed of the issues with drugs at Beaumont High School where the Athletic Department condoned the use of drugs by Bilal Walker and other students.

147.     The Riverside Police Department (Magnolia Location) was informed by the plaintiff that Thierry Lemaitre was sending malicious code to his phone and email, as well as stalking him at his home in Riverside even when he had visitation with his young son and they did nothing.  Despite having this information the Riverside Police Department at the urging of E. Toby Bowler

148.     Rancho Cucamonga Police Department also refused to do anything in regards to the numerous incident reports filed by the plaintiff, despite the serious crimes committed by Thierry Lemaitre and Ahlam Algaouni who are residents of Rancho Cucamonga.

149.     Commissioner Thatcher wrongfully denied the restraining order requested by the plaintiff against Thierry Lemaitre and Ahlam Algaouni for the protection of his children, and threatened the plaintiff with incarceration for exercising his rights to due process of law, and equal protection under the law.  The denial gave Thierry Lemaitre and Ahlam Algaouni an indirect nod to continue in their mental abuse of my sons and other offenses, as well as other crimes as detailed in this lawsuit

150.     The Beaumont Unified School District and the Beaumont High School officials placed the interest of the school and the district above the inter

welfare and safety of Bilal of Walker.  The officials, Mr. Dusold (Director of Athletics), Mr. Wagner (Assistant Principal), Ms. Marilyn Saucedo (Principal), Dr. Maureen Latham (Superintendent) and Mr. Shawn Mitchell (Director of Student Services) knew that Bilal Walker was using drugs and had a duty to protect his welfare first.  The officials knew that if they gave Bilal Walker a drug test he would have failed the test, and the school would have had to remove him from the team and that would have meant the school would not have won the championship.  Even after these officials refused to take Bilal off of the swimming team the Plaintiff asked that he be given counseling and they refused to do so as well.  This was intentionally negligent on their part.

151.   **As a result of the Defendants' violation of the above civil right, Plaintiff was harmed in the following way:**

a) The plaintiff suffered alienation of affection from his sons by Rawah Algaouni and her family that was brought about by the defendants.  This and other acts were part of retaliation of his reporting of the crimes committed by Rawah Algaouni, Thierry Lemaitre, Ahlam Algaouni, Montaser Algaouni and Basma Arabi.  The Defendants actions allowed these wrongs to be perpetuated and served to compound the crimes committed against the Plaintiff and his sons.

b) Irreparable emotional harm to the Plaintiff and his sons having to live under the constant stresses of knowing their constitutional rights were being abused, and the very State government and law enforcement entities sworn to protect them are abusing them and offered them no equal

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 64

protection under the law .

c) The plaintiff was not allowed to be part of his children's lives and as a result the children and the Plaintiff have suffered irreparable harm.

d) The Court wrongfully made an order for spousal and child support without a proper trial and as a result that placed an undue burden on the plaintiff, and has damaged the plaintiff's credit report and standing by sending a negative report to the defendant's credit report. In so doing the Plaintiff was denied due process of law.

e) The Plaintiff has been denied his parental rights protected under the Fourteenth Amendment, and re-affirmed by the numerous Supreme Court precedent law  and federal statutes and state law.

f) The plaintiff and his sons are stripped of their rights of equal protection under the laws of the State of California and the federal statutes when the Defendants; police departments, Riverside County Family Court, Riverside Civil Court, District Attorney Paul Zellerbach and Deputy District Attorney Craig Datig, refused to press charges or prosecute Rawah Algaouni, Thierry Lemaitre, and Ahlam Algaouni.  In addition to this Commissioner Pamela Thatcher denied the Plaintiff and his sons equal protection under the law when she refused to grant the restraining order requested by the Plaintiff for he and his sons in the civil case Walker vs. Lemaitre.

g) The plaintiff has not been able to participate in his children's lives.

h) The plaintiff and his family have been in fear of harm to his life causing the plaintiff to move away for work in Utah. Upon returning to California Thierry Lemaitre was been stalking the plaintiff, and with the various police departments and District Attorney's office refusing to file any charges the plaintiff's family and friends have placed the Plaintiff in protective custody as best they can. The Hon Judge Lucky also refused to have Thierry Lemaitre removed from the courtroom. These actions on the part of the Defendants again show a blatant disregard for the equal protection under the law for the Plaintiff an his sons.

i) The Plaintiff has lost the affection and the ability to provide guidance and parenting to his son Bilal Walker where they once had a close relationship, specially when they were living together in Barbados while Bilal was attending school.

j) Lost of investment, income and profits from telecommunications venture (2010- $ 21,000,000.00), (2011-$ 38,000,000) and (2012- 58,000,000.00).

k) The plaintiff has been denied the return of his intellectual property stored on a stolen laptop taken by Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni obtained by them during trespassory burglary. On December 5th, 2013, despite having been served with the federal lawsuit, Hon. Lucky Jackson ordered that the laptop that was stolen and was being used by Rawah and her family to forge and steal the identity of the Plaintiff

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 66

l)  Plaintiff lost a job offer with Charter Cable due to the misdemeanor he was wrongfully charged with by the Beaumont Police Department and the Riverside County District Attorney's Office. The job offer guaranteed the plaintiff a minimum monetary compensation of $ 137,000.00 USD per year. The Plaintiff also lost a job off form Merrill Lynch for a guaranteed monthly compensation of $ 18,000.00 per month plus commission for a guaranteed period of Eighteen months due to the same action above. The Plaintiff also lost a job offer from Waddell and Reed for $ 10,000.00 per month guaranteed plus commission.

m)  The Plaintiff has been unable to find a job to take care of his own livelihood and support is sons, and as a result has to rely on family and friends. The Plaintiff informed the court that Rawah Algaouni systematically removed over $ 360,000.00 USD from a joint account at Bank of America and  $ 13,000.00 USD from an emergency account at Chase Bank, and nothing was done.

n)  The Plaintiff has been subjected to financial hardships as a result of these actions, and has been unable to maintain the quality of life he and his sons have had in the pass.

o)  The Plaintiff was denied his right to due process of law and was threatened by a Commissioner of the court in exercising those rights.

p) The Plaintiff 's identity was stolen by Mr. Lemaitre, Rawah Algaouni and Ahlam Algaouni, his signature forged and his son kidnapped on two separate instances. The Plaintiff has had to endure felonies against himself and his sons, and when he sought to seek justice was not treated equally.

q) The Plaintiff has suffered and continues to suffer intentional infliction of emotional distress.

r) The Plaintiff has suffered racial discrimination at the hands of all defendants above.

## <u>Claims # 2, 3, 4, 5, 6, 7 & 8</u>

**152.   Plaintiff re-alleges and incorporates by reference all of the paragraphs above.**

Plaintiff has a claim under 42 U.S.C § 1983 for violation of the following federal constitutional or statutory civil rights:

Title 18 U.S.C § 242 and title 18 U.S.C § 241as we well as complaints under Tort law for-

Breach of Trust By an Officer

Malicious Process

Obstruction of Justice

Neglect of Official Duty

Compounding Crime

Accessory After the Fact

Hindering Apprehension or Prosecution

Prosecutorial Misconduct

1. California Superior Court Riverside County Family Court

   Belinda Martinez- Clerk of the Court

   Kevin Carter- Mediator

2. Riverside County District Attorney Office

   Paul Zellerbach- District Attorney

   Craig Datig- District Attorney Western Region (Banning)

   Bill Essayli- Assistant District Attorney (Banning)

3. City of Beaumont Police Department

   Frank Coe- Chief of Police

   Greg Fagan- Commander

   George Walter- Sergeant

   Thomas D'Alessandro- Officer

   Jeremy Harris- Corporal

   Joshua Galbraith- Sergeant

   Mark Keyser- Sergeant

4. City of Ontario Police Department

   Captain Thomas

   Sergeant Timothy Glisson

5.  City of Rancho Cucamonga Police Department

6.  City of Riverside Police Department

7.  Elick Toby Bowler

8.  Thierry Lemaitre

9.  Ahlam Algaouni

10. Montaser Algaouni

153.    The Defendants conspired to violate the rights of the plaintiff and his sons by denying him due process of law, and equal protections under the law as afforded under the Fourteenth Amendment of the Constitution of the United States.  The actions of the above Defendants have been detailed in the above paragraphs.  These officers failed in their duty to protect the Plaintiff.  All of these officials failed to exercise a reasonable duty of care.  These persons were under an affirmative duty to act to prevent harm from others.

Due process clause of the Fourteenth Amendment of the Constitution prohibits state and local government officials form depriving persons of life, liberty, or property without legislative authorization.  It is also this clause that is used by the federal judiciary to make the most of the Bill of Rights applicable to all states.  The Equal Protection Clause requires each state provides equal protection under the law to all people within its jurisdiction.  It is this clause that was the basis of Brown v. Board of Education.

154.    (Malicious Process)The officers of the Beaumont, Riverside, Ontario and Rancho Cucamonga Police Departments, and the Riverside District Attorney's office, including the District Attorney and Deputy District Attorney,

Paul Zellerbach and Creg Datig respectively, refused to file charges or prosecute Thierry Lemaitre, Ahlam Algaouni, Rawah Algaouni for the crimes they have committed against the Plaintiff despite the overwhelming and irrefutable evidence provided to their offices. Instead of filing charges and conducting appropriate investigations these defendants instead conspired to charge the Plaintiff with crimes under the California Penal code in a malicious fashion, specially after learning that the Plaintiff was filing a federal lawsuit against them. The Plaintiff Believes and thus alleges that Elick Toby Bowler participated in these actions.

155.      (Obstruction of Justice & Prosecutorial Misconduct) The defendants despite having sufficient evidence of C.P.C 470 PC, 141 PC, 132 PC, 134 PC, 30-32, 272, 661, sec 148, 153, 18 USC § 1204, 18 USC §1623, 18 USC § 1622, 18 USC §1621, 18 USC § 4, 18 USC § 2701, 18 USC § 2261A, 18 USC §1028, 18 USC §1201 and 18 USC § 875, the Plaintiff has a claim under 42 U.S.C § 1983 for violation of the following federal constitutional or statutory civil rights Title 18 U.S.C § 242 and title 18 U.S.C § 241 as we well as 18 USC § 1832, that were well documented and sought to obstruct justice by telling officers of the Beaumont Police Department that were conducting investigations to stop investigating Rawah Algaouni, and never filed any charges against Thierry Lemaitre, Ahlam Algaouni, Montaser Algaouni, and Rawah Algaouni, prosecuting and or referring to these violations to the Federal Bureau of Investigations. On December 6th, 2013, Assistant District Attorney, Bill Essayli, intentionally committed subornation of perjury and prosecutorial misconduct when he and others coached and directed Rawah Algaouni to commit perjury before the Hon. Jorge Hernandez.  The intent was retaliatory in

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 71

nature to knowingly falsely accused the Plaintiff of crimes that Rawah Algaouni knew the Plaintiff did not commit. But in so doing caused the Plaintiff to be remanded into custody. Rawah Algaouni knew that the person sending emails to her employer was in truth and fact Thierry Lemaitre, her brother in-law and her sister Ahlam Algaouni.

156.     (Neglect of Official Duty) As an obligation of the office they hold (Office of the Riverside County District Attorney) and were sworn into, the Riverside District Attorney, Paul Zellerbach and his deputy Creg Datig were grossly negligent in the administration of their sworn duty of the office County of Riverside they hold when they failed to protect my sons and I, as well as the People of the State of California against the felonies committed against the State of California by Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni, Monster Algaouni and Basma Algaouni.

157.     (Accomplice, Accessory After the Fact) The Beaumont Police Department (Sergeant Galbraith, Sergeant Walter, Frank Coe, Greg Fagan), Ontario Police Department (Sergeant Glisson), Rancho Cucamonga Police Department, acted as accessory after the fact in the violation of Federal Statute Title 18 USC 1204- International kidnapping, Title 18 USC 1201-kidnapping and C.P.C 278.5- Every person who takes, entices away, keeps, withholds, or conceals a child and maliciously deprives a lawful custodian of a right to custody, or a person of a right to visitation, shall be punished by imprisonment in a county jail not exceeding one year, a fine not exceeding one thousand dollars ($1,000), or both that fine and imprisonment, or by imprisonment pursuant to subdivision (h) of Section 1170 for 16 months, or two or three

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 72

years, a fine not exceeding ten thousand dollars ($10,000), or both that fine and imprisonment.

158.      Rawah Algaouni violated the standing custody and visitation order issued by the Riverside County Family Court dated December 14th, 2011.  This was the second time that she has committed this offense.  On the evening of June 28th, 20313, Rawah Algaouni committed a felony offense C.P.C 278.5 (a) as well as federal offense 18 USC 1201when she intentionally violated the court visitation order for visitation granting custody to the Plaintiff.  On the following morning of June 29th, 2013, Rawah Algaouni while on her way to an appointment for her employer, Solar City, acted as an accomplice in violating federal statute 18 USC 1204 when she dropped the minor child off to Los Angeles International Airport to the custody of Thierry Lemaitre, brother in-law, and her sister Ahlam Algaouni.  Thierry Lemaitre and Ahlam Algaouni then violated 18 USC 1204 when they intentionally kidnapped the child, Tariq Walker, taking him first to Mexico and then to Costa Rica without the required permission of the Plaintiff and the Plaintiff was not informed by Rawah Algaouni or anyone else of the whereabouts of his minor son Tariq Walker.

159.      (Hindering Apprehension or Prosecution) Officer Wells took he report of the minor child confirming his kidnapping as well as the identity theft and the forged signature of the Plaintiff that was shown to the minor child by Thierry Lemaitre.  Sgt. Walter (Beaumont PD) Told officer Wells to stop the investigation into the felony violation 278.5, forgery, identity theft and international kidnapping of the minor child.  The Plaintiff also reported these crimes to Sgt. Glisson of the Ontario Police Department and the Rancho

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 73

Cucamonga Police Department and nothing was done.  The matter is now under investigation by the FBI and Department of Justice.  The Riverside County District Attorney's Office having received information upon which charges could have, and should have been filed refused to do so.

160.     E. Toby Bowler (Rawah Algaouni's Attorney), Riverside County Paul Zellerbach (District Attorney), Commissioner Pamela Thatcher (Commissioner), Hon. Jackson Lucky (Family Court Judge), Kevin Carter (mediator) and all of the police departments conspired against the Plaintiff and his sons.  All of the parties listed above are vicariously liable for the actions committed as part of their expressly or tacitly agreed-upon activity of each other's actions that only served to harm the Plaintiff and his sons.

161.     The Beaumont Police Department, Paul Zellerbach, Creg Datig, Mayor of Beaumont- Roger Berg, City Manager of Beaumont- Alan Kapanicas, Elick Toby Bowler, Sergeant Glisson, Sergeant Walter, Sergeant Galbraith, all compounded crime when they failed to file charges for some of the most serious crimes and further conspired against the Plaintiff  for the benefit of Rawah Algaouni, Thierry Lemaitre, Montaser Algaouni, Ahlam Algaouni and Basma Arabi.

162.     (Deprivation of Rights and Unequal Protection Under the Color of Law) Sgt. Walter (Beaumont PD) Told officer Wells to stop the investigation into the felony violation 278.5, forgery, identity theft and kidnapping.  Sgt. Glisson and officer Dumont of the Ontario Police Department, and to Hon.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 74

of court smirking.

166.     **As a result of the Defendant's violation of the above civil right, Plaintiff was harmed in the following way:**

a) The Plaintiff's right to equal protection under the law was denied.

b) Intentional infliction of emotional distress on the Plaintiff's and his sons.

c) The Plaintiff was libeled and defamed in court handcuffed and temporarily taken away like a common criminal in the view of the public.

d) Lost of investment, income and profits (2010- $ 21,000,000.00), (2011-$ 38,000,000) and (2012- 58,000,000.00)

e) Lost of economic gain and livelihood. The Plaintiff lost a job with Merrill Lynch ($ 18,000.00 guaranteed per month for 18 months), Charter Cable (137,000.00) and Waddell & Reed.

f) Infliction of Economic hardship and financial ruin, and severe emotional distress.

g) Intentional alienation of affection (sons).

h) Malicious prosecution and malicious process.

i) Denial of Parental rights of the Plaintiff.

## Claim # 9

167.   **Plaintiff re-alleges and incorporates by reference all of the paragraphs above:**

Plaintiff has a claim under 42 U.S.C § 1983 for violation of the following federal constitutional or statutory civil rights:

Title 18 U.S.C § 242 and title 18 U.S.C § 241as we well as complaints under Tort law for

Extortion- ( Title 18 USC § 875)

1.  Thierry Lemaitre
2.  E. Toby Bowler.

168.      On the afternoon of May 31st. 2012 on the third floor of the Riverside County Family Court build after a hearing in Dept F.301.  The Plaintiff communicated to Elick Toby Bowler to pass on to Thierry Lemaitre that Mr. Lemaitre would be receiving back his investment from the Plaintiff's previous employer, AccessOne Barbados, Inc..  The Plaintiff then saw Mr. Bowler speaking with Mr. Lemaitre,  and then Mr. Bowler came back over to the Plaintiff and told the Plaintiff that the Plaintiff would have to first place $ 390,000.00 in an escrow account belonging to Mr. Bowler before the stolen laptop that was obtained in the trespassory burglary by Thierry Lemaitre,

Rawah Algaouni and Ahlam Algaouni from the Plaintiff home office is returned.  Rawah Algaouni told the court commissioner, Commissioner Littlejohn, Banning Courthouse, California that she had the stolen laptop, but told the police that she did not have it thereby giving false and misleading information to an officer during the course of an investigation into the commission of a felony crime.

168.      Mr. Elick Toby Bowler also had Ex-Parte communication with Commission Littlejohn at the hearing of AccessOne Barbados, Inc. v. Rawah Algaouni.

169.      Rawah Algaouni also extorted the Plaintiff by telling the Plaintiff he will need to provide her with $ 10,000.00 USD per month.  When the Plaintiff refused to be extorted Rawah Algaouni and her family resorted to various tactics to which included stopping the Plaintiff from see his sons, slandering and making libelous statements to the minor children about the Plaintiff, and making false police reports.

170.      **As a result of the Defendant's violation of the above civil right, Plaintiff was harmed in the following way:**

a. The Plaintiff was deprived of custody and monetary benefit of the information that was on the laptop that has a substantial value in excess of $ 1 Billion dollars should the patents and other information be sold to possible military contractors.

b. The Plaintiff was emotionally and mentally stressed as a result of being previously injured by the defendants, and further because of the sensitive information on the laptop that pertained to an ongoing case by the DEA against a known drug trafficker being extradited from Barbados.

c. The Plaintiff was deprived of the right of ownership of his property and personal information.

### Claim # 10

171.    **Plaintiff re-alleges and incorporates by reference all of the paragraphs above:**

Plaintiff has a claim under 42 U.S.C § 1983 for violation of the following federal constitutional or statutory civil rights under the Fourteenth Amendment Rights:

Title 18 U.S.C § 242 and title 18 U.S.C § 241 as we well as complaints under Tort law for Injunctive relief from the Riverside Family and recusal and disqualification of Hon Jackson Lucky.

172.    The Plaintiff previously filed a motion requesting that Hon. Jackson Lucky recuse himself form the hearing and the Hon. Jackson Lucky denied the motion as not timely and ignored the rights of the Plaintiff.  After this motion was made before the court the evidence will show that the Hon. Jackson Lucky made rulings against the Plaintiff that were clearly prejudicial.  Despite stating on the record that Rawah Algaouni was not a credible person Hon. Jackson

Lucky granted her a restraining order against the Plaintiff.  Hon. Jackson Lucky stated on the record that he was granting the restraining order because the Plaintiff while in Pro Per at the hearing cross-examined Rawah Algaouni too aggressively though bearing out the fact that the evidence presented to the court was perjured.  It was during this hearing that Susan Bjork entered an affidavit before the court slandering and maligning the Plaintiff's good name stating that the Plaintiff will kill the minor children and Rawah Algaouni.  Susan Bjork avoided being served a subpoena to appear before the court to as a witness to her statements and refused to appear.

173.    It was at this hearing that the Hon Jackson Lucky refused to allow in as evidence the twenty-plus affidavits from pediatricians, neighbors, relatives, associates, business associates of the Plaintiff, teachers, Michael Jackman, Deputy Police Commissioner of Bermuda a childhood friend of the Plaintiff, Senator Marville (Barbados) a mentor of the Plaintiff, Dr. Hatim Zaghloul and persons with direct knowledge of the parties and the character and actions of the Plaintiff.  At the hearing held on May 31st, 2012, Hon Jackson Lucky told he Plaintiff that he was granting a restraining order against Plaintiff as requested by Rawah Algaouni because the Plaintiff cross examined Rawah Algaouni too aggressively during the trial.  Hon. Jackson Lucky had no basis to grant such an order because the evidence presented fell short of what the law requires in such hearings, and further to the fact that Rawah Algaouni and Elick Toby Bowler committed perjury before the court.  All of the evidence presented by Rawah Algaouni and Elick Toby Bowler was refuted and shown as false by the counter evidence.   These persons made a mockery of our judicial system

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 80

174.     The Hon Jackson Lucky was given documentary evidence and oral testimony that refuted the perjured statements of Rawah Algaouni in court on case RID-236721, Riverside County Family Court.  Beyond the preponderance of the evidence, Hon Jackson Lucky, knew, or should have reasonably known as a former prosecutor in the Riverside County District Attorney's Office, that Rawah Algaouni was not credible and was not telling the truth as he previously stated in Family Court.  Despite this Judge Lucky rendered orders that clearly showed a prejudicial position and he ignored the overwhelming evidence against Rawah Algaouni, confirming that her statements in person before the court, and in declarations to the court were false and misleading.  In so doing Judge Lucky ignored the rights of Plaintiffs and the general welfare of the minor children who have and continue to suffer immensely at the hands of Rawah Algaouni.

175.     Judge Lucky was given the evidence of the mental abuse of the minor children at the hands of Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni.  Judge Lucky was also given full verifiable accounts of the crimes committed against the Plaintiff by Rawah Algaouni, and her family and at no time did he ever give any warnings or held Rawah Algaouni or any other party accountable for these actions committed against the Plaintiff or the minor children.  Having done so would have served to put her on notice that the welfare of the minor children come first above all else, and that she is not above the law.

176.     Judge Lucky demonstrated a prejudicial position when he made orders pertaining to spousal and child support without a proper hearing, and

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 81

clearly at the bequest of E. Toby Bowler.  This prejudicial decision was ordered at a time when the Plaintiff was unemployed and had to rely on family and friends for his  to assist him in paying his monthly living expenses.  The Court ignored the fact that evidence was submitted to corroborate the declarations and oral testimony of the Plaintiff confirming that Rawah Algaouni systematically removed over $ 360,000.00 from the jointly held  bank account with the Plaintiff  at Bank of America, $ 15,000.00 from Chase Bank, and refused to disclose $ 31,000.00 held in another account at Tocqueville Fund (Mutual Fund),formerly Delafield Fund.  Mr. Elick Toby Bowler prepared the documents and gave them to the Judge's clerk, Ms. Hobdy to be signed while the Plaintiff was in Riverside Family Court Dept. F-301.  As a result of this injustice against the Plaintiff, the Plaintiff is accused of owing the Riverside County Department of Child Support Services over $ 90,000.00.

177.     On December 5th, 2013, despite being served with the initial federal lawsuit for injunctive relief Hon. Jackson Lucky continued on the hearings making further orders that were again prejudicial against Plaintiff, his property which have been used in the theft of his identity violating federal statues Title 18 USC §1204, 18 USC § 2701, 18 USC §1028, 18 USC §1832, and 18 USC §1703 by Rawah Algaouni, Thierry Lemaitre, and Ahlam Algaouni, as well as the accomplices to these crimes.

178.     **As a result of the Defendants' violation of the above civil rights, plaintiff and his sons were harmed in following way:**

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 82

a)  The younger son, Tariq Walker, lives in fear that nothing will be done to Thierry Lemaitre and Ahlam Algaouni as expressed to the Plaintiff after he gave his kidnapping report to Officer Toisha Wells, Beaumont Police Department.

b)  The Plaintiff continues to be denied equal protection under the law guaranteed under the Fourteenth Amendment rights.

c)  The Plaintiff is denied the rightful possession of his property and all of the intellectual rights of his property.

d)  Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will do something to fatally harm the kids and there will be nothing he can do.

e)  Plaintiff lives in fear of not being able to repair the relationship with his sons and insure that they given every opportunity to be successful in life.

f)  Plaintiff  lives in fear of the continued abuse to his younger son who sent a text to him express disillusionment- "My life sucks"

g)  Plaintiff lives in fear of having a crime put on him, and or being wrongly accused of a crime that would have him incarcerated.

h)  Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will continue to ruin the life of younger sons.