j) Lost of economic gain and livelihood. The Plaintiff lost a job with Merrill Lynch ($ 324,000.00-18,000.00 guaranteed per month for 18 months), Charter Cable (137,000.00) and Waddell & Reed.

## CLAIM #11

179.    **Plaintiff re-alleges and incorporates by reference all of the paragraphs above:**

Plaintiff has a claim under 42 U.S.C § 1983 for violation of the following federal constitutional or statutory civil rights and his Fourteenth Amendment Rights:

Title 18 U.S.C § 242 and title 18 U.S.C § 241 as we well as complaints under Tort law for Injunctive relief from the Riverside County Criminal Court (Banning) and recusal and disqualification of Hon. Jorge Hernandez.

180.    Rawah Algaouni conspired with Thierry Lemaitre to gain unlawful access to the email account of the Plaintiff in an illegal manner in violation of privacy of the Plaintiff and then sent emails to Rawah's Algaouni's boss whom the Plaintiff does not know.  The question here is that is one of exposure of the fraud being perpetrated on the court is how would the Plaintiff know the email address far less who this person is.

181.    Officer Galbraith called the Plaintiff and the Plaintiff told the officer to speak with his attorney Bradley Hague who would have informed the officer of the facts, and the truth that Rawah Algaouni was trying to game the system

1    and do whatever she and her family felt was necessary to get the Plaintiff

2    arrested; something they have been attempting in a retaliatory fashion for the

3    last three years.

4

5    182.      The other conspirators informed District Attorney, Paul Zellerbach,

6    and made him aware of the fact that his office and his Deputy District Attorney,

7    Creg Datig, were being sued by the Plaintiff. The Plaintiff has been for some

8    time now seeking to insure that he was being equally protected under the law by

9    the District Attorney's Office. Evidence will be presented to show that the

10   District Attorney and the other conspirators worked in such a fashion to deny

11   the Plaintiff his constitutional rights at every turn. On December 4th, 2013, the

12   Plaintiff placed himself on the docket at the Banning Court and appeared before

13   the Hon. Jorge Hernandez. Prosecutor Bill Essayli made false statements

14   before the court in an effort to carryout the biddings of the District Attorney in

15   an apparent and personal fashion seeking only to have the Plaintiff wrongfully

16   incarcerated. The case BAM 1302202, for contempt of court, are based on the

17   false and perjured allegations fabricated by Rawah Algaouni consistent with the

18   numerous false allegation she has made that have all be found to be false.

19

20   183.      On December 3rd, 2013, the District Attorney Paul Zellerbach and his

21   deputy Creg Datig were served with the initial law suit and a motion under

22   California Penal Code 1424 (a), which calls for their recusal and

23   disqualification under the laws of the State of California. On the morning of

24   December 4th, 2013, the Plaintiff was accused of crimes of domestic violence

25   against Rawah Algaouni going back to June 30th, 2010, for which there was no

26   criminal case filed because the same prosecutorial office found Rawah less than

27

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 85

credible, the Beaumont Police found her less than credible, and in the matter of domestic violence that was heard in the Riverside Family Court in July 2010 before the Hon Jackson Lucky Rawah Algaouni was again found to be less than credible.

184.     On the morning of December 6th, 2013, prosecutor Bill Essayli committed the crime of subornation of perjury and prosecutorial misconduct when he coached Rawah Algaouni to stand before the court and make false allegations against the Plaintiff knowing fully well that the Hon. Jorge Hernandez would incarcerate the Plaintiff based on such false and misleading allegations.  On that morning Rawah Algaouni made false statements before the court citing cases where the Plaintiff was previously acquitted, and making untrue statements before the court against the Plaintiff stating that the plaintiff was continuing to threaten her, and was sending emails to her boss. Hon Jorge Hernandez made prejudicial statement against the Plaintiff when he said, "Guys like you just don't get it and often times wind up stabbing, beating, and killing these women, looking at her body language it tells me she is afraid of you and I am taking you into custody".  Hon Jorge Hernandez tried and convicted the Plaintiff right there and then without the knowledge of the facts that the Plaintiff has been out of the state for the last four months for his own protection and has had no contact other than communication authorized by the Riverside County Family Court for visitation with his younger son.

185.     Hon Jorge Hernandez failed to avail himself of the history of Rawah Algaouni's threatening statements to the Plaintiff, and her family sending death threats to the Plaintiff, as well as all of the evidence that would show since 1991

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 86

c. The Plaintiff is being wrongfully accused and the perjured statements of a persons known to have motive for malicious actions against the Plaintiff is being unjustly given credibility where previously such credibility has been verified as lacking.  All efforts are being exerted upon the legal system in the Riverside County by the Office of the District Attorney and the Beaumont Police Department as a retaliatory measure for the Plaintiff bringing a just claim against the defendants for violations of his civil rights and tort claims.

d. The Plaintiff is unable to receive a fair and impartial hearing before the Riverside Criminal Court,  and the civil liberties and constitutional rights afforded the Plaintiff under the Constitution of the United States as set forth under the Fourth, Eighth and Fourteenth Amendment have been, and will continued to be denied.

**CLAIM # 12**

188.     **Plaintiff re-alleges and incorporates by reference all of the paragraphs above:**

Plaintiff has a claim under 42 U.S.C § 1983 for violation of the following federal constitutional or statutory civil rights under the Fourteenth Amendment Rights:

Title 18 U.S.C § 242 and title 18 U.S.C § 241 as we well as complaints under Tort law for Injunctive relief from the Riverside County Civil Court and recusal and disqualification of Pamela Thatcher.

189.     On or about May 2011 the minor children complained that Thierry Lemaitre and Ahlam Algaouni were coming to the home and mentally abusing them causing them much mental anguish and pain.  The Plaintiff was being

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 88

stalked by Mr. Lemaitre and Ahlam Algaouni even while having visitation with the younger child Tariq Walker. The Plaintiff brought this to the attention of the Riverside Family Court judge, Hon. Jackson Lucky, and nothing was done. The Plaintiff was harassed on the morning of June 18th, 2011, while waiting for the minor child to be dropped off for visitation Rawah Algaouni called and directed Ted Gerken to delay the drop-off of the minor child. Rawah Algaouni then had her brother in-law, Thierry Lemaitre, and her brother, Montaser Algaouni, harass and commit battery against the Plaintiff inside the Starbuck store where he was in line waiting to get coffee. This batter was witnessed by the store manager who had to ask Montaser Algaouni to leave the store.

190.      Officers Geer and Adams arrived at the scene and suggested that the Plaintiff file a civil restraining order against Thierry Lemaitre and Montaser Algaouni. When the Plaintiff filed the civil restraining order case in Riverside Civil Court, Walker v. Thierry Lemaitre, Elick Toby Bowler had Ex-Parte communication with Commissioner Pamela Thatcher. At the hearing held on or about December 21st, 2011, Commissioner Thatcher, told the Plaintiff that he should not have any contact with Thierry Lemaitre based on a restraining order obtained form Hon. Judge Malloy despite the fact the Plaintiff was not served of any hearing on the matter.

191.      The Plaintiff informed Commissioner Thatcher that Thierry Lemaitre was mentally abusing the minor children of the Plaintiff, and was using the stolen laptop of the Plaintiff to send himself threatening emails similar to what was being done to the supervisor of Rawah Algaouni as recent as late

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 89

September early October 2013. The Plaintiff was denied a restraining order against Thierry Lemaitre.

192.    It became clear to the Plaintiff that there was Ex-Parte communication with an outside person believed to be Elick Toby Bowler, because of her references made to other cases and information.  Commissioner Thatcher denied the Plaintiff his restraining order against Thierry Lemaitre and Ahlam Algaouni despite the overwhelming evidence confirming their actions, as well as the use of the Plaintiff's stolen laptop  that was used by Thierry Lemaitre to send himself threatening emails to make it appear as it they came from the Plaintiff.

193.    **As a result of the Defendants' violation of the above civil rights, plaintiff  was harmed in following way:**

a.  The minor children continued to be mentally abused causing damage to their welfare and psyche.

b.  Thierry Lemaitre, Ahlam Algaouni and Basma Arabi continued to stalk the Plaintiff as recent as June of 2013.

c.  Thierry Lemaitre, Ahlam Algaouni forged the Plaintiff's signature.

d.  Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni were able to commit parental kidnapping of the minor child Tariq Walker.

e.  Thierry Lemaitre, Ahlam Algaouni et al continue to commit crimes against the Plaintiff with impunity and not fear of being arrested or held accountable by the courts.

f.  Thierry Lemaitre, Ahlam Algaouni, Basma Arabi and Montaser Algaouni have inflicted emotional distress on the Plaintiff and his sons.

### CLAIM # 13

194.  **Plaintiff re-alleges and incorporates by reference all of the paragraphs above;**

Plaintiff has a claim under Title 18 U.S.C § 1623 against Rawah Algaouni one of the conspirators in this case for her perjured statements before the Riverside County Family Court case RID 236721, as well as Riverside County Criminal Court case BAM1302202 and in the case of Accessone Barbados v. Rawah Algaouni.

195.  Rawah Algaouni made false statements before the Riverside County Family Court with the express purpose of getting the Plaintiff arrested, denied from having any communication and contact with his children and having his good name smeared, as well as to have favorable consideration in obtaining the maximum amount of child support and having sole custody of the minor children.  Rawah Algaouni has shown by her actions and crimes committed against the Plaintiff and her own children that she is an unfit mother.

196.  From the period of May 26th, 2010 to as recent as December 6th, 2013 Rawah Algaouni has made false declarations before the Riverside County Family Court, Dept. F-301 (Case No. RID236721), Riverside County Criminal Court (Banning) (Case No. BAM1302202) before the Hon. Jorge Hernandez and in declarations before the United States District Court Central District of

1    California (Case-EDCV-13-00118 Thierry Lemaitre & Ahlam Algaouni), Hon
2    Judge Terry Hatter Jr., in which the latter was dismissed.
3
4    197.        Rawah Algaouni false declarations include the list of items below,
5    but are not limited to these items:
6
7    (a) Plaintiff drinks excessively and is abusive to Rawah Algaouni and minor
8        children.
9        **FACT**-Plaintiff was ordered to alcohol and rug assessment with Dr. Phillip
10       McAffee and allegations found to be untrue as the physical examination
11       reports form the Plaintiff personal physician shows the Plaintiff liver
12       enzymes are normal.  Witnesses provided declarations on behalf of Plaintiff
13       attesting to the Plaintiff's healthy lifestyle and his ability to get former
14       employees to stop smoking and have not smoked since 2008.  No abuse was
15       ever verified and neighbors provided affidavits to the court refuting the
16       false allegations.
17   (b) Plaintiff has over 14 different bank accounts overseas- Plaintiff provided
18       existence and proof of a single bank account in Barbados and none no
19       where else.
20
21   (c) Plaintiff owned Champions Furniture and Eclectic Design.
22       **FACT**-  Plaintiff submitted affidavits from the owners of Champions
23       furniture store refuting false claim by Rawah Algaouni.  Attorney Petra
24       Clarke submitted an affidavit that showed Eclectic design is owned by
25       Rawah Algaouni and Tanya Griffin and she was asked by Rawah Algaouni
26       to form company.
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(d) Plaintiff physically abused her in 19997 while living in Rancho Cucamonga-

**FACT**-Plaintiff was heading out for an evening to show appreciation for technicians working at Lucent Technologies where he worked at the time and Rawah Algaouni stared to behave erratically and Plaintiff restrained Rawah Algaouni from beating him about the chest area. Plaintiff did not return any force of any sort, and when he got her to sit and calm down Rawah Algaouni kicked him in the groin area and called 911. Rancho Cucamonga Police came to home and asked Plaintiff if he wanted to file charges to have Rawah Algaouni arrested and he declined stating that was the mother of his child. Officers said one of you have to go and Plaintiff told officers to take him. Plaintiff was bailed out of jail by Rawah Algaouni's sister and brother in-law- Ahlam Algaouni and Thierry Lemaitre, further confirming that Rawah Algaouni has some sort of mental disorder and should have undergone psychological testing.

(e) Plaintiff held a gun to her head and threatened to kill her if she left him-

**FACT**- Plaintiff purchased a firearm (Glock-21) for Rawah Algaouni for her protection and protection of the home because of his frequent travel out of the country, and the firearm in her possession at all times. The firearm was taken by Brett Beloat to Beaumont Police Station at the urging of the Plaintiff after he saw the erratic behavior of Rawah Algaouni in 2010. The firearm remained at the Beaumont Police station with the Plaintiff emailing Frank Coe, Chief of Police, Beaumont Police Station, asking him to keep it there for fear that false accusation would be made against him, and with any

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 93

1    knowledge that he has a firearm in his possession the same defendants at

2    the police department would attempt to claim he was armed and dangerous.

3

4    (f) Told the Beaumont Police Officers, Greer and Huff that Plaintiff said he

5    would kill her and the kids and no one would know that its him because of

6    his military training-

7    **FACT** Officer Greer told the Plaintiff that Rawah Algaouni was told that

8    they called Washington DC and spoke with persons who vouched for the

9    Plaintiff's character and credibility.  They did not believe what she said.

10

11   (g) On or about June 2010 Rawah Algaouni called 911 telling the dispatcher

12   that the Plaintiff broke into her bedroom and she was afraid of what he was

13   going to do and was threatening her-

14   **FACT**- Plaintiff went to the home and his bedroom door was locked.  The

15   Plaintiff pushed in the door and entered the room to get his clothing.

16   Rawah Algaouni was sitting on the bed and making the above referenced

17   call.  The officers came and spoke with both children who confirmed that

18   the Plaintiff did none of the things that Rawah Algaouni was claiming.

19

20   (h) Plaintiff struck Rawah Algaouni on her head and neck with the trunk lid of

21   his Audi A-6 (2006).

22   **FACT**-  The Plaintiff returned to the home to get a shirt to wear on his way

23   to Banning Court as the Plaintiff in the restraining order hearing Walker v.

24   Beloat.  Rawah Algaouni attempted to extort $ 10,000.00 per month from

25   the Plaintiff and when the Plaintiff refused to give in all sorts of actions

26   were pursued by Rawah Algaouni to get the Plaintiff arrested.  While The

27   Plaintiff was searching in the family Audi Q7 for his sunglasses Rawah

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 94

1    Algaouni went to the trunk of the Plaintiff's car and started removing the
2    contents of the trunk and throwing them into the street.  When the Plaintiff
3    saw what was happening and approached his vehicle which was parked in
4    the driveway which was slanted towards the street, Rawah Algaouni hit her
5    head as she was trying to get away from the trunk of the car.  The Plaintiff
6    called the Beaumont Police Department and told them what happened and
7    that he was on his way to court and if there were any questions or further
8    information needed please give him a call.

9

10   (i)  Plaintiff called her former company and got her fired.
11        **FACT**- Rawah Algaouni got herself fired for violating the State of
12        California CPNI (Customer Proprietary Network Information) that protects
13        the consumer information held by all service providers.

14

15   (j)  Plaintiff continues to harass her and sends emails to her boss at Solar City,
16        threatens her and makes her fearful that he will cause her bodily harm and
17        get her fired.
18        **FACT**- The Plaintiff's family law attorney, Bradley Hague, submitted a
19        declaration to the Riverside Family Court stating that the Plaintiff was filing
20        a federal lawsuit against Rawah Algaouni, her attorney, Elick Toby Bowler,
21        and other family members.  Mentioned in the declaration was the fact that
22        the Plaintiff's son was kidnapped by Rawah Algaouni and dropped off to
23        LAX airport to Thierry Lemaitre and her sister Ahlam Algaouni who then
24        took the minor child out of the country to Mexico and then Costa Rica.  The
25        Plaintiff was able to determined and will provide evidence to the court that
26        Thierry Lemaitre sent spoofed emails to the Plaintiff email creating a
27        backdoor into the Gmail account and erasing folders on the account and

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 95

1    sending emails to Rawah Algaouni and her boss making it appear as if the

2    Plaintiff sent them himself.

3

4    (k) Rawah Algaouni stated to the court she gave the older minor son at the time

5        a drug test after the Plaintiff brought it to her attention that he received

6        reports from the swimming coach that the child was smoking marijuana.

7        **FACT-** The minor son Bilal Walker told the Plaintiff that Rawah Algaouni

8        never gave him any drug test.

9

10   (l)  Rawah Algaouni stated to the court that she was providing a nurturing

11       environment of the minor children.

12       **FACT-** Rawah Algaouni is afraid of the older son and would often times

13       avoid being around the child by taking the younger child Tariq to Las

14       Vegas with her leaving the older child Bilal at home by himself.  On two

15       separate occasions Rawah Algaouni caught the younger minor son Bilal

16       having sexual intercourse with a minor girl who was given a key to the

17       home.   Rawah Algaouni never spoke the minors, took away the key, or

18       spoke to the young girls mother.  When the father, a police officer, and her

19       mother who works at the police station learned of what happened the

20       mother of the young minor threatened the Plaintiff's older son, Bilal

21       Walker, telling him that she would kill him.  Rawah Algaouni claimed she

22       had no knowledge of what was going.

23

24   (m) Rawah Algaouni claimed unemployment insurance under the State of

25       California EDD-

26

27

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 96

1   **FACT-** The Plaintiff learned of this and reported it to the Beaumont Police

2   Department and the Riverside District Attorney's Office along with the fact

3   that Rawah Algaouni was a partner and co-owner of The Shaping Spaces

4   Group with Tanya Griffin. The Plaintiff learned of the conspiracy between

5   Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni to defraud the

6   EDD of $ 1,900.00 every two weeks and warned her not to do so advising

7   Rawah Algaouni it was illegal. It was not until July of 2009 while

8   preparing to go on vacation that the Plaintiff learned that Rawah Algaouni

9   had in fact gone ahead and was committing such a crime when she had Gina

10  Beloat over to the home in Beaumont to get her to submit the return slip for

11  EDD bi-weekly payments by forging the signature of Rawah Algaouni. It

12  was then that Rawah Algaouni promised the Plaintiff that she would not do

13  so, but in 2010 the Plaintiff learned of this and other serious crimes such as

14  international money laundering and U.S tax evasion that the Plaintiff

15  reported these crimes. The Plaintiff also learned that Tanya Griffin was

16  paying Rawah Algaouni under the table. The Plaintiff employed he

17  services of an investigative firm that compiled video surveillance of Rawah

18  Algaouni working at a time she continued to receive weekly unemployment

19  checks, as well as checks under the table form Tanya Griffin, her partner at

20  The Shaping Spaces Group. During the initial divorce proceedings an

21  attempt was made to cover this up on the part of Rawah Algaouni and

22  Tanya Griffin by altering the website showing that she was a partner and

23  co-owner. The Plaintiff was able to use some software to go back to the

24  state of the website showing this fact as it correctly matched up with an

25  earlier copy of the same information.

26

27  198.     **As a result of the Defendants' violation of the above federal**

28  **statute the plaintiff was harmed in following way:**

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 97

(a) The Plaintiff was exposed to financial liability.

(b) The Beaumont Police Department in conspiracy with the other defendants aided in the consummation of a crime and thereby denied the Plaintiff equal protection under the law.

(c) The Riverside District Attorney's Office despite knowing and having full knowledge of the fact that Rawah Algaouni is not a credible person moved to maliciously prosecute the Plaintiff based on false allegations and perjured statements by Rawah Algaouni.

(d) The Riverside Family Court used these false statements upon which to base many of the unfavorable and damaging orders against the Plaintiff and the minor children destroying the academic future of Bilal Walker,  and general welfare of the minor children.

(e) The Riverside Family Court relied upon and used these false and perjured allegations by Rawah Algaouni against the Plaintiff to grant a restraining order against the Plaintiff.

(f) The Hon Jorge Hernandez relied upon  these false and misleading allegations by Rawah Algaouni to order the Plaintiff be taken into custody.

(g)  These perjured statements from Rawah Algaouni were used by the other defendants- Paul Zellerbach, Creg Datig, Bill Essayli, Hon Jackson Lucky, and officers of the Beaumont Police et al upon which to cloak their

violations of the Plaintiff's constitutional rights and other deprivation of the Plaintiff's rights.

## CLAIM #14

199.     **Plaintiff re-alleges and incorporates by reference all of the paragraphs above:**

Plaintiff has a claim under Title 18 U.S.C § 1703 for the delay, destruction, withholding and without authority opening of the Plaintiff 's mail and theft of his government issued social security card, and citizenship certificate against Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni, as well as Z-Tech Advance Technologies for vicarious liability.

200.     On or about September 10th-14th, 2012, the Plaintiff allowed the minor son Bilal Walker to stay at his apartment while the Plaintiff was assigned on a project in Salt Lake City.  During this time the Social Security Department sent the Plaintiff his new social security card in the mail to his apartment.

201.     It was verified that Rawah Algaouni came and entered the Plaintiff's apartment and while there without permission or authority removed some of the Plaintiff's mail which included his new social security card.  In previous instances Rawah Algaouni forged the Plaintiff's signature on checks made out to the Plaintiff and deposited the check into a bank account held jointly with the Plaintiff and then removed the proceeds of the deposited check from the account.

202.    **As a result of the Defendants' violation of the above federal statute the plaintiff was harmed in following way.**

(a) The Plaintiff was deprived of his official government documents required for proof of employment.

(b) The Plaintiff's property was used in several identity theft and forgery acts by Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni.

(c) The Plaintiff has been denied the rightful possession of government issued documents belonging to him as his personal property.

## CLAIM # 15

203.    **Plaintiff re-alleges and incorporates by reference all of the paragraphs above:**

Plaintiff has a claim under Title 18 U.S.C § 1204, for the international kidnapping of his minor son, Tariq Walker,  when by Court order of the Riverside Family Court dated December 14th, 2011, the minor child was to be in the legal custody of the Plaintiff.  This claim is against Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni, Aero Mexico as an accomplice and in aiding in the consummation of a crime, and Sergeant George Walter and the Beaumont Police Department as an accomplice after the fact.  The Plaintiff also has a claim under California Penal Code 278.5 (a) against the aforementioned defendants Rawah Algaouni , Thierry Lemaitre, Ahlam Algaouni, and against Sergeant George Walter, the Beaumont Police Department under vicarious liability and those in charge (Chief Frank Coe and Commander Greg Fagan), Alan Kapanicas and Roger Berg, Beaumont City Manager and Mayor respectively, as well as the City of Beaumont for vicarious liability of Roger Berg and Alan Kapanicas.  The Plaintiff also has a claim under Title18 U.S.C §

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 100

1201.  On the evening of June 28th, 2013, when by order of the Riverside
Family Court Rawah Algaouni failed to drop-off the minor child for visitation
and refused to respond to the Plaintiff, or inform the Plaintiff of the
whereabouts of the minor child, Rawah Algaouni was also in violation of Title
18 U.S.C § 1201.

204.       The Plaintiff believes and thus alleges that the City Manager and the
Mayor of Beaumont acted in retaliation against the Plaintiff directing the
Beaumont Police Department not to file charges against Rawah Algaouni,
Thierry Lemaitre and Ahlam Algaouni for the criminal offenses they committed
against the Plaintiff.  This was done because of the Plaintiff's recommendation
that caused the Fairway Canyon Community Board of Directors to get rid of
Greenfield Communications which indirectly interrupted the bribery and
kickback scheme that was in place by the conspirators.  The California State
Treasurer and the State Attorney General, as well as other government agencies
have been give all evidence.

205.       On the evening of June 28th, 2013, Rawah Algaouni failed to drop-
off Tariq Walker for visitation as ordered by the court.  While at the visitation
drop-off location ordered by the Riverside Family Court, after Rawah failed to
drop off the minor child the Plaintiff called the Los Angeles Airport Police
where he spoke with Sergeant Boiselle.  The Plaintiff provided the LAX PD
copies of the pictures of the minor child and Thierry Lemaitre and Ahlam
Algaouni.  The LAX PD then sent pictures and put out an "All Points Bulletin"
to all of the airlines, with a special focus on Aero Mexico, United and Delta.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 101

206.     Despite having been alerted to be on the lookout for the kidnapped child Aero Mexico still ignored the required protocol for minors traveling internationally.  Aero Mexico acted as an accomplice in the commission of this crime, and as well as aiding in the consummation of a crime when the airline acted in a wantonly negligent fashion. Aero Mexico policies went against the norm in the industry, and against those of the Department of Transportation and the Department of State and were not consistent with industry norms where it is required that a minor child traveling with persons that he/she is not related to, are not parents, or have the same last names as the minor child, are required to provide a notarized letter from both of the minor's parents.

207.     **As a result of the Defendants' violation of the above federal statute the plaintiff  was harmed in following way**

(a)   The Plaintiff was subjected to severe emotional distress because of these actions and not knowing the whereabouts of his son fro almost two weeks, and also the concern that Rawah Algaouni a foreign national with close ties and family in Lebanon had kidnapped the child to Lebanon a country that does not have a Geneva Convention on child abduction with the United States

(b)   The Plaintiff was subjected to alienation of affection because of the kidnapping of his son by the defendants, and those that aided Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni in the consummation of this crime against the Plaintiff and his son.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 102

1    (c)  The Plaintiff custody of his son as ordered by the Riverside Family Court
2         was denied him by these actions of the defendants.

3

4    (d)  The Plaintiff was deprived of his rights as father by the defendants, and
5         further exacerbated by the actions of Aero Mexico and Sergeant Joshua
6         Galbraith when On the one hand Aero Mexico allowed the negligently
7         allowed the child to travel when they should not have.  Sergeant Galbraith
8         deprived the Plaintiff and his son Tariq Walker of equal protection under
9         the law when he directed Officer Toisha Wells, Beaumont Police
10        Department, to stop the investigation into the kidnapping of the minor
11        child, Tariq Walker, Sergeant Galbraith and the Beaumont Police
12        Department.

13

14   208.    **Plaintiff re-alleges and incorporates by reference all of the**
15   **paragraphs above:**

16   209.    Plaintiff has a claim under Title 18 U.S.C § 1201, for the parental
17   kidnapping of his minor son, Tariq Walker,  when by Court order of the
18   Riverside Family Court dated December 14th, 2011, the minor child was to be in
19   the legal custody of the Plaintiff.  This claim is against Rawah Algaouni,
20   Frontier Airlines, Robert Ardrey and Christopher Plumbing for being vicarious
21   liable for the actions of Robert Ardrey.  The Plaintiff also has a claim under
22   California Penal Code 278.5 (a) against the aforementioned defendants, Rawah
23   Algaouni, Frontier Airlines, Robert Ardrey and Christopher Plumbing for being
24   vicarious liable for the actions of Robert Ardrey.

25

26   210.    On or about December 20th, 2011, Rawah Algaouni in violation of
27   the court order from Riverside County Family Court, which granted the

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 103

1  Plaintiff legal custody of the kidnapped minor children, Bilal and Tariq

2  Walker, took the kids to the State of Denver without the permission or

3  knowledge of the Plaintiff.  The Plaintiff was unaware of whereabouts of his

4  kids, and did not see his kids for almost two weeks.

5

6  211.      Rawah Algaouni told Office Lynn, Beaumont Police Department,

7  that her mother had died and she had no way to drop off the children, yet she

8  was able to travel to LAX airport where she took a flight on Frontier Airlines

9  using tickets purchased by Robert Ardrey, employee and owner of Christopher

10  Plumbing, Littleton, Colorado.

11

12  212.      **As a result of the Defendants' violation of the above federal**

13  **statute the plaintiff  was harmed in following way.**

14

15  (a)  Infliction of severe emotional distress on the Plaintiff because of the

16       unknown whereabouts of his minor children having been subjected to

17       parental kidnapping by Rawah Algaouni and Christopher Ardrey.

18

19  (b)  Denial of custodial visitation as ordered by the Riverside Family Court that

20       resulted in alienation of affection between the minor children and the

21       Plaintiff.

22

23  (c)  Kidnapping of the Plaintiff's minor children by Rawah Algaouni and

24       Christopher Ardrey.

25

26                              **CLAIM # 16**

27

28  213.      **Plaintiff re-alleges and incorporates by reference all of the**

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 104

**paragraphs above:**

Plaintiff has a claim under Plaintiff has a claim under Title 18 U.S.C § 1028: US Code- Section 1028 Fraud and related activity in connection with identification documents, authentication features and information against Thierry Lemaitre, Rawah Algaouni and Ahlam Algaouni.

214.     Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni committed trespassory burglary on my home office and stole my Apple MAC Book Pro 17", my United States Citizen certificate, deed to my father's land and my social security card and denied having them or turning them over to the Plaintiff.

215.     Rawah Algaouni forged the birthdate on the Plaintiff's son Tariq's birth certificate.  It was confirmed by my son Tariq Walker that Thierry Lemaitre forged my signature onto a document that was used to illegally kidnap the Plaintiff's son and carry him to Mexico and Costa Rica via Aero Mexico. Rawah Algaouni committed several other acts of forgery of my signature.

216.     Rawah Algaouni forged the signature of the Plaintiff on checks and then cashed those checks and held on to the proceeds.  Rawah Algaouni, Thierry Lemaitre, Ahlam Algaouni, Montaser Algaouni stole the Plaintiff's identity and then committed crimes against themselves and others to make it look like the Plaintiff.

217.     **As a result of the Defendants' violation of the above federal statute the plaintiff  is harmed in following way.**

(a)   The Plaintiff was and is being falsely accused of crimes he did not commit.

1

2   (b)   The Plaintiff's has been subjected to defamation of character and had his

3         name slandered by the libelous actions of the defendants mentioned above.

4

5   (c)   The Plaintiff identity has been stolen and acts committed as if he himself

6         committed such acts.

7

8   (d)   The Plaintiff's signature was forged and affixed onto documents then used

9         to commit crimes and acts severely haring the Plaintiff.

10

11

12   (e)   Because of the acts and crimes committed as it the Plaintiff committed

13        such acts the Plaintiff's credit ahs been ruined.

14

15   (f)   The documents that were forged were then used to aid in the

16        consummation of the kidnapping of the Plaintiff's younger son Tariq

17        Walker where he was taken to Mexico and Costa Rica.

18

19   (g)   The Plaintiff's character was ruined by the forgery and altering of an

20        official State issued document, that being the birth certificate of the minor

21        son Tariq Walker.

22

23   (h)   Thierry Lemaitre attempted to get a notary public to sign documents and

24        other contracts falsely attesting to being originated by the Plaintiff.

25

26                              **CLAIM #17**

27

28   218.       **Plaintiff re-alleges and incorporates by reference all of the**

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 106

**paragraphs above:**

Plaintiff has a claim under Plaintiff has a claim under Title 18 U.S.C § 1028A, Aggravated Identity Theft against Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni.

219.     The Plaintiff had an Apple MAC Book Pro 17" stolen during an act of trespassory burglary of his home office by Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni.  On the stolen laptop was the Plaintiff's digital signature, and other personal confidential information that is now being used by Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni in the commission of crimes and theft of the Plaintiff's identity and the fabrication of evidence.

220.     **As a result of the Defendants' violation of the above federal statute the plaintiff  is harmed in following way.**

(a)  The Plaintiff  is being wrongfully accused of committing crimes and
       other acts which he has not committed.
(b)  The stolen identity of the Plaintiff is used to forge documents and
       present as documents from Plaintiff.
(C)   The Plaintiff's privacy has been invaded.

## CLAIM # 18

221.     **Plaintiff re-alleges and incorporates by reference all of the paragraphs above:**

Plaintiff has a claim under Title 18 U.S.C § 2701, unlawful access to stored communications against Thierry Lemaitre, Rawah Algaouni and Ahlam Algaouni.

222.     Thierry Lemaitre, Rawah Algaouni and Ahlam Algaouni in the course of committing other crimes and in violation of federal statutes unlawfully accessed the stored communications of the Plaintiff on several instances rendering the email address and electronic mail boxes of the Plaintiff useless.

223.     Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni used their unlawful entry to these stored communications to originate emails to various parties including the managers and other persons at Solar City making it appear as if the electronic communications were being sent by the Plaintiff.  These persons also erase the folders contained in the electronic stored communications.

224.     **As a result of the Defendants' violation of the above federal statute the plaintiff  is harmed in following way.**

225.     Evidence was fabricated against the Plaintiff that was then being presented to law enforcement as valid evidence, and despite knowing this evidence has been fabricated the Riverside County District Attorney is still attempting to use such false evidence to maliciously prosecute the Plaintiff.

226.     The Plaintiff has had his privacy violated.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 108