227.     The Plaintiff has had his property stolen, as well as his trade secrets and other intellectual property.

228.     The Plaintiff has had his property stolen.

## CLAIM # 19

229.     **Plaintiff re-alleges and incorporates by reference all of the paragraphs above:**

Plaintiff has a claim under Title 42 U.S.C 5106 (g), as amended by the CAPTA Reauthorization ACT of 2010, and the California Child Endangerment ACT Penal Code Section 11164-11174.3 against Rawah Algaouni, Thierry Lemaitre, Ahlam Algaouni and Basma Arabi.

230.     The minor children Tariq A. Walker and Bilal A. Walker (then a minor) complained to the Plaintiff that Rawah Algaouni, their mother, would allow Thierry Lemaitre and Ahlam Algaouni to come to the home where the minor children were living at the time of these incidents and mentally abuse them. On or about May 2011, the older minor child Bilal Walker told the Plaintiff that Thierry Lemaitre was telling negative things about the Plaintiff that were painful to him and causing him pain that was affecting his grades.

231.     The minor child Tariq Walker told the Plaintiff one of the things that Thierry Lemaitre and Ahlam Algaouni would do is when they came to the home where the minor children lived, they would send Tariq to his room and would be shouting at Bilal.  The Plaintiff believes and thus allege that Thierry

1   Lemaitre and Ahlam Algaouni were brainwashing the minor child.  The
2   Plaintiff also believe that Thierry Lemaitre, Ahlam Algaouni and Rawah
3   Algaouni talked the minor child Bilal Walker from continuing to pursue his
4   interest in the nomination to the U.S Naval Academy.  These persons made it
5   known that they did not want Bilal Walker bombing the Middle East.

6

7   232.      These persons also dissuaded Bilal Walker from pursuing
8   scholarships from the alma Mata of the Plaintiff, Occidental College, as well as
9   from attending meetings that were being schedule with other universities for
10  scholarship for swimming and water polo.  Bilal Walker was Southern
11  California's CIF Div. IV Swimming 50 & 100 meter free-style champion 2011
12  and 2012, and a member of the first ever Beaumont High School water polo
13  championship 2012.

14

15  233.      Basma Arabi, sister of Rawah Algaouni and Ahlam Algaouni, would
16  travel from Lebanon to Beaumont where she stayed at the home owned by the
17  Plaintiff with Rawah Algaouni.  While there Basma Algaouni would
18  consistently harass and mentally abuse the minor child Tariq Walker.  Basma
19  Arabi would confiscate the Apple iPad given to Tariq Walker by the Plaintiff
20  and give it to her son, and would also hide the minor child toys.  This mental
21  abuse included screaming at the minor child and telling him to go live with the
22  Plaintiff with words used in this exchange to denote a sense of betrayal on the
23  part of the minor child.  Basma Arabi confiscated the Plaintiffs phone given to
24  the minor child Tariq Walker disallowing him from speaking the Plaintiff as the
25  Riverside County Family Court Mediation Department ordered.  The minor
26  child Tariq Walker managed to use the Skype on his computer to allow the
27  Plaintiff to directly hear the heated exchanges between herself and adult and

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 110

236.     The minor children were also mentally abused  having to watch the efforts of Rawah Algaouni, Thierry Lemaitre, Elick Toby Bowler  and Ahlam Algaouni stop the Plaintiff from seeing his minor children.  Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni have failed in their duty to protect the minor children insuring for their welfare and safe being.

**237.     As a result of the Defendants' violation of the above federal statute and Civil and Criminal Code of the State of California the plaintiff is harmed in following way.**

(a)   The relationship between the Plaintiff and his older son is strained as a result of the mental abuse a the hands of the defendants.

(b)   The Defendants Thierry Lemaitre, Rawah Algaouni and Ahlam Algaouni have so mentally abused the Plaintiff's older son that they have created a severe alienation of affection between the Plaintiff and his older son Bilal Walker where there was once a bond between the Plaintiff an his son while the two lived together in Barbados as the Plaintiff cared for his son as he was building Accessone Barbados.

(c)   The aforementioned defendants Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni continue to interfere with the Plaintiff's rights as a father creating and inflicting emotional distress between the Plaintiff and his sons.

## CLAIM # 20

238.        **Plaintiff re-alleges and incorporates by reference all of the paragraphs above:**

Plaintiff has a claim under Title 42 U.S.C § 5106 (g), as well as under California Health & Safety Code 11361 (a) (b) and California Penal Code 272- Contributing to the delinquency of a minor against Mazzin Afghani and Rawah Algaouni as an accomplice before the fact.

239.        Beginning in 2010 and continuing to present Mazzin Afghani has been giving the older son Bilal Walker marijuana and possibly hash inducing him to smoke these illegal drugs by telling the minor child at the time that it is ok because the Plaintiff smoked with him.  Rawah Algaouni, mother of the minor child at the time knew of, and or should have known of this as this member of her family who is her cousin made no secret about smoking marijuana.

240.        By reference of the in previous statements in this suit Rawah Algaouni knew the minor child at the time Bilal Walker was using drugs having been told so by the Plaintiff, in text message exchanges with the minor child, and beings o informed around March 20th, 21th, 22nd, 2012, as well in court declarations by the Plaintiff.

241.        **As a result of the Defendants' violation of the above federal statute and Civil and Criminal Code of the State of California the plaintiff is harmed in following way.**

1   (a) The Plaintiff over the course of several years suffered the pain of a parent

2        having to watch his son whom he had high hopes for in his academic and

3        athletic life being intentionally led astray and give drugs by his maternal

4        relatives, and condone by Rawah Algaouni his mother.

5

6   (b) The plaintiff had to pray for his sons as he was intentionally inflicted with

7        emotional distress due to the actions or lack thereof by Rawah Algaouni and

8        Mazzin Afghani in the failure of their duty to protect the minor child.

9

10

11  (c) Rawah Algaouni denied any participatory responsibility in her negligent

12       contribution to the delinquency of the minor child as a means of retaliation

13       against the Plaintiff.

14

15                                  **CLAIM # 21**

16

17  242.    **Plaintiff re-alleges and incorporates by reference all of the**

18  **paragraphs above:**

19

20  Plaintiff has a claim under Title 18 U.S.C § 2261A, stalking , as well as under

21  California Penal Code 646.9 against Thierry Lemaitre, Ahlam Algaouni,

22  Montaser Algaouni and Basma Arabi.

23

24  243.    On or about June 18th, 2013, Basma Arabi, the sister of Rawah

25  Algaouni, who was visiting from Lebanon with minor children, conspired with

26  Thierry Lemaitre and Ahlam Algaouni to stalk the Plaintiff and his host Terry

27  Bryan during a time when the Plaintiff was living at the home of Mr. Bryan

28

while he was waiting of his apartment to be prepared.  Mr. Bryan and the
Plaintiff would go exercising in the morning and on that particular morning
Thierry Lemaitre, Ahlam Algaouni and Basma Arabi laid in wait for the
Plaintiff but on that morning the Plaintiff did not join Mr. Bryan for exercising.

244.    Basma Arabi approached Mr. Bryan using her five-year-old daughter
as a shield hoping to be able to make some kind of claim against Mr. Bryan
should her minor daughter, Ranwah, get hurt.  Thierry Lemaitre sat in his
vehicle behind Mr. Bryan while Ahlam Algaouni sat in her car video taping the
incident.  Mr. Bryan realizing what was going on as he jogged along jogged
around Basma and her daughter and as he got further away Mr. Lemaitre drove
by him slowly shaking his finger at him and laughing.

245.    **As a result of the Defendants' violation of the above federal
statute and Civil and Criminal Code of the State of California the plaintiff
is harmed in following way.**

(a)  The Plaintiff became fearful for his life having previously reported the
stalking to the Riverside Police Dept, Beaumont Police Department,
Ontario Police Department and the Rancho Cucamonga Police Department,
and none of them took no action against Mr. Lemaitre and the other parties
to this crime.  Mr. Lemaitre and Rawah Algaouni went as far as boasting
that despite the many complaints to law enforcement against them nothing
was being done to them.  The fear for his life by the Plaintiff was further
intensified because the Plaintiff knew firsthand that the referenced parties
herein, Thierry Lemaitre, Ahlam Algaouni, Montaser Algaouni and Rawah
Algaouni had access to illegal unregistered hand guns and semi-automatic

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 115

weapons having once sought to hide them form law enforcement under the bed at the home of the Plaintiff.

(b) The Plaintiff having returned to California on June 14th, 2013, after an assignment in Utah, had his livelihood upended by this action and was advised to leave the State of California after this brazen action by these persons, as well as feeling unsafe after filing the lawsuit against the law enforcement defendants in this law suit.

(c) Due to having to leave the state of California for a while the Plaintiff sought the protection of his former military friends and family in another state, and having to do so remains unable visit regularly with his son further the alienation of affection between he and his son.

(d) The Plaintiff was being denied equal protection under the law as well as his constitutional rights to liberty and freedom.

(e) The Plaintiff also suffered intrusion of solitude and privacy

## CLAIM # 22

246.      **Plaintiff re-alleges and incorporates by reference all of the paragraphs above:**

Plaintiff has a claim under Title 18 U.S.C § 1832,  theft of corporate trade secrets and other proprietary confidential information and patents, as well as under California Penal Code 502 (c) "Comprehensive computer data access and fraud Act", California Penal Code Section 496- possession of stolen property, and California Penal Code 487 PC- larceny.

247.      Starting on or about July 2010 and continuing to present Thierry Lemaitre, Rawah Algaouni and Ahlam Algaouni stole the Plaintiff's laptop containing confidential and personal information as well as information on patented devices and other technology and methodologies related to:

(1)   A device that can detect forest fires up to 20 miles away when it's a little larger than a campfire.

(2)   Using the above device to fully protect the porous U.S borders, large campuses, municipalities and military facilities, and large facilities like malls, airports and stadiums.

(3)   Solutions to reduce both State and Federal prison populations reducing the capital and operational expenditures while increasing the profits.

(4)   A solution to eliminate the drug cartels as we know them today.

(5)   A device that will display the mental image that comes to mind when a person connected to it is asked a question.

(6)   A device that can be used by the U.S Navy that will take control of a sub forcing it surface when detected and located. (The Wrap).

(7)   Methodologies to reduce criminal activity without the use of force, officers and existing methods.

(8)   Full implementation of strategies and tactics to safeguard global travel in such a way as to identify all known threats and persons of interest before they board a plane, and when they arrive within the proximity of the airport.

(9)   Methodologies and technologies to deploy that will identify the originating source of all global cyber attacks within minutes.

(10)  Methodologies, technologies to put in place to give the Treasury and any U.S Government agency the ability to monitor all monetary transactions thereby averting any activity that could cause a global financial issues,

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 117

identify any money laundering or other activity similar to Chase Bank $ 7 Bil. Dollar lost, or rogue trading.

(11) Methodologies and technologies to put in place so that any government and political officials/nations receiving money from the IMF or World bank is not able to embezzle the money into their private accounts.

(12) A solution that will both register all gun sales and at the same time match fingerprints to the registered owner as it would be taken from the fingerprinted weapon.

(13) A solution to safe guard any facility primarily schools that would not allow a gun or any gun like device to be fired, as well as tracking the location of the weapon.

(14) Rendering any handgun or other weapon inoperable unless fired by the registered owner, police, solider or other authorized law enforcement official.

(15) Techniques, methodologies and processes to implement to safeguard U.S food sources, water and energy sources for any terrorist, or terrorist like act.

(16) Implementation of technologies to avoid an Edward Snowden like event ever again, and to identify and locate all sensitive U.S government info if ever removed from a secured location.

(17) Securing all U.S roads and highways completely mapping all surfaces where a vehicle can be used so that the tracking of any wanted person or fugitive is fully enhanced.

(18) A business model to further monetize Facebook or Google's social network strategy. (Value 2 Bil USD).

(19) An application for cell phones that would allow all data to be protected and encrypted should they be lost or stolen.  The App would also allow the owner to transfer any picture or scene they saw onto the phone.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 118

(20) An application to allow the owner to know if their spouse or significant other is lying to them or hiding information.

248.     Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni has in their possession the stolen Mont Blanc, Waterman, Cross, and Quill pen collection now valued at $ 60,000.00, and is attempting to extort monies from the Plaintiff for the return of the Plaintiff's property.

249.     In their continued efforts to retaliate against the Plaintiff for reporting their criminal and fraudulent activities Thierry Lemaitre gained unlawful access to the Plaintiff's email accounts by sending spoofed content in such a fashion that when the Plaintiff, though recognizing such malware deletes such content a backdoor is created thereby allowing Thierry Lemaitre to gain unlawful access to any device used in the process and the Plaintiff's email.  Thierry Lemaitre et al committed these unlawful acts against the Plaintiff and deleted numerous files and other folders containing any incriminating information against himself, Ahlam Algaouni, Rawah Algaouni and Montaser Algaouni.

250.     Thierry Lemaitre used this illegal and harassing tactic to send emails to other persons giving the impression that the Plaintiff sent such content and other emails.  Thierry Lemaitre has also affected the emails of other persons who will confirm his illegal actions.

251.     Thierry Lemaitre used this illegal activity to fabricate evidence to incriminate the Plaintiff in Riverside County Case BAM1302202, in which the Beaumont Police Department and Riverside County District Attorney's Office were given proof of his modus operandi in the commission of these crimes in the past and non of the law enforcement agencies took any action to charge him.

252.     **As a result of the Defendants' violation of the above federal statute and Civil and Criminal Code of the State of California the plaintiff is harmed in following way.**

(a) The Plaintiff's intellectual and proprietary property and information were taken from him with the illegal transfer of dominion over such valuable property to Thierry Lemaitre.

(b) The Plaintiff was indirectly disenfranchised of any monetary value of most

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 119

his property by being forced to grant ownership of most of his property to the United States Government where it is being turned over via channels to the Government of the United States of America so as to protect it from being claimed by any other party.

(c)   The Plaintiff is being denied rightful ownership of his property due to the trespassory burglary and larceny committed by Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni.

(d)   The Plaintiff is robbed of his monetary benefit to be used as planned for helping persons living in poverty, his sons, and schools, Occidental College, St. Patrick's Boys (Barbados) and Taft University School of Law.

(e)   Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni are extorting the Plaintiff for the return of all stolen property, and trade secrets of Accessone Barbados.

## CLAIM # 23

253.     **Plaintiff re-alleges and incorporates by reference all of the Paragraphs above:**

Plaintiff has a claim for defamation of character and slander against Rawah Algaouni and Susan Bjork.

254.     Rawah Algaouni intentionally and maliciously made false declarations before the court in the case of Riverside County Family Court case number RID236721.   Rawah Algaouni falsely accused the Plaintiff of domestic violence and after the review of the evidence the Plaintiff was acquitted and found not guilty.   Rawah Algaouni intentionally, maliciously and falsely accused the Plaintiff of drinking excessively and being physically abusive to her and the minor children.   After being directed to undergo alcohol and drug assessment the allegations against the Plaintiff were found to be grossly false.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 120

255.     In a continued attempt to get the Plaintiff arrested Rawah Algaouni conspired with Elick Toby Bowler, Bill Essayli, Beaumont Police Department, Riverside County District Attorney's Office, Thierry Lemaitre, Ahlam Algaouni to falsely accuse the Plaintiff in harassing her, sending emails and other content to her and to her boss.

256.     Rawah Algaouni intentionally sought to ruin the relationship between the Plaintiff and his older minor son, Bilal Walker, by telling the minor child that the Plaintiff held a gun to her head and threatened to kill her if she left the Plaintiff.  The Plaintiff spoke with the minor son assuring him that the statements were false  and were told to him in anger and retaliation.  When Rawah Algaouni saw that this did not and was not working she then told the minor child Bilal Walker that she had the Plaintiff on record stating that he wanted to see the minor child, Bilal Walker, dead.

257.     Rawah Algaouni was using the minor children as pawns in the divorce and continued to slander the Plaintiff's name by telling the minor children anything she could think of to falsely show the Plaintiff in a negative light.

258.     Rawah Algaouni conspired with Susan Bjork to have Susan Bjork provide Rawah Algaouni with an affidavit stating that the Plaintiff was going to kill the minor children and Rawah Algaouni.  When Susan Bjork was being served to appear in court to go on trial she avoided service and refused to accept the subpoena.

259.     **As a result of the Defendants' actions the plaintiff is harmed in following way.**

(a)   The Plaintiff's reputation and character were damaged by the false, perjured and slandered declarations submitted to the court in an affidavit by Susan Bjork and Rawah Algaouni.

(b)   The Plaintiff's relationship with his minor children was negatively affected and harmed.

(c)   The affidavit form Susan Bjork was used to help Rawah Algaouni obtained a wrongfully granted restraining order from the court.

(d)   The Plaintiff is seen in a negative light as a result of the slandered statements of Susan Bjork, and Rawah Algaouni.

## CLAIM # 24

260.     **Plaintiff re-alleges and incorporates by reference all of the Paragraphs above:**

Plaintiff has a claim for vicarious liability and Respondeat Superior liability against Solar City for their employee Rawah Algaouni.

261.     Rawah Algaouni on or about June 28th, 2013, while under the employ of Solar City violated a court order committing a felony under California Penal Code 278.5 (a), kidnapped the minor child Tariq Walker refusing to drop him off for visitation as ordered by the Riverside County Family thereby denying the Plaintiff custody as ordered on December 14th, 2011, by Hon Jackson Lucky.

262.     On the morning of June 29th, 2013, while on her way to an appointment for her employer, Solar City, Rawah Algaouni kidnapped the minor child and took him to LAX Airport where she intentionally dropped him off to Thierry Lemaitre and Ahlam Algaouni who then took the minor child to Mexico and Costa Rica committing international parental kidnapping under Title U.S.C § 1204.  Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni refused to inform the Plaintiff on the whereabouts of the minor child.

263.     **As a result of the Defendants' violation of the above federal statute and Civil and Criminal Code of the State of California the plaintiff is harmed in following way.**

(a)     The Plaintiff was denied custody of his minor son.

(b)     The Plaintiff was faced with intentional infliction of emotional distress because of ,and due to, the kidnapping of his minor son and his unknown whereabouts at the time.

(c)     The endangerment of his minor son by Thierry Lemaitre and Ahlam Algaouni.

## CLAIM # 25

264.     **Plaintiff re-alleges and incorporates by reference all of the Paragraphs above:**

Plaintiff has a claim for vicarious liability against Z-Tech Advance Technologies, Inc. for its employees and owners Thierry Lemaitre, Ahlam Algaouni and Montaser Algaouni.

1

2    265.     Thierry Lemaitre, Ahlam Algaouni and Montaser Algaouni were

3  both owners and employees of Z-Tech Advance Technologies at the time when

4  they committed the following offenses and torts against the Plaintiff:

5

6  1) Thierry committed the battery against the Plaintiff when he was at his

7       younger minor son's wrestling match on May 29th, 2011, where Mr.

8       Lemaitre used his stomach to push up against the Plaintiff trying to provoke

9       the Plaintiff to fight.

10  2) Thierry Lemaitre, Ahlam Algaouni were stalking the Plaintiff.

11  3) Montaser Algaouni committed battery against the Plaintiff while the Plaintiff

12       was standing in the Starbucks store on Beaumont Avenue on the morning of

13       June 18th, 2011.

14  4) Thierry Lemaitre and Ahlam Algaouni were both employees and owners of

15       Z-Tech Advance Technologies, Inc. when they committed all of the other

16       crimes and offenses against the Plaintiff and his sons.

17

18  **266.     As a result of the Defendants' torts and other federal and**

19  **California Penal Code  violations the plaintiff and his sons were harmed in**

20  **following way:**

21

22  (a) The younger son, Tariq Walker, lives in fear that nothing will be done to

23       Thierry Lemaitre and Ahlam Algaouni as expressed to the Plaintiff after he

24       gave his kidnapping report to Officer Toisha Wells, Beaumont Police

25       Department.

26

27

28

(b) Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will do something to fatally harm the kids and there will be nothing he can do.

(c)  Plaintiff lives in fear of not being able to repair the relationship with his sons and insure that they given every opportunity to be successful in life.

(d) Plaintiff  lives in fear of the continued abuse to his younger son who sent a text to him express disillusionment- "My life sucks"

(e)  Plaintiff lives in fear of having a crime put on him, and or being wrongly accused of a crime that would have him incarcerated.

(f)  Plaintiff lives in fear of being unable to get a fear trial and equal treatment of his civil rights and equal protections under the laws of the State of California and the United States of America.

(g)  Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will continue to ruin the life of younger sons as retaliation against the Plaintiff.

(h) Lost of economic gain and livelihood. The Plaintiff lost a job with Merrill Lynch ($ 324,000.00-18,000.00 guaranteed per month for 18 months), Charter Cable (137,000.00) and Waddell & Reed.

## CLAIM # 26

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 125

267.    **Plaintiff re-alleges and incorporates by reference all of the Paragraphs above:**

Plaintiff has a claim under California Penal Code section 30-32, hindering apprehension or prosecution, against the Riverside County District Attorney's Office, Paul Zellerbach, Creg Datig, Beaumont Police Department, Sergeant Greg Walter, Chief Frank Coe, Commander Greg Fagan, City of Beaumont, Mayor Roger Berg, City Alan Kapanicas, Ontario Police Department, Sergeant Timothy Glisson, Rancho Cucamonga Police Department and Riverside Police Department.

268.    **As a result of the Defendants' torts and other federal and California Penal Code violations the plaintiff and his sons were harmed in following way:**

(a)   The Plaintiff was deprived of equal protection under the law as afforded and guaranteed under the Fourteenth Amendment of the Constitution of the United States of America.

(b)   Having failed to uphold the law and protect the Plaintiff and his sons the defendants indirectly gave a nod to those that were violating the rights of the Plaintiff, and committing crimes against the Plaintiff so condoning their actions that these persons, Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Basma Algaouni, and the defendant law enforcement agencies.

(c)   The younger son, Tariq Walker, lives in fear that nothing will be done to

Thierry Lemaitre and Ahlam Algaouni as expressed to the Plaintiff after he gave his kidnapping report to Officer Toisha Wells, Beaumont Police Department.

(d) Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will do something to fatally harm the kids and there will be nothing he can do.

(e) Plaintiff lives in fear of not being able to repair the relationship with his sons and insure that they given every opportunity to be successful in life.

(f) Plaintiff lives in fear of the continued abuse to his younger son who sent a text to him express disillusionment- "My life sucks"

(g) Plaintiff lives in fear of having a crime put on him, and or being wrongly accused of a crime that would have him incarcerated.

(h) Plaintiff lives in fear of being unable to get a fear trial and equal treatment of his civil rights and equal protections under the laws of the State of California and the United States of America.

(i) Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will continue to ruin the life of younger sons as retaliation against the Plaintiff.

(j) Lost of economic gain and livelihood. The Plaintiff lost a job with Merrill

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 127

Lynch ($ 324,000.00-18,000.00 guaranteed per month for 18 months), Charter Cable (137,000.00) and Waddell & Reed.

(k)  Lost of investment income and operational profits from Accessone Barbados for over $ 177,000,000.00 USD.

### CLAIM # 27

269.  **Plaintiff re-alleges and incorporates by reference all of the Paragraphs above:**

Plaintiff has a claim under tort complaint for malicious use of process against Thierry Lemaitre, Ahlam Algaouni and Gresham Savage Tilden & Nolan.

270.  These defendants brought an action against the Plaintiff in U.S District court Central District of California, case Thierry Lemaitre & Ahlam Algaouni v. EDCV-13-00118. This case was dismissed and prior to the dismissal Thierry Lemaitre, Ahlam Algaouni & Gresham Savage Tilden & Nolan knew and was informed that the case should not have been brought against the Plaintiff, and Gresham Savage Tilden & Nolan ( Mario Alfaro, Jason Flair, Theodore Stream and Raul Garcia were all informed by the Plaintiff and the Registrar of Barbados that the Plaintiff was living back in Barbados and the company Accessone Barbados was not operational. Despite having this information and knowing that they did not have complete diversity of jurisdiction in order to move forward with the case and sought to submit perjured declarations to the United States District court.

271.  Despite having knowledge of the facts as to evidence confirming there was not complete diversity of jurisdiction, and as such they should not continue to pursue the case and should have dropped the case. Gresham Savage

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprision of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 128

1    Tilden & Nolan continued to pursue the case knowing fully well that their client

2    perjured themselves before the court, and the declarations and other statements

3    submitted to the court were false when validated.

4

5    272.       Gresham Savage Tilden & Nolan was the law firm representing the

6    City of Beaumont, and in likelihood reviewed the agreement between the City

7    of Beaumont and Greenfield Communications, and was well aware of the facts

8    of the agreement between their client, City of Beaumont, and Greenfield

9    Communications.  Further to this Gresham Savage Tilden & Nolan was central

10   to the conspiracy against the Plaintiff, and conspired with both Elick Toby

11   Bowler, Paul Zellerbach, the Beaumont Police Department and the other

12   conspirators.  The wife of Hon Jackson Lucky works in the Riverside County

13   District Attorney's Office, and the Hon. Jackson Lucky also has a relationship

14   with the parties involved having worked as a prosecutor in the Riverside

15   County District Attorney's Office.

16

17   273.       The conspirators used the Beaumont Police Department and the

18   District Attorney's Office as a tool to harass the Plaintiff and maliciously

19   prosecute the Plaintiff for crimes for which he was framed  for in the

20   manufacture of evidence by Thierry Lemaitre et al.  These conspirators then had

21   the Hon Jackson Lucky rule against the rights of the Plaintiff, and even the

22   Plaintiff filed a motion to demand the recusal of Hon Jackson Lucky, Hon.

23   Jackson Lucky denied the motion and stayed on the case.  When Hon Jackson

24   Lucky moved to a different courtroom and gave up all of the other cases he

25   insured to keep case number RID236721, Algaouni v. Walker, when in truth

26   and fact he should have given up the case, but to have done so would have

27   allowed the Plaintiff to receive a fair and balance hearing.

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 129

274.      When Hon. Jackson Lucky was served with the federal lawsuit seeking injunctive relief in court on December 5th, 2013, the Hon. Jackson Lucky should have recused himself in accordance with law and he did not. Hon Jackson Lucky made rulings that were sure to leave the laptop stolen in the trespassory burglary in the possession of Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni.

275.      These conspirators worked to violate rights of the Plaintiff and Gresham Savage Tilden & Nolan used a malicious use of process against the Plaintiff, and made a mockery of the U.S District Court Central District of California. These conspirators also attempted to cover-up the many crimes committed by the various conspirators, as well as the bribery and kickback schema that would violated the public trust of the residents and taxpayers of the City of Beaumont of which the Plaintiff was a resident of the city of Beaumont, and a member of the community.

276.      **As a result of the Defendants' torts and other federal and California Penal Code violations the plaintiff and his sons were harmed in following way:**

(a) The Plaintiff was deprived of equal protection under the law as afforded and guaranteed under the Fourteenth Amendment of the Constitution of the United States of America.

(b) Having failed to uphold the law and protect the Plaintiff and his sons the defendants indirectly gave a nod to those that were violating the rights of the

Plaintiff, and committing crimes against the Plaintiff so condoning their actions that these persons, Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Basma Algaouni, and the defendant law enforcement agencies.

(c) The younger son, Tariq Walker, lives in fear that nothing will be done to Thierry Lemaitre and Ahlam Algaouni as expressed to the Plaintiff after he gave his kidnapping report to Officer Toisha Wells, Beaumont Police Department.

(d) Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will do something to fatally harm the kids and there will be nothing he can do.

(e) Plaintiff lives in fear of not being able to repair the relationship with his sons and insure that they given every opportunity to be successful in life.

(f) Plaintiff lives in fear of the continued abuse to his younger son who sent a text to him express disillusionment- "My life sucks"

(g) Plaintiff lives in fear of having a crime put on him, and or being wrongly accused of a crime that would have him incarcerated.

(h) Plaintiff lives in fear of being unable to get a fear trial and equal treatment of his civil rights and equal protections under the laws of the State of California and the United States of America.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 131

(i)   Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will continue to ruin the life of younger sons as retaliation against the Plaintiff.

(j)   Lost of economic gain and livelihood. The Plaintiff lost a job with Merrill Lynch ($ 324,000.00-18,000.00 guaranteed per month for 18 months), Charter Cable (137,000.00) and Waddell & Reed.

(k)   Lost of investment income and operational profits from Accessone Barbados for over $ 177,000,000.00 USD.

(l)   The Plaintiff has been subjected to a constant and perpetual infliction of emotional distress by the defendants since July of 2010. During this time the Plaintiff loss the liberties and livelihood he created for himself, the affection of his sons and all that he has worked to attain in his livelihood to include but not limited to his intellectual property

## CLAIM # 28

277.   **Plaintiff re-alleges and incorporates by reference all of the Paragraphs above:**

Plaintiff has a claim under tort complaint for intentional negligence against the Beaumont Unified School District, Beaumont High School, Marilyn Saucedo, Dr. Maureen Latham, Shawn Mitchell, Mark DuSold and Mike Wagner. These defendants failed in their duty owed to the Plaintiff and the Plaintiff's son as a student of Beaumont High School, and a member of the Beaumont High School swim team. The Plaintiff also has a claim against these defendants under

California Penal Code 272, Contributing to the delinquency of a minor, and well as an accomplice after the fact. The Plaintiff also has a tort claim against the defendants in the aiding in the consummation of a crime against the defendants in their negligent failure to act on their duty to protect the minor child. The Defendant owed the minor child, Bilal Walker, an affirmative duty of care, as well as an affirmative duty of care to protect the other student.

278.      The Plaintiff met with Mike Wagner and Mark DuSold and informed them that the Plaintiff's older minor son was smoking marijuana and other students were complaining. The Plaintiff in an effort to turn his son's life around asked the school to remove him form the swimming team until he can pass a drug test. The Director of Student Services, Shawn Mitchell, called the Plaintiff and informed the Plaintiff that he spoke with Rawah Algaouni and Rawah Algaouni did not want Bilal removed form the swimming team.

279.      The Beaumont High School and the defendants mentioned herein were informed of the fact that they had a duty to look out for the welfare of Bilal and other students, and having joint legal custody of the older minor child the Plaintiff wanted him removed from the team. The Beaumont Unified School District refused to remove Bilal Walker form the swim team. It was clear that those with a duty to protect the Plaintiff's son were negligently refusing to do so placing the interest of the school district ahead of the welfare of the minor child. These defendants and Rawah Algaouni knew that Bilal was smoking marijuana and if they removed him from the swimming team the school would not have won the 2012 CIF DIV IV swimming championship.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 133

280.    **As a result of the Defendants' torts and other federal and California Penal Code violations the plaintiff and his son were harmed in following way:**

(a)  The intentional infliction of emotional distress on the Plaintiff and the paternal family of the minor child.

(b)  Having the Beaumont High School Athletic Department and the Beaumont Unified School District condone the illegal activity of using drugs while in the custody of the school, and those in positions of authority having knowledge of these illegal and damaging activities of the minor child look the other way all for protecting the interest of the Beaumont Unified School District.

(c)  The Plaintiff had to live every day knowing that the defendants were condoning the endangerment of the minor child and his use of drugs that was harmful to himself.

## CLAIM # 29

281.    **Plaintiff re-alleges and incorporates by reference all of the Paragraphs above:**

Plaintiff has a claim under tort complaint for conspiracy against the defendants Mayor of Beaumont of Roger Berg, City Manager Alan Kapanicas, Beaumont Police Chief Frank Coe, Beaumont Police Commander Greg Fagan, Beaumont Police Officers Sergeant Greg Walter, Sergeant Joshua Galbraith, Corporal Harris, Officer Thomas D'Alessandro, City of Ontario Police Department,

Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will do something to fatally harm the kids and there will be nothing he can do.

(o)   Plaintiff lives in fear of not being able to repair the relationship with his sons and insure that they given every opportunity to be successful in life.

(p)   Plaintiff lives in fear of the continued abuse to his younger son who sent a text to him express disillusionment- "My life sucks"

(q)   Plaintiff lives in fear of having a crime put on him, and or being wrongly accused of a crime that would have him incarcerated.

(r)   Plaintiff lives in fear of being unable to get a fear trial and equal treatment of his civil rights and equal protections under the laws of the State of California and the United States of America.

(s)   Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will continue to ruin the life of younger sons as retaliation against the Plaintiff.

(t)   Lost of economic gain and livelihood. The Plaintiff lost a job with Merrill Lynch ($ 324,000.00-18,000.00 guaranteed per month for 18 months), Charter Cable (137,000.00) and Waddell & Reed.

(u)   Lost of investment income and operational profits from Accessone Barbados for over $ 177,000,000.00 USD.