(v)   The Plaintiff has been subjected to a constant and perpetual infliction of emotional distress by the defendants since July of 2010.  During this time the Plaintiff loss the liberties and livelihood he created for himself, the affection of his sons and all that he has worked to attain in his livelihood to include but not limited to his intellectual property.

## CLAIM # 30

282.   **Plaintiff re-alleges and incorporates by reference all of the Paragraphs above:**

Plaintiff has a claim under tort for the negligence of Frontier Airlines, as well as and accomplice under Title 18 U.S.C § 1201, paternal kidnapping, and as an accomplice under California Penal Code 278.5 (a).

283.   Frontier Airlines negligently allowed the minor children to travel with Rawah Algaouni when had attention and diligence been applied considering the last names of the minor children they would have realized she was not authorized to travel with the minor children. Frontier Airlines should have requested a notarized letter from the father (Plaintiff) and having done so would have then avoiding the minor children being kidnapped by Rawah Algaouni and Robert Ardrey.

284.   **As a result of the Defendants' torts and other federal and California Penal Code violations the plaintiff and his son were harmed in following way:**

1  (a) The Plaintiff was denied the affection of his minor children at Christmas

2       time when by Court order the minor children were supposed to be with the

3       Plaintiff.

4  (b) The Plaintiff suffered infliction of emotional distress.

5  (c) The minor children were mentally abused by Robert Ardrey and Rawah

6       Algaouni.

7  (d) The Plaintiff was denied custody of his minor children.

## CLAIM # 31

285.     **Plaintiff re-alleges and incorporates by reference all of the
Paragraphs above:**

Plaintiff has a claim under Title 18 U.S.C § 1961 (4),  Title 18 U.S.C § 1962 (d)
and Title 21 U.S.C § 848 against the Riverside County District Attorney Office,
Paul Zellerbach, Creg Datig, City of Beaumont, Mayor of Beaumont Roger
Berg, City Manager of Beaumont Alan Kapanicas, Riverside Police
Department, Ontario Police Department, Sergeant Timothy Glisson, Elick Toby
Bowler, Thierry Lemaitre, Ahlam Algaouni, Rawah Algaouni, Montaser
Algaouni, Gresham Savage Tilden & Nolan, Bill Essayli, Chief Frank Coe,
Commander Greg Fagan, Sergeant Greg Walter, Sergeant Joshua Galbraith,
Corporal Harris, Mark DuSold, Dr. Maureen Latham, Shawn Mitchell, Mike
Wagner, Belinda Martinez, Kevin Carter, Hon. Jorge Hernandez, Hon Jackson
Lucky, Lisa Morris, Rancho Cucamonga Police Department and Riverside
Police Department.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 139

286.     **As a result of the Defendants' torts and other federal and California Penal Code violations the plaintiff and his son were harmed in following way:**

(a)  The conspirators deprived the Plaintiff of his constitutional and civil rights under the color of law.

(b)  The conspirators denied the Plaintiff equal protection under the law as guaranteed to the Plaintiff and every citizen of the United States of America as set forth under the Fourteenth Amendment.

(c)  The Plaintiff was denied his rights as the father of the minor children.

(d)  The Plaintiff was denied a fair trial in the case of Algaouni v. Walker, Riverside County Family Court, case RID236721.

(e)  The Plaintiff is being maliciously prosecuted and persecuted by the Riverside County District Attorney's Office.

(f) The Plaintiff is being retaliated against by those of the conspirators that are trying to cover-up their crimes.

(g)  The Plaintiff  suffered intentional and wonton infliction of emotional distress.

(h)  Crimes were then put on the Plaintiff in an effort to incarcerate the Plaintiff and silence him.

(i)  The Plaintiff's son was taken out of the country to Mexico and Costa Rica and the Plaintiff had no knowledge of the whereabouts of his minor son.

(j)  The Plaintiff's intellectual property was stolen and the Plaintiff  was being denied dominion of his property with a high monetary and sensitive value.

(k)  The Plaintiff was denied the custody of his son and his affection, as well as by Frontier Airlines having illegally taken my son out of California to Denver where they were mentally abused by Robert Ardrey and Rawah

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 140

1    Algaouni.

2  (l)   Having failed to uphold the law and protect the Plaintiff and his sons the

3        defendants indirectly gave a nod to those that were violating the rights of

4        the Plaintiff, and committing crimes against the Plaintiff so condoning their

5        actions that these persons, Thierry Lemaitre, Rawah Algaouni, Ahlam

6        Algaouni, Montaser Algaouni, Basma Algaouni, and the defendant law

7        enforcement agencies.

8

9  (m)  The younger son, Tariq Walker, lives in fear that nothing will be done to

10       Thierry Lemaitre and Ahlam Algaouni as expressed to the Plaintiff after he

11       gave his kidnapping report to Officer Toisha Wells, Beaumont Police

12       Department.

13

14  (n)  Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam

15       Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will do

16       something to fatally harm the kids and there will be nothing he can do.

17

18  (o)  Plaintiff lives in fear of not being able to repair the relationship with his

19       sons and insure that they given every opportunity to be successful in life.

20

21

22  (p)  Plaintiff  lives in fear of the continued abuse to his younger son who sent a

23       text to him express disillusionment- "My life sucks"

24

25  (q)  Plaintiff lives in fear of having a crime put on him, and or being wrongly

26       accused of a crime that would have him incarcerated.

27

28  (r)   Plaintiff lives in fear of being unable to get a fear trial and equal treatment

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 141

1  of his civil rights and equal protections under the laws of the State of
2  California and the United States of America.

3

4  (s)  Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam
5       Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will
6       continue to ruin the life of younger sons as retaliation against the Plaintiff.

7

8  (t)  Lost of economic gain and livelihood. The Plaintiff lost a job with Merrill
9       Lynch ($ 324,000.00-18,000.00 guaranteed per month for 18 months),
10      Charter Cable (137,000.00) and Waddell & Reed.

11

12  (u)  Lost of investment income and operational profits from Accessone
13       Barbados for over $ 177,000,000.00 USD.

14  (v)  The Plaintiff has been subjected to a constant and perpetual infliction of
15       emotional distress by the defendants since July of 2010.  During this time
16       the Plaintiff loss the liberties and livelihood he created for himself, the
17       affection of his sons and all that he has worked to attain in his livelihood
18       to include but not limited to his intellectual property.

19

20

21  **287.      Plaintiff re-alleges and incorporates by reference all of the**
22  **Paragraphs above:**

23  Plaintiff has a claim under Civil Rights Complaint Pursuant to 42 U.S.C § 1983
24  (non-prisoners), Title 18 U.S.C § 242, Title 18 U.S.C § 241 against Riverside
25  County Family Court employees Belinda Martinez, Kevin Carter and Lisa
26  Morris.

27

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 142

288.     Belinda Martinez sought to deprive the Plaintiff of his rights to file a contempt of court charge against Rawah Algaouni by rejected the contempt filing three times before accepting it for filing after the Plaintiff informed her of his intent to file suit against her for the false rejection denying the Plaintiff his rights under the color of law.

289.     Kevin Carter, the mediator in the Mediation Department recommended sole custody be given to Rawah Algaouni without any consideration of how the minor children would be affected.  It was clear form this and other rulings that Kevin Carter was biased in his recommendation and lacked the fair and balanced recommendation that would have been in the best interest of the minor children.  At trial the Plaintiff will call a witness to attest to the fact that rulings made by Mr. Carter and other males in the department were severely biased and damaged the psyche of the minor children.

290.     **As a result of the Defendants' torts and other federal and California Penal Code violations the plaintiff and his son were harmed in following way:**

(a)   The Plaintiff was illegally deprived of his constitutional rights as a father under the color of law.

(b)   The Plaintiff was alienated from his minor children.

(c)   Intentional infliction of emotional distress.

(d)   The Plaintiff was treated as if he committed domestic violence by Kevin Carter, though he was found not to have done so, as well as having Kevin Carter receive further verification from Dr. McAffee that the allegations of excessive drinking and abuse were unfounded.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 143

1
2              **V. REQUEST FOR RELIEF**
3
4      WHEREFORE, the Plaintiff requests special, punitive and exemplary damages
5   as well as injunctive relief:
6
7   291.      Injunctive relief from Riverside County Family, Criminal and Civil
8   Courts.  The Plaintiff requests that he be granted sole custody of son Tariq
9   Walker.
10
11  292.      An order recusing Hon. Jackson Lucky from the case Algaouni v.
12  Walker Riverside Family Court RID 236-721, and that the case is assigned to
13  another jurisdiction other than Riverside, San Bernardino and Orange Counties
14  for a fair hearing and final division of assets settlement.
15
16  293.      An order disqualifying and recusing Hon. Jorge Hernandez from all
17  cases involving the Plaintiff, in particular case BAM1302202 to be heard on
18  January 21st.
19
20
21  294.      A permanent restraining order against Thierry Lemaitre, Ahlam
22  Algaouni, Mazzin Afghani, Montaser Algaouni and Basma Arabi, restraining
23  them from coming within 100 yards of the Plaintiff and his minor son Tariq
24  Walker.
25
26
27
28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 144

295.     A hearing to determine spousal and child support because there was not a proper hearing for such a determination to be heard in another jurisdiction to insure a fair trial.

296.     The passport belonging to the minor child Tariq Walker  is to be held by the court.

297.     Special damages and an order demanding that Thierry Lemaitre and Ahlam Algaouni pay for the counseling of Tariq Walker and Bilal Walker if Bilal Walker so decides to take this counseling.

298.     Revocation of the order for spousal support for the sum of $ 3,000.00 per month, $ 752.00 per week, and an order to the Riverside Department of Child Support Services to release all claims against the Plaintiff.

299.     Immediate Sole access to the funds with the Tocqueville Fund (Delafield Fund) that was hidden from the court by Rawah Algaouni, and which she failed to disclose at the direction of Elick Toby Bowler.

300.     All records pertaining to the divorce permanently sealed, Riverside County Case number RID236721.

301.     Return of all stolen property in good working order belonging to the Plaintiff, Apple 17' MAC Book Pro, Mont Blanc Pen Collection, all corporate documents belonging to Accessone Barbados, Inc., Crystal, deeds to property in

Barbados and all copies made of any document stored in any form taken form the stolen laptop.

302.    Overturn and complete expunging of all records of case BAM-1101556, California Superior Court Riverside County- Banning, and a copy of this action be sent to the Plaintiff, as well as sent to all credit bureaus .

303.    Special, punitive, exemplary and compensatory damages be awarded to the Plaintiff and his sons as follows:

A.    E. Toby Bowler- $ 5,000,000.00 USD.

B.    City of Beaumont Unified School District and Beaumont High School - $ 2,000,000.00 USD.

C.    City of Beaumont- $ 10,000,000.00

D.    Riverside County District Attorney's Office- $ 5,000,000.00 USD

E.    City of Riverside Police Department- $ 2,000,000.00 USD.

F.    City of Ontario Police Department- $ 2,000,000.00 USD

G.    City of Rancho Cucamonga Police Department- $ 2,000,000.00 USD

H.    Paul Zellerbach (Private Capacity)- $ 5,000,000.00 USD

I.   Craig Datig (Private Capacity)- $ 2,000,000.00 USD

J.   Bill Essayli ( Private Capacity)- $ 500,000.00 USD

K.   Dr. Maureen Latham, Shawn Mitchell, Marilyn Saucedo, Mark DuSold and Ken Wagner in their private capacities each ordered to pay  damages of- $ 500,000.00.

L.   George Walter-  $ 500,000.00

M.   Thomas D'Alessandro- $ 200,000.00

N.   Joshua Galbraith- $ 1,000,000.00

O.   Frank Coe- $ 800,000.00

P.   Gregory Fagan- $ 800,000.00

Q.   Jeremy Harris- $ 500,000.00

R.   Roger Berg-  $ 2,000,000.00

S.   Alan Kapanicas- $ 2,000,000.00

T.   Sergeant Timothy Glisson (Ontario Police Department) in his private capacity be ordered to pay damages of- $ 500,000.00 USD

1

2    U.      Gresham Savage Tilden & Nolan- $ 2,000,000.00

3

4    V.      Thierry Lemaitre & Ahlam Algaouni- $ 2,000,000.00

5

6    W.      Montaser Algaouni - $ 800,000.00

7

8    X.      Basma (Algaouni) Arabi- $ 500,000.00

9

10   Y.      Rawah Algaouni- $ 5,000,000.00

11

12   Z.      Z-Tech Advance Technologies- $ 3,000,000.00

13

14   AA.     Mazzin Afghani-  $ 1,000,000.00

15

16   BB.     MTA Gallery- $  500,000.00

17

18   CC.     Mediterranean Café- $ 500,000.00

19

20

21   DD.     Robert Ardrey- $ 3,000,000.00

22

23   EE.     Christopher Plumbing- $ 2,000,000.00

24

25   FF.     Susan Bjork- $ 500,000.00

26

27   GG.     Frontier Airlines- $ 3,000,000.00

28

HH.       Aero Mexico Airlines- $ 5,000,000.00

II.       Solar City- $ 800,000.00

304.      ** Half of all proceeds from items-303 above be used to set up a foundation (The Bilal & Tariq Walker Riverside and San Bernardino Legal Aid Foundation) to award funds for counseling for children and parents in divorce proceedings, as well as to provide paid legal services and representation for families in the Riverside and San Bernardino counties by attorneys approved by the foundation.

305.      The Plaintiff and his sons will seek to be relocated and try as best as possible to rebuild their lives that has been destroyed by the conspiracy by the Defendants to deny them equal protection under the laws, violation of their constitutional and federal statutory rights, the deep and highly stressful infliction of emotional distress, the defamation of character and financial ruin and other financial loss and the failure to prosecute persons who have committed crimes against them under the color of law. The deliberate and intentional criminally damaging actions by those in law enforcement, charged with upholding the law, but instead conspiring with others in the attempt to cover-up the criminal activities of others while conducting malicious prosecution and persecution of the Plaintiff at every turn.

306.     The Plaintiff will show that the defendants Aero Mexico and Frontier Airlines engaged in an unlawful practice of violations of federal and state laws being an accomplice to parental kidnapping and international parental kidnapping.  Investigators will be called to show the incessant problems encountered with international parental kidnapping, and the devastating affect it has on the lives of the children and parents this crime is carried out on.

307.     Using persons known to have committed crimes against the State of California and violations of federal statutes who are lacking the required credibility and truthfulness upon which to rely on to intentionally and wrongfully incarcerate the Plaintiff.

Executed on _DEC 17TH, 2013_ , in _COLORADO SPRINGS, CO_

By: _____

       _KEITH WALKER_____

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☑ )

KEITH J. WALKER

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

RIVERSIDE COUNTY FAMILY COURT
RIVERSIDE COUNTY CRIMINAL COURT, RIVERSIDE COUNTY DA
RIVERSIDE COUNTY CIVIL COURT (SEE ATTACHED SHEET)

**(b)** County of Residence of First Listed Plaintiff  SAN BERNARDINO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  RIVERSIDE
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

KEITH J. WALKER
2500 E IMPERIAL HWY, STE. 201 - #180
BREA, CA 92821
TELE - 202-683-0886

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☑ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☑ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☑ 3 | Foreign Nation | ☐ 6 | ☑ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ 76,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

CIVIL RIGHTS COMPLAINT PURSUANT TO TITLE 42 U.S.C 1983, 18 USC 242, 4, 241, 1201, 1204, 249, 1621, 1622, 1623
2701, 2261A, 1038, AND 875, AS WELL AS COMPLAINTS UNDER TORT LAW.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☑ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☑ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ- enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☑ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com- modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☑ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☑ 360 Other Personal Injury | ☑ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities- Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:   EDCV-13-1992 AG (VBK)

CV-71 (11/13)   CIVIL COVER SHEET   Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☑ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?**  Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**  Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes  ☑ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |

**C.1.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right.  ➡

**C.2.  Is either of the following true?  If so, check the one that applies:**

☑ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below.  ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☑ NO   ☐ YES

     If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?   ☑ NO   ☐ YES

     If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

                   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

                   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

                   ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X.  SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _Keith J. Walker_   DATE: _DEC 17TH, 2013_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |