UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

KEITH J. WALKER,

              Plaintiff,

    v.

RIVERSIDE COUNTY FAMILY COURT, et al.,

              Defendants.

No. ED CV 13-01992-AG (VBK)

ORDER RE DISMISSAL WITH LEAVE TO AMEND

**INTRODUCTION**

On December 3, 2013, Keith J. Walker (hereinafter referred to as "Plaintiff")[1] filed a "(1) Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (non-prisoners) Complaint for Damages: (2) Intentional Infliction of Emotional Distress; (3) Oppression; (4) Breach of Trust by an Officer; (5) Neglect of Official Duty; (6) Subornation of Perjury; (7) Obstruction of Justice; (8) Compounding Crime; (9) Misprison of Felony; (10) Extortion; (11) Negligence; (12) Conspiracy; (13) Injunctive Relief from Riverside County Family Court; (14)

---

[1]     Plaintiff also lists Tariq A. Walker, his son, as a Plaintiff; however, Tariq A. Walker did not sign the Complaint or submit a request to proceed in forma pauperis. Additionally, Plaintiff cannot represent other plaintiffs.

1   Injunctive Relief from Riverside County Civil Court."

2      Plaintiff names as Defendants Paul Zellerbach (Riverside County
3   District Attorney); Craig Datig (Riverside County District Attorney);
4   Honorable Jackson Lucky (Riverside County Family Court Judge);
5   Commissioner Pamela Thatcher (Riverside County Civil Court); Elick
6   Toby Bowler (private attorney); Frank Coe (Beaumont Police Department
7   Chief of Police); Greg Fagan (Beaumont Police Department Commander);
8   George Walter (Beaumont Police Department Sergeant); Officer Thomas
9   D'Allessandro (Beaumont Police Department); Maureen Latham
10  (Superintendent Beaumont Unified School District); Shawn Mitchell
11  (Director of Student Services, Beaumont Unified School District);
12  Marilyn Saucedo (Principal, Beaumont High School); Mark Dusold
13  (Director of Athletic Program); Belinda Martinez (Clerk of Riverside
14  County Superior Court); Lisa Morris (Family Court Mediator
15  Supervisor); Kevin Carter (Family Court Mediator); Sgt. Tim Glisson
16  (Ontario Police Department).

17     Plaintiff has been involved in contentious divorce proceedings
18  against his wife, Rawah Algaouni. (Complaint at ¶¶ 2-76.)  Plaintiff
19  alleges that Defendants have violated 18 U.S.C. §§ 241 and 242
20  (Complaint at ¶¶ 85-107) and 18 U.S.C. § 4 (Complaint at ¶¶ 109-116).

21     Plaintiff seeks injunctive relief from the Riverside Family Court
22  awarding him sole custody of his son Tariq Walker and an order
23  recusing Defendant Judge Jackson Lucky from Plaintiff's divorce
24  proceeding, in <u>Algaouni v. Walker</u>, Riverside Family Court Case No.
25  RID236-721; a proper hearing to determine spousal and child support;
26  a permanent restraining order against Thierry Lemaitre, Ahlam
27  Algaouni, Montaser Algaouni, Basma (Algaouni) Arabi, Mazzin Afghani,
28  Susan Bjork and Robert Ardrey for Plaintiff and Tariq Walker;

revocation of the spousal support order; sole access to the Tocqueville Fund; that all records pertaining to the divorce proceedings be permanently sealed in Riverside County Case No. RID236-721; the return of all stolen property; expungement of all records in Riverside County Superior Court Case No. BAM-1101556; compensatory, special and punitive damages; and funds to set up a legal aid foundation. (Complaint at ¶¶ 117-127).

## STANDARD OF REVIEW

A complaint may be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Neitzke v. Williams, 490 U.S. 319, 327 n. 6 (1989) (unanimous decision) (patently insubstantial complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). A challenge to the Court's subject matter jurisdiction can be raised at any time, including sua sponte by the Court. Emrich v. Touche Ross and Co., 846 F.2d 1190, 1194 n. 2. (9th Cir. 1988).

In civil rights cases in which the Plaintiff appears pro se, the pleadings must be construed liberally, so as to afford the Plaintiff the benefit of any doubt as to the potential validity of the claims asserted. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). If, despite such liberal construction, the Court finds that the complaint should be dismissed for failure to state a claim, the Court has the discretion to dismiss the complaint with or without leave to amend. Lopez, 203 F.3d at 1126-30. A pro se

1  litigant should be given leave to amend, unless it is clear that the
2  deficiencies of the complaint cannot be cured by amendment. <u>Lopez</u>,
3  203 F.3d at 1130-31; <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th
4  Cir. 1995); <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621,
5  623 (9th Cir. 1998); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir.
6  1987).

7       The preferred practice of pleading is to state various claims for
8  relief in separate counts. <u>Haynes v. Anderson & Strudwick, Inc.</u>, 508
9  F.Supp. 1303, 1307 n.1 (E.D. VA. 1981). Thus, for example, in a civil
10 rights action, each alleged constitutional deprivation should be pled
11 as a separate claim. <u>Pryor v. Cajda</u>, 662 F.Supp. 1114, 1115 (N.D.
12 Illinois 1987). The purpose of this requirement is to clarify the
13 issues that will be addressed in the ensuing litigation. <u>O'Donnell v.
14 Elgin, J & E Ry. Co.</u>, 338 U.S.  384, 392 (1949); <u>Williamson v.
15 Columbia Gas & Electric Corp.</u>, 186 F.2d 464, 469 (3d Cir. 1950), <u>cert.
16 denied</u>, 341 U.S. 921 (1951). Grouping different claims together
17 results in muddled pleadings, <u>Pryor</u>, 662 F.Supp. at 1114, and places
18 the unnecessary burden on the Court and the defendants to decipher
19 which facts support which claims. <u>Haynes</u>, 508 F.Supp. at 1307 n.1.
20
21    **A.    <u>Federal Rule of Civil Procedure 8(a)</u>**
22      Any complaint filed in this Court must contain (1) "a short and
23 plain statement of the grounds upon which the Court's jurisdiction
24 depends" and (2) "a short and plain statement of the claim" showing
25 that the Plaintiff is entitled to relief. <u>Fed. R. Civ. P., Rule 8(a)</u>.
26 "The Plaintiff must allege with at least some degree of particularity
27 overt acts which defendants engaged in that support the Plaintiff's
28 claim." <u>Jones v. Community Redevelopment Agency</u>, 733 F.2d 646, 649

1  (9th Cir. 1984).

2

3                              **DISCUSSION**

4       For all of the following reasons, the Complaint should be

5  dismissed with leave to amend.

6

7  **A.    Plaintiff Has Failed To State A Claim Against Each Defendant**

8         **Under Section 1983**.

9       42 U.S.C. §1983 provides:

10          "Every person who, under color of any statute,

11      ordinance, regulation, custom, or usage, of any state...

12      subjects, or causes to be subjected, any citizen of the

13      United States or other person within the jurisdiction

14      thereof to the deprivation of any rights, privileges, or

15      immunities secured by the Constitution and laws, shall be

16      liable to the party injured in an action at law, suit in

17      equity, or other proper proceeding for redress."

18

19       In order to state a claim under §1983, Plaintiff must allege

20  that: (1) Defendant was acting under color of state law at the time

21  the complained-of act was committed; and (2) Defendant's conduct

22  deprived Plaintiff of rights, privileges or immunities secured by the

23  Constitution or laws of the United States. Parratt v. Taylor, 451

24  U.S. 527, 535 (1981), overruled on other grounds by Daniels v.

25  Williams, 474 U.S. 327, 330-31 (1986); Jensen v. City of Oxnard, 145

26  F.3d 1078, 1082 (9th Cir.), cert. denied, 119 S.Ct. 540 (1998).

27       Plaintiff also must establish causation, by demonstrating that

28  each Defendant personally was involved in the constitutional

                                    5

1    violation, or that there was a sufficient causal connection between
2    the Defendant's wrongful conduct and the constitutional violation.
3    Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir.
4    1991)(en banc), cert. denied, 502 U.S. 1074 (1992); Hansen v. Black,
5    885 F.2d 642, 646 (9th Cir. 1989).  "The inquiry into causation must
6    be individualized to focus on the duties and responsibilities of each
7    individual defendant whose acts or omissions are alleged to have
8    caused a constitutional deprivation."  Leer v. Murphy 844 F.2d 628,
9    633 (9th Cir. 1988).

10   Liability may be imposed on an individual defendant under §1983
11   only if the plaintiff can show that the defendant proximately caused
12   the deprivations of his federally protected rights of which she
13   complains.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris
14   v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).

15

16   B.   **Plaintiff Has No Authority to Represent Anyone Other than**
17        **Himself**.

18   Pro se litigants have no authority to represent anyone other than
19   themselves.  See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th
20   Cir. 2008)(non-attorney Plaintiff may not attempt to pursue claim on
21   behalf of others in a representative capacity); Johns v. County of San
22   Diego, 114 F.3d 874, 877 (9th Cir. 1997) (parent or guardian cannot
23   bring suit on behalf of a minor child); Cheung v. Youth Orchestra
24   Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2nd Cir. 1990)(A non-
25   attorney parent must be represented by counsel in order to bring an
26   action on behalf of their child).  To the extent Plaintiff seeks to
27   represent his son Tariq A. Walker and bring claims on Tariq's behalf
28   this is improper. (Complaint at p. 1.)

1    **C.    Defendant Riverside County Superior Court Judge Jackson**
2         **Lucky Has Absolute Immunity.**

3         The Supreme Court has conclusively granted absolute immunity to
4    judges from damages liability for acts of a judicial nature. Forrester
5    v. White, 484 U.S. 219, 227-229(1988); see also Stump v. Sparkman, 435
6    U.S. 349, 355-57 (1978); Pierson v. Ray, 386 U.S. 547, 553-55(1967);
7    see also Mireles v. Waco, 502 U.S. 9, 11-13 (1991); Dennis v. Sparks,
8    449 U.S. 24, 27 (1980); Miller v. Davis, 521 F.3d 1142, 1145 (9th Cir.
9    2008). Judicial immunity applies to actions brought under 42 U.S.C.
10   § 1983 for acts committed within the scope of judicial duties, "even
11   when such acts are in excess of their jurisdiction, and are alleged to
12   have been done maliciously or corruptly." Stump, 435 U.S. at 356. "[A]
13   judge will not be deprived of immunity because the action he took was
14   in error, was done maliciously, or was in excess of his authority;
15   rather, he will be subject to liability only when he has acted in the
16   clear absence of all jurisdiction." Id. at 356-37; see also Forrester,
17   484 U.S. at 227 (a judicial act "does not become less judicial by
18   virtue of an allegation of malice or corruption of motive"). In this
19   case, Defendant Judge Lucky is immune from suit for damages because
20   the claims against him are based on acts performed in his capacity as
21   a judge presiding over Plaintiff's divorce and custody proceedings.

22        To the extent that Plaintiff seeks injunctive relief with regard
23   to judicial rulings, the Anti-Injunction Act bars federal courts from
24   enjoining proceedings in state court "except as authorized by Act of
25   Congress or where necessary in aid of its jurisdiction...." 28 U.S.C.
26   § 2283. Moreover, a losing party in a state court proceeding is barred
27   from seeking review of the judgment in a federal district court by
28   claiming that the state court judgment violated the loser's federal

7

constitutional rights which were "inextricably intertwined" in the state court proceedings. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).

**D.    District Attorneys Paul Zellerbach and Craig Datig Have Prosecutorial Immunity.**

A prosecutor is generally immune from civil suits for damages under section 1983. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity applies to activities related to the initiation and presentation of criminal prosecutions and which occur in the course of the prosecutor's advocacy for the state. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). A prosecutor is immune even when the prosecutor's malicious or dishonest action deprived the defendant of his or her liberty. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986).

**E.    Criminal Causes of Action.**

Plaintiff attempts to invoke jurisdiction and pursue claims under 18 U.S.C. §§ 4, 241 and 242. These are federal criminal statutes. These sections may form the basis for a federal criminal prosecution brought by the United States Attorney's office. These sections do not form the basis for a cause of action in a civil lawsuit; thus, these allegations do not state a claim against Defendants.

**F.    Immunity – State Courts.**

A suit against the Superior Court is a suit against the State, and this is barred by the Eleventh Amendment. Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir.

1987).   The Eleventh Amendment prohibits federal jurisdiction over federal and state claims against a state or state agency unless the state or agency consents to the suit.  See, Seminole Tribe of Florida v. Florida, 517 U.S. 44, 53-54 (1996).  Plaintiff's claims against the Riverside County Superior Court are thus barred.

### G.    Plaintiff's Civil Rights Action Appears Barred by the Rooker-Feldman Doctrine.

Plaintiff alleges that Defendants violated his rights and seeks revocation of the Riverside County Superior Court's Order regarding child and spousal support, injunctive relief and expungement of all records in the Riverside County Superior Court Case No. 13 AM-1101556.

Federal District Courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 221 (9th Cir. 1994).  This rule arises from the juxtaposition of two statutes: 28 U.S.C. §1331, giving District Courts original jurisdiction over civil actions arising under federal law, and 28 U.S.C. §1257, giving the United States Supreme Court the right to review final judgments rendered by the highest court of a state.  Dubinka, 23 F.3d at 221. The rule applies even when the challenge to the state court's decision is based on alleged deprivations of federally protected rights.  Allah v. Superior Court of State of Cal., Los Angeles County, 871 F.2d 887, 891 (9th Cir. 1989).

A federal Plaintiff may not avoid the Rooker-Feldman bar by styling an attack on a state court's ruling as a civil rights action.

1 | Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995), cert. denied, 516
2 | U.S. 1009 (1995).  In determining whether a civil rights action is
3 | such an attack, the Court must determine whether the federal
4 | Plaintiff's claims are "inextricably intertwined" with the state
5 | court's ruling.  District of Columbia Court of Appeals v. Feldman 460
6 | U.S. 462, 482 n. 16 (1983).  A federal claim is inextricably
7 | intertwined with the state court's ruling when a district court must
8 | scrutinize the state court's application of the law.  Dubinka, 23 F.3d
9 | at 222.  Put another way, a "federal claim is inextricably intertwined
10 | with the state court judgment if the federal claim succeeds only to
11 | the extent that the state court wrongly decided the issues before it."
12 | Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J.,
13 | concurring.)

### H.  **Plaintiff Has Failed to State a Claim under 42 U.S.C. §1985(3).**

17 | Section 1985 proscribes against conspiracies to interfere with
18 | certain civil rights.  Karim-Panahi v. Los Angeles Police Department,
19 | 839 F.2d 621, 626 (9th Cir. 1988).  The elements of a claim under
20 | Section 1985(3) are: (1) a conspiracy; (2) for the purpose of
21 | depriving, either directly or indirectly, any person or class of
22 | persons of the equal protection of the law, or of equal privileges and
23 | immunities under the law; (3) an act in furtherance of this
24 | conspiracy; (4) whereby a person is either injured in his person or
25 | property or deprived of any right or privilege of a citizen of the
26 | United States.  Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir.
27 | 1980); Sever v. Alaska Pulp Corporation, 978 F.2d 1529, 1536 (9th Cir.
28 | 1992).  The deprivation of rights must motivated by a racial, or

otherwise class-based, discriminatory animus. Id. A mere allegation of conspiracy without factual specificity is insufficient. Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir. 1984).

To state a claim for conspiracy, Plaintiff must allege specific facts showing two or more persons intended to accomplish an unlawful objective of causing Plaintiff harm and took some concerted action in furtherance thereof. Gilbrook v. City of Westminster, 177 F.3d 839 (9th Cir. 1999); Burns v. County of King, 883 F.2d 819, 822 (9th Cir. 1989)(conclusory allegations of conspiracy insufficient to state a valid § 1983 claim); see also Margolis v. Ryan, 140 F.3d 850, 852 (9th Cir. 1998)(to state a claim for conspiracy under § 1983, Plaintiff must allege facts showing agreement of the alleged conspirators to deprive him of his rights. A conspiracy allegation, even if established, does not give rise to a liability under § 1983 unless there is a deprivation of civil rights.).

A valid claim for conspiracy between private parties and the government to violate constitutional rights requires an agreement or "meeting of the minds." Adickes v. S.H. Kress and Co., 398 U.S. 144, 158 (1970). Further, the acts of the private parties must be "sufficiently intertwined" with a violating government actor amounting to more than "near acquiescence." Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983).

Plaintiff's Complaint contains conclusory allegations but no specific facts to support a claim of conspiracy. Thus, Plaintiff's §1985 claims against Defendants should be dismissed.

## CONCLUSION AND ORDER

In an abundance of caution, Plaintiff will be afforded an

1   opportunity to amend her Complaint to attempt to overcome the defects

2   discussed above. Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiff's

3   Complaint is dismissed with leave to amend; (2) the Court Clerk is

4   directed to send Plaintiff a civil rights form utilized by the Central

5   District of California; and (3) Plaintiff is granted 30 days from the

6   date of this Order within which to file a "First Amended Complaint."

7   The First Amended Complaint must be complete within itself and shall

8   not incorporate by reference any new portion of the original Complaint

9   or Amended Complaint. Plaintiff may not add new parties without leave

10  of the Court. Failure to comply with the requirements set forth in

11  this Order may result in a recommendation that this action be

12  dismissed with prejudice.

14  DATED: December 9, 2013                    /s/
                                        VICTOR B. KENTON
15                                      UNITED STATES MAGISTRATE JUDGE