KEITH J. WALKER
2500 E. IMPERIAL HWY
SUITE 201- #180
BREA, CALIFORNIA 92821
(951) 227-2839
DEFENDANT IN PRO PER

FILED
2014 MAR -7 PM 2:32
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## SECOND AMENDED COMPLAINT

| | |
|---|---|
| KEITH J. WALKER, an individual<br>**Plaintiff**,<br>Vs.<br>PAUL ZELLERBACH, an individual<br>CREG DATIG, an individual<br>CITY OF BEAUMONT<br>ROGER BERG, an individual<br>ALAN KAPANICAS, an individual<br>GERSHAM SAVAGE TILDEN &<br>NOLAN, a corporation<br>BEAUMONT POLICE DEPT.<br>JOSHUA GALBRAITH, an individual<br>GEORGE WALTER, an individual<br>FRANK COE, an individual<br>GREGORY FAGAN, an individual<br>JEREMY HARRIS, an individual<br>MARK KEYSER, an individual<br>BEAUMONT UNIFIED SCHOOL<br>DISTRICT<br>DR. MAUREEN LATHAM, an individual<br>MARK DuSOLD, an individual | Case No. EDCV13-1992AG (VBK)<br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>4.8.2014<br>10 Am<br>Court Room 590 |

| | |
|---|---|
| MIKE WAGNER, an individual | ) |
| MARILYN SAUCEDO, an individual | ) |
| SHAWN MITCHELL, and individual | ) |
| BEAUMONT HIGH SCHOOL | ) |
| ONTARIO POLICE DEPARTMENT | ) |
| TIMOTHY GLISSON, an individual | ) |
| RIVERSIDE POLICE DEPARTMENT | ) |
| RANCHO CUCAMONGA POLICE DEPARTMENT | ) |
| ELICK. TOBY BOWLER, an individual | ) |
| RAWAH ALGAOUNI, an individual | ) |
| AHLAM ALGAOUNI, an individual | ) |
| BASMA ARABI, an individual | ) |
| MONTASER ALGAOUNI, an individual | ) |
| THIERRY LEMAITRE, an individual | ) |
| Z-TECH ADVANCE TECHNOLOGIES, a corporation | ) |
| MAZZIN AFGHANI, an individual | ) |
| MTA GALLERY, a corporation | ) |
| MEDDITERENIAN CAFÉ, a corporation | ) |
| ROBERT ARDREY, an individual | ) |
| CHRISTOPHER PLUMBING, a corporation | ) |
| SUSAN BJORK, an individual | ) |
| FRONTIER AIRLINES, a corporation | ) |
| AERO MEXICO, a corporation | ) |
| SOLAR CITY, a corporation | ) |
| BILL ESSAYLI, an individual | ) |
| | ) |
| Defendants | ) |

The Plaintiff Keith J. Walker respectfully moves for leave of the court to file a Second Amended Complaint instanter. In support of this motion the Plaintiff states the following:

1. The Plaintiff filed the original complaint ("complaint") on December 3rd, 2013, in the United States District Court Central District of California.

2. Over the Christmas Holiday the Plaintiff realized the originally filed complaint was the incorrect complaint filed with the court, and had to re-create the correct complaint because the original complaint could not be found due to the malicious intrusion of the Plaintiff's computer files by the defendant Thierry Lemaitre who destroyed the original file.

3. The Hon. Judge Victor Kenton issued an "Order RE DISMISSAL WITH LEAVE TO AMEND" on December 9th, 2013, which the Plaintiff did not receive until after January 17th, 2014, due to the Plaintiff's personal security arrangements. When the Plaintiff filed a "First Amended Complaint" he was both unaware of the need to file a motion requesting leave to file an amended complaint, as well as the corrections to be made.

4. What the Plaintiff believed to be the corrected complaint was then filed on January 17th, 2014 at 4:44 P.M in the United States District Court Central District of California, without the proper leave of the court due to the Plaintiff's being unaware of the need to file this

motion requesting leave of the court to file and amended complaint. The Plaintiff was not in possession of the last returned filed complaint, which was filed on January 17th, 2014, outlining the required need to file a motion for Leave to File Amended Complaint.

5. In the amended complaint the Plaintiff has made the corrections called for in the complaint.

6. Attached hereto is the Plaintiff's "Second Amended Complaint, which provides additional factual details and claims against all defendants some of whom were not listed in the originally filed incorrect complaint due to the error of the Plaintiff.

7. The Second Amended complaint clearly lays out the denial of due process, deprivation of constitutional rights under the color of law, the motive behind the actions of the defendants, various torts committed against the Plaintiff and the willful deliberate wrongs endured by the Plaintiff to date.

8. The absolute judicial immunity, or at least the analogy to it, is generally extended to public prosecutors acting within the scope of prosecutorial duties as an advocate. This is the common law rule and also the rule in civil rights actions brought under Title 42 U.S.C 1983. The absolute immunity, which protects even the malicious prosecutor, is not much in issue, but the scope or application is. For instance, the absolute immunity protects decisions to prosecute and

Methods of prosecution, but it does not protect the prosecutor acting in the role of a complaining witness or the role of police officers in acquiring evidence. In such cases, the prosecutor denied the absolute immunity nevertheless receives protection of a qualified immunity, but that immunity is destroyed if the conduct violates clearly established statutory or constitutional rights of which reasonable person would have known. **See Buckley v. Fitzsimmons, 509 U.S. 259, 113 S. Ct. 2606, 125 L Ed.2d 209 (1993). See Kalina v. Fletcher, 522 U.S. 118, 118 S. Ct. 502, 139 L Ed. 2d 471 (1997).**

9. The defendants have been shown to have committed many serious offenses in violation of federal statutes against the Plaintiff, the State of California, United States Government, residents of Fairway Canyon, City of Beaumont, as well as other forty (40) communities where Greenfield Communications operates.

10. Lastly, the actions of the defendants are clearly shown to have the intent to hold onto the stolen laptop obtained int eh commission of a crime, trespassory burglary of the Plaintiff's home office. The defendants have taken such steps as to take dominion of the property of the Plaintiff and have refused to return it. Having knowledge of the Plaintiff's rights under common law to retake dominion of his property, the defendant, Rawah Algaouni's attorney, E. Toby Bowler, managed to call in favors to get wrongful restraining orders against the Plaintiff so as to thwart any attempt by the Plaintiff to do so, because were the to do so he would be violating the restraining

order. The laptop contains information that would be of interest to the United States Government and several of its agencies- Homeland Security, FBI, NSA, Department of Defense and CIA. The information relates to items 247, 1-20, records for a years worth of phone calls belonging to a known drug trafficker that is being extradited to United States District Court Southern region, for various charges, patents for some of the devices listed in items 247, 1-20.

WHEREFORE, Plaintiff, Keith J. Walker, respectfully request that this court grant leave to file the Amended Complaint attached hereto instanter, and award any further relief that this Court deems just and proper allowing the Plaintiff to have his day in Court.

Date: February 5th, 2014

Respectfully Submitted,

By: *[signature]*

Keith J. Walker, In Pro Per