KEITH J. WALKER
2500 E. IMPERIAL HWY
SUITE 201- #180
BREA, CALIFORNIA 92821
(951) 227-2839
DEFENDANT IN PRO PER

FILED
XLDGXDX
CLERK, U.S. DISTRICT COURT

MAR - 7 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## SECOND AMENDED COMPLAINT

| | |
|---|---|
| KEITH J. WALKER, an individual | ) Case No. EDCV13-1992AG (VBK) |
| **Plaintiff,** | ) *2ND Amended* |
| Vs. | ) **1.  Civil Rights Complaint Pursuant** |
| PAUL ZELLERBACH, an individual | )    **to 42 U.S.C § 1983 (non-prisoners)** |
| CREG DATIG, an individual | ) |
| CITY OF BEAUMONT | ) |
| ROGER BERG, an individual | ) **Complaint for Damages:** |
| ALAN KAPANICAS, an individual | ) |
| GERSHAM SAVAGE TILDEN & | ) **2.  Intentional Infliction of** |
| NOLAN, a corporation | )      **Emotional Distress** |
| BEAUMONT POLICE DEPT. | ) **3.  Oppression** |
| JOSHUA GALBRAITH, an individual | ) **4.  Breach of Trust by an Officer** |
| GEORGE WALTER, an individual | ) **5.  Neglect of Official Duty** |
| FRANK COE, an individual | ) **6.  Subornation of Perjury** |
| GREGORY FAGAN, an individual | ) **7.  Obstruction of Justice** |
| JEREMY HARRIS, an individual | ) **8.  Compounding Crime** |
| MARK KEYSER, an individual | ) **9.  Misprison of Felony** |
| BEAUMONT UNIFIED SCHOOL | ) **10. Extortion** |
| DISTRICT | ) **11. Intentional Negligence** |
| DR. MAUREEN LATHAM, an | ) **12. Conspiracy** |
| individual | ) **13. Injunctive Relief From Riverside** |
| MARK DuSOLD, an individual | )      **County Family Court** |
| | ) **14. Injunctive Relief From Riverside** |
| | )      **County Civil Court** |
| | ) **15. Injunctive Relief From Riverside** |
| | )      **County Criminal Court** |

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 1

| | | | |
|---|---|---|---|
| 1 | MIKE WAGNER, an individual | ) | **16. Perjury** |
| 2 | MARILYN SAUCEDO, an individual | ) | **17. Malicious Prosecution** |
| 3 | SHAWN MITCHELL, and individual | ) | **18. False Declaration Before a Court** |
| | BEAUMONT HIGH SCHOOL | ) | **19. Delay, Interference and or** |
| 4 | ONTARIO POLICE DEPARTMENT | ) | **Destruction of mail** |
| 5 | TIMOTHY GLISSON, an individual | ) | **20. International Parental** |
| 6 | RIVERSIDE POLICE | ) | **Kidnapping** |
| | DEPARTMENT | ) | **21. Parental Kidnapping** |
| 7 | RANCHO CUCAMONGA POLICE | ) | **22. Forgery** |
| 8 | DEPARTMENT | ) | **23. Aggravated Identity Theft** |
| | | ) | **24. Invasion of Privacy** |
| 9 | ELICK. TOBY BOWLER, an | ) | **25. Fraud, Manufacture of Evidence** |
| 10 | individual | ) | **with Intent to Incriminate** |
| 11 | RAWAH ALGAOUNI, an individual | ) | **26. Altering of Official State** |
| | AHLAM ALGAOUNI, an individual | ) | **Document** |
| 12 | BASMA ARABI, an individual | ) | **27. Mental Abuse of Minors** |
| 13 | MONTASER ALGAOUNI, an | ) | **28. Giving Drugs to Minor** |
| 14 | individual | ) | **29. Hacking Email, Sending** |
| 15 | THIERRY LEMAITRE, an individual | ) | **Malicious Code with intent to** |
| | Z-TECH ADVANCE | ) | **Fabricate Evidence** |
| 16 | TECHNOLOGIES, a corporation | ) | **30. Stalking** |
| 17 | MAZZIN AFGHANI, an individual | ) | **31. Battery** |
| | MTA GALLERY, a corporation | ) | **32. Theft of Corporate Secrets** |
| 18 | MEDDITERENIAN CAFÉ, a | ) | **Property and Patents** |
| 19 | corporation | ) | **33. Defamation of Character** |
| 20 | ROBERT ARDREY, an individual | ) | **34. Accessory to Felony/ies** |
| 21 | CHRISTOPHER PLUMBING, a | ) | **35. Aiding in the Consummation of a** |
| | corporation | ) | **Crime** |
| 22 | SUSAN BJORK, an individual | ) | **36. Hindering Apprehension or** |
| 23 | FRONTIER AIRLINES, a corporation | ) | **Prosecution** |
| 24 | AERO MEXICO, a corporation | ) | **37. Malicious Use of Process** |
| | | ) | **38. Vicarious Liability** |
| 25 | SOLAR CITY, a corporation | ) | **39. Respondeat Superior Liability** |
| 26 | BILL ESSAYLI, an individual | ) | |
| 27 | | ) | |
| 28 | Defendants | ) | **Jury Trial Demanded:** |

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 2

# I.  JURISDICTION

1.      This court has jurisdiction under 28 U.S.C § 1331 and 28 U.S.C. § 1343.  Federal question jurisdiction arises pursuant to 42 U.S.C § 1983, 18 U.S.C § 4, 18 U.S.C 1201, 1204, 1621, 1622, 1703, 1832, 1832, 1028 (a), 2261A, 1204, 1962, 1964 (a) and (c), 2701, and Equal Protection of the laws as set forth under the Fourth, Eight and Fourteenth Amendment of the Constitution and Bill of Rights of The United States of America.

# II. PARTIES

2.      **Plaintiff** Keith J. Walker resides at: 2500 E. Imperial Hwy, Suite 201-# 180, Brea, California 92821 (**Under protection of family relatives and military friends**), hereinafter "Plaintiff".

3.      **Defendant** Paul Zellerbach works at Riverside County District Attorney Office.  The Defendant's title or position is "District Attorney".  This defendant is sued in his individual capacity.  This defendant was acting under color of law because he is responsible for prosecution of all felonies against the citizens and residents of Riverside County, and took the oath of office as District Attorney for Riverside County.  DA Paul Zellerbach made decisions that violated federal and the state of California laws over a period of three years, as well as violating the plaintiff's constitutional and civil rights.

4.      **Defendant** Frank Coe works at Beaumont Police Department.  The Defendant's title or position is "Police Chief".  This defendant is sued in his individual and official capacities.  This Defendant was acting

under the color of law because he is the Chief Police Officer in charge of the Beaumont Police Department during the time of the violations of federal and the state of California laws against the plaintiff, and the plaintiff's constitutional and civil rights.

8. **Defendant** Greg Fagan works at the Beaumont Police Department. The defendant's title or position is "Commander". This defendant is sued in his individual and official capacities. This defendant was acting under the color of law because he is the commander with the Beaumont Police Department during the time of the violations of federal and the State of California laws as well as the constitutional and civil rights of the plaintiffs.

9. **Defendant** George Walter works at the Beaumont Police Department. The defendant's title or position is "Sergeant". This Defendant is sued in his individual and official capacities. This defendant was acting under the color of law because he is the sergeant with the Beaumont Police  Department who gave orders and took actions that led to violations of federal and the State of California laws, as well as the rights of the plaintiff.

10. **Defendant** Joshua Galbraith works at the Beaumont Police Department. The Defendant's title or position is "Sergeant". This defendant is sued in his individual and official capacities. This defendant was acting under the color of law because he is the police officer with the Beaumont Police whose actions led to the violations of

1    federal and the State of California laws, as well as the rights of the

2    plaintiff.

3

4    11.   **Defendant** Maureen Latham works at the Beaumont Unified School

5          District. The defendant's title or position is "Superintendent". This

6          defendant is sued in her individual and official capacities. This

7          defendant was acting under the color of law in her official and private

8          capacities as Superintendent when she violated federal and state of

9          California laws, as well as the rights of the plaintiff and his sons, Bilal

10         and Tariq Walker.

11

12   12.   **Defendant** Shawn Mitchell works at the Beaumont Unified School

13         District. The defendant's title or position is "Director of Student

14         Services". This defendant is sued in his private and official capacities.

15         This defendant was acting under the color of law in his official and

16         private capacities when he violated federal laws and the state of

17         California laws, as well as the rights of the plaintiff and his sons, Bilal

18         and Tariq Walker.

19

20

21   13.   **Defendant** Marilyn Saucedo works at the Beaumont High School. The

22         defendant's title is "Principal". This defendant is sued in her private

23         and official capacities. This defendant was acting under the color of

24         law in her official and private capacities as principal of Beaumont High

25         School when she violated federal and the state of California laws, as

26         well as the rights of the plaintiff and his sons, Bilal and Tariq Walker.

27

28

14. **Defendant** Mark Dusold works at the Beaumont High School. The defendant's title or position is "Director of Athletic Department". This defendant is sued in his private and official capacities. This defendant was acting under the color of law in his official and private capacities when he violated federal and the state of California laws, as well as the rights of the plaintiff and his sons, Bilal and Tariq Walker.

15. **Defendant** Belinda Martinez works at the California Superior Court Riverside County Family Court. The defendant's title or position is "Clerk of the Court". This defendant is sued in her private capacity. This defendant was acting under the color of law in her private capacities when she violated federal and state of California laws, as well as the rights of the plaintiff and his sons, Bilal and Tariq Walker.

16. **Defendant** Kevin Carter works at the California Superior Court Riverside County Family Court. The defendant's title or position is " Family Court mediator". This defendant is sued in his private capacity. This defendant was acting under the color of law in his official and private capacities when he violated federal and state of California laws, as well as the rights of the plaintiff and his sons, Bilal and Tariq Walker.

17. **Defendant** Timothy Glisson works at the Ontario Police Department. This defendant is sued in his private and official capacities. The defendant's title or position is "Sergeant". This defendant was acting

under the color of law in his official and private capacities when he violated federal and state of California laws, as well as the rights of the plaintiff and his sons, Bilal and Tariq Walker.

18.   **Defendant** Roger Berg works at the City of Beaumont.  The Defendant's title or position is "Mayor".  This defendant is sued in his individual (Private) and official capacities.  This defendant was acting under color of law because he is responsible for the City of Beaumont Police Department, and took the oath of office as Mayor of the City of Beaumont.  Mayor Berg made decisions that violated federal and the State of California laws, as well as violating the Plaintiffs' civil and constitutional rights.

19.   **Defendant** Alan C. Kapanicas works at the City of Beaumont in Beaumont California. The Defendant's title or position is "City Manager".  This Defendant is sued in his individual and official capacities.  This Defendant was acting under the color of law because he is responsible for operations of all of the City of Beaumont, and took the oath of office as City Manager of the City of Beaumont.  City Manager Kapanicas made decisions that violated federal and State of California laws and statutes that violated the Plaintiffs civil and constitutional rights.

20.   **Defendant**  Gresham Savage Nolan & Tilden in the City of Riverside. The Defendant's title or position is "Law Firm".  This defendant is sued in its individual and official capacities.  This defendant was acting under

the color of law because he is an officer of the Court and is registered in the State of California. The Defendant made decisions that violated the federal statutes and the state of California laws against the Plaintiffs.

21.  **Defendant**  Robert Ardrey works at the Christopher Plumbing, Littleton, Colorado.  The defendant's title or position is "Owner".  This defendant is sued in his individual and official capacities.  This defendant was acting as an officer and employee of the company registered in the State of Colorado.  The Defendant made decisions that violated the federal statutes and the state of California laws against the Plaintiffs.

22.  **Defendant** Christopher Plumbing, Inc., is a business in the City of Littleton, Colorado.  This company is owned by Mr. Christopher Ardrey and is sued in its official capacity. The Defendant and or its agents, made decisions that violated the federal statutes and the state of California laws against the Plaintiffs during this time.

23.  **Defendant** Rawah Algaouni works at Solar City, a California Corporation.  The Defendant's title or position is believed to be that of "Salesperson", and is not verified. This defendant is sued in her individual and official capacities. This Defendant was acting in her official and private capacities during the time of her offenses against the Plaintiffs.   The defendant violated federal statutes and State of California laws against the Plaintiff.

24. **Defendant** Thierry Lemaitre works at Z-Tech Advance Technologies in the City of Ontario. The Defendant's title or position is "Owner". The Defendant is being sued in his private capacity. The Defendant was acting in his official capacity as an employee of the company, and private capacity as an officer and owner of the company during the time of his offenses against the plaintiffs. The Defendant violated federal statues and the State of California laws during this time.

25. **Defendant** Ahlam Algaouni works at Z-Tech Advance Technologies in the City of Ontario. The Defendant's title or position is "Owner". The Defendant is being sued in her private capacity. The Defendant was acting in his official capacity as an employee of the company, and private capacity as an officer and owner of the company during the time of her offenses against the plaintiffs. The Defendant violated federal statues and the State of California laws during this time.

26. **Defendant** Montaser (Victor) Algaouni works at Z-Tech Advance Technologies in the City of Ontario. The Defendant's title or position is "Owner". The Defendant is being sued in his private capacity. The Defendant was acting in his official capacity as an employee of the company, and in his private capacity as an officer and owner of the company during the time of his offenses against the plaintiffs. The Defendant violated federal statues and the State of California laws during this time.

27. **Defendant** Z-Tech Advance Technologies, Inc. is a California registered

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 9

company owned jointly by Thierry Lemaitre, Ahlam Algaouni and Montaser Algaouni. The Defendant (company- Z-Tech Advance Company) has its place of business in Ontario, California. The Defendant is being sued in its official capacity. The owners and agents of the company and its officers violated federal statutes and the State of California laws against the Plaintiff during the time of the offenses.

28. **Defendant** Corporal Harris works at the Beaumont Police Department. The Defendant's title or position is "Officer". This defendant is sued in his individual and official capacities. This defendant was acting under the color of law because he is the police officer with the Beaumont Police whose actions led to the violations of federal and the State of California laws against the Plaintiff.

29. **Defendant** Mazzin Afghani works at MTA Gallery and Mediterranean Café located in the City of Carlsbad, California. The defendant's title is "Manager and Owner". This defendant is sued in his private and official capacities. This defendant was both an employee, owner and officer of both companies when he acted in a manner that violated federal and State of California laws committing offenses against the Plaintiffs and his son Bilal Walker.

30. **Defendant** Aero Mexico is a corporation headquartered in Mexico City, Mexico, with passenger air carrier operations out of Houston, Texas, and several cities in the United States including California. The Defendant is being sued because employee/s and or agents of the airline acted

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 10

vicariously in violating federal statutes and State of California laws committing tortious offenses against the Plaintiff and his son during this time.

31. **Defendant** Frontier Airlines is a Delaware corporation headquartered in Denver, Colorado with operations in several states including the State of California. The Defendant is being sued because employee/s and or agents of the airline acted vicariously in violating federal statutes and State of California laws committing tortious offenses against the Plaintiff and his sons during this time.

32. **Defendant** Susan Bjork is an individual living in the City of Beaumont California. The Defendant a retired employee of the city of Los Angeles, California. The Defendant is being sued in her private capacity for violations of federal statutes and State of California laws committed against the Plaintiff.

34. **Defendant** Solar City is a Delaware registered corporation headquartered in Sam Mateo, California. The Defendant is being sued in its official capacity because an employee/s or agent of the Defendant committed offenses that are in violation of federal statutes and State of California laws against the Plaintiff during this time.

35. **Defendant** Mark Keyser works at the Beaumont Police Department, in Beaumont, California. The defendant's title or position is "Sergeant". This Defendant is sued in his individual and official capacities. This

defendant was acting under the color of law because he is the sergeant with the Beaumont Police Department who gave orders and took actions that led to violations of federal and the State of California laws, as well as the rights of the plaintiff.

## III. STATEMENT OF FACTS

36.     On or about some time 2007 or 2008 the Plaintiff was asked to render an opinion on a requested long-term contract between Greenfield Communications and Fairway Canyon Association (Residential Community Association) located in the City of Beaumont. The Plaintiff's expertise in the telecommunications and technology industry was confirmed and common knowledge by the board members of the Fairway Canyon Association and residents of the community. The Plaintiff was unaware that his recommendation to the board and the ensuing issues related to the contract that was being sought by the board members that represented the at that time the Plaintiff advised the board members and the residents not to enter into the agreement being sought by Greenfield.

37.     Apparently this technical and business advise was followed and as a result apparently disrupted and broke up the illegal action by the perpetrators of a bribery and kickback scheme, as well as insured that the Fairway Canyon Association and its residents were not held to indirectly participate in any illegal activity that would have allowed the perpetrators to benefit financially. As a result of this it was clear that the board members then representing the developer and other parties with a financial interest in seeing the signature to

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 12

the agreement that would have insure the annual revenues of over

$ 13,000,000.00 USD were angry and sought revenge of the Plaintiff.  It was

not until late November 2013 that the Plaintiff learned of affects of his actions

some years prior, and those that were involved to include the fact that the law

firm for the City of Beaumont at the time was also the law firm representing

Thierry Lemaitre in the matter Lemaitre et al v. Walker (EDCV-13-00118).

The manner in which the Plaintiff learned of these events and the revelations

of the parties and the conspiracy will be presented before the court.  The

beneficiaries of the bribery and kickback were officials of the City of

Beaumont, the Mayor and City Manager.

38.     The Plaintiff's harassment then started with the City Code

Enforcement officer visiting his home to tell him he could not have the safety

lights outside of his home.  The Plaintiff challenged the Code Enforcer and

when as far as to visit the City where he spoke with an assistant to the Mayor

and presented his case.  The Plaintiff's position later led to a community-wide

installation of safety lights on almost all homes in the community.

39.     In October 2000 the Plaintiff was diligently working on building a

4G wireless company in Barbados with the assistance and direction of Dr.

Hatim Zaghloul, inventor and patent holder of Wi-Fi, CDMA, CDMAONE,

CDMA2000, WCDMA and OFDM (underlying technology in 4G) and several

other patents, while still working full time in the United States.  After many

challenges the company was ready to be launched and that was when Rawah

Algaouni and her family were conspiring to steal the company from the

Plaintiff, but saw their plans foiled due to the signed shareholders' agreement

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 13

that negated any community property claim by the Plaintiff's ex-wife, Rawah Algaouni.

40.     After the Plaintiff returned to Barbados after spending Valentines in California the Plaintiff received a call from Rawah Algaouni telling him that she loved him but was not in love with him.  Upon hearing this and discussing its meaning with his sisters, family and friends.  Those friends that were female advised the Plaintiff that his wife of sixteen years was fooling around and advised him to hire an investigator.  Not long after the Plaintiff hired Wynn & Associates, Steve Wynn, former police officer.  It was while under surveillance by Steve Wynn that the Plaintiff learned that despite the disclaimers by Rawah Algaouni and Tanya Griffin, Rawah Algaouni was working with The Shaping Spaces Group where she was listed as one of its owners and was being paid under the table.

41.     After it was clear that a divorce was imminent Rawah Algaouni was encouraged by her sister in-laws, Rosalind Porter and Millie Walker, whom she was very close with and spoke to on a daily basis, to leave the kids out of it and remain amicable.  Up to this point Millie Walker never told the Plaintiff that his soon to be ex-wife had also committed a transgression while on vacation with her in Antigua where she was missing from bed and was caught having sexual intercourse on the beach with a guest she met at hotel.  Rawah Algaouni attempted to extort money from the Plaintiff, and when the Plaintiff refused to agree to give Rawah Algaouni the requested $ 10,000.00 per month for the rest of her life Rawah became extremely vengeful and became someone the Plaintiff was unfamiliar with.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 14

41.     The Plaintiff then later learned that Rawah Algaouni was and had been unfaithful for quite some time, and in fact had been conspiring with her family, Thierry Lemaitre (brother in-law), Montaser Algaouni (brother), Ahlam Algaouni (sister), Basma Arabi (sister), The Shaping Spaces Group (Tanya Griffin- business partner), Robert Ardrey ( one of the persons with whom she had an adulterous affair) to violate federal laws and those of the State of California.

42.     The Plaintiff learned that Mr. Thierry Lemaitre planted a listening device in the 2009 Audi A-8 purchased by his employer, AccessOne Barbados, Inc., as pieces and excerpts from some conversations found their way into declarations before the family court.  Rawah Algaouni first contributed to the delinquency of the older minor son, Bilal Walker, by having Bilal break into the home office of the Plaintiff owned by AccessOne Barbados, Inc.  Rawah Algaouni, Ahlam Algaouni and Thierry Lemaitre then committed felony trespassory burglary and stole an Apple 17" MAC Book Pro containing patented device information, personal identity information such as bank accounts and private communications, customer telephone records for over thirteen months, and the telephone records belonging a wanted drug trafficker in Barbados that is now awaiting extradition to the.  The parties to this crime gave a copy of the evidence used by the DEA (Barbados) to Ricky Williams, friend of the drug trafficker.

43.     Also stolen from the office was a Mont Blanc pen collection currently valued at $ 60,000.00 USD, a Seiko collector's watch valued

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 15

$ 1,000.00 USD, A WII exercise board, deeds to property in Barbados valued at over $ 500,000.00 USD inherited by the Plaintiff from his great grandmother, the plaintiff's United States Citizen certificate, United States Army official documents, files and documents pertaining to patented devices, AccessOne Corporate secrets and documents.

44.     Earlier in the week of the week starting the Memorial weekend 2010, the Plaintiff dropped the minor son Tariq Walker to school.  Before leaving the house Rawah Algaouni told Tariq she would see him later to which Tariq said, "I do not want to see you".  The Plaintiff told Rawah Algaouni he would be back to speak with her.  Upon returning home Rawah Algaouni was not at home and the Plaintiff figured she went over to the home of Susan Bjork.  The Plaintiff went over to the home and rang the bell as other young children were at the door.  Ms. Bjork or Rawah  refused to come to the door and so the Plaintiff left and returned home.  Shortly thereafter two police officer from the Beaumont Police Department came to his door stating there were there on a domestic violence call.

45.     The Plaintiff allowed them in and showed them around the home and told them what had just occurred.  The officers asked why would Ms. Bjork call making such a claim and the Plaintiff told them he could only surmise that there was some bitterness on the part of Ms. Bjork and that Rawah Algaouni was at her home. The Plaintiff picked up his son from school on the Friday morning before the long weekend after attending a presentation by his son Tariq Walker, a then student at Tournament Hills Elementary School, Beaumont.  When the Plaintiff and his son returned home after spending the

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 16

day together Rawah Algouni threatened the Plaintiff with not being allowed to see the minor children in the future if he ever spent the entire day with the child and not tell her where he was. The Plaintiff submitted this to the Family Court in a declaration. On the way home Rawah Algaouni called the Plaintiff and she spoke with Tariq and during the conversation Tariq told Rawah Algaouni he wanted to spend time with the Plaintiff.

46.      The Saturday morning Rawah Algaouni seeing that the Plaintiff and Tariq were getting ready to spend the day with his uncle, Kyle (Kevin) Thomas. Rawah then huddled with Tariq and tried to dissuade him not to go with the Plaintiff, and upon seeing she was being unsuccessful in persuading Tariq not to go she then started lying to the child and slandering the Plaintiff's name to the child. Rawah Algaouni then flew into such a rage that she attempted to break the video camera of the plaintiff attempting to break the screen. Rawah then called 911 and told the Beaumont police officers that the Plaintiff was attempting to cause her harm so as to get the plaintiff arrested.

47.      The Beaumont Police officers, Greer, Cruz and Stewart came to the home and it was not until the Plaintiff showed them the video of Rawah Algaouni acting in a deranged manner that they left the home. The plaintiff left for Barbados the following Friday morning and while boarding a flight to Barbados via Miami received a call from the Principal informing the Plaintiff that his younger son Tariq was acting out and wanted to speak with him. The Plaintiff reassured his son he was returning and Tariq understood the Plaintiff need to leave and that seemed to have solved he situation for the time. While in Barbados the Plaintiff called the minor son Tariq to check on his welfare

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 17

1   and being informed by Rawah Algaouni that the minor child was at the home

2   of Susan Bjork.  When the Plaintiff called Susan Bjork to speak with his son,

3   Susan Bjork refused to allow the Plaintiff to speak with his son.

4

5   48.      It was upon the Plaintiff's return to his home in Beaumont in the

6   month of June 2010 that he discovered that his office was broken into and the

7   above referenced items were stolen.  When officer Adams interviewed Rawah

8   Algaouni she claimed to have no knowledge of the stolen items or the

9   burglary that had taken place.  It was during a call with the older son Bilal

10  Walker with Jonathan Greenbaum on the other line that it was witnessed that

11  Rawah Algaouni contributed to the delinquency of a minor, the older son,

12  having him break into the office under the guise of fixing the wireless unit

13  housed in the office.  While the minor children were at school Rawah

14  Algaouni and Thierry Lemaitre stole the items mentioned.

15

16

17  49.      The Plaintiff later learned of the premeditated actions of Rawah

18  Algaouni and her family involved conspiring as to how they were going to get

19  the Plaintiff arrested.  This was confirmed was via emails to Defendant

20  Robert Ardrey with whom Rawah had an adulterous affair with on or about

21  December 20th, 2011 and on prior occasions. In the email Rawah Algaouni

22  spoke of telling the police that the Plaintiff threatened her with a gun.  The

23  Plaintiff is on record as asking Brett Beloat to get the gun out of the home.

24  The gun was purchased by the Plaintiff as protection for his family because of

25  crime in the area and his frequent travel.  The only person that knew the

26  location of the gun was Rawah Algaouni.  Upon learning of the interference

27  of Gina Beloat, wife of Brett Beloat, had towards the Plaintiff the Plaintiff

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 18

asked Gina Beloat not to have any contact with his children and she refused to comply and due to the nature of her work as a high school teacher the Plaintiff took the necessary steps.

50.      Rawah Algaouni then resorted to having her friends and their spouses provoke the Plaintiff to fight, but at every instance the Plaintiff walked away.  The Plaintiff had to file a restraining order against Brett Beloat, husband of Gina Beloat,  after he trespassed onto the property of the Plaintiff provoking the Plaintiff to fight.  In front of his younger son, Tariq, Mr. Beloat called the Plaintiff a coward and a "pussy" because the Plaintiff refused to fight saying to the Plaintiff, " I thought you Special Forces and Airborne guys are bad-asses", the Plaintiff responding "Saying, we are, but we are also very disciplined".  Mr. Beloat was ordered by the court to stay away from the minor children Bilal and Tariq.

51.      The Plaintiff had moved out of the home and had stopped by his old home to get a shirt to wear to court and Rawah Algaouni waited until he was in the family car looking for his glasses, and went to the Plaintiff's 2006 Audi A-6 (Gold) car parked on the driveway sloped to the street and started removing items and throwing them into the street.  As the Plaintiff ran back to his car Rawah Algaouni bumped her head on the trunk of the car as she attempted to flee.  Rawah Algaouni then said, " You fucker………….. The Plaintiff immediately called the Beaumont Police station and told the person on the other end what had taken place, and that he would be at the Banning Courthouse if they needed any further report because he had to be present for a restraining hearing against Mr. Beloat.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 19

52.     Upon arrival a the courthouse Susan Bjork and  her 11 year old daughter were harassing the Plaintiff before the Plaintiff asked a deputy that was present to request that she cease and desist the harassment.  While waiting for the case to be heard, Claudia Lewis, a friend of Rawah Algaouni brought the Plaintiff's minor son to the courthouse.  Unknown to the Plaintiff Rawah Algaouni claimed made a report that the Plaintiff hit her on her head and neck with the trunk lid of the car.  Mr. Beloat was ordered to stay away from the minor children the Plaintiff left the courtroom.  As the Plaintiff exited the courtroom Officer Brian Stehli, Beaumont Police Department, asked him to step into one of the rooms to be investigated

53.     After the Plaintiff provided the details as to what took place Officer Stehli informed the Plaintiff that he was being placed under arrest.  The plaintiff then asked the officer if there were any signs of blood, bruising, scratches etc. and the officer responded "no".  Officer Stehli told the Plaintiff he had to arrest him so that Rawah Algaouni would not be able to claim that they did not protect her.  The Plaintiff was remanded into custody and was released on bail later that evening but was not allowed to leave until the following morning where he was released on bond to the custody of a deputy friend of his.

54.     Upon his release the Plaintiff called the Beaumont Police Department and asked that an office meet his to escort him to his home to pick-up his clothing.  The Plaintiff was met by Officer Breida and escorted to the home where he packed and took a shower.  Before leaving the Plaintiff

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 20

heard the officer tell the Beaumont Police dispatch that the Plaintiff was in his presence and they should stand down. The Plaintiff was informed that Claudia Lewis called the Beaumont Police Department and told them that the Plaintiff was standing in her driveway looking into her vehicle and she was afraid of what he was going to do. Apparently, the Beaumont Police Dept. was dispatching officers to her home with the intent of re-arresting the Plaintiff. Realizing that Rawah Algaouni was gaming the system with her perjured statements and false accusations the Plaintiff told Beaumont Police Chief, Frank Coe, to keep the handgun that Mr. Beloat took from Rawah Algaouni and turned into the police station. The Plaintiff made this decision to insure not to give anyone the ability to say that he was armed and dangerous. To this day the Plaintiff has never reclaimed the weapon and it remains in the custody of Beaumont Police Department.

55.    The Plaintiff left the home and went to the home of Carl and Jennifer Stephen in the City of Ontario. The Plaintiff appeared at the Banning courthouse to face the charge of domestic violence (battery). Upon arrival he checked in with the clerk and was informed that the prosecutors did not file any charges citing the lack of credibility of the victim, Rawah Algaouni. Despite being arrested by the Beaumont Police Department, the judicial officer of the Beaumont Police Department also cited the lack of credibility of Rawah Algaouni.

56,    The Plaintiff then appeared for a hearing on domestic violence in the Riverside County Family Court where Hon Jackson Lucky presided. After the trial where the Plaintiff was represented by attorney Byron Thompson, the

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 21

facts of the trial confirmed that Rawah Algaouni was not telling the truth as to what had taken place on the day in question, and that her claim of being afraid of the Plaintiff was not at all true. Hon Judge Jackson Lucky found her in his own words, " Ms. Algaouni I find you to be less than credible".

57.     In early 2010 the Plaintiff became suspicious of Rawah Algaouni and her family's motives and continued criminal behavior. In or around December 8th, 2009, there was a settlement between a bank in Barbados and Accessone Barbados, Inc., the company that the Plaintiff worked for and help start that allowed the company to move forward with its 4G wireless network deployment. The Plaintiff now realizes that as this was taking place Rawah Algaouni and her family started to make their move to attempt to steal the company by having Rawah Algaouni file for divorce from the Plaintiff figuring under a community property state she would be entitled to half of the Plaintiff's ownership. Unfortunately Rawah Algaouni was presented with a signed copy of the shareholders agreement  "Spousal Consent Form-B". This document clearly stated that in event of dissolution of the marriage the company would not be treated as community property. Rawah Algaouni presented the Plaintiff with a demand to pay her $ 10,000.00 per month for the rest of her life and the Plaintiff rejected that

58.     The plaintiff delivered documented evidence to the office of the District Attorney Office confirming that Rawah Algaouni conspired with Thierry Lemaitre, Ahlam Algaouni, Basma (Algaouni) Arabi, Montaser Algaouni, South Milliken Investments and Z-Tech Advance Technologies in defrauding the State of California EDD, Medicare Healthy Families Program,

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 22

laundering money to Lebanon, tax evasion, trafficking in illegal and unregistered handguns and automatic weapons, as well as in trespassory burglary of an Apple 17" MAC Book Pro, Mont Blanc Pen Collection valued at $ 60,000.00, a Seiko Collector's watch and committed kidnapping and violations of California Penal Code 278.5 (a) on two different instances. When the Plaintiff confronted the District attorney's office via mail about their failure to prosecute these persons,  Mr. Zellerbach sent the Plaintiff  a letter claiming that the criminal activities are outside of his jurisdiction, and did not take place in his jurisdiction.

59.      The District Attorney's office also conspired with E. Toby Bowler, attorney for Rawah Algaouni in exchange for favors and other gratuities.  In an attempt to discredit the plaintiff in hopes of gaining  sole custody of the minor sons, Bilal and Tariq Walker in the divorce proceedings with Rawah Algaouni, the plaintiff was wrongly prosecuted for a misdemeanor which he did not commit.  The Beaumont Police confirmed that they sent clear and convincing evidence confirming that Rawah Algaouni committed the felony C.P.C 278.5 (a), and DA Zellerbach rejected it four times for no valid legal reason, but clearly for personal reasons.

60.      In addition to this the DA and his office also refused to file charges against Thierry Lemaitre, Ahlam Algaouni, Montaser Algaouni, Montaser Algaouni for the crimes they committed against my sons and I as a favor to E. Toby Bowler, attorney for Rawah Algaouni.  The wife of the presiding judge in the divorce proceedings, Hon. Jackson Lucky, works for the District Attorney, and the judge himself was a prosecutor in the same office.  Both the

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 23

District Attorney and the presiding Judge along with E. Toby Bowler belong to and are members of the same organization, and have conspired to intentional injure the Plaintiff.

62.      Despite being declared not guilty of the allegations of domestic violence the court the mediator, Kevin Carter recommended that Rawah Algaouni be given  sole custody of the minor children.  The plaintiff had no record of any violence or previous charges and this was a clear violation of law.  The Family Court denied the plaintiff his rights to have joint custody of his children for no legal or other judicial discretion or reasoning.  This decision was much to the detriment of the minor children who had a great relationship with their father including the older son, Bilal Walker, who lived with the Plaintiff overseas for an entire school year.  The court ordered the plaintiff to alcohol and drug assessment because of the perjured statement of Rawah Algaouni.

63.      Rawah Algaouni told the court that the plaintiff drank excessively and was abusive to her and the minor children throughout the marriage. Rawah Algaouni could not get a single person to provide her with an affidavit or corroborate her allegations, whereas the plaintiff provided the court with over twenty affidavits from neighbors and other third parties including the children's pediatrician and dentist to refute her false claims.  Hon. Jackson Lucky had these affidavits stricken from the record.   The assessment from Dr. McAffee, the court appointed counselor for the drug and alcohol abuse, verified that the Plaintiff's liver enzymes were normal.  The Plaintiff passed all subjective clinical and physical test administered by Dr. McAffee in early

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 24

2011. Dr. McAfee's report to the court showed the tests conclusively proved that Rawah Algaouni was not telling the truth about the plaintiff's drinking or alleged abuse. Dr. McAffee and his nurse were surprised to learn that the plaintiff was fifty years old and he looked like 35 years.

63.     Rawah Algaouni and her family alienated the minor children from the plaintiff and his family, and allowed Thierry Lemaitre and Ahlam Algaouni to come to the home where the minor children lived and mentally brain-wash and abuse the older son so much so that the older son complained to the plaintiff of the pain this abuse was causing him and its affect on his school work. Basma Arabi, sister of Rawah Algaouni, was also mentally abusing the younger child, Tariq, who would call the plaintiff allowing the entire incidents to be recorded.

64.     The minor children were not allowed to have any communication with the family of the plaintiff, when in previous times the children would travel to spend summers and other holidays with the family of the plaintiff. Whenever the younger son, Tariq Walker, would ask to see and spend time with the Plaintiff Rawah Algaouni would threaten him with being punished. Rawah disobeyed all court orders and the court never held her accountable, and as a result she continued to do so with impunity. The Family Court never warned Rawah Algaouni that if she is unable to facilitate and nurture the relationship between the Plaintiff and his sons that it stood ready to make an order granting sole physical custody of the minor children to the Plaintiff.

65.     The plaintiff purchased clothing for the minor children for school

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 25

costing over $ 1,500.00 and school supplies for over $ 1,000.00, and Rawah

Algaouni returned the clothing to the store and got store credit and spent the

store credit purchasing items for herself.  The week of the Sandy Hook

shooting the younger son Tariq called the plaintiff telling him that he asked

his mother to purchase a winter coat for him and she refused to do so stating

she did not have any money.  Rawah Algaouni was receiving $ 3,010.80 per

month and refused to buy the kids any clothing or what they needed telling

them that the plaintiff was not providing any financial support.  The older son

Bilal had to be provided a copy of the plaintiff's pay stub showing the money

received where from the period of September 14th, 2012 through December

31st, 2012, Rawah Algaouni received over $ 15,000.00.

66.      The plaintiff was informed that the older son, Bilal, was smoking

marijuana by the swimming coach of Beaumont High School around mid

2011, and then again in March 2012,  to the point where other students who

would be on the high school bus going to and coming from events were

complaining.  Rawah Algaouni and E. Toby Bowler testified in court that they

gave Bilal a drug test and he passed.  Bilal Walker told the plaintiff the

statement made in court on the drug test was not true, no one ever gave him a

drug test.  As a matter of fact the plaintiff later learned that while living in the

same home of his mother, Rawah Algaouni, he obtained a medical marijuana

card that he was convinced to surrender to a close friend of the plaintiff.

When the plaintiff filed an ex-parte hearing before the family court asking that

Rawah Algaouni be ordered to give the minor child a drug test, Hon. Jackson

Lucky, presiding judge, told the plaintiff he did not have the authority to

direct the mother to do so when in truth and fact he had every legal authority

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 26

and judicial discretion to make such orders.

67.     Starting around this same time in early 2011, the minor son Bilal would travel to San Diego where he would visit with the cousin of Rawah Algaouni, Mazzin Afghani.  In an attempt to condone and further enable the illegal use of marijuana and other drugs, Mazzin Afghani an adult and father of three sons, sole proprietor of MTA Gallery, an importer of good from the Far East, and the owner of Mediterranean Café, engaged in giving the minor child Bilal Walker marijuana and other controlled substances much to his detriment.  Rawah Algaouni failed in her duty to the minor child by willfully and recklessly allowing her cousin, Mazzin Afghani, to give  the plaintiff's minor son, Bilal, drugs.

68.     Rawah Algaouni caught the plaintiff's son, Bilal Walker, having sexual   intercourse with a minor on two different occasions and did nothing about it, thereby contributing to the delinquency of a minor now the third time.  The minor's parents are police officers and threatened to kill the plaintiff's son, Bilal Walker..  While living in the home of Rawah Algaouni the minor son used the medical marijuana card to sell marijuana to the other kids in the neighborhood with the knowledge of Rawah Algaouni.  When the Plaintiff returned to California for hearing n December 6th, resident from the neighborhood called the Plaintiff and told him that the older son was in trouble for celling drugs.

68.     Prior to the divorce the older son Bilal Walker received several awards for his academic and athletic performances- Student Athlete (2),

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 27

Southern California CIF DIV-IV 50 & 100-meter swimming champion 2011 & 2012. As a result of these achievements Bilal was being offered a nomination to the United States Naval Academy, a full scholarship to Occidental College and a full scholarship to University of San Diego. Rawah Algaouni refused to allow the minor child to speak with the folks arranging for his nomination, or to meet with Occidental College or the Trustees from San Diego State University. In an effort to register her bitterness and anger these actions were vindictive and intentionally committed to hurt the Plaintiff in such blind rage and anger that Rawah Algaouni could not see she was in fact hurting Bilal Walker's future.

69.       Rawah Algaouni continued a willful and deliberate process of alienating the minor children from the plaintiff by telling Bilal that the plaintiff held a gun to her head and threatened to shoot her if she left him. The Plaintiff spoke with his son and reminded him of past instances that would show that Rawah Algaouni was not telling him the truth and was just seeking to ruin their relationship. When this and other deliberate attempts to slander and libel the Plaintiff did not work, she then told Bilal that the Plaintiff was recorded saying that the plaintiff wants the older son Bilal dead.

70.       On two different occasions Rawah Algaouni committed a felony violation of California Penal Code 278.5- On December 24th, 2011, kidnapping the children and taking them to the Littleton Denver to the home of Robert Ardrey. Mr. Ardrey tortious interference of the marriage also included him being an accomplice to felony C.P.C 278.5 (a), and parental kidnapping of the minor children a federal offense. Mr. Ardrey sent letters on

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 28

the letterhead of Christopher plumbing to the Frontier Airlines and purchased the tickets for both sons, Tariq and Bilal Walker, to travel to Denver denying the Plaintiff the company and affection of his sons during the Christmas Holiday season of December 2011when there was a court order ordering custody of the minor children to the Plaintiff.  Bilal called the Plaintiff early on Christmas morning December 25th, 2011,  crying.  When the minor children were returned to California the younger son Tariq told the plaintiff, "Dad, when we were at Chris's (Robert Ardrey)home, mom was waking up early in the morning around 5:00 A.M and going upstairs by Chris thinking that we did not notice".  The Plaintiff has reasoned this was why Bilal called the Plaintiff crying on the morning of December 25th, 2011.

71.      Again on June 28th, 2013, pursuant to the Riverside County Court Rawah Algaouni committed the second violation of C.P.C. 278.5(a) and International parental kidnapping with Thierry Lemaitre and Ahlam Algaouni as accomplices.  On the morning of June 29th, 2013, while under the employ of Solar City, Rawah Algaouni while on her way to an appointment dropped Tariq Walker off to Thierry Lemaitre and Ahlam Algaouni at LAX airport.  Thierry Lemaitre and Ahlam Algaouni then illegally traveled with Tariq Walker taking him first to Mexico and then on to Costa Rica.  While at LAX airport it was apparent that Thierry Lemaitre and Ahlam Algaouni forged the signature of the Plaintiff and stole his identity when they showed Tariq Walker a letter of some sort signed by the Plaintiff.  This was later confirmed in a report given to the Beaumont Police Department, Beaumont, California.

72.      Rawah Algaouni has left the Plaintiff's younger son at home by

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 29

himself on several occasions in the past. On one occasion in June 2011, the minor child was afraid and called the Plaintiff and the Beaumont Police conducted a safety check. Rawah Algaouni has deliberately interfered with the relationship between the Plaintiff's sons by denying Tariq the ability to use Skype by order of the court to communicate with the Plaintiff. Despite a court order authorizing my son and I to communicate using Skype, Rawah Algaouni disconnected the phone to the home that was provided free of cost so as to cut off all communication with my sons. Rawah Algaouni also uninstalled the Skype software from Tariq's desktop computer purchased by the Plaintiff.

73.     On or about December 4th, 2012, the plaintiff sent the younger son Tariq Walker a birthday card with money hidden in it and Rawah Algaouni withheld the card from the child. Both Tariq and Bilal Walker then had to confront their Rawah Algaouni about the card to force her to turn it over with the money. From the time the plaintiff left the home Tariq Walker was given a piggy bank by the plaintiff in which Tariq saved his money. It was determined that Rawah Algaouni was stealing her son's money and going to Morongo Casino to gamble with her friends.

74.     Despite receiving $ 3,010.80 every month for child and spousal support Rawah Algaouni was refusing to buy the minor children clothes and would tell the younger son Tariq to make sure that the plaintiff takes him shopping. Tariq has a podiatric issue and the plaintiff would provide for the necessary treatment and cost for corrective shoes and inserts. Tariq would have to continually confront his mother, Rawah Algaouni, to get her to buy

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 30

him the much needed inserts and proper shoes which she often time flatly refused to purchase on the grounds that they were too expensive. The plaintiff would insure that Tariq would get his shoes for running track, basketball and regular foot ware.

76.     When the older son, Bilal, was relegated to attending a community college having been denied the opportunities afforded to him to attend the United States Naval Academy and other prestigious academic institutions, Rawah Algaouni sold the Audi Q7 leaving the child with no way to get to school. When Bilal was living at the plaintiff's old apartment in Riverside, his aunt Rosalind Walker would pay a taxi service to drop him to school every morning. In early January the plaintiff purchased a car with the financial assistance of Rosalind Walker and paid for the vehicle until June 20113. Around this time the plaintiff exercised tough love with the older son having had him agree to find a job by February 2013. Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni encouraged in the tortious interference of the financed car the Plaintiff and Rosalind Porter purchased for Bilal Walker. Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni encouraged Bilal to leave at the body shop, Pep Boys Yucaipa.

77.     Rawah Algaouni gave away the weimaraner dog that was purchased for the children as a puppy by Jonathan Greenbaum, long time family friend and their aunt Rosalind Porter. Rawah Algaouni did this despite the fact that the dog saved Tariq from being lured into a vehicle by an unknown person a few feet from the home in Beaumont. On January 6th, 2012, Tariq learned that the dog, a weimaraner called "Duke", later died and

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 31

this upset Tariq very much.  On the same day when the Plaintiff went to pick up Tariq from school as ordered by the court Rawah Algaouni refused to give the minor child his clothing for the weekend, as well as the jersey he needed for a basketball game the following day.

78.     After paying over $ 80,000.00 to attorneys who failed to perform adequately the plaintiff released the attorneys.  The plaintiff represented himself in Family Court and managed to obtain joint legal custody of the minor children.  Rawah Algaouni then conspired with attorney, E. Toby Bowler and perjured themselves in Family Court when they filed for a permanent restraining order.  The Plaintiff provided the court with documented evidence and oral testimony to refute the false claims, despite this the court wrongfully granted Rawah Algaouni sole custody of the minor children.

78.     After this order was granted Rawah Algaouni moved to further interfere with the visitation orders from the court that were still in place.  During the trial on May 31st, 2012, in Family Court, the plaintiff's family and other witnesses that were called to testify on the plaintiff's behalf were barred from appearing telephonically.  This was the second time that witnesses coming to court to give competent and first had testimony on the Plaintiff's behalf were denied.  During hearings held in July and September of 2010, Mildred Walker and Rosalind (Walker) Porter  came to court to give testimony and were both refused the opportunity to give testimony.  In addition to this the plaintiff submitted over twenty affidavits from third

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 32

parties, grandmother, Dawn Thomas, paternal aunts, cousins, teachers, pediatricians, and dentist that the court refused to allow into testimony.

79.    During the hearing in Family Court (Algaouni v. Walker) on May 31st, 2012, the plaintiff submitted a memorandum of points and authorities to state his parental rights under the Fourteenth Amendments to the court citing the Supreme Court cases reaffirming these protected parental rights of parents- Prince v. Massachusetts, Lulay v. Lulay etc.  Hon. Jackson Lucky told the plaintiff, " That Supreme Court Ruling has no standing in my court".

80.    Prior to accepting a job assignment to get out of California for his safety the Plaintiff's older son Bilal came to live in his old apartment before the Plaintiff had to have him move back home.  During this time Rawah Algaouni went to the plaintiff's apartment and stole the Plaintiff's social security card that was sent in the mail.  In addition to this Rawah Algaouni already had stolen the plaintiff's U.S Citizenship certificate and other government documents including his military DD214, and deeds to his property in Barbados.  The Beaumont Police Department was told about this and refused to do anything about the trespassory burglary.

81.    Rawah Algaouni, Thierry Lemaitre, Ahlam Algaouni and Montaser Algaouni sent the plaintiff death threats- a proposal for a cemetery, pictures of a grave plot and a crematory.  Rawah Algaouni et al are of a mentality that would do anything to get even with me for disclosing their criminal activity, even if it meant doing irreparable harm to my sons.  Rawah Algaouni et al also stole a years worth of telephone records on my laptop from AccessOne

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 33

that were given to the DEA in Barbados in an effort to gather evidence on a major drug trafficker that we got to use our services. That drug trafficker is now being processed for extradition to the United States for prosecution.

82.     Plaintiff sought to have a Rawah Algaouni have a psych evaluation and the court denied this, as well as a 739- evaluation. The Mediation department mediator  was found to be racially prejudice and told another parent, a friend of the plaintiff (a mother) to ask for everything and he will recommend that the court makes such orders.  The mother told Mr. Carter she is not seeking to hurt or ruin her sons' relationship with their father and was no interested.

83.     Despite Rawah Algaouni, Thierry Lemaitre and other members of the Algaouni family making death threats against the plaintiff, the plaintiff requested the court not to have Mr. Lemaitre present in the courtroom.  Judge Lucky refused to have Mr. Lemaitre removed from the courtroom even though he has made death threats to the plaintiff.  Mr. Lemaitre later made comments and laughter about the Plaintiff's failed attempts to have him removed from the courtroom.

84.     Prior to the repossession of the car that was purchased for the older son Bilal Walker, the plaintiff told the minor child not to drive the car because it did not have insurance coverage.  Rawah Algaouni was made aware of this and did nothing to stop Bilal from driving the car, and endangered the younger son Tariq by asking Bilal to drive the child various places.  Bilal got into an

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 34

accident with the car causing over $ 3,500.00 in damages.  Despite this Rawah Algaouni was still asking Bilal to pick up Tariq, and even drop him off for visitation.  The plaintiff had to bring this to the attention of the Beaumont police and the court and still nothing was done.  The plaintiff told Bilal that should he ever see Tariq in the car again or see him driving the car he would make a citizen's arrest.

85.     Accounts of all of the aforementioned actions and violations were provided in direct testimony by the plaintiff before the Hon. Judge Jackson Lucky in Family Court, as well as by declaration.  From July 2010 through to present was the period during which the above actions took place.  At trial the plaintiff will introduce the declarations filed with the court to provide more specific dates of events, as well as police incident reports.

87.     After the minor children complained to the plaintiff of the abuse to them at the hands of Thierry Lemaitre and Ahlam Algaouni, the plaintiff filed a restraining order against Thierry Lemaitre and Ahlam Algaouni in Riverside County Civil Court (Keith Walker v. Thierry Lemaitre & Ahlam Algaouni), December 2011.  The matter was before Commissioner Thatcher.  During the trial Thierry Lemaitre used the stolen laptop of the plaintiff to send himself threatening and malicious emails that were then presented in court making it seem as if the Plaintiff sent them.  Commissioner Thatcher.  Despite presenting conclusive evidence against Mr. Lemaitre and Ahlam Algaouni abused the Plaintiff sons, Commissioner Thatcher threatened to have the Plaintiff incarcerated for violating a restraining order erroneously granted to Mr. Lemaitre by Hon. Judge Malloy, California Superior Court Riverside

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 35

County Civil Court.

88.     Instead of granting the restraining order against Mr. Lemaitre to protect the minor children Commissioner Thatcher dismissed the case and told the plaintiff, " The next time you come in my court get yourself an attorney". When Commissioner Thatcher threatened to incarcerate the plaintiff, the plaintiff invoked his constitutional rights and those of his children. Commissioner Thatcher looked up at the Plaintiff in disbelief as the Plaintiff invoked his Constitutional Rights.  Mr. Lemaitre came out of the courthouse pumping his fist in the air and pointing at the plaintiff laughing.

89.     The plaintiff made several reports concerning death threats, theft, and other felonies committed by Rawah Algaouni, Thierry Lemaitre, Ahlam Algaouni and Montaser Algaouni to the Beaumont Police Station and got no assistance to no avail.  The Plaintiff was later introduced to Beaumont Police Chief. Frank Coe,  by his old neighbor, Len Leach.  In hopes of getting justice the Plaintiff sent several emails to Chief Coe who then put the Plaintiff in touch with Commander Fagan, still nothing was done to address the clear violation of the Plaintiff's rights to equal justice, due process and felonies committed against the Plaintiff and his sons by the Beaumont Police Department.

90.     The plaintiff started communicating via email with Commander Fagan around April or thereabout of 2013 bringing his attention to the unaddressed matters.  During this time the Plaintiff asked to be provided with a copy of all of the charges that were filed and or sent to the office of the Riverside County District Attorney's Office.  The plaintiff pointed out to Commander Fagan

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 36

that he was representing himself in a Pro Per manner and needed a copy of the requested documents.  Commander Fagan told the plaintiff he would have to have his attorney request the documents even though the Plaintiff told the Commander that he was representing himself in  Pro Per.

91.     On or about September 15th, 2013, the plaintiff officially requested the same documents and Commander Fagan gave the letter making the official request to Kari Martinez knowing fully well that the documents being requested were not in her custody, but instead in his custody.  It was clear to the Plaintiff and others that Commander Fagan was willfully and deliberatively refusing to comply with the Plaintiff's request, and in so doing obstructing justice.

92.     On or around  July 26th, 2013, Commander Fagan told the plaintiff not to have any contact with the officers that were involved in the various incident reports and investigations.   The Plaintiff believes this request was made after the Plaintiff challenged Sgt. George Walter on his directive to Officer Wells to stop the investigation into the crimes committed against the Plaintiff and his son by Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni on or about June 29th, 2013- Kidnapping, forgery, identity theft and felony 278.5 (a) and accessory to the same respectively.  Commander Fagan told the plaintiff to only deal with him, and despite this he was refusing to provide any information to plaintiff, and refused to issue warrants for the plaintiff's property despite having sufficient evidence and cause. Beaumont PD knew that the stolen property was in the possession of Rawah Algaouni as she confirmed in court under oath before Commissioner LittleJohn in the case

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 37

of Accessone Barbados v. Rawah Algaouni (Banning courthouse).

93.     The plaintiff repeatedly asked Commander Fagan why the Beaumont Police Department did not file any charges against Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni and Montaser Algaouni, and to date the Plaintiff has not been provided a response.  There was one prior occasion on or about early August 2013, when the plaintiff met with Commander Fagan at the Beaumont Police Department was told that the department submitted the charge of the 278.5 (a) for the December 25th, 2011 incident four times to the Riverside County District Attorney Office, December 27th, 2011, February 2012, October 12th, 2012 and October 30th, 2012.  During the conversation with Sgt. George Walter the Plaintiff determined what was deliberately done previously in an effort to obstruct justice so that the case would not be prosecuted.  The Plaintiff determined that the Beaumont PD filed the changes under the wrong California Penal Code so that the District Attorney's Office would thereby be able to claim that the evidence submitted, though thorough and conclusive for the charge of 278.5 (a), was deficient when applied to the incorrect penal code for prosecution.

94.     On August 3rd, 2013 the minor child provided a report that was taken by Beaumont Police Department that was taken by Officer Wells in the presence of the Plaintiff.  When the Plaintiff and his son Tariq Walker left the Beaumont Police Station he cried and told the Plaintiff that they (Beaumont PD) will not do anything to Thierry Lemaitre or Ahlam Algaouni.

95.     Supposedly the response from the Riverside District Attorney's

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 38

Office on all four submissions was, "Insufficient evidence". It should be noted here that when the Plaintiff confronted the Riverside District Attorney's Office on its willful and deliberate failure to prosecute Rawah Algaouni, Thierry Lemaitre, Ahlam Algaouni for the crimes they had committed up to that point-violation of Title 18 U.S.C 1832, tresspassory burglary, forgery, identity theft and one count of felony violation C.P.C 278.5 (a) and battery (Thierry Lemaitre).

96.     The Beaumont PD never filed any charges against Rawah Algaouni for the reported fraud that she that her family conspired to commit against the State of California and the Federal government through Z-Tech Advance Technologies, a California company.   The plaintiff also provided evidence to the Beaumont PD that included an affidavit from Bilal Walker confirming that the iPhone purchased by the plaintiff, and on the plaintiff's account with Verizon was taken from him by Rawah Algaouni under false pretenses. Rawah Algaouni then used the phone with the assistance of Thierry Lemaitre to remove the SPAM blocker placed on the account by Verizon, and sent malware, other malicious code and death threats to the plaintiff's email and cell phone (using text as well).

97.     After the hearing on May 31st, 2012, Rawah Algaouni took pages from the previous temporary restraining order and interchanged them with the erroneous order from May 31st, 2012, where there was a temporary restraining order granted to her only against the Plaintiff. Rawah made this fraudulent change and then submitted them to the Beaumont Unified School District as

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 39

the Beaumont High School so as to block the Plaintiff from having any involvement with his son Tariq Walker.  The Beaumont Unified School District is now using this document to stop the Plaintiff from having any involvement with his son's academic life, and participating in, and determining what and how he is doing in school.

98.      Rawah Algaouni refused to help the older son, Bilal, financially since he started college at Riverside Community College, and the plaintiff made all payments for the car loan with the understanding that it will be until the end of February, but actually continued to pay until the end of June 2013. Despite receiving $ 3,010.80 per month which included $ 807.00 per month for Bilal, Rawah refused to provide the any financial assistance telling the child that he was not getting a penny and then later kicking him out of the home. Rawah's excuse for kicking him out of the home was that he was using drugs, specifically marijuana.  I asked the Beaumont police to intervene and provided them with enough pictures and other evidence to identify who was giving these students drugs and they did nothing.

99.      All of the factual information above was provided to Commander Fagan and the Beaumont Police Department, Rancho Cucamonga Police Department, Ontario Police Department and Riverside Police Department, yet to date nothing has been done to those that committed these crimes.  Instead the Riverside County District Attorney and the Beaumont Police Department are  maliciously prosecuting the Plaintiff for contempt of court based on the perjured statements of Rawah Algaouni .

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 40

100.      On or about May 29th, 2011, Thierry Lemaitre and Ahlam Algaouni came to the Plaintiff's son Tariq's wrestling match.   The Plaintiff was there because Tariq asked the Plaintiff to come to provide support having lost his first match.  While there Thierry Lemaitre committed battery against the plaintiff causing the plaintiff to call the Beaumont Police Dept.. Realizing what was going on Thierry Lemaitre then called the Beaumont police and Officer Thomas D'Alessandro arrived at the scene with Cpl. Harris.  The plaintiff told officer D'Alessandro that he wanted to file a citizen's arrest and had two witnesses tell the officers that they saw the battery and abuse by Mr. Thierry Lemaitre.

101.      Despite this the Beaumont PD conspired with the Riverside County District Attorney's office and filed charges against the plaintiff and never sent the citizen's arrest complaint.  Officer D'Alessandro turned out to be a friend of Ted Gerken.  Ted Gerken is or was a friend of Rawah Algaouni.  As a result of officer D'Alessandro's violation of the plaintiff's federal rights, and denying him equal protection under the law, the plaintiff now has a misdemeanor on his record where before the Plaintiff was never in trouble with the police or had any record of any charges.  Recently the plaintiff was denied a previously awarded job opportunity with Charter cable as a result of the actions of officer D'Alessandro, Beaumont Police Department and the Riverside County District Attorney's office.  The job was withdrawn once a background check was done where The Riverside County Criminal Court reported a misdemeanor against the Plaintiff.

102.      On or about March 22nd, 2012, the plaintiff went to the Beaumont

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 41

High School at the invitation of the Beaumont High School swimming coach, Jason Bradbury and his son where a swimming event was taking place. Bilal Walker asked the Plaintiff to bring him a pair of flip-flops he needed. Jason Bradbury informed the plaintiff that the plaintiff's son, Bilal Walker, was smoking marijuana and so much so that other students were complaining to he and his wife Addonia Bradbury. The Plaintiff got there before Rawah Algaouni, and insured that when Rawah Algaouni got there the Plaintiff insured to stay as far as possible from Rawah Algaouni even though there was no restraining order in place.

103.    The following day the plaintiff went to the offices of Mark DuSold, Director Beaumont High School Athletics, and Ken Wagner, Beaumont High School Assistant Principal, Curriculum and Guidance for a meeting.  Having joint legal custody the plaintiff informed these senior persons at the school that Bilal was using drugs, and the plaintiff wanted his son to be removed from the swimming team until such a time he can pass a drug test.  The plaintiff also spoke with Jason Bradbury to make his request known, as well as to the Principal, Marilyn Saucedo and the Beaumont Unified School District.

104.    Later that day the plaintiff received a call from the Director of Student Services, Shawn Mitchell. Mr. Mitchell told the plaintiff that he spoke with Rawah Algaouni and she did not want to remove the plaintiff's son Bilal Walker from the swim.  The plaintiff told Mr. Shawn Mitchell that the plaintiff had joint legal of the minor children and that included Bilal Walker. The plaintiff told Mr. Shawn Mitchell that it is the duty of the Beaumont Unified School District to place the welfare of all students ahead of

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 42

all else. Mr. Mitchell told the Plaintiff that Rawah Algaouni told him that she did not wish to have Bilal removed from the Beaumont High School Swimming Team.

105.     Despite the fact that the plaintiff had joint legal custody of the minor child, Bilal Walker, the Beaumont Unified School District refused to remove the child from the swim team. The Beaumont Unified School District and was able to confirm from Mr. Bradbury that Bilal Walker was in fact using drugs. The Plaintiff as well as many of the other parents knew if the Beaumont Unified School District removed Bilal Walker from the swim team the Beaumont High School would in all eventality lose the CIF Swimming Championship.

106.     The plaintiff filed an Ex-Parte hearing with the Riverside County Family Court to get an order to remove the minor child from the swim team. Rawah Algaouni and E. Toby Bowler appeared in court and made false statements before the court.   Despite the evidence before the Family Court the court refused to grant the order to remove the minor child from the swim team. The plaintiff pointed out to the court that Rawah Algaouni and E. Toby Bowler were perjuring themselves before the court. Rawah Algaouni gave testimony to the court under the penalty of perjury that she gave the minor child a single drug test and it was negative. E. Toby Bowler gave testimony before the court that the child was given two drug test that were both negative. Neither of these persons could provide the court with the receipt for the purchase of the test, a picture or any other evidence to confirm that the child was given any test to corroborate their statements.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 43

107.     As a last resort the plaintiff called the Beaumont Unified School District Superintendent and never received a call back.   The plaintiff had to painfully sit back and helplessly watch as the Beaumont High School refused to remove his son from the swim team, or any of the other students who were using drugs.   The plaintiff put forward the argument that the purpose of the testing of Bilal Walker for drugs was to send he and all other students a clear message that drugs were not tolerated.   It was apparent that the Beaumont Unified School District failed in their duty to protect the minor children in their care, and over-ruled the parents on the most serious decisions concerning the welfare of their kids.

108.     The plaintiff attempted to file a contempt of court against Rawah Algaouni in the Riverside County Family Court.   Clerk of the Court Belinda Martinez rejected the filing three times claiming that the filing was deficient. The plaintiff had to threaten to file a suit before Belinda Martinez, Clerk of the Court, accepted the same filing she claimed was deficient. The Plaintiff filed the necessary motion requesting that the Hon. Jackson Lucky recuse himself from the case and Hon. Jackson Lucky denied this motion. The plaintiff also filed a "Pro Nunc Tunc" because Rawah Algaouni defrauded the court in her filing for spousal and child support, and the judge made the order without the proper hearing denying the Plaintiff his due process.

109.     The Judge made the matter worse when he told the plaintiff that the "Pro Nunc Tunc" was not the proper motion to have the spousal and child support modified.   The Plaintiff field for a modification of spousal and child

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 44

support in November 2010, and to this date the  Judge, Hon. Jackson Lucky has refused to have the matter heard.  The Hon. Jackson Lucky made an order to have the plaintiff pay a monthly amount for child and spousal support of $ 3,010.80 despite the fact that the plaintiff was not working.  E. Toby Bowler told the plaintiff to his face that this amount was not going to be changed.

110.      On October 21st, 2011, the plaintiff was in Dept. 301, Riverside County Family Court when the subpoena the plaintiff filed against Rawah Algaouni was served to her in department F-301.  Once the subpoena was served on Rawah Algaouni she gave it to her counsel of record, E. Toby Bowler, who was present in court the courtroom and  took the subpoena and threw it in the trash.  The plaintiff subpoenaed the documents which included the receipts that the plaintiff needed to file his taxes.  The plaintiff brought this to the attention of the court and despite filing a motion to compel, the Hon. Judge Jackson Lucky, never held Rawah Algaouni and E. Toby Bowler to answer to the court filed subpoena.

111.      The Plaintiff filed a motion to modify the spousal and child support since November 2010, and to date the Hon Jackson Lucky has refused to hear the case.  The plaintiff also filed a protective order to safeguard the stolen computer (Apple MAC Book Pro 17") and the sensitive and patented information that is on the laptop.  The Plaintiff demanded that the computer be returned and the Hon Jackson Lucky refused to make an order to have the laptop returned, as well as the other stolen property, Mont Blanc Pen collection, a hobby the plaintiff had since he was in high school in Barbados going back to 1974.  Prior to coming before this court the plaintiff filed a

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 45

complaint with the California Commission on Judicial Performance. Despite the overwhelming evidence presented to the Commission, Ms. Karen Clay, representative for the Commission, sent the plaintiff a letter stating that the Commission did not see any wrongdoing by the Hon Jackson Lucky.

112.    The Plaintiff strenuously requested that his son, Bilal Walker, have counseling because he was not coping well with the divorce of the Plaintiff and Rawah Algaouni. The Plaintiff requested this because when he told the minor child that his parents were getting a divorce Bilal Walker cried uncontrollably while hugging the Plaintiff. It was clear to Bilal's teachers in Barbados, his cousins, relatives, friends, and business associates of the Plaintiff that Bilal Walker and his father, the Plaintiff, had a good and very communicative relationship with Bilal. This information was confirmed in declarations to the court.

113.    In late 2011 the Plaintiff went to the Ontario Police Department to file a complaint against Thierry Lemaitre and Ahlam Algaouni for sending the Plaintiff death threats and malware and other malicious code. The Plaintiff met with officer Dumont  providing him with documented proof of his complaints against these persons. Nothing was done by the Ontario Police Department. In late 2012 the Plaintiff sent a letter to the Mayor of Ontario, Paul S. Leon,  informing him of the failures and issues of the Ontario Police Department. The Plaintiff was later contacted by Captain Thomas who asked that the Plaintiff to send him proof of the complaints made against Thierry Lemaitre and Ahlam Algaouni.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 46

114.    After an exchange of voicemails with Captain Thomas the plaintiff was put in touch with Sgt. Timothy Glisson (" Sgt. Tim Glisson") whom he met with at the Ontario Police Department to file a report in late July.  The Plaintiff provided Sgt. Glisson with documentary evidence and oral statements to confirm that felonies were committed against the Plaintiff and his sons by Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni.  The Plaintiff also confirmed and gave evidence to Sgt. Glisson on the kidnapping of his son, Tariq Walker, as well as other crimes.  On or about September 27th, 2013, the Plaintiff followed up with Sgt. Glisson and was later contacted by Sgt. Glisson who accused the Plaintiff of not co-operating with the investigation.

On October 1st, 2013, the plaintiff provided Sgt. Glisson with a list of 8-10 know felonies and misdemeanors committed by Thierry Lemaitre and Ahlam Algaouni against the Plaintiff and his son, Tariq Walker:

1. Accessory to 278.5
2. Forgery. C.P.C- 470, 475,
3. Identity theft C.P.C 530.6
4. Using communication lines to send malicious threats. C.P.C 422 (c), 422.7, 502, 502.1
5. Sending death threats.- C.P.C 422 (a)(b)(c)
6. Aggravated kidnapping of a minor. C.P.C 207 (a)(b)(c)- 210
7. Invasion of privacy
8. Possession of stolen property - C.P.C 459, 484, 496

115.    The plaintiff has exhausted all possible attempts to have the defendants provide he and his sons with equal protection under the laws, as well as protection of the constitutional rights of he and his sons.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 47

116.     The plaintiff made several reports to the Rancho Cucamonga police station from 2010 to present.  The Plaintiff filed a restraining order against Thierry Lemaitre, Walker v. Lemaitre, California Superior Court County of San Bernardino, Rancho Cucamonga.  The commissioner that presided over the case refused to hear the case threatening the plaintiff to settle the matter and not come back to his court.

117.     The plaintiff went to the Rancho Cucamonga police station upon being notified by his younger son, Tariq Walker, of seeing the plaintiff's stolen property at the home of Thierry Lemaitre and Ahlam Algaouni.  When the plaintiff went to inform the Rancho Cucamonga police of this development, they refused to act on it.  When the plaintiff reported the receipt of the malware and other malicious code, over 461 counts, to the Rancho Cucamonga police department nothing was done.  When the plaintiff reported the kidnapping of his son, Tariq Walker, by Thierry Lemaitre and Ahlam Algaouni and their accessory of  C.P.C 278.5; again the Rancho Cucamonga Police Dept. refused to do anything.

118.     On the morning of October 15th, 2013, the Plaintiff called the California Superior Court Mediation Department as he was directed to do by his attorney, Bradley Hague.  When the Defendant called the receptionist in the Mediation Department told the Plaintiff that there was no record that he had a appointment with any of the mediators, and that the Plaintiff should call back around 10:00 A.M later that morning.  The Plaintiff called back shortly thereafter using a different number and spoke with another employee who

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 48

place the Plaintiff on hold and spoke with Lisa Morris, Supervisor.  That
employee came back and told the Plaintiff that Ms. Morris said that there was
no scheduled mediation appointment for him.  When the Plaintiff tried to
explain the situation the employee apologized and said she was not going back
to Ms. Morris.

119.     The Plaintiff hung up and called back the Mediation Department
and reached another receptionist when he asked for Ms. Morris.  The Plaintiff
was then able to get a hold of Ms. Morris and spoke with her.  Ms. Morris
then changed her story and said there would be no appointment because there
was no record that the Plaintiff would be calling into the department for his
appointment.  The Plaintiff told Ms. Morris that Mr. Garros, Office Assistant,
Bradley Hague, attorney of the Plaintiff, confirmed with the Plaintiff that the
scheduled call in appointment would be on the morning of October 15th, 2013,
at 9:30 A.M.  Ms. Morris then told the Plaintiff that she had no way of
confirming the identity of the Plaintiff.  The Plaintiff then reminded Ms.
Morris that he sent her a letter in early 2011 requesting to have a new
mediator assigned to his case and she advised him that that would be the only
time that a mediator would be changed.  The Plaintiff then described the office
of his assigned mediator, Linda Whitfield, and that Ms. Whitfield assigned
both he and Rawah Algaouni to Mr. Mitchell Rosen.

120.     Ms. Morris told the Plaintiff that she would place a note in the
records that will be sent back to the Judge, and when the Plaintiff was next in
court he could have the mediation appointment and the department would get
the report to the judge that same day.  The Plaintiff pointed out the Ms. Morris

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 49

that he was in protective custody and would be appearing telephonically and therefore the same issue of identity would arise. The Plaintiff offered to have his attorney brought on to the call thereby allowing his counsel to confirm that it was in fact the Plaintiff. Ms. Morris still refused to allow the Plaintiff to have the mediation meeting.

121.    The Plaintiff called back the department around 3:48 P.M on October 15th, 2013, and asked to speak with Ms. Angela Murphy. The Plaintiff was transferred to Ms. Vivian Pottier and explained what happened earlier in the day. Ms. Pottier pointed out the need to follow the chain of command and asked the Plaintiff if he spoke with Ms. Tina Madison. The Plaintiff told Ms. Pottier that he spoke with Lisa Morris and stated what Ms. Morris told him earlier in the morning. Ms. Pottier then asked for the case number and told the Plaintiff that the computer records were reflecting that he called in and had the telephonic appointment with the mediator (Linda Whitfield). The Plaintiff told Ms. Pottier that he did not have any meeting with Ms. Whitfield and this was why he was calling again because it was clear that Mr. E. Toby Bowler conspired with Ms. Morris to deny him his meeting most likely because of all of the crimes committed by Rawah Algaouni, Thierry Lemaitre, and Ahlam Algaouni. The Plaintiff mentioned to Ms. Pottier that these persons kidnapped his son, Tariq Walker, at a time when the Plaintiff's son was supposed to be with him per the court's order.

122.    Ms. Pottier then asked the Plaintiff to call back in three minutes. The Plaintiff called back and spoke with Ms. Pottier and she told him that someone would call him in an hour. This time passed and the Plaintiff

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprision of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 50

received no call and when he called back asking for Ms. Pottier the phone was clearly answered and the person who answered the phone hung up the phone. The Plaintiff called back again and the phone was not answered. The Plaintiff was denied the mediation appointment that was previously scheduled, and it was clear that someone in the Mediation Department changed the information to make it look like the Plaintiff attended mediation when in fact he did not.

123.     Sometime in early September or there about Sergeant Joshua Galbraith called the Plaintiff asking him if he called Solar City where Rawah Algaouni is employed and to insure all of is right were protected the Plaintiff told the Officer to call his Attorney Bradley Hague. Sgt. Galbraith never called Bradley Hague and submitted would amount to false charges to the Riverside District Attorney's office. Shortly thereafter charges were filed against the Plaintiff in Banning Criminal Court, BAM1302202. The Plaintiff appeared before Hon. Jorge Hernandez where Assistant District Attorney Salam representing the people came before the court make false claims.

124.     Hon. Jorge Hernandez ordered the Plaintiff to return the next day and had Rawah Algaouni summoned before the Court. It was clear to any reasonable person that the prosecutor coached Rawah Algaouni in what to say before the court. Under oath Rawah Algaouni was allowed to provide the same false evidence that she previously presented and was found to be less than credible. In a very clear act of malicious prosecution and prejudicial comments before the court with no legal basis and reliance upon the statement of a recognized perjurer, *"res ajudicata",* Hon Jorge Hernandez ordered that

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 51

the Plaintiff be taken into custody based on the perjured statements of Rawah Algaouni with not offering or request from rebuttal or comments from the Plaintiff.

125.     Rawah Algaouni claimed to have been fired from her previous job because of the actions of the Plaintiff, and accused the Plaintiff of sending her current boss emails, calling the company where she was currently working, calling here and threatening her, and that she was afraid that the Plaintiff would cause her grave bodily harm.  The fact was in or around early 2012 Rawah Algaouni got her self fired from the Verizon contractor whom she worked for because of violations of California Public Utility Commission rules on CPNI (Customer Proprietary Network Information) which makes it illegal for any employee of any licensed telecommunication carrier to access any customers account information without that customer's approval and or consent.  Rawah Algaouni did so on several occasions.  On one occasion she did so by attempting to use Tariq's cell phone to give reason to access the account of the Plaintiff and despite Verizon's suggestion to call the police to the store where she was  the Plaintiff chose not to do so which would have caused a scene.  The Plaintiff went to the store and Rawah Algaouni was ordered to return the iPhone that is the  property of the Plaintiff.

126.     On another occasion Rawah Algaouni told the older son that the iPhone given to him by the Plaintiff had a microphone that allowed the Plaintiff to listen to what he was saying which was totally false.  In doing so Rawah demanded the older child give her the iPhone purchased on his Verizon account and then gave the phone to Mr. Lemaitre who used the phone

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 52

to access the Plaintiff's Verizon's account removing the SPAM blockers. The Plaintiff gave this evidence to the Beaumont Police Department who did not file any charges against Rawah Algaouni or Thierry Lemaitre. The Plaintiff had been living outside the state of California and will have the former Commander of the 5th & 7th Special Forces Group and his wife a former counsel for one of the U.S Government agency vouch for his physical whereabouts, as well as several other persons.

127.    The Plaintiff has evidence that will show the modus operandi of Thierry Lemaitre and other persons acting ac accomplices of Mr. Lemaitre his spoofed the Plaintiff's emails sending malware to his inbox appearing to be from persons he trusted, and once the Plaintiff clicked on these emails the browser on the Plaintiff's laptop would blindly download a Trojan onto the Plaintiff's laptop thereby giving Mr. Lemaitre et al the ability to send email making them appear to have come from the Plaintiff laptop thereby manufacturing emails as evidence to be used against the Plaintiff. The Plaintiff has enough evidence to present to the court and verifiable by the appropriate entities to confirm this is what was done.

128.    The Riverside District Attorney's office rejected what few cases were filed against Rawah Algaouni claiming that the matter was in Family court when clearly the State of California laws were being broken, as well as federal offense being committed by Rawah Algaouni, Thierry Lemaitre et al and Paul Zellerbach citing that the parties, Rawah Algaouni and the Plaintiff were being heard in Riverside County Family Court, as reasons for not bring prosecution against Rawah Algaouni, but offered no valid legal reason for not

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 53

bring charges against Thierry Lemaitre and others who were committing crimes against the Plaintiff and his son. Crimes of parental international kidnapping and accessory thereto were not prosecuted, as well as the other crimes Title 18 USC 1832, 18 USC 1201, 18 USC 1028, 18 USC 2261A, 18 USC 2701, 18 USC 1622, 18USC 1623, 18 USC 1204,

129.     Instead both the Beaumont Police Department that knew of the stolen laptop and the lack of credibility of Rawah Algaouni, as well as the Riverside County District Attorney's office continued to bring false charges against the Plaintiff and maliciously prosecuting the Plaintiff, violating his civil and constitutional rights as well as violating federal statues under the color of law.

130.     The Plaintiff served the Riverside County District Attorney's Office with a motion pursuant to California Penal Code 1424 (a) that would cause the District Attorney to disqualify himself thereby recusing himself from the case, and would therefor normally have to turn the matter over to the State Attorney General. To date the Riverside County District Attorney Office has not recused themselves.

131.     The Hon. Jorge Hernandez is also being asked to recuse himself due in truth and fact that he is both friends with and a close acquaintance of one of the defendants in this case, Hon Jackson Lucky. The other reason for this the motion of recusal is that Hon Jorge Hernandez made statement that demonstrated a prejudice that would be detrimental to the Plaintiff rendering

his decision to be very biased and detrimental to the Plaintiff, judging the Plaintiff without first hearing or examining any of the overwhelming evidence to disprove the charges against the Plaintiff.

132.    The Plaintiff was able to post bail for $ 5,000.00 and leave the court allowing him to spend his visitation weekend with his younger son.

133.    On November 30th, 2013, the Plaintiff was made aware of the fact that Gresham Savage Tilden & Nolan was the law firm that represented the City of Beaumont.  On January 18th, 2013, the Plaintiff was served with a federal complaint for a lawsuit brought by Thierry Lemaitre & Ahlam Algaouni, United States District Court Central District of California (Ninth District), EDCV 13-0118-TJH (OPx).  Gresham Savage Tilden & Nolan represented Thierry Lemaitre et al in the case.  This case was dismissed by the court due to lack of subject matter jurisdiction due to lack of complete diversity of jurisdiction.  The Plaintiff alleges that this was part of the conspiracy by the defendants- City of Beaumont, and its mayor, city manager, Ontario, Rancho Cucamonga, Riverside and Beaumont Police Department and their officers, Riverside County District Attorney and Deputy District Attorney and the office of the Riverside District Attorney, Elick Toby Bowler, Riverside Family Court (Hon. Jackson Lucky), Commissioner Pamela Thatcher, Riverside County Criminal Court (Banning), Thierry Lemaitre, Ahlam Algaouni, Montaser Algaouni, Assistant District Attorney and Rawah Algaouni.

## IV. CLAIMS

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 55

## Claims #1

134.     **Plaintiff re-alleges and incorporates by reference all of the paragraphs above.**

135.     Plaintiff has a claim under 42 U.S.C § 1983 for violation of the following federal constitutional or statutory civil rights:

as we well as racial discrimination by the following persons in the following fashion.

136.     The above civil rights and federal statutes were violated by the following Defendants:

1. Belinda Martinez- Clerk of the Court
2. Kevin Carter- Mediator

3.  Paul Zellerbach- District Attorney
4. Craig Datig- Deputy District Attorney Western Region (Banning)

5.  City of Beaumont Police Department
   Frank Coe- Chief of Police
   Greg Fagan- Commander
   ~~George Walter- Sergeant~~
   Thomas D'Alessandro- Officer
   Jeremy Harris- Corporal

Joshua Galbraith- Sergeant

Mark Keyser- Sergeant

6. City of Beaumont Unified School District
    Dr. Maureen Latham- Superintendent
    Shawn Mitchell- Director of Student Services

7. Beaumont High School
    Marilyn Saucedo- Principal
    Ken Wagner- Assistant Principal
    Mark Dusold- Director of Athletic Department

8. City of Ontario Police Department
    Captain Thomas
    Sergeant Timothy Glisson

9. City of Rancho Cucamonga Police Department

10. E. Toby Bowler.

137.    Belinda Martinez, Clerk of the Court, interfered with and harassed the Plaintiff's efforts to file a contempt of court against Rawah Algaouni in efforts described above. Kevin Carter, mediator, recommended that Rawah Algaouni be given sole custody of the minor children in violation of the parental rights of the Plaintiff. Mr. Carter told another parent that will be called as a witness that she should ask for everything and they will give it to her. This

1  action clearly showed the prejudicial tendencies of the mediation department

2  and Kevin Carter.  Kevin Carter violated the Plaintiff's parental rights described

3  as fundamental rights, the most protected of all rights under the Constitution of

4  the United States of America and reaffirmed by the United States Supreme

5  Court.

8  138.     The Hon. Judge Jackson Lucky also did the same when he without

9  any recommendation and seemingly in an effort to do favors for E. Toby

10  Bowler and the organization they are both members of, granted Rawah

11  Algaouni sole custody of the minor children.  Hon. Jackson Lucky did so

12  despite the repeated perjury and crimes committed by Rawah Algaouni, Thierry

13  Lemaitre, and Ahlam Algaouni.  E. Toby Bowler.  Mr. E. Toby Bowler also

14  violated these rights when he took actions that deprived the plaintiff of his

15  rights as a father.  Mr. Bowler gave false statements to the court and as an

16  Officer of the court these statements were evidently relied upon by the court as

17  truthful when in truth and fact they were not.

20  139.     Hon. Judge Jackson Lucky was given irrefutable evidence to confirm

21  that Rawah Algaouni and E. Toby Bowler repeatedly perjured themselves

22  before the court.  This evidence was both documentary and oral testimony from

23  the plaintiff confirming the children were being alienated from the plaintiff,

24  mentally abused by Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni.

25  There was also expert documented evidence from child psychologist, Jennifer

26  Downey, confirming that Tariq was suffering.  Jennifer Downey provided the

27  court with her expert analysis of the mental and physical toll on the minor child

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 58

Tariq Walker.

140.     Judge Lucky also refused to allow the plaintiff to have witnesses speak on his behalf in court.  Judge Lucky also failed to protect the older son Bilal when the plaintiff asked the court to order Rawah Algaouni to have the older son Bilal take a drug test.  The judge also failed to provide equal justice to the plaintiff and his sons.  The judge failed to warn Rawah Algaouni of her obligations to facilitate the minor children's relationship with the plaintiff.

141.     The police departments of the City of Ontario, Beaumont, Rancho Cucamonga and Riverside refused to offer the plaintiff equal protection under the laws of the State of California and the federal statutory and civil rights identified above.  The Beaumont Police Department, Ontario Police Department, the Riverside County District Attorney's Office and the Riverside Family Court committed misprision of a felony.  These entities were directly provided with overwhelming evidence by the plaintiff that Rawah Algaouni, Thierry Lemaitre, Montaser Algaouni, Ahlam Algaouni, Mazzin Afghani, Basma Arabi and Robert Ardrey committed state and federal felonies against the plaintiff and his sons and none of these entities did nothing.

142.     The evidence will show that in July 2013 Sergeant Glisson was provided with the documented evidence confirming the malicious code sent to the plaintiff by Thierry Lemaitre.  Sgt. Glisson was also provided with the fact that a report from the plaintiff's minor son who was kidnapped, Tariq Walker, was taken by the Beaumont Police Dept, Officer Wells.  In this report it was

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 59

confirmed that Thierry Lemaitre and Ahlam Algaouni kidnapped the minor child Tariq Walker and took him out of the country to Mexico and Costa Rica without the express or written authorization of the plaintiff when there was a court order granting custody of the minor child to the Plaintiff during that time. Thierry Lemaitre and Ahlam Algaouni were also accessories to the commission of felony 278.5 (a), forgery and identity theft. Despite all of the evidence Sgt. Glisson blamed the plaintiff for not co-operating, and made the baseless claim that the plaintiff did not give them anything to work with. The fact is that its clear that Sgt. Glisson and the officials at the Ontario Police Department willfully refused to file charges against Thierry Lemaitre and Ahlam Algaouni for the crimes committed against the plaintiff and his sons.

143.    The Ontario Police Department Officer Jason Dumont was provided with similar copies of the evidence indicating that Thierry Lemaitre was sending malicious code to the email and cell phone of the Plaintiff, case number 111460395. The Riverside Police Department was also provided with similar evidence and a complaint that Thierry Lemaitre and Ahlam Algaouni were harassing him and staking out his apartment, Incident report was taken by Fabella # 1401, incident number P11 171967.

144.    Paul Zellerbach and Creg Datig sent the plaintiff a letter informing the plaintiff that the felonies did not take place in his jurisdiction and he would not be seeking prosecution of these persons. The District Attorney referred the matters to the Family Court citing that there was an ongoing family divorce matter. However, when the District Attorney received the maliciously filed charges from the Beaumont PD, completed by Sergeant Galbraith Paul

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 60

Zellerbach did not refer them to the Riverside Family Court as he did with the matter with Rawah Algaouni. Instead Paul Zellerbach maliciously started criminal prosecution proceedings against the Plaintiff who had just filed a federal civil rights lawsuit against he, his deputy Creg Datig and his office.

145.    Sergeant George Walter of the Beaumont Police Department directed Officer Toisha Wells to stop the investigation into the felonies committed by Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni. Officer D'Alessandro and Corporal Harris were told that the plaintiff wanted to file a citizens arrest against Mr. Lemaitre, and despite having received corroborating statements from witnesses to confirm the plaintiffs statements the Beaumont Police filed charges against the plaintiff instead. Officer D'Alessandro never filed any charges of assault or battery against Thierry Lemaitre on the plaintiff.

146.    The Beaumont Police Department was informed of the issues with drugs at Beaumont High School where the Athletic Department condoned the use of drugs by Bilal Walker and other students.

147.    The Riverside Police Department (Magnolia Location) was informed by the plaintiff that Thierry Lemaitre was sending malicious code to his phone and email, as well as stalking him at his home in Riverside even when he had visitation with his young son and they did nothing. Despite having this information the Riverside Police Department at the urging of E. Toby Bowler

148.    Rancho Cucamonga Police Department also refused to do anything in regards to the numerous incident reports filed by the plaintiff, despite the

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 61

serious crimes committed by Thierry Lemaitre and Ahlam Algaouni who are residents of Rancho Cucamonga.

149.     Commissioner Thatcher wrongfully denied the restraining order requested by the plaintiff against Thierry Lemaitre and Ahlam Algaouni for the protection of his children, and threatened the plaintiff with incarceration for exercising his rights to due process of law, and equal protection under the law.  The denial gave Thierry Lemaitre and Ahlam Algaouni an indirect nod to continue in their mental abuse of my sons and other offenses, as well as other crimes as detailed in this lawsuit

150.     The Beaumont Unified School District and the Beaumont High School officials placed the interest of the school and the district above the inter welfare and safety of Bilal of Walker.  The officials, Mr. Dusold (Director of Athletics), Mr. Wagner (Assistant Principal), Ms. Marilyn Saucedo (Principal), Dr. Maureen Latham (Superintendent) and Mr. Shawn Mitchell (Director of Student Services) knew that Bilal Walker was using drugs and had a duty to protect his welfare first.  The officials knew that if they gave Bilal Walker a drug test he would have failed the test, and the school would have had to remove him from the team and that would have meant the school would not have won the championship.  Even after these officials refused to take Bilal off of the swimming team the Plaintiff asked that he be given counseling and they refused to do so as well.  This was intentionally negligent on their part.

151.  **As a result of the Defendants' violation of the above civil right, Plaintiff was harmed in the following way:**

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 62

a) The plaintiff suffered alienation of affection from his sons by Rawah Algaouni and her family that was brought about by the defendants. This and other acts were part of retaliation of his reporting of the crimes committed by Rawah Algaouni, Thierry Lemaitre, Ahlam Algaouni, Montaser Algaouni and Basma Arabi. The Defendants actions allowed these wrongs to be perpetuated and served to compound the crimes committed against the Plaintiff and his sons.

b) Irreparable emotional harm to the Plaintiff and his sons having to live under the constant stresses of knowing their constitutional rights were being abused, and the very State government and law enforcement entities sworn to protect them are abusing them and offered them no equal protection under the law .

c) The plaintiff was not allowed to be part of his children's lives and as a result the children and the Plaintiff have suffered irreparable harm.

d) The Court wrongfully made an order for spousal and child support without a proper trial and as a result that placed an undue burden on the plaintiff, and has damaged the plaintiff's credit report and standing by sending a negative report to the defendant's credit report. In so doing the Plaintiff was denied due process of law.

e) The Plaintiff has been denied his parental rights protected under the Fourteenth Amendment, and re-affirmed by the numerous Supreme Court

precedent law and federal statutes and state law.

f) The plaintiff and his sons are stripped of their rights of equal protection under the laws of the State of California and the federal statutes when the Defendants; police departments, Riverside County Family Court, Riverside Civil Court, District Attorney Paul Zellerbach and Deputy District Attorney Craig Datig, refused to press charges or prosecute Rawah Algaouni, Thierry Lemaitre, and Ahlam Algaouni. In addition to this Commissioner Pamela Thatcher denied the Plaintiff and his sons equal protection under the law when she refused to grant the restraining order requested by the Plaintiff for he and his sons in the civil case Walker vs. Lemaitre.

g) The plaintiff has not been able to participate in his children's lives.

h) The plaintiff and his family have been in fear of harm to his life causing the plaintiff to move away for work in Utah. Upon returning to California Thierry Lemaitre was been stalking the plaintiff, and with the various police departments and District Attorney's office refusing to file any charges the plaintiff's family and friends have placed the Plaintiff in protective custody as best they can. The Hon Judge Lucky also refused to have Thierry Lemaitre removed from the courtroom. These actions on the part of the Defendants again show a blatant disregard for the equal protection under the law for the Plaintiff an his sons.

i) The Plaintiff has lost the affection and the ability to provide guidance and

parenting to his son Bilal Walker where they once had a close relationship, specially when they were living together in Barbados while Bilal was attending school.

**j)** Lost of investment, income and profits from telecommunications venture (2010- $ 21,000,000.00), (2011-$ 38,000,000) and (2012- 58,000,000.00).

k) The plaintiff has been denied the return of his intellectual property stored on a stolen laptop taken by Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni obtained by them during trespassory burglary. On December 5th, 2013, despite having been served with the federal lawsuit, Hon. Lucky Jackson ordered that the laptop that was stolen and was being used by Rawah and her family to forge and steal the identity of the Plaintiff remain in the possession of Rawah Algaouni.

l) Plaintiff lost a job offer with Charter Cable due to the misdemeanor he was wrongfully charged with by the Beaumont Police Department and the Riverside County District Attorney's Office. The job offer guaranteed the plaintiff a minimum monetary compensation of $ 137,000.00 USD per year. The Plaintiff also lost a job off from Merrill Lynch for a guaranteed monthly compensation of $ 18,000.00 per month plus commission for a guaranteed period of Eighteen months due to the same action above. The Plaintiff also lost a job offer from Waddell and Reed for $ 10,000.00 per month guaranteed plus commission.

m) The Plaintiff has been unable to find a job to take care of his own

livelihood and support is sons, and as a result has to rely on family and friends.  The Plaintiff informed the court that Rawah Algaouni systematically removed over $ 360,000.00 USD from a joint account at Bank of America and  $ 13,000.00 USD from an emergency account at Chase Bank, and nothing was done.

n) The Plaintiff has been subjected to financial hardships as a result of these actions, and has been unable to maintain the quality of life he and his sons have had in the pass.

o) The Plaintiff was denied his right to due process of law and was threatened by a Commissioner of the court in exercising those rights.

p) The Plaintiff 's identity was stolen by Mr. Lemaitre, Rawah Algaouni and Ahlam Algaouni, his signature forged and his son kidnapped on two separate instances.  The Plaintiff has had to endure felonies against himself and his sons, and when he sought to seek justice was not treated equally.

q) The Plaintiff has suffered and continues to suffer intentional infliction of emotional distress.

r) The Plaintiff has suffered racial discrimination at the hands of all defendants above.

### Claims # 2, 3, 4, 5, 6, 7 & 8

**152.   Plaintiff re-alleges and incorporates by reference all of the paragraphs above.**

Plaintiff has a claim under 42 U.S.C § 1983 for violation of the following federal constitutional or statutory civil rights, as we well as complaints under Tort law for-

Breach of Trust By an Officer

Malicious Process

Obstruction of Justice

Neglect of Official Duty

Compounding Crime

Accessory After the Fact

Hindering Apprehension or Prosecution

Prosecutorial Misconduct

1. Belinda Martinez- Clerk of the Court
2. Kevin Carter- Mediator

3. Riverside County District Attorney  Office

   Paul Zellerbach- District Attorney

   Craig Datig- District Attorney Western Region (Banning)

   Bill Essayli- Assistant District Attorney (Banning)

4. City of Beaumont Police Department

   Frank Coe- Chief of Police

Greg Fagan- Commander

George Walter- Sergeant

Thomas D'Alessandro- Officer

Jeremy Harris- Corporal

Joshua Galbraith- Sergeant

Mark Keyser- Sergeant

5. City of Ontario Police Department

    Captain Thomas

    Sergeant Timothy Glisson

6. City of Rancho Cucamonga Police Department

7. City of Riverside Police Department

8. Elick Toby Bowler

9. Thierry Lemaitre

10. Ahlam Algaouni

11. Montaser Algaouni

153.     The Defendants conspired to violate the rights of the plaintiff and his sons by denying him due process of law, and equal protections under the law as afforded under the Fourteenth Amendment of the Constitution of the United States. The actions of the above Defendants have been detailed in the above paragraphs. These officers failed in their duty to protect the Plaintiff. All of these officials failed to exercise a reasonable duty of care. These persons

were under an affirmative duty to act to prevent harm from others.

Due process clause of the Fourteenth Amendment of the Constitution prohibits state and local government officials from depriving persons of life, liberty, or property without legislative authorization.  It is also this clause that is used by the federal judiciary to make the most of the Bill of Rights applicable to all states.  The Equal Protection Clause requires each state provides equal protection under the law to all people within its jurisdiction.  It is this clause that was the basis of Brown v. Board of Education.

154.        (Malicious Process)The officers of the Beaumont, Riverside, Ontario and Rancho Cucamonga Police Departments, and the Riverside District Attorney's office, including the District Attorney and Deputy District Attorney, Paul Zellerbach and Creg  Datig respectively, refused to file charges or prosecute Thierry Lemaitre, Ahlam Algaouni, Rawah Algaouni for the crimes they have committed against the Plaintiff despite the overwhelming and irrefutable evidence provided to their offices.  Instead of filing charges and conducting appropriate investigations these defendants instead conspired to charge the Plaintiff with crimes under the California Penal code in a malicious fashion, specially after learning that the Plaintiff was filing a federal lawsuit against them.  The Plaintiff Believes and thus alleges that Elick Toby Bowler participated in these actions.

155.        (Obstruction of Justice & Prosecutorial Misconduct)  The defendants despite having sufficient evidence of C.P.C 470 PC, 141 PC, 132 PC, 134 PC, 30-32, 272, 661, sec 148, 153, 18 USC § 1204, 18 USC §1623, 18 USC § 1622, 18 USC §1621, 18 USC § 4, 18 USC § 2701, 18 USC § 2261A, 18 USC §1028,

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 69

18 USC §1201 and 18 USC § 875, the Plaintiff has a claim under 42 U.S.C § 1983 for violation of the following federal constitutional or statutory civil rights , as we well as 18 USC § 1832, that were well documented and sought to obstruct justice by telling officers of the Beaumont Police Department that were conducting investigations to stop investigating Rawah Algaouni, and never filed any charges against Thierry Lemaitre, Ahlam Algaouni, Montaser Algaouni, and Rawah Algaouni, prosecuting and or referring to these violations to the Federal Bureau of Investigations. On December 6th, 2013, Assistant District Attorney, Bill Essayli, intentionally committed subornation of perjury and prosecutorial misconduct when he and others coached and directed Rawah Algaouni to commit perjury before the Hon. Jorge Hernandez. The intent was retaliatory in nature to knowingly falsely accused the Plaintiff of crimes that Rawah Algaouni knew the Plaintiff did not commit. But in so doing caused the Plaintiff to be remanded into custody. Rawah Algaouni knew that the person sending emails to her employer was in truth and fact Thierry Lemaitre, her brother in-law and her sister Ahlam Algaouni.

156. (Neglect of Official Duty) As an obligation of the office they hold (Office of the Riverside County District Attorney) and were sworn into, the Riverside District Attorney, Paul Zellerbach and his deputy Creg Datig were grossly negligent in the administration of their sworn duty of the office County of Riverside they hold when they failed to protect my sons and I, as well as the People of the State of California against the felonies committed against the State of California by Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni, Monster Algaouni and Basma Algaouni.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 70

157.     (Accomplice, Accessory After the Fact)  The Beaumont Police Department (Sergeant Galbraith, Sergeant Walter, Frank Coe, Greg Fagan), Ontario Police Department (Sergeant Glisson), Rancho Cucamonga Police Department, acted as accessory after the fact in the violation of Federal Statute Title 18 USC 1204- International kidnapping, Title 18 USC 1201-kidnapping and C.P.C 278.5- Every person who takes, entices away, keeps, withholds, or conceals a child and maliciously deprives a lawful custodian of a right to custody, or a person of a right to visitation, shall be punished by imprisonment in a county jail not exceeding one year, a fine not exceeding one thousand dollars ($1,000), or both that fine and imprisonment, or by imprisonment pursuant to subdivision (h) of Section 1170 for 16 months, or two or three years, a fine not exceeding ten thousand dollars ($10,000), or both that fine and imprisonment.

158.     Rawah Algaouni violated the standing custody and visitation order issued by the Riverside County Family Court dated December 14th, 2011. This was the second time that she has committed this offense.  On the evening of June 28th, 20313, Rawah Algaouni committed a felony offense C.P.C 278.5 (a) as well as federal offense 18 USC 1201when she intentionally violated the court visitation order for visitation granting custody to the Plaintiff.  On the following morning of June 29th, 2013, Rawah Algaouni while on her way to an appointment for her employer, Solar City, acted as an accomplice in violating federal statute 18 USC 1204 when she dropped the minor child off to Los Angeles International Airport to the custody of Thierry Lemaitre, brother in-law, and her sister Ahlam Algaouni.  Thierry Lemaitre and Ahlam Algaouni then violated 18 USC 1204 when they intentionally kidnapped the child, Tariq

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 71

Walker, taking him first to Mexico and then to Costa Rica without the required permission of the Plaintiff and the Plaintiff was not informed by Rawah Algaouni or anyone else of the whereabouts of his minor son Tariq Walker.

159.      (Hindering Apprehension or Prosecution) Officer Wells took he report of the minor child confirming his kidnapping as well as the identity theft and the forged signature of the Plaintiff that was shown to the minor child by Thierry Lemaitre.  Sgt. Walter (Beaumont PD) Told officer Wells to stop the investigation into the felony violation 278.5, forgery, identity theft and international kidnapping of the minor child.  The Plaintiff also reported these crimes to Sgt. Glisson of the Ontario Police Department and the Rancho Cucamonga Police Department and nothing was done.  The matter is now under investigation by the FBI and Department of Justice.  The Riverside County District Attorney's Office having received information upon which charges could have, and should have been filed refused to do so.

160.      E. Toby Bowler (Rawah Algaouni's Attorney),
Paul Zellerbach, Kevin Carter (mediator) and all of the police departments conspired against the Plaintiff and his sons.  All of the parties listed above are vicariously liable for the actions committed as part of their expressly or tacitly agreed-upon activity of each other's actions that only served to harm the Plaintiff and his sons.

161.      The Beaumont Police Department, Paul Zellerbach, Creg Datig, Mayor of Beaumont- Roger Berg, City Manager of Beaumont- Alan Kapanicas, Elick Toby Bowler, Sergeant Glisson, Sergeant Walter, Sergeant Galbraith, all

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 72

compounded crime when they failed to file charges for some of the most serious crimes and further conspired against the Plaintiff for the benefit of Rawah Algaouni, Thierry Lemaitre, Montaser Algaouni, Ahlam Algaouni and Basma Arabi.

162.      (Deprivation of Rights and Unequal Protection Under the Color of Law) Sgt. Walter (Beaumont PD) Told officer Wells to stop the investigation into the felony violation 278.5, forgery, identity theft and kidnapping.  Sgt. Glisson and officer Dumont of the Ontario Police Department, and to Hon. Judge Jackson Lucky refused to read the Plaintiff's declarations and solely relied upon the declarations of Rawah Algaouni and her attorney E. Toby Bowler which were perjured and injurious to the Plaintiff and his sons.

163.      (Conspiracy) E. Toby Bowler, the Beaumont Police Department and its officers led by Sergeant Galbraith, Frank Coe, and Greg Fagan,  the Riverside  County District Attorney Paul Zellerbach and Deputy Creg Datig, Thierry Lemaitre and Rawah Algaouni conspired to put a crime on the Plaintiff where the intent was to have the Plaintiff falsely arrested and incarcerated. Officer Thomas D'Alessandro and Corporal Harris denied the Plaintiff the requested citizen's arrest against the battery committed against him by Thierry Lemaitre.  After the Plaintiff was charged with a misdemeanor these persons then sought to block the expunging of the Plaintiff's records.   Again on December 6th, 2013, after an act of prosecutorial misconduct, and the false allegations of Rawah Algaouni furthered by the subornation of perjury of Bill Essayli, malicious process and prosecution of the above named parties the Plaintiff was charged with contempt of court.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 73

164.     Despite the filing of a motion of disqualification and recusal of the Riverside County District Attorney's Office, and the questionable evidence the parties for the people, Riverside County District Attorney's Office has not recused or disqualify himself.

165.     Instead the Plaintiff was forced to stand in court and subjected to the highly prejudicial comments of Hon. Jorge Hernandez, and placed  under arrest and released there in court after posting bail while Rawah Algaouni walked out of court smirking.

166.     **As a result of the Defendant's violation of the above civil right, Plaintiff was harmed in the following way:**

a) The Plaintiff's right to equal protection under the law was denied.

b) Intentional infliction of emotional distress on the Plaintiff's and his sons.

c) The Plaintiff was libeled and defamed in court handcuffed and temporarily taken away like a common criminal in the view of the public.

d) Lost of investment, income and profits (2010- $ 21,000,000.00), (2011-$ 38,000,000) and (2012- 58,000,000.00)

e) Lost of economic gain and livelihood. The Plaintiff lost a job with Merrill Lynch ($ 18,000.00 guaranteed per month for 18 months), Charter Cable

(137,000.00) and Waddell & Reed.

f)  Infliction of Economic hardship and financial ruin, and severe emotional distress.

g)  Intentional alienation of affection (sons).

h)  Malicious prosecution and malicious process.

i)  Denial of Parental rights of the Plaintiff.

## Claim # 9

167.    **Plaintiff re-alleges and incorporates by reference all of the paragraphs above:**

Plaintiff has a claim under 42 U.S.C § 1983 for violation of the following federal constitutional or statutory civil rights, as we well as complaints under Tort law for

Extortion- ( Title 18 USC § 875)

1. Thierry Lemaitre
2. E. Toby Bowler.

168.    On the afternoon of May 31st. 2012 on the third floor of the Riverside

County Family Court build after a hearing in Dept F.301. The Plaintiff communicated to Elick Toby Bowler to pass on to Thierry Lemaitre that Mr. Lemaitre would be receiving back his investment from the Plaintiff's previous employer, AccessOne Barbados, Inc.. The Plaintiff then saw Mr. Bowler speaking with Mr. Lemaitre, and then Mr. Bowler came back over to the Plaintiff and told the Plaintiff that the Plaintiff would have to first place $ 390,000.00 in an escrow account belonging to Mr. Bowler before the stolen laptop that was obtained in the trespassory burglary by Thierry Lemaitre, Rawah Algaouni and Ahlam Algaouni from the Plaintiff home office is returned. Rawah Algaouni told the court commissioner, Commissioner Littlejohn, Banning Courthouse, California that she had the stolen laptop, but told the police that she did not have it thereby giving false and misleading information to an officer during the course of an investigation into the commission of a felony crime.

168.    Mr. Elick Toby Bowler also had Ex-Parte communication with Commission Littlejohn at the hearing of AccessOne Barbados, Inc. v. Rawah Algaouni.

169.    Rawah Algaouni also extorted the Plaintiff by telling the Plaintiff he will need to provide her with $ 10,000.00 USD per month. When the Plaintiff refused to be extorted Rawah Algaouni and her family resorted to various tactics to which included stopping the Plaintiff from see his sons, slandering and making libelous statements to the minor children about the Plaintiff, and making false police reports.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 76

170.     **As a result of the Defendant's violation of the above civil right, Plaintiff was harmed in the following way:**

a. The Plaintiff was deprived of custody and monetary benefit of the information that was on the laptop that has a substantial value in excess of $ 1 Billion dollars should the patents and other information be sold to possible military contractors.

b. The Plaintiff was emotionally and mentally stressed as a result of being previously injured by the defendants, and further because of the sensitive information on the laptop that pertained to an ongoing case by the DEA against a known drug trafficker being extradited from Barbados.

c. The Plaintiff was deprived of the right of ownership of his property and personal information.

### Claim # 10

171.     **Plaintiff re-alleges and incorporates by reference all of the paragraphs above:**

Plaintiff has a claim under 42 U.S.C § 1983 for violation of the following federal constitutional or statutory civil rights under the Fourteenth Amendment Rights, as we well as complaints under Tort law for Injunctive relief from the Riverside Family and recusal and disqualification of Hon Jackson Lucky.

172.    The Plaintiff previously filed a motion requesting that Hon. Jackson Lucky recuse himself from the hearing and the Hon. Jackson Lucky denied the motion as not timely and ignored the rights of the Plaintiff.  After this motion was made before the court the evidence will show that the Hon. Jackson Lucky made rulings against the Plaintiff that were clearly prejudicial.  Despite stating on the record that Rawah Algaouni was not a credible person Hon. Jackson Lucky granted her a restraining order against the Plaintiff.  Hon. Jackson Lucky stated on the record that he was granting the restraining order because the Plaintiff while in Pro Per at the hearing cross-examined Rawah Algaouni too aggressively though bearing out the fact that the evidence presented to the court was perjured.  It was during this hearing that Susan Bjork entered an affidavit before the court slandering and maligning the Plaintiff's good name stating that the Plaintiff will kill the minor children and Rawah Algaouni.  Susan Bjork avoided being served a subpoena to appear before the court to as a witness to her statements and refused to appear.

173.    It was at this hearing that the Hon Jackson Lucky refused to allow in as evidence the twenty-plus affidavits from pediatricians, neighbors, relatives, associates, business associates of the Plaintiff, teachers, Michael Jackman, Deputy Police Commissioner of Bermuda a childhood friend of the Plaintiff, Senator Marville (Barbados) a mentor of the Plaintiff, Dr. Hatim Zaghloul and persons with direct knowledge of the parties and the character and actions of the Plaintiff.  At the hearing held on May 31st, 2012, Hon Jackson Lucky told he Plaintiff that he was granting a restraining order against Plaintiff as requested by Rawah Algaouni because the Plaintiff cross examined Rawah Algaouni too aggressively during the trial.  Hon. Jackson Lucky had no basis to grant such an

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 78

order because the evidence presented fell short of what the law requires in such hearings, and further to the fact that Rawah Algaouni and Elick Toby Bowler committed perjury before the court. All of the evidence presented by Rawah Algaouni and Elick Toby Bowler was refuted and shown as false by the counter evidence. These persons made a mockery of our judicial system

174.     The Hon Jackson Lucky was given documentary evidence and oral testimony that refuted the perjured statements of Rawah Algaouni in court on case RID-236721, Riverside County Family Court. Beyond the preponderance of the evidence, Hon Jackson Lucky, knew, or should have reasonably known as a former prosecutor in the Riverside County District Attorney's Office, that Rawah Algaouni was not credible and was not telling the truth as he previously stated in Family Court. Despite this Judge Lucky rendered orders that clearly showed a prejudicial position and he ignored the overwhelming evidence against Rawah Algaouni, confirming that her statements in person before the court, and in declarations to the court were false and misleading. In so doing Judge Lucky ignored the rights of Plaintiffs and the general welfare of the minor children who have and continue to suffer immensely at the hands of Rawah Algaouni.

175.     Judge Lucky was given the evidence of the mental abuse of the minor children at the hands of Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni. Judge Lucky was also given full verifiable accounts of the crimes committed against the Plaintiff by Rawah Algaouni, and her family and at no time did he ever give any warnings or held Rawah Algaouni or any other party accountable for these actions committed against the Plaintiff or the minor

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprision of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 79

children.  Having done so would have served to put her on notice that the welfare of the minor children come first above all else, and that she is not above the law.

176.      Judge Lucky demonstrated a prejudicial position when he made orders pertaining to spousal and child support without a proper hearing, and clearly at the bequest of E. Toby Bowler.  This prejudicial decision was ordered at a time when the Plaintiff was unemployed and had to rely on family and friends for his  to assist him in paying his monthly living expenses.  The Court ignored the fact that evidence was submitted to corroborate the declarations and oral testimony of the Plaintiff confirming that Rawah Algaouni systematically removed over $ 360,000.00 from the jointly held  bank account with the Plaintiff at Bank of America, $ 15,000.00 from Chase Bank, and refused to disclose $ 31,000.00 held in another account at Tocqueville Fund (Mutual Fund),formerly Delafield Fund.  Mr. Elick Toby Bowler prepared the documents and gave them to the Judge's clerk, Ms. Hobdy to be signed while the Plaintiff was in Riverside Family Court Dept. F-301.  As a result of this injustice against the Plaintiff, the Plaintiff is accused of owing the Riverside County Department of Child Support Services over $ 90,000.00.

177.      On December 5th, 2013, despite being served with the initial federal lawsuit for injunctive relief Hon. Jackson Lucky continued on the hearings making further orders that were again prejudicial against Plaintiff, his property which have been used in the theft of his identity violating federal statues Title 18 USC §1204, 18 USC § 2701, 18 USC §1028, 18 USC §1832, and 18 USC

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 80

§1703 by Rawah Algaouni, Thierry Lemaitre, and Ahlam Algaouni, as well as the accomplices to these crimes.

178.    **As a result of the Defendants' violation of the above civil rights, plaintiff and his sons were harmed in following way:**

a)  The younger son, Tariq Walker, lives in fear that nothing will be done to Thierry Lemaitre and Ahlam Algaouni as expressed to the Plaintiff after he gave his kidnapping report to Officer Toisha Wells, Beaumont Police Department.

b)  The Plaintiff continues to be denied equal protection under the law guaranteed under the Fourteenth Amendment rights, and a right of due process.

c)  The Plaintiff is denied the rightful possession of his property and all of the intellectual rights of his property.

d)  Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will do something to fatally harm the kids and there will be nothing he can do.

e)  Plaintiff lives in fear of not being able to repair the relationship with his sons and insure that they given every opportunity to be successful in life.

f)  Plaintiff lives in fear of the continued abuse to his younger son who sent a text to him express disillusionment- "My life sucks"

g) Plaintiff lives in fear of having a crime put on him, and or being wrongly accused of a crime that would have him incarcerated.

h) Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will continue to ruin the life of younger sons.

j) Lost of economic gain and livelihood. The Plaintiff lost a job with Merrill Lynch ($ 324,000.00-18,000.00 guaranteed per month for 18 months), Charter Cable (137,000.00) and Waddell & Reed.

## **CLAIM #11**

179.    **Plaintiff re-alleges and incorporates by reference all of the paragraphs above:**

Plaintiff has a claim under 42 U.S.C § 1983 for violation of the following federal constitutional or statutory civil rights and his Fourteenth Amendment Rights, as we well as complaints under Tort law for Injunctive relief from the Riverside County Criminal Court (Banning) and recusal and disqualification of Hon. Jorge Hernandez.

180.    Rawah Algaouni conspired with Thierry Lemaitre to gain unlawful access to the email account of the Plaintiff in an illegal manner in violation of privacy of the Plaintiff and then sent emails to Rawah's Algaouni's boss whom the Plaintiff does not know.  The question here is that is one of exposure of the

fraud being perpetrated on the court is how would the Plaintiff know the email address far less who this person is.

181.     Officer Galbraith called the Plaintiff and the Plaintiff told the officer to speak with his attorney Bradley Hague who would have informed the officer of the facts, and the truth that Rawah Algaouni was trying to game the system and do whatever she and her family felt was necessary to get the Plaintiff arrested; something they have been attempting in a retaliatory fashion for the last three years.

182.     The other conspirators informed District Attorney, Paul Zellerbach, and made him aware of the fact that his office and his Deputy District Attorney, Creg Datig, were being sued by the Plaintiff.  The Plaintiff has been for some time now seeking to insure that he was being equally protected under the law by the District Attorney's Office.  Evidence will be presented to show that the District Attorney and the other conspirators worked in such a fashion to deny the Plaintiff his constitutional rights at every turn.  On December 4th, 2013, the Plaintiff placed himself on the docket at the Banning Court and appeared before the Hon. Jorge Hernandez.  Prosecutor Bill Essayli made false statements before the court in an effort to carryout the biddings of the District Attorney in an apparent and personal fashion seeking only to have the Plaintiff wrongfully incarcerated.  The case BAM 1302202, for contempt of court, are based on the false and perjured allegations fabricated by Rawah Algaouni consistent with the numerous false allegation she has made that have all be found to be false.

183.     On December 3rd, 2013, the District Attorney Paul Zellerbach and his

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Suboration of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 83

deputy Creg Datig were served with the initial law suit and a motion under
California Penal Code 1424 (a), which calls for their recusal and
disqualification under the laws of the State of California.  On the morning of
December 4th, 2013, the Plaintiff was accused of crimes of domestic violence
against Rawah Algaouni going back to June 30th, 2010, for which there was no
criminal case filed because the same prosecutorial office found Rawah less than
credible, the Beaumont Police found her less than credible, and in the matter of
domestic violence that was heard in the Riverside Family Court in July 2010
before the Hon Jackson Lucky Rawah Algaouni was again found to be less than
credible.

184.        On the morning of December 6th, 2013, prosecutor Bill Essayli
committed the crime of subornation of perjury and prosecutorial misconduct
when he coached Rawah Algaouni to stand before the court and make false
allegations against the Plaintiff knowing fully well that the Hon. Jorge
Hernandez would incarcerate the Plaintiff based on such false and misleading
allegations.  On that morning Rawah Algaouni made false statements before the
court citing cases where the Plaintiff was previously acquitted, and making
untrue statements before the court against the Plaintiff stating that the plaintiff
was continuing to threaten her, and was sending emails to her boss.  Hon Jorge
Hernandez made prejudicial statement against the Plaintiff when he said, "Guys
like you just don't get it and often times wind up stabbing, beating, and killing
these women, looking at her body language it tells me she is afraid of you and I
am taking you into custody".  Hon Jorge Hernandez tried and convicted the
Plaintiff right there and then without the knowledge of the facts that the
Plaintiff has been out of the state for the last four months for his own protection

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 84

and has had no contact other than communication authorized by the Riverside County Family Court for visitation with his younger son.

185.     Hon Jorge Hernandez failed to avail himself of the history of Rawah Algaouni's threatening statements to the Plaintiff, and her family sending death threats to the Plaintiff, as well as all of the evidence that would show since 1991 the Plaintiff has never laid a finger or said a threatening word or made any such action against Rawah Algaouni.  Further to this Hon. Jorge Hernandez failed to inform himself of the facts that since May 26th, 2010, after the Plaintiff failed to give in to extortion tactics of Rawah Algaouni and her family there has been a conspired and concerted effort to incarcerate the Plaintiff to discredit him in the upcoming federal investigation into Rawah Algaouni, Thierry Lemaitre, Ahlam Algaouni and Montaster Algaouni for defrauding the State of California EDD for $ 45,000.00, laundering monies to Lebanon in evasion of taxes to the IRS and in the trafficking of illegal and unregistered firearms.

186.     Hon Jorge Hernandez is a close friend of Hon Jackson Lucky, Paul Zellrebach, Creg Datig, Pamela Thatcher,  defendants in this federal lawsuit, and given his prejudicial comments on December 6th, 2013, it is dangerously clear that he will not be able to set aside these relationship and insure that the Plaintiff is given a fear hearing.  Hon. Jorge Hernandez has clearly shown that his opinion will not be impartial given the circumstances and weight of the conspiracy and serious complaints before this court.

187.     **As a result of the Defendants' violation of the above civil rights, plaintiff  was harmed in following way:**

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 85