a. Continued denial of equal protection under the laws as afforded every citizen as their Fourteenth Amendment right.

b. The Plaintiff was harmed by being placed in the position of Res judicata

c. The Plaintiff is being wrongfully accused and the perjured statements of a persons known to have motive for malicious actions against the Plaintiff is being unjustly given credibility where previously such credibility has been verified as lacking.  All efforts are being exerted upon the legal system in the Riverside County by the Office of the District Attorney and the Beaumont Police Department as a retaliatory measure for the Plaintiff bringing a just claim against the defendants for violations of his civil rights and tort claims.

d. The Plaintiff is unable to receive a fair and impartial hearing before the Riverside Criminal Court,  and the civil liberties and constitutional rights afforded the Plaintiff under the Constitution of the United States as set forth under the Fourth, Eighth and Fourteenth Amendment have been, and will continued to be denied.

## CLAIM # 12

188.      **Plaintiff re-alleges and incorporates by reference all of the paragraphs above:**

Plaintiff has a claim under 42 U.S.C § 1983 for violation of the following federal constitutional or statutory civil rights under the Fourteenth Amendment

Rights, as we well as complaints under Tort law for Injunctive relief from the Riverside County Court.

189.     On or about May 2011 the minor children complained that Thierry Lemaitre and Ahlam Algaouni were coming to the home and mentally abusing them causing them much mental anguish and pain.  The Plaintiff was being stalked by Mr. Lemaitre and Ahlam Algaouni even while having visitation with the younger child Tariq Walker.  The Plaintiff brought this to the attention of the Riverside Family Court judge, Hon. Jackson Lucky, and nothing was done. The Plaintiff was harassed on the morning of June 18th, 2011, while waiting for the minor child to be dropped off for visitation Rawah Algaouni called and directed Ted Gerken to delay the drop-off of the minor child.  Rawah Algaouni then had her brother in-law, Thierry Lemaitre, and her brother, Montaser Algaouni, harass and commit battery against the Plaintiff inside the Starbuck store where he was in line waiting to get coffee.  This batter was witnessed by the store manager who had to ask Montaser Algaouni to leave the store.

190.     Officers Geer and Adams arrived at the scene and suggested that the Plaintiff file a civil restraining order against Thierry Lemaitre and Montaser Algaouni.  When the Plaintiff filed the civil restraining order case in Riverside Civil Court, Walker v. Thierry Lemaitre, Elick Toby Bowler had Ex-Parte communication with Commissioner Pamela Thatcher.  At the hearing held on or about December 21st, 2011, Commissioner Thatcher, told the Plaintiff that he should not have any contact with Thierry Lemaitre based on a restraining order obtained form Hon. Judge Malloy despite the fact the Plaintiff was not served of any hearing on the matter.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 87

191.     The Plaintiff informed Commissioner Thatcher that Thierry Lemaitre was mentally abusing the minor children of the Plaintiff, and was using the stolen laptop of the Plaintiff to send himself threatening emails similar to what was being done to the supervisor of Rawah Algaouni as recent as late September early October 2013. The Plaintiff was denied a restraining order against Thierry Lemaitre.

192.     It became clear to the Plaintiff that there was Ex-Parte communication with an outside person believed to be Elick Toby Bowler, because of her references made to other cases and information.  Commissioner Thatcher denied the Plaintiff his restraining order against Thierry Lemaitre and Ahlam Algaouni despite the overwhelming evidence confirming their actions, as well as the use of the Plaintiff's stolen laptop  that was used by Thierry Lemaitre to send himself threatening emails to make it appear as it they came from the Plaintiff.

193.     **As a result of the Defendants' violation of the above civil rights, plaintiff  was harmed in following way:**

a.  The minor children continued to be mentally abused causing damage to their welfare and psyche.

b.  Thierry Lemaitre, Ahlam Algaouni and Basma Arabi continued to stalk the Plaintiff as recent as June of 2013.

c.  Thierry Lemaitre, Ahlam Algaouni forged the Plaintiff's signature.

d. Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni were able to commit parental kidnapping of the minor child Tariq Walker.

e. Thierry Lemaitre, Ahlam Algaouni et al continue to commit crimes against the Plaintiff with impunity and not fear of being arrested or held accountable by the courts.

f. Thierry Lemaitre, Ahlam Algaouni, Basma Arabi and Montaser Algaouni have inflicted emotional distress on the Plaintiff and his sons.

## CLAIM # 13

194. **Plaintiff re-alleges and incorporates by reference all of the paragraphs above;**

Plaintiff has a claim under Title 18 U.S.C § 1623 against Rawah Algaouni one of the conspirators in this case for her perjured statements before the Riverside County Family Court case RID 236721, as well as Riverside County Criminal Court case BAM1302202 and in the case of Accessone Barbados v. Rawah Algaouni.

195.     Rawah Algaouni made false statements before the Riverside County Family Court with the express purpose of getting the Plaintiff arrested, denied from having any communication and contact with his children and having his good name smeared, as well as to have favorable consideration in obtaining the maximum amount of child support and having sole custody of the minor children. Rawah Algaouni has shown by her actions and crimes committed against the Plaintiff and her own children that she is an unfit mother.

196.     From the period of May 26th, 2010 to as recent as December 6th, 2013 Rawah Algaouni has made false declarations before the Riverside County Family Court, Dept. F-301 (Case No. RID236721), Riverside County Criminal Court (Banning) (Case No. BAM1302202) before the Hon. Jorge Hernandez and in declarations before the United States District Court Central District of California (Case-EDCV-13-00118 Thierry Lemaitre & Ahlam Algaouni), Hon Judge Terry Hatter Jr., in which the latter was dismissed.

197.     Rawah Algaouni false declarations include the list of items below, but are not limited to these items:

(a) Plaintiff drinks excessively and is abusive to Rawah Algaouni and minor children.

FACT-Plaintiff was ordered to alcohol and rug assessment with Dr. Phillip McAffee and allegations found to be untrue as the physical examination reports form the Plaintiff personal physician shows the Plaintiff liver enzymes are normal.  Witnesses provided declarations on behalf of Plaintiff attesting to the Plaintiff's healthy lifestyle and his ability to get former employees to stop smoking and have not smoked since 2008.  No abuse was ever verified and neighbors provided affidavits to the court refuting the false allegations.

(b) Plaintiff has over 14 different bank accounts overseas- Plaintiff provided existence and proof of a single bank account in Barbados and none no where else.

(c) Plaintiff owned Champions Furniture and Eclectic Design.

1    **FACT-** Plaintiff submitted affidavits from the owners of Champions

2    furniture store refuting false claim by Rawah Algaouni. Attorney Petra

3    Clarke submitted an affidavit that showed Eclectic design is owned by

4    Rawah Algaouni and Tanya Griffin and she was asked by Rawah Algaouni

5    to form company.

6

7    (d) Plaintiff physically abused her in 19997 while living in Rancho

8    Cucamonga-

9    **FACT-**Plaintiff was heading out for an evening to show appreciation for

10   technicians working at Lucent Technologies where he worked at the time

11   and Rawah Algaouni stared to behave erratically and Plaintiff restrained

12   Rawah Algaouni from beating him about the chest area. Plaintiff did not

13   return any force of any sort, and when he got her to sit and calm down

14   Rawah Algaouni kicked him in the groin area and called 911. Rancho

15   Cucamonga Police came to home and asked Plaintiff if he wanted to file

16   charges to have Rawah Algaouni arrested and he declined stating that was

17   the mother of his child. Officers said one of you have to go and Plaintiff

18   told officers to take him. Plaintiff was bailed out of jail by Rawah

19   Algaouni's sister and brother in-law- Ahlam Algaouni and Thierry

20   Lemaitre, further confirming that Rawah Algaouni has some sort of mental

21   disorder and should have undergone psychological testing.

22

23   (e) Plaintiff held a gun to her head and threatened to kill her if she left him-

24

25   **FACT-** Plaintiff purchased a firearm (Glock-21) for Rawah Algaouni for

26   her protection and protection of the home because of his frequent travel out

27   of the country, and the firearm in her possession at all times. The firearm

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 91

was taken by Brett Beloat to Beaumont Police Station at the urging of the Plaintiff after he saw the erratic behavior of Rawah Algaouni in 2010.  The firearm remained at the Beaumont Police station with the Plaintiff emailing Frank Coe, Chief of Police, Beaumont Police Station, asking  him to keep it there for fear that false accusation would be made against him, and with any knowledge that he has a firearm in his possession the same defendants at the police department would attempt to claim he was armed and dangerous.

(f) Told the Beaumont Police Officers, Greer and Huff that Plaintiff said he would kill her and the kids and no one would know that its him because of his military training-

   **FACT** Officer Greer told the Plaintiff that Rawah Algaouni was told that they called Washington DC and spoke with persons who vouched for the Plaintiff's character and credibility.  They did not believe what she said.

(g) On or about June 2010 Rawah Algaouni called 911 telling the dispatcher that the Plaintiff broke into her bedroom and she was afraid of what he was going to do and was threatening her-

   **FACT-** Plaintiff went to the home and his bedroom door was locked.  The Plaintiff pushed in the door and entered the room to get his clothing. Rawah Algaouni was sitting on the bed and making the above referenced call.  The officers came and spoke with both children who confirmed that the Plaintiff did none of the things that Rawah Algaouni was claiming.

(h) Plaintiff struck Rawah Algaouni on her head and neck with the trunk lid of his Audi A-6 (2006).

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 92

1   **FACT-** The Plaintiff returned to the home to get a shirt to wear on his way

2   to Banning Court as the Plaintiff in the restraining order hearing Walker v.

3   Beloat.   Rawah Algaouni attempted to extort $ 10,000.00 per month from

4   the Plaintiff and when the Plaintiff refused to give in all sorts of actions

5   were pursued by Rawah Algaouni to get the Plaintiff arrested.  While The

6   Plaintiff was searching in the family Audi Q7 for his sunglasses Rawah

7   Algaouni went to the trunk of the Plaintiff's car and started removing the

8   contents of the trunk and throwing them into the street.  When the Plaintiff

9   saw what was happening and approached his vehicle which was parked in

10   the driveway which was slanted towards the street, Rawah Algaouni hit her

11   head as she was trying to get away from the trunk of the car.  The Plaintiff

12   called the Beaumont Police Department and told them what happened and

13   that he was on his way to court and if there were any questions or further

14   information needed please give him a call.

15

16   (i)  Plaintiff called her former company and got her fired.

17   **FACT-** Rawah Algaouni got herself fired for violating the State of

18   California CPNI (Customer Proprietary Network Information) that protects

19   the consumer information held by all service providers.

20

21   (j)  Plaintiff continues to harass her and sends emails to her boss at Solar City,

22   threatens her and makes her fearful that he will cause her bodily harm and

23   get her fired.

24   **FACT-** The Plaintiff's family law attorney, Bradley Hague, submitted a

25   declaration to the Riverside Family Court stating that the Plaintiff was filing

26   a federal lawsuit against Rawah Algaouni, her attorney, Elick Toby Bowler,

27   and other family members.  Mentioned in the declaration was the fact that

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 93

the Plaintiff's son was kidnapped by Rawah Algaouni and dropped off to LAX airport to Thierry Lemaitre and her sister Ahlam Algaouni who then took the minor child out of the country to Mexico and then Costa Rica.  The Plaintiff was able to determined and will provide evidence to the court that Thierry Lemaitre sent spoofed emails to the Plaintiff email creating a backdoor into the Gmail account and erasing folders on the account and sending emails to Rawah Algaouni and her boss making it appear as if the Plaintiff sent them himself.

(k) Rawah Algaouni stated to the court she gave the older minor son at the time a drug test after the Plaintiff brought it to her attention that he received reports from the swimming coach that the child was smoking marijuana. **FACT-** The minor son Bilal Walker told the Plaintiff that Rawah Algaouni never gave him any drug test.

(l) Rawah Algaouni stated to the court that she was providing a nurturing environment of the minor children. **FACT-** Rawah Algaouni is afraid of the older son and would often times avoid being around the child by taking the younger child Tariq to Las Vegas with her leaving the older child Bilal at home by himself.  On two separate occasions Rawah Algaouni caught the younger minor son Bilal having sexual intercourse with a minor girl who was given a key to the home.   Rawah Algaouni never spoke the minors, took away the key, or spoke to the young girls mother.  When the father, a police officer, and her mother who works at the police station learned of what happened the mother of the young minor threatened the Plaintiff's older son, Bilal

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 94

1   Walker, telling him that she would kill him.  Rawah Algaouni claimed she
2   had no knowledge of what was going.

4   (m) Rawah Algaouni claimed unemployment insurance under the State of
5       California EDD-

7   **FACT-**  The Plaintiff learned of this and reported it to the Beaumont Police
8   Department and the Riverside District Attorney's Office along with the fact
9   that Rawah Algaouni was a partner and co-owner of The Shaping Spaces
10  Group with Tanya Griffin.  The Plaintiff learned of the conspiracy between
11  Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni to defraud the
12  EDD of $ 1,900.00 every two weeks and warned her not to do so advising
13  Rawah Algaouni it was illegal.  It was not until July of 2009 while
14  preparing to go on vacation that the Plaintiff  learned that Rawah Algaouni
15  had in fact gone ahead and was committing such a crime when she had Gina
16  Beloat over to the home in Beaumont to get her to submit the return slip for
17  EDD bi-weekly payments by forging the signature of Rawah Algaouni.  It
18  was then that Rawah Algaouni promised the Plaintiff that she would not do
19  so, but in 2010 the Plaintiff learned of this and other serious crimes such as
20  international money laundering and U.S tax evasion that the Plaintiff
21  reported these crimes.  The Plaintiff also learned that Tanya Griffin was
22  paying Rawah Algaouni under the table.  The Plaintiff employed he
23  services of an investigative firm that compiled video surveillance of Rawah
24  Algaouni working at a time she continued to receive weekly unemployment
25  checks, as well as checks under the table form Tanya Griffin, her partner at
26  The Shaping Spaces Group.  During the initial divorce proceedings an
27  attempt was made to cover this up on the part of Rawah Algaouni and
28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 95

Tanya Griffin by altering the website showing that she was a partner and co-owner. The Plaintiff was able to use some software to go back to the state of the website showing this fact as it correctly matched up with an earlier copy of the same information.

198.      **As a result of the Defendants' violation of the above federal statute the plaintiff  was harmed in following way:**

(a)  The Plaintiff was exposed to financial liability.

(b)  The Beaumont Police Department in conspiracy with the other defendants aided in the consummation of a crime and thereby denied the Plaintiff equal protection under the law.

(c)  The Riverside District Attorney's Office despite knowing and having full knowledge of the fact that Rawah Algaouni is not a credible person moved to maliciously prosecute the Plaintiff based on false allegations and perjured statements by Rawah Algaouni.

(d)  The Riverside Family Court used these false statements upon which to base many of the unfavorable and damaging orders against the Plaintiff and the minor children destroying the academic future of Bilal Walker,  and general welfare of the minor children.

(e)  The Riverside Family Court relied upon and used these false and perjured allegations by Rawah Algaouni against the Plaintiff to grant a restraining order against the Plaintiff.

1

2   (f) The Hon Jorge Hernandez relied upon these false and misleading

3       allegations by Rawah Algaouni to order the Plaintiff be taken into custody.

4

5   (g)  These perjured statements from Rawah Algaouni were used by the other

6       defendants- Paul Zellerbach, Creg Datig, Bill Essayli, Hon Jackson Lucky,

7       and officers of the Beaumont Police et al upon which to cloak their

8       violations of the Plaintiff's constitutional rights and other deprivation of the

9       Plaintiff's rights.

10

11                          **CLAIM #14**

12

13  199.     **Plaintiff re-alleges and incorporates by reference all of the**

14  **paragraphs above:**

15  Plaintiff has a claim under Title 18 U.S.C § 1703 for the delay, destruction,

16  withholding and without authority opening of the Plaintiff 's mail and theft of

17  his government issued social security card, and citizenship certificate against

18  Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni, as well as Z-Tech

19  Advance Technologies for vicarious liability.

20

21  200.     On or about September 10th-14th, 2012, the Plaintiff allowed the

22  minor son Bilal Walker to stay at his apartment while the Plaintiff was assigned

23  on a project in Salt Lake City.  During this time the Social Security Department

24  sent the Plaintiff his new social security card in the mail to his apartment.

25

26  201.     It was verified that Rawah Algaouni came and entered the Plaintiff's

27  apartment and while there without permission or authority removed some of the

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside

1   Plaintiff's mail which included his new social security card.  In previous
2   instances Rawah Algaouni forged the Plaintiff's signature on checks made out
3   to the Plaintiff and deposited the check into a bank account held jointly with the
4   Plaintiff and then removed the proceeds of the deposited check from the
5   account.

6

7   202.      **As a result of the Defendants' violation of the above federal**
8   **statute the plaintiff was harmed in following way.**

9

10  (a) The Plaintiff was deprived of his official government documents required
11       for proof of employment.
12  (b) The Plaintiff's property was used in several identity theft and forgery acts
13       by Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni.
14  (c) The Plaintiff has been denied the rightful possession of government issued
15       documents belonging to him as his personal property.

16

17                          **CLAIM # 15**
18  203.      **Plaintiff re-alleges and incorporates by reference all of the**
19  **paragraphs above:**

20  Plaintiff has a claim under Title 18 U.S.C § 1204, for the international
21  kidnapping of his minor son, Tariq Walker,  when by Court order of the
22  Riverside Family Court dated December 14th, 2011, the minor child was to be in
23  the legal custody of the Plaintiff.  This claim is against Rawah Algaouni,
24  Thierry Lemaitre and Ahlam Algaouni, Aero Mexico as an accomplice and in
25  aiding in the consummation of a crime, and Sergeant George Walter and the
26  Beaumont Police Department as an accomplice after the fact.  The Plaintiff also
27  has a claim under California Penal Code 278.5 (a) against the aforementioned
28

1   defendants Rawah Algaouni , Thierry Lemaitre, Ahlam Algaouni, and against

2   Sergeant George Walter, the Beaumont Police Department under vicarious

3   liability and those in charge (Chief Frank Coe and Commander Greg Fagan),

4   Alan Kapanicas and Roger Berg, Beaumont City Manager and Mayor

5   respectively, as well as the City of Beaumont for vicarious liability of Roger

6   Berg and Alan Kapanicas.  The Plaintiff also has a claim under Title18 U.S.C §

7   1201.  On the evening of June 28th, 2013, when by order of the Riverside

8   Family Court Rawah Algaouni failed to drop-off the minor child for visitation

9   and refused to respond to the Plaintiff, or inform the Plaintiff of the

10  whereabouts of the minor child, Rawah Algaouni was also in violation of Title

11  18 U.S.C § 1201.

13  204.      The Plaintiff believes and thus alleges that the City Manager and the

14  Mayor of Beaumont acted in retaliation against the Plaintiff directing the

15  Beaumont Police Department not to file charges against Rawah Algaouni,

16  Thierry Lemaitre and Ahlam Algaouni for the criminal offenses they committed

17  against the Plaintiff.  This was done because of the Plaintiff's recommendation

18  that caused the Fairway Canyon Community Board of Directors to get rid of

19  Greenfield Communications which indirectly interrupted the bribery and

20  kickback scheme that was in place by the conspirators.  The California State

21  Treasurer and the State Attorney General, as well as other government agencies

22  have been give all evidence.

24  205.      On the evening of June 28th, 2013, Rawah Algaouni failed to drop-

25  off Tariq Walker for visitation as ordered by the court.  While at the visitation

26  drop-off location ordered by the Riverside Family Court, after Rawah failed to

27  drop off the minor child the Plaintiff called the Los Angeles Airport Police

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 99

1  where he spoke with Sergeant Boiselle.  The Plaintiff provided the LAX PD

2  copies of the pictures of the minor child and Thierry Lemaitre and Ahlam

3  Algaouni.  The LAX PD then sent pictures and put out an "All Points Bulletin"

4  to all of the airlines, with a special focus on Aero Mexico, United and Delta.

5

6

7  206.      Despite having been alerted to be on the lookout for the kidnapped

8  child Aero Mexico still ignored the required protocol for minors traveling

9  internationally.  Aero Mexico acted as an accomplice in the commission of this

10 crime, and as well as aiding in the consummation of a crime when the airline

11 acted in a wantonly negligent fashion. Aero Mexico policies went against the

12 norm in the industry, and against those of the Department of Transportation and

13 the Department of State and were not consistent with industry norms where it is

14 required that a minor child traveling with persons that he/she is not related to,

15 are not parents, or have the same last names as the minor child, are required to

16 provide a notarized letter from both of the minor's parents.

17

18 207.      **As a result of the Defendants' violation of the above federal**

19 **statute the plaintiff  was harmed in following way**

20

21 (a)  The Plaintiff was subjected to severe emotional distress because of these

22       actions and not knowing the whereabouts of his son fro almost two weeks,

23       and also the concern that Rawah Algaouni a foreign national with close ties

24       and family in Lebanon had kidnapped the child to Lebanon a country that

25       does not have a Geneva Convention on child abduction with the United

26       States

27

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 100

(b)  The Plaintiff was subjected to alienation of affection because of the kidnapping of his son by the defendants, and those that aided Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni in the consummation of this crime against the Plaintiff and his son.

(c)  The Plaintiff custody of his son as ordered by the Riverside Family Court was denied him by these actions of the defendants.

(d)  The Plaintiff was deprived of his rights as father by the defendants, and further exacerbated by the actions of Aero Mexico and Sergeant Joshua Galbraith when On the one hand Aero Mexico allowed the negligently allowed the child to travel when they should not have.  Sergeant Galbraith deprived the Plaintiff and his son Tariq Walker of equal protection under the law when he directed Officer Toisha Wells, Beaumont Police Department, to stop the investigation into the kidnapping of the minor child, Tariq Walker, Sergeant Galbraith and the Beaumont Police Department.

208.    **Plaintiff re-alleges and incorporates by reference all of the paragraphs above:**

209.    Plaintiff has a claim under Title 18 U.S.C § 1201, for the parental kidnapping of his minor son, Tariq Walker,  when by Court order of the Riverside Family Court dated December 14th, 2011, the minor child was to be in the legal custody of the Plaintiff.  This claim is against Rawah Algaouni, Frontier Airlines, Robert Ardrey and Christopher Plumbing for being vicarious liable for the actions of Robert Ardrey.  The Plaintiff also has a claim under California Penal Code 278.5 (a) against the aforementioned defendants, Rawah

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 101

1  Algaouni, Frontier Airlines, Robert Ardrey and Christopher Plumbing for being
2  vicarious liable for the actions of Robert Ardrey.

4  210.     On or about December 20th, 2011, Rawah Algaouni in violation of
5  the court order from Riverside County Family Court, which granted the
6  Plaintiff legal custody of the kidnapped minor children, Bilal and Tariq
7  Walker, took the kids to the State of Denver without the permission or
8  knowledge of the Plaintiff.  The Plaintiff was unaware of whereabouts of his
9  kids, and did not see his kids for almost two weeks.

11  211.     Rawah Algaouni told Office Lynn, Beaumont Police Department,
12  that her mother had died and she had no way to drop off the children, yet she
13  was able to travel to LAX airport where she took a flight on Frontier Airlines
14  using tickets purchased by Robert Ardrey, employee and owner of Christopher
15  Plumbing, Littleton, Colorado.

17  212.     **As a result of the Defendants' violation of the above federal**
18  **statute the plaintiff  was harmed in following way.**

20  (a)  Infliction of severe emotional distress on the Plaintiff because of the
21        unknown whereabouts of his minor children having been subjected to
22        parental kidnapping by Rawah Algaouni and Christopher Ardrey.

24  (b)  Denial of custodial visitation as ordered by the Riverside Family Court that
25        resulted in alienation of affection between the minor children and the
26        Plaintiff.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 102

(c)  Kidnapping of the Plaintiff's minor children by Rawah Algaouni and
     Christopher Ardrey.

### CLAIM # 16

213.    **Plaintiff re-alleges and incorporates by reference all of the**
**paragraphs above:**

Plaintiff has a claim under Plaintiff has a claim under Title 18 U.S.C § 1028:
US Code- Section 1028 Fraud and related activity in connection with
identification documents, authentication features and information against
Thierry Lemaitre, Rawah Algaouni and Ahlam Algaouni.

214.    Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni committed
trespassory burglary on my home office and stole my Apple MAC Book Pro
17", my United States Citizen certificate, deed to my father's land and my
social security card and denied having them or turning them over to the
Plaintiff.

215.    Rawah Algaouni forged the birthdate on the Plaintiff's son Tariq's
birth certificate.  It was confirmed by my son Tariq Walker that Thierry
Lemaitre forged my signature onto a document that was used to illegally kidnap
the Plaintiff's son and carry him to Mexico and Costa Rica via Aero Mexico.
Rawah Algaouni committed several other acts of forgery of my signature.

216.    Rawah Algaouni forged the signature of the Plaintiff on checks and
then cashed those checks and held on to the proceeds.  Rawah Algaouni,
Thierry Lemaitre, Ahlam Algaouni, Montaser Algaouni stole the Plaintiff's
identity and then committed crimes against themselves and others to make it
look like the Plaintiff.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprision of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 103

217.     **As a result of the Defendants' violation of the above federal statute the plaintiff is harmed in following way.**

(a)   The Plaintiff was and is being falsely accused of crimes he did not commit.

(b)   The Plaintiff's has been subjected to defamation of character and had his name slandered by the libelous actions of the defendants mentioned above.

(c)   The Plaintiff identity has been stolen and acts committed as if he himself committed such acts.

(d)   The Plaintiff's signature was forged and affixed onto documents then used to commit crimes and acts severely haring the Plaintiff.

(e)   Because of the acts and crimes committed as it the Plaintiff committed such acts the Plaintiff's credit ahs been ruined.

(f)   The documents that were forged were then used to aid in the consummation of the kidnapping of the Plaintiff's younger son Tariq Walker where he was taken to Mexico and Costa Rica.

(g)   The Plaintiff's character was ruined by the forgery and altering of an official State issued document, that being the birth certificate of the minor son Tariq Walker.

(h)   Thierry Lemaitre attempted to get a notary public to sign documents and other contracts falsely attesting to being originated by the Plaintiff.

## CLAIM #17

218.     **Plaintiff re-alleges and incorporates by reference all of the paragraphs above:**

Plaintiff has a claim under Plaintiff has a claim under Title 18 U.S.C § 1028A, Aggravated Identity Theft against Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni.

219.     The Plaintiff had an Apple MAC Book Pro 17" stolen during an act of trespassory burglary of his home office by Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni.  On the stolen laptop was the Plaintiff's digital signature, and other personal confidential information that is now being used by Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni in the commission of crimes and theft of the Plaintiff's identity and the fabrication of evidence.

220.     **As a result of the Defendants' violation of the above federal statute the plaintiff  is harmed in following way.**

(a)  The Plaintiff  is being wrongfully accused of committing crimes and other acts which he has not committed.

(b)  The stolen identity of the Plaintiff is used to forge documents and present as documents from Plaintiff.

(C)   The Plaintiff's privacy has been invaded.

## CLAIM # 18

221.     **Plaintiff re-alleges and incorporates by reference all of the paragraphs above:**

Plaintiff has a claim under Title 18 U.S.C § 2701, unlawful access to stored communications against Thierry Lemaitre, Rawah Algaouni and Ahlam Algaouni.

222.     Thierry Lemaitre, Rawah Algaouni and Ahlam Algaouni in the course of committing other crimes and in violation of federal statutes unlawfully accessed the stored communications of the Plaintiff on several instances rendering the email address and electronic mail boxes of the Plaintiff useless.

223.     Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni used their unlawful entry to these stored communications to originate emails to various parties including the managers and other persons at Solar City making it appear as if the electronic communications were being sent by the Plaintiff.  These persons also erase the folders contained in the electronic stored communications.

224.     **As a result of the Defendants' violation of the above federal statute the plaintiff is harmed in following way.**

225.     Evidence was fabricated against the Plaintiff that was then being presented to law enforcement as valid evidence, and despite knowing this

1    evidence has been fabricated the Riverside County District Attorney is still

2    attempting to use such false evidence to maliciously prosecute the Plaintiff.

3

4    226.    The Plaintiff has had his privacy violated.

5

6    227.    The Plaintiff has had his property stolen, as well as his trade secrets

7            and other intellectual property.

8

9    228.    The Plaintiff has had his property stolen.

10

11                              **CLAIM # 19**

12

13   229.    **Plaintiff re-alleges and incorporates by reference all of the**

14   **paragraphs above:**

15

16   Plaintiff has a claim under Title 42 U.S.C 5106 (g), as amended by the CAPTA

17   Reauthorization ACT of 2010, and the California Child Endangerment ACT

18   Penal Code Section 11164-11174.3 against Rawah Algaouni, Thierry Lemaitre,

19   Ahlam Algaouni and Basma Arabi. These Defendants had a duty to

20

21   230.    The minor children Tariq A. Walker and Bilal A. Walker (then a

22   minor) complained to the Plaintiff that Rawah Algaouni, their mother, would

23   allow Thierry Lemaitre and Ahlam Algaouni to come to the home where the

24   minor children were living at the time of these incidents and mentally abuse

25   them.  On or about May 2011, the older minor child Bilal Walker told the

26   Plaintiff that Thierry Lemaitre was telling negative things about the Plaintiff

27   that were painful to him and causing him pain that was affecting his grades.

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 107

231.     The minor child Tariq Walker told the Plaintiff one of the things that Thierry Lemaitre and Ahlam Algaouni would do is when they came to the home where the minor children lived, they would send Tariq to his room and would be shouting at Bilal.  The Plaintiff believes and thus allege that Thierry Lemaitre and Ahlam Algaouni were brainwashing the minor child.  The Plaintiff also believe that Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni talked the minor child Bilal Walker from continuing to pursue his interest in the nomination to the U.S Naval Academy.  These persons made it known that they did not want Bilal Walker bombing the Middle East.

232.     These persons also dissuaded Bilal Walker from pursuing scholarships from the alma Mata of the Plaintiff, Occidental College, as well as from attending meetings that were being schedule with other universities for scholarship for swimming and water polo.  Bilal Walker was Southern California's CIF Div. IV Swimming 50 & 100 meter free-style champion 2011 and 2012, and a member of the first ever Beaumont High School water polo championship 2012.

233.     Basma Arabi, sister of Rawah Algaouni and Ahlam Algaouni, would travel from Lebanon to Beaumont where she stayed at the home owned by the Plaintiff with Rawah Algaouni.  While there Basma Algaouni would consistently harass and mentally abuse the minor child Tariq Walker.  Basma Arabi would confiscate the Apple iPad given to Tariq Walker by the Plaintiff and give it to her son, and would also hide the minor child toys.  This mental abuse included screaming at the minor child and telling him to go live with the Plaintiff with words used in this exchange to denote a sense of betrayal on the

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 108

1    part of the minor child. Basma Arabi confiscated the Plaintiffs phone given to
2    the minor child Tariq Walker disallowing him from speaking the Plaintiff as the
3    Riverside County Family Court Mediation Department ordered. The minor
4    child Tariq Walker managed to use the Skype on his computer to allow the
5    Plaintiff to directly hear the heated exchanges between herself and adult and
6    mother with the minor child Tariq Walker who was then ten years old. Upon
7    learning of Tariq's use of Skype on the desktop computer purchased for him by
8    the Plaintiff Rawah Algaouni uninstalled the Skype application form the
9    desktop.

11   234.     On or about the time of the release of the Apple iPhone 4 Rawah
12   Algaouni further mentally abused the minor children by telling them that the
13   Plaintiff had installed a microphone on the iPhone that would allow the Plaintiff
14   to hear everything that the minor children were saying. This allegation is
15   further confirmed by an affidavit from the older minor son Bilal Walker.

17   235.     The mental abuse of the children was also confirmed by child
18   counselor Jennifer Downey. Jennifer Downey refused to provide the requested
19   report of her findings to the Plaintiff, the legal father, of the minor children.
20   The Plaintiff had to subpoena these reports from Jennifer Downey. Jennifer
21   Downey, Rawah Algaouni and Elick Toby Bowler did not want the Plaintiff to
22   know of the findings that revealed the minor child Tariq Walker was having
23   nightmares, trouble eating and other mental coping issues partially as a result of
24   the divorce, but primarily due to the mental abuse they were suffering, and the
25   continued efforts of aforementioned defendants to interfere with the relationship
26   between the Plaintiff and the minor children.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 109

236.     The minor children were also mentally abused  having to watch the efforts of Rawah Algaouni, Thierry Lemaitre, Elick Toby Bowler  and Ahlam Ahlam to stop the Plaintiff from seeing his minor children.

236.     The minor children were also mentally abused  having to watch the efforts of Rawah Algaouni, Thierry Lemaitre, Elick Toby Bowler  and Ahlam Algaouni stop the Plaintiff from seeing his minor children.  Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni have failed in their duty to protect the minor children insuring for their welfare and safe being.

237.     **As a result of the Defendants' violation of the above federal statute and Civil and Criminal Code of the State of California the plaintiff is harmed in following way.**

(a)   The relationship between the Plaintiff and his older son is strained as a result of the mental abuse a the hands of the defendants.

(b)   The Defendants Thierry Lemaitre, Rawah Algaouni and Ahlam Algaouni have so mentally abused the Plaintiff's older son that they have created a severe alienation of affection between the Plaintiff and his older son Bilal Walker where there was once a bond between the Plaintiff an his son while the two lived together in Barbados as the Plaintiff cared for his son as he was building Accessone Barbados.

(c)   The aforementioned defendants Rawah Algaouni, Thierry Lemaitre and

1   Ahlam Algaouni continue to interfere with the Plaintiff's rights as a father

2   creating and inflicting emotional distress between the Plaintiff and his

3   sons.

4

5

6

7                               **CLAIM # 20**

8

9   238.          **Plaintiff re-alleges and incorporates by reference all of the**

10  **paragraphs above:**

11

12  Plaintiff has a claim under Title 42 U.S.C § 5106 (g), as well as under

13  California Health & Safety Code 11361 (a) (b) and California Penal Code 272-

14  Contributing to the delinquency of a minor against Mazzin Afghani and Rawah

15  Algaouni as an accomplice before the fact.

16

17  239.        Beginning in 2010 and continuing to present Mazzin Afghani has

18  been giving the older son Bilal Walker marijuana and possibly hash inducing

19  him to smoke these illegal drugs by telling the minor child at the time that it is

20  ok because the Plaintiff smoked with him.  Rawah Algaouni, mother of the

21  minor child at the time knew of, and or should have known of this as this

22  member of her family who is her cousin made no secret about smoking

23  marijuana.

24

25  240.        By reference of the in previous statements in this suit Rawah

26  Algaouni knew the minor child at the time Bilal Walker was using drugs having

27  been told so by the Plaintiff, in text message exchanges with the minor child,

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 111

and beings o informed around March 20th, 21th, 22nd, 2012, as well in court declarations by the Plaintiff.

241.     **As a result of the Defendants' violation of the above federal statute and Civil and Criminal Code of the State of California the plaintiff is harmed in following way.**

(a) The Plaintiff over the course of several years suffered the pain of a parent having to watch his son whom he had high hopes for in his academic and athletic life being intentionally led astray and give drugs by his maternal relatives, and condone by Rawah Algaouni his mother.

(b) The plaintiff had to pray for his sons as he was intentionally inflicted with emotional distress due to the actions or lack thereof by Rawah Algaouni and Mazzin Afghani in the failure of their duty to protect the minor child.

(c) Rawah Algaouni denied any participatory responsibility in her negligent contribution to the delinquency of the minor child as a means of retaliation against the Plaintiff.

## CLAIM # 21

242.     **Plaintiff re-alleges and incorporates by reference all of the paragraphs above:**

Plaintiff has a claim under Title 18 U.S.C § 2261A, stalking , as well as under California Penal Code 646.9 against Thierry Lemaitre, Ahlam Algaouni, Montaser Algaouni and Basma Arabi.

243.     On or about June 18th, 2013, Basma Arabi, the sister of Rawah Algaouni, who was visiting from Lebanon with minor children, conspired with Thierry Lemaitre and Ahlam Algaouni to stalk the Plaintiff and his host Terry Bryan during a time when the Plaintiff was living at the home of Mr. Bryan while he was waiting of his apartment to be prepared.  Mr. Bryan and the Plaintiff would go exercising in the morning and on that particular morning Thierry Lemaitre, Ahlam Algaouni and Basma Arabi laid in wait for the Plaintiff but on that morning the Plaintiff did not join Mr. Bryan for exercising.

244.     Basma Arabi approached Mr. Bryan using her five-year-old daughter as a shield hoping to be able to make some kind of claim against Mr. Bryan should her minor daughter, Ranwah, get hurt.  Thierry Lemaitre sat in his vehicle behind Mr. Bryan while Ahlam Algaouni sat in her car video taping the incident.  Mr. Bryan realizing what was going on as he jogged along jogged around Basma and her daughter and as he got further away Mr. Lemaitre drove by him slowly shaking his finger at him and laughing.

245.     **As a result of the Defendants' violation of the above federal statute and Civil and Criminal Code of the State of California the plaintiff is harmed in following way.**

(a)   The Plaintiff became fearful for his life having previously reported the
        stalking to the Riverside Police Dept, Beaumont Police Department,

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 113

1    Ontario Police Department and the Rancho Cucamonga Police Department,

2    and none of them took any action against Mr. Lemaitre and the other

3    parties to this crime.  Mr. Lemaitre and Rawah Algaouni went as far as

4    boasting that despite the many complaints to law enforcement against them

5    nothing was being done to them.  The fear for his life by the Plaintiff was

6    further intensified because the Plaintiff knew firsthand that the referenced

7    parties herein, Thierry Lemaitre, Ahlam Algaouni, Montaser Algaouni and

8    Rawah Algaouni had access to illegal unregistered hand guns and semi-

9    automatic weapons having once sought to hide them form law enforcement

10    under the bed at the home of the Plaintiff.

12  (b)  The Plaintiff having returned to California on June 14th, 2013, after an

13       assignment in Utah, had his livelihood upended by this action and was

14       advised to leave the State of California after this brazen action by these

15       persons, as well as feeling unsafe after filing the lawsuit against the law

16       enforcement defendants in this law suit.

18  (c)  Due to having to leave the state of California for a while the Plaintiff

19       sought the protection of his former military friends and family in another

20       state, and having to do so remains unable visit regularly with his son

21       further the alienation of affection between he and his son.

23  (d)  The Plaintiff was being denied equal protection under the law as well as his

24       constitutional rights to liberty and freedom.

26  (e)  The Plaintiff also suffered intrusion of solitude and privacy

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 114

## CLAIM # 22

246.     **Plaintiff re-alleges and incorporates by reference all of the paragraphs above:**

Plaintiff has a claim under Title 18 U.S.C § 1832,  theft of corporate trade secrets and other proprietary confidential information and patents, as well as under California Penal Code 502 (c) "Comprehensive computer data access and fraud Act", California Penal Code Section 496- possession of stolen property, and California Penal Code 487 PC- larceny.

247.     Starting on or about July 2010 and continuing to present Thierry Lemaitre, Rawah Algaouni and Ahlam Algaouni stole the Plaintiff's laptop containing confidential and personal information as well as information on patented devices and other technology and methodologies related to:

(1)    A device that can detect forest fires up to 20 miles away when it's a little larger than a campfire.

(2)    Using the above device to fully protect the porous U.S borders, large campuses, municipalities and military facilities, and large facilities like malls, airports and stadiums.

(3)    Solutions to reduce both State and Federal prison populations reducing the capital and operational expenditures while increasing the profits.

(4)    A solution to eliminate the drug cartels as we know them today.

(5)    A device that will display the mental image that comes to mind when a person connected to it is asked a question.

(6)    A device that can be used by the U.S Navy that will take control of a sub forcing it surface when detected and located. (The Wrap).

(7)    Methodologies to reduce criminal activity without the use of force, officers and existing methods.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Suboration of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 115

(8) Full implementation of strategies and tactics to safeguard global travel in such a way as to identify all known threats and persons of interest before they board a plane, and when they arrive within the proximity of the airport.

(9) Methodologies and technologies to deploy that will identify the originating source of all global cyber attacks within minutes.

(10) Methodologies, technologies to put in place to give the Treasury and any U.S Government agency the ability to monitor all monetary transactions thereby averting any activity that could cause a global financial issues, identify any money laundering or other activity similar to Chase Bank $ 7 Bil. Dollar lost, or rogue trading.

(11) Methodologies and technologies to put in place so that any government and political officials/nations receiving money from the IMF or World bank is not able to embezzle the money into their private accounts.

(12) A solution that will both register all gun sales and at the same time match fingerprints to the registered owner as it would be taken from the fingerprinted weapon.

(13) A solution to safe guard any facility primarily schools that would not allow a gun or any gun like device to be fired, as well as tracking the location of the weapon.

(14) Rendering any handgun or other weapon inoperable unless fired by the registered owner, police, solider or other authorized law enforcement official.

(15) Techniques, methodologies and processes to implement to safeguard U.S food sources, water and energy sources for any terrorist, or terrorist like act.

(16) Implementation of technologies to avoid an Edward Snowden like event ever again, and to identify and locate all sensitive U.S government info if ever removed from a secured location.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 116

(17) Securing all U.S roads and highways completely mapping all surfaces where a vehicle can be used so that the tracking of any wanted person or fugitive is fully enhanced.

(18) A business model to further monetize Facebook or Google's social network strategy. (Value 2 Bil USD).

(19) An application for cell phones that would allow all data to be protected and encrypted should they be lost or stolen. The App would also allow the owner to transfer any picture or scene they saw onto the phone.

(20) An application to allow the owner to know if their spouse or significant other is lying to them or hiding information.

248.     Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni has in their possession the stolen Mont Blanc, Waterman, Cross, and Quill pen collection now valued at $ 60,000.00, and is attempting to extort monies from the Plaintiff for the return of the Plaintiff's property.

249.     In their continued efforts to retaliate against the Plaintiff for reporting their criminal and fraudulent activities Thierry Lemaitre gained unlawful access to the Plaintiff's email accounts by sending spoofed content in such a fashion that when the Plaintiff, though recognizing such malware deletes such content a backdoor is created thereby allowing Thierry Lemaitre to gain unlawful access to any device used in the process and the Plaintiff's email. Thierry Lemaitre et al committed these unlawful acts against the Plaintiff and deleted numerous files and other folders containing any incriminating information against himself, Ahlam Algaouni, Rawah Algaouni and Montaser Algaouni.

250.     Thierry Lemaitre used this illegal and harassing tactic to send emails to other persons giving the impression that the Plaintiff sent such content and other emails. Thierry Lemaitre has also affected the emails of other persons who will confirm his illegal actions.

251.     Thierry Lemaitre used this illegal activity to fabricate evidence to incriminate the Plaintiff in Riverside County Case BAM1302202, in which the Beaumont Police Department and Riverside County District Attorney's Office

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 117

were given proof of his modus operandi in the commission of these crimes in the past and non of the law enforcement agencies took any action to charge him.

252.     **As a result of the Defendants' violation of the above federal statute and Civil and Criminal Code of the State of California the plaintiff is harmed in following way.**

(a)   The Plaintiff's intellectual and proprietary property and information were taken from him with the illegal transfer of dominion over such valuable property to Thierry Lemaitre.

(b)   The Plaintiff was indirectly disenfranchised of any monetary value of most his property by being forced to grant ownership of most of his property to the United States Government where it is being turned over via channels to the Government of the United States of America so as to protect it from being claimed by any other party.

(c)   The Plaintiff is being denied rightful ownership of his property due to the trespassory burglary and larceny committed by Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni.

(d)   The Plaintiff is robbed of his monetary benefit to be used as planned for helping persons living in poverty, his sons, and schools, Occidental College, St. Patrick's Boys (Barbados) and Taft University School of Law.

(e)   Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni are extorting the Plaintiff for the return of all stolen property, and trade secrets of Accessone Barbados.

## CLAIM # 23

253.     **Plaintiff re-alleges and incorporates by reference all of the Paragraphs above:**

Plaintiff has a claim for defamation of character and slander against Rawah Algaouni and Susan Bjork.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 118

254.     Rawah Algaouni intentionally and maliciously made false declarations before the court in the case of Riverside County Family Court case number RID236721.   Rawah Algaouni falsely accused the Plaintiff of domestic violence and after the review of the evidence the Plaintiff was acquitted and found not guilty.  Rawah Algaouni intentionally, maliciously and falsely accused the Plaintiff of drinking excessively and being physically abusive to her and the minor children.  After being directed to undergo alcohol and drug assessment the allegations against the Plaintiff were found to be grossly false.

255.     In a continued attempt to get the Plaintiff arrested Rawah Algaouni conspired with Elick Toby Bowler, Bill Essayli, Beaumont Police Department, Paul Zellerbach, Creg Datig, Thierry Lemaitre, Ahlam Algaouni to falsely accuse the Plaintiff in harassing her, sending emails and other content to her and to her boss.

256.     Rawah Algaouni intentionally sought to ruin the relationship between the Plaintiff and his older minor son, Bilal Walker, by telling the minor child that the Plaintiff held a gun to her head and threatened to kill her if she left the Plaintiff.  The Plaintiff spoke with the minor son assuring him that the statements were false  and were told to him in anger and retaliation.  When Rawah Algaouni saw that this did not and was not working she then told the minor child Bilal Walker that she had the Plaintiff on record stating that he wanted to see the minor child, Bilal Walker, dead.

257.     Rawah Algaouni was using the minor children as pawns in the divorce and continued to slander the Plaintiff's name by telling the minor

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 119

1   children anything she could think of to falsely show the Plaintiff in a negative

2   light.

3

4   258.      Rawah Algaouni conspired with Susan Bjork to have Susan Bjork

5   provide Rawah Algaouni with an affidavit stating that the Plaintiff was going to

6   kill the minor children and Rawah Algaouni.  When Susan Bjork was being

7   served to appear in court to go on trial she avoided service and refused to accept

8   the subpoena.

9

10   259.      **As a result of the Defendants' actions the plaintiff is harmed in**

11   **following way.**

12

13   (a)   The Plaintiff's reputation and character were damaged by the false,

14         perjured and slandered declarations submitted to the court in an affidavit

15         by Susan Bjork and Rawah Algaouni.

16   (b)   The Plaintiff's relationship with his minor children was negatively affected

17         and harmed.

18   (c)   The affidavit form Susan Bjork was used to help Rawah Algaouni obtained

19         a wrongfully granted restraining order from the court.

20   (d)   The Plaintiff is seen in a negative light as a result of the slandered

21         statements of Susan Bjork, and Rawah Algaouni.

22

23                           **CLAIM # 24**

24   260.      **Plaintiff re-alleges and incorporates by reference all of the**
     **Paragraphs above:**

25

26   Plaintiff has a claim for vicarious liability and Respondeat Superior liability

27   against Solar City for their employee Rawah Algaouni.

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 120

261.     Rawah Algaouni on or about June 28th, 2013, while under the employ of Solar City violated a court order committing a felony under California Penal Code 278.5 (a), kidnapped the minor child Tariq Walker refusing to drop him off for visitation as ordered by the Riverside County Family thereby denying the Plaintiff custody as ordered on December 14th, 2011, by Hon Jackson Lucky.

262.     On the morning of June 29th, 2013, while on her way to an appointment for her employer, Solar City, Rawah Algaouni kidnapped the minor child and took him to LAX Airport where she intentionally dropped him off to Thierry Lemaitre and Ahlam Algaouni who then took the minor child to Mexico and Costa Rica committing international parental kidnapping under Title U.S.C § 1204.  Rawah Algaouni, Thierry Lemaitre and Ahlam Algaouni refused to inform the Plaintiff on the whereabouts of the minor child.

263.     **As a result of the Defendants' violation of the above federal statute and Civil and Criminal Code of the State of California the plaintiff is harmed in following way.**

(a)     The Plaintiff was denied custody of his minor son.

(b)     The Plaintiff was faced with intentional infliction of emotional distress because of ,and due to, the kidnapping of his minor son and his unknown whereabouts at the time.

(c)     The endangerment of his minor son by Thierry Lemaitre and Ahlam Algaouni.

## CLAIM # 25

264.     **Plaintiff re-alleges and incorporates by reference all of the
Paragraphs above:**

Plaintiff has a claim for vicarious liability against Z-Tech Advance
Technologies, Inc. for its employees and owners Thierry Lemaitre, Ahlam
Algaouni and Montaser Algaouni.

265.     Thierry Lemaitre, Ahlam Algaouni and Montaser Algaouni were
both owners and employees of Z-Tech Advance Technologies at the time when
they committed the following offenses and torts against the Plaintiff:

1) Thierry committed the battery against the Plaintiff when he was at his
   younger minor son's wrestling match on May 29th, 2011, where Mr.
   Lemaitre used his stomach to push up against the Plaintiff trying to provoke
   the Plaintiff to fight.

2) Thierry Lemaitre, Ahlam Algaouni  were stalking the Plaintiff.

3) Montaser Algaouni committed battery against the Plaintiff while the Plaintiff
   was standing in the Starbucks store on Beaumont Avenue on the morning of
   June 18th, 2011.

4) Thierry Lemaitre and Ahlam Algaouni were both employees and owners of
   Z-Tech Advance Technologies, Inc. when they committed all of the other
   crimes and offenses against the Plaintiff and his sons.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 122

266.     **As a result of the Defendants' torts and other federal and California Penal Code violations the plaintiff and his sons were harmed in following way:**

(a) The younger son, Tariq Walker, lives in fear that nothing will be done to Thierry Lemaitre and Ahlam Algaouni as expressed to the Plaintiff after he gave his kidnapping report to Officer Toisha Wells, Beaumont Police Department.

(b) Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will do something to fatally harm the kids and there will be nothing he can do.

(c) Plaintiff lives in fear of not being able to repair the relationship with his sons and insure that they given every opportunity to be successful in life.

(d) Plaintiff lives in fear of the continued abuse to his younger son who sent a text to him express disillusionment- "My life sucks"

(e) Plaintiff lives in fear of having a crime put on him, and or being wrongly accused of a crime that would have him incarcerated.

(f) Plaintiff lives in fear of being unable to get a fear trial and equal treatment of his civil rights and equal protections under the laws of the State of California and the United States of America.

(g)  Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam
     Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will
     continue to ruin the life of younger sons as retaliation against the Plaintiff.

(h)  Lost of economic gain and livelihood. The Plaintiff lost a job with Merrill
     Lynch ($ 324,000.00-18,000.00 guaranteed per month for 18 months),
     Charter Cable (137,000.00) and Waddell & Reed.

## CLAIM # 26

267.    **Plaintiff re-alleges and incorporates by reference all of the
Paragraphs above:**

Plaintiff has a claim under California Penal Code section 30-32, hindering

apprehension or prosecution, Paul Zellerbach, Creg Datig, Beaumont Police

Department, Sergeant  Greg Walter, Chief Frank Coe, Commander Greg Fagan,

City of Beaumont, Mayor Roger Berg, City Alan Kapanicas, Ontario Police

Department, Sergeant Timothy Glisson, Rancho Cucamonga Police Department

and Riverside Police Department.

268.    **As a result of the Defendants' torts and other federal and
California Penal Code  violations the plaintiff and his sons were harmed in
following way:**

(a)  The Plaintiff was deprived of equal protection under the law as afforded
     and guaranteed under the Fourteenth Amendment of the Constitution of the
     United States of America.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 124

(b) Having failed to uphold the law and protect the Plaintiff and his sons the defendants indirectly gave a nod to those that were violating the rights of the Plaintiff, and committing crimes against the Plaintiff so condoning their actions that these persons, Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Basma Algaouni, and the defendant law enforcement agencies.

(c) The younger son, Tariq Walker, lives in fear that nothing will be done to Thierry Lemaitre and Ahlam Algaouni as expressed to the Plaintiff after he gave his kidnapping report to Officer Toisha Wells, Beaumont Police Department.

(d) Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will do something to fatally harm the kids and there will be nothing he can do.

(e) Plaintiff lives in fear of not being able to repair the relationship with his sons and insure that they given every opportunity to be successful in life.

(f) Plaintiff lives in fear of the continued abuse to his younger son who sent a text to him express disillusionment- "My life sucks"

(g) Plaintiff lives in fear of having a crime put on him, and or being wrongly accused of a crime that would have him incarcerated.

(h)  Plaintiff lives in fear of being unable to get a fear trial and equal treatment of his civil rights and equal protections under the laws of the State of California and the United States of America.

(i)  Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will continue to ruin the life of younger sons as retaliation against the Plaintiff.

(j)  Lost of economic gain and livelihood. The Plaintiff lost a job with Merrill Lynch ($ 324,000.00-18,000.00 guaranteed per month for 18 months), Charter Cable (137,000.00) and Waddell & Reed.

(k)  Lost of investment income and operational profits from Accessone Barbados for over $ 177,000,000.00 USD.

## CLAIM # 27

269.     **Plaintiff re-alleges and incorporates by reference all of the Paragraphs above:**

Plaintiff has a claim under tort complaint for malicious prosecution against Thierry Lemaitre, Ahlam Algaouni and Gresham Savage Tilden & Nolan. 270.  These defendants brought an action against the Plaintiff in U.S District court Central District of California, case Thierry Lemaitre & Ahlam Algaouni v. EDCV-13-00118.  This case was dismissed and prior to the dismissal Thierry Lemaitre, Ahlam Algaouni & Gresham Savage Tilden & Nolan knew and was informed that the case should not have been brought against the Plaintiff, and Gresham Savage Tilden & Nolan ( Mario Alfaro,

Jason Flair, Theodore Stream and Raul Garcia were all informed by the Plaintiff and the Registrar of Barbados that the Plaintiff was living back in Barbados and the company Accessone Barbados was not operational.  Despite having this information and knowing that they did not have complete diversity of jurisdiction in order to move forward with the case and sought to submit perjured declarations to the United States District court.

271.    Despite having knowledge of the facts as to evidence confirming there was not complete diversity of jurisdiction, and as such they should not continue to pursue the case and should have dropped the case.  Gresham Savage Tilden & Nolan continued to pursue the case knowing fully well that their client perjured themselves before the court, and the declarations and other statements submitted to the court were false when validated.

272.    Gresham Savage Tilden & Nolan was the law firm representing the City of Beaumont, and in likelihood reviewed the agreement between the City of Beaumont and Greenfield Communications, and was well aware of the facts of the agreement between their client, City of Beaumont, and Greenfield Communications.  Further to this Gresham Savage Tilden & Nolan was central to the conspiracy against the Plaintiff, and conspired with both Elick Toby Bowler, Paul Zellerbach, the Beaumont Police Department and the other conspirators.  The wife of Hon Jackson Lucky works in the Riverside County District Attorney's Office, and the Hon. Jackson Lucky also has a relationship with the parties involved having worked as a prosecutor in the Riverside County District Attorney's Office.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 127

273.     The conspirators used the Beaumont Police Department and the District Attorney's Office as a tool to harass the Plaintiff and maliciously prosecute the Plaintiff for crimes for which he was framed  for in the manufacture of evidence by Thierry Lemaitre et al.  These conspirators then had the Hon Jackson Lucky rule against the rights of the Plaintiff, and even the Plaintiff filed a motion to demand the recusal of Hon Jackson Lucky, Hon. Jackson Lucky denied the motion and stayed on the case.  When Hon Jackson Lucky moved to a different courtroom and gave up all of the other cases he insured to keep case number RID236721, Algaouni v. Walker, when in truth and fact he should have given up the case, but to have done so would have allowed the Plaintiff to receive a fair and balance hearing.

274.     When Hon. Jackson Lucky was served with the federal lawsuit seeking  injunctive relief in court on December 5th, 2013, the Hon. Jackson Lucky should have recused himself in accordance with law and he did not.  Hon Jackson Lucky made rulings that were sure to leave the laptop stolen in the trespassory burglary in the possession of Thierry Lemaitre, Ahlam Algaouni and Rawah Algaouni.

275.     These conspirators worked to violate rights of the Plaintiff and Gresham Savage Tilden & Nolan used a malicious use of process against the Plaintiff, and made a mockery of the U.S District Court Central District of California.  These conspirators also attempted to cover-up the many crimes committed by the various conspirators, as well as the bribery and kickback schema that would violated the public trust of the residents and taxpayers of the City of Beaumont of which the Plaintiff was a resident of the city of Beaumont, and a member of the community.

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 128

276.     **As a result of the Defendants' torts and other federal and California Penal Code violations the plaintiff and his sons were harmed in following way:**

(a)   The Plaintiff was deprived of equal protection under the law as afforded and guaranteed under the Fourteenth Amendment of the Constitution of the United States of America.

(b)   Having failed to uphold the law and protect the Plaintiff and his sons the defendants indirectly gave a nod to those that were violating the rights of the Plaintiff, and committing crimes against the Plaintiff so condoning their actions that these persons, Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Basma Algaouni, and the defendant law enforcement agencies.

(c)   The younger son, Tariq Walker, lives in fear that nothing will be done to Thierry Lemaitre and Ahlam Algaouni as expressed to the Plaintiff after he gave his kidnapping report to Officer Toisha Wells, Beaumont Police Department.

(d)   Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will do something to fatally harm the kids and there will be nothing he can do.

(e)   Plaintiff lives in fear of not being able to repair the relationship with his sons and insure that they given every opportunity to be successful in life.

(f)  Plaintiff lives in fear of the continued abuse to his younger son who sent a text to him express disillusionment- "My life sucks"

(g)  Plaintiff lives in fear of having a crime put on him, and or being wrongly accused of a crime that would have him incarcerated.

(h)  Plaintiff lives in fear of being unable to get a fear trial and equal treatment of his civil rights and equal protections under the laws of the State of California and the United States of America.

(i)  Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will continue to ruin the life of younger sons as retaliation against the Plaintiff.

(j)  Lost of economic gain and livelihood. The Plaintiff lost a job with Merrill Lynch ($ 324,000.00-18,000.00 guaranteed per month for 18 months), Charter Cable (137,000.00) and Waddell & Reed.

(k)  Lost of investment income and operational profits from Accessone Barbados for over $ 177,000,000.00 USD.

(l)  The Plaintiff has been subjected to a constant and perpetual infliction of emotional distress by the defendants since July of 2010. During this time the Plaintiff loss the liberties and livelihood he created for himself, the affection of his sons and all that he has worked to attain in his livelihood to include but not limited to his intellectual property

## CLAIM # 28

277.      **Plaintiff re-alleges and incorporates by reference all of the Paragraphs above:**

Plaintiff has a claim under tort complaint for intentional negligence, and infliction of emotional distress against the Beaumont Unified School District, Beaumont High School, Marilyn Saucedo, Dr. Maureen Latham, Shawn Mitchell, Mark DuSold and Mike Wagner.  These defendants and Beaumont High School and the Beaumont Unified School District stood in *loco parentis* and thus had a duty to protect the minor child, a student of the school and the school district, failed in their duty owed to the Plaintiff and the Plaintiff's son, a member of the Beaumont High School swim team.  The Plaintiff also has a claim against these defendants under California Penal Code 272, Contributing to the delinquency of a minor, and well as an accomplice after the fact.  The Plaintiff also has a tort claim against the defendants in the aiding in the consummation of a crime, smoking and the use of marijuana.  The defendants in were negligent in their failure to act on their duty to protect the minor child, an affirmative duty of care, as well as an affirmative duty of care to protect the other students and members of the swim team who were complaining about the minor's use of marijuana.

278.      The Plaintiff met with Mike Wagner and Mark DuSold and informed them that the Plaintiff's older minor son was smoking marijuana and other students were complaining.  The Plaintiff in an effort to turn his son's life around asked the school to remove him from the swimming team until he can pass a drug test.  The Director of Student Services, Shawn Mitchell, called the Plaintiff and informed the Plaintiff that he spoke with Rawah Algaouni and

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 131

1  Rawah Algaouni did not want the minor child, Bilal, removed from the
2  swimming team.

3

4  279.    The Beaumont High School and the defendants mentioned herein
5  were informed of the fact that they had a duty to look out for the welfare of
6  Bilal and other students, and having joint legal custody of the older minor child
7  the Plaintiff wanted him removed from the team.  The Beaumont Unified
8  School District refused to remove Bilal Walker from the swim team.  It was
9  clear that those with a duty to protect the Plaintiff's son were negligently
10  refusing to do so placing the interest of the school district ahead of the welfare
11  of the minor child.  These defendants and Rawah Algaouni knew that Bilal was
12  smoking marijuana and if they removed him from the swimming team the
13  school would not have won the 2012 CIF DIV IV swimming championship.

14

15  280.    **As a result of the Defendants' torts and other federal and**
16  **California Penal Code violations the plaintiff and his son were harmed in**
17  **following way:**

18

19  (a)  The intentional infliction of emotional distress on the Plaintiff and the
20       paternal family of the minor child.

21

22  (b)  Having the Beaumont High School Athletic Department and the Beaumont
23       Unified School District condone the illegal activity of using drugs while in
24       the custody of the school, and those in positions of authority having
25       knowledge of these illegal and damaging activities of the minor child look
26       the other way all for protecting the interest of the Beaumont Unified
27       School District.

28

(c)   The Plaintiff had to live every day knowing that the defendants were
       condoning the endangerment of the minor child and his use of drugs that
       was harmful to himself.

### CLAIM # 29

281.      **Plaintiff re-alleges and incorporates by reference all of the
Paragraphs above:**

Plaintiff has a claim under tort complaint for conspiracy against the defendants
Mayor of Beaumont of Roger Berg, City Manager Alan Kapanicas, Beaumont
Police Chief Frank Coe, Beaumont Police Commander Greg Fagan, Beaumont
Police Officers Sergeant Greg Walter, Sergeant Joshua Galbraith, Corporal
Harris, Officer Thomas D'Alessandro, City of Ontario Police Department,
Sergeant Timothy Glisson, Rancho Cucamonga Police Department, Riverside
Police Department, Elick Toby Bowler, Paul Zellerbach, Creg Datig, Bill
Essayli, Gresham Savage Tilden & Nolan, Thierry Lemaitre, Ahlam Algaouni,
Rawah Algaouni, Montaser Algaouni, Susan Bjork, Robert Ardrey, Belinda
Martinez, Kevin Carter, Lisa Morris, Beaumont Unified School District and its
employees, Dr. Maureen Latham, Shawn Mitchell, Beaumont High School and
its employees, Marilyn Saucedo, Mark DuSold, Mike Wagner, Frontier Airlines
and Aero Mexico.

282.      **As a result of the Defendants' torts and other federal and
California Penal Code violations the plaintiff and his son were harmed in
following way:**

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 133

(a) The conspirators deprived the Plaintiff of his constitutional and civil rights under the color of law.

(b) The conspirators denied the Plaintiff equal protection under the law as guaranteed to the Plaintiff and every citizen of the United States of America as set forth under the Fourteenth Amendment.

(c) The Plaintiff was denied his rights as the father of the minor children.

(d) The Plaintiff was denied a fair trial in the case of Algaouni v. Walker, Riverside County Family Court, case RID236721.

(e) The Plaintiff is being maliciously prosecuted and persecuted by the Riverside County District Attorney's Office.

(f) The Plaintiff is being retaliated against by those of the conspirators that are trying to cover-up their crimes.

(g) The Plaintiff suffered intentional and wonton infliction of emotional distress.

(h) Crimes were then put on the Plaintiff in an effort to incarcerate the Plaintiff and silence him.

(i) The Plaintiff's son was taken out of the country to Mexico and Costa Rica and the Plaintiff had no knowledge of the whereabouts of his minor son.

(j) The Plaintiff's intellectual property was stolen and the Plaintiff was being denied dominion of his property with a high monetary and sensitive value.

(k) The Plaintiff was denied the custody of his son and his affection, as well as by Frontier Airlines having illegally taken my son out of California to Denver where they were mentally abused by Robert Ardrey and Rawah Algaouni.

(l) Having failed to uphold the law and protect the Plaintiff and his sons the defendants indirectly gave a nod to those that were violating the rights of the Plaintiff, and committing crimes against the Plaintiff so condoning their

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside County Civil Court and other tort complaints- 134

actions that these persons, Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Basma Algaouni, and the defendant law enforcement agencies.

(m)   The younger son, Tariq Walker, lives in fear that nothing will be done to Thierry Lemaitre and Ahlam Algaouni as expressed to the Plaintiff after he gave his kidnapping report to Officer Toisha Wells, Beaumont Police Department.

(n)   Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will do something to fatally harm the kids and there will be nothing he can do.

(o)   Plaintiff lives in fear of not being able to repair the relationship with his sons and insure that they given every opportunity to be successful in life.

(p)   Plaintiff  lives in fear of the continued abuse to his younger son who sent a text to him express disillusionment- "My life sucks"

(q)   Plaintiff lives in fear of having a crime put on him, and or being wrongly accused of a crime that would have him incarcerated.

(r)   Plaintiff lives in fear of being unable to get a fear trial and equal treatment of his civil rights and equal protections under the laws of the State of California and the United States of America.

(s)   Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will continue to ruin the life of younger sons as retaliation against the Plaintiff.

(t)   Lost of economic gain and livelihood. The Plaintiff lost a job with Merrill Lynch ($ 324,000.00-18,000.00 guaranteed per month for 18 months), Charter Cable (137,000.00) and Waddell & Reed.

(u)   Lost of investment income and operational profits from Accessone Barbados for over $ 177,000,000.00 USD.

(v)   The Plaintiff has been subjected to a constant and perpetual infliction of emotional distress by the defendants since July of 2010. During this time the Plaintiff loss the liberties and livelihood he created for himself, the affection of his sons and all that he has worked to attain in his livelihood to include but not limited to his intellectual property.

## CLAIM # 30

282.     **Plaintiff re-alleges and incorporates by reference all of the Paragraphs above:**

Plaintiff has a claim under tort for the negligence of Frontier Airlines, as well as an accomplice under Title 18 U.S.C § 1201, paternal kidnapping, and as an accomplice under California Penal Code 278.5 (a).

283.     Frontier Airlines negligently allowed the minor children to travel with Rawah Algaouni when had attention and diligence been applied considering the last names of the minor children they would have realized she

was not authorized to travel with the minor children. Frontier Airlines should have requested a notarized letter from the father (Plaintiff) and having done so would have then avoiding the minor children being kidnapped by Rawah Algaouni and Robert Ardrey.

284.     **As a result of the Defendants' torts and other federal and California Penal Code violations the plaintiff and his son were harmed in following way:**

(a) The Plaintiff was denied the affection of his minor children at Christmas time when by Court order the minor children were supposed to be with the Plaintiff.

(b) The Plaintiff suffered infliction of emotional distress of not knowing the whereabouts of his minor children.

(c) The minor children were mentally abused by Robert Ardrey and Rawah Algaouni.

(d) The Plaintiff was denied custody of his minor children.

## CLAIM # 31

285.     **Plaintiff re-alleges and incorporates by reference all of the Paragraphs above:**

Plaintiff has a claim under Title 18 U.S.C § 1961 (4), Title 18 U.S.C § 1962 (d) and Title 21 U.S.C § 848 against Paul Zellerbach, Creg Datig, City of Beaumont, Mayor of Beaumont Roger Berg, City Manager of Beaumont Alan Kapanicas, Riverside Police Department, Ontario Police Department, Sergeant Timothy Glisson, Elick Toby Bowler, Thierry Lemaitre, Ahlam Algaouni,

1   Rawah Algaouni, Montaser Algaouni, Gresham Savage Tilden & Nolan, Bill
2   Essayli, Chief Frank Coe, Commander Greg Fagan, Sergeant Greg Walter,
3   Sergeant Joshua Galbraith, Corporal Harris, Mark DuSold, Dr. Maureen
4   Latham, Shawn Mitchell, Mike Wagner, Belinda Martinez, Kevin Carter, Lisa
5   Morris, Rancho Cucamonga Police Department and Riverside Police
6   Department.

8   286.      **As a result of the Defendants' torts and other federal and**
9   **California Penal Code violations the plaintiff and his son were harmed in**
10  **following way:**

12  (a) The conspirators deprived the Plaintiff of his constitutional and civil rights
13        under the color of law.
14  (b) The conspirators denied the Plaintiff equal protection under the law as
15        guaranteed to the Plaintiff and every citizen of the United States of
16        America as set forth under the Fourteenth Amendment.
17  (c) The Plaintiff was denied his rights as the father of the minor children.
18  (d) The Plaintiff was denied a fair trial in the case of Algaouni v. Walker,
19        Riverside County Family Court, case RID236721.
20  (e) The Plaintiff is being maliciously prosecuted and persecuted by the
21        Riverside County District Attorney's Office.
22  (f) The Plaintiff is being retaliated against by those of the conspirators that are
23        trying to cover-up their crimes.
24  (g) The Plaintiff  suffered intentional and wonton infliction of emotional
25        distress.
26  (h) Crimes were then put on the Plaintiff in an effort to incarcerate the Plaintiff
27        and silence him.

28

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 138

(i)   The Plaintiff's son was taken out of the country to Mexico and Costa Rica and the Plaintiff had no knowledge of the whereabouts of his minor son.

(j)   The Plaintiff's intellectual property was stolen and the Plaintiff was being denied dominion of his property with a high monetary and sensitive value.

(k)   The Plaintiff was denied the custody of his son and his affection, as well as by Frontier Airlines having illegally taken my son out of California to Denver where they were mentally abused by Robert Ardrey and Rawah Algaouni.

(l)   Having failed to uphold the law and protect the Plaintiff and his sons the defendants indirectly gave a nod to those that were violating the rights of the Plaintiff, and committing crimes against the Plaintiff so condoning their actions that these persons, Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Basma Algaouni, and the defendant law enforcement agencies.

(m)   The younger son, Tariq Walker, lives in fear that nothing will be done to Thierry Lemaitre and Ahlam Algaouni as expressed to the Plaintiff after he gave his kidnapping report to Officer Toisha Wells, Beaumont Police Department.

(n)   Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will do something to fatally harm the kids and there will be nothing he can do.

(o)   Plaintiff lives in fear of not being able to repair the relationship with his sons and insure that they given every opportunity to be successful in life.

(p)  Plaintiff lives in fear of the continued abuse to his younger son who sent a text to him express disillusionment- "My life sucks"

(q)  Plaintiff lives in fear of having a crime put on him, and or being wrongly accused of a crime that would have him incarcerated.

(r)  Plaintiff lives in fear of being unable to get a fear trial and equal treatment of his civil rights and equal protections under the laws of the State of California and the United States of America.

(s)  Plaintiff lives in fear of Thierry Lemaitre, Rawah Algaouni, Ahlam Algaouni, Montaser Algaouni, Mazzin Afghani and Basma Arabi will continue to ruin the life of younger sons as retaliation against the Plaintiff.

(t)  Lost of economic gain and livelihood. The Plaintiff lost a job with Merrill Lynch ($ 324,000.00-18,000.00 guaranteed per month for 18 months), Charter Cable (137,000.00) and Waddell & Reed.

(u)  Lost of investment income and operational profits from Accessone Barbados for over $ 177,000,000.00 USD.

(v)  The Plaintiff has been subjected to a constant and perpetual infliction of emotional distress by the defendants since July of 2010. During this time the Plaintiff loss the liberties and livelihood he created for himself, the affection of his sons and all that he has worked to attain in his livelihood to include but not limited to his intellectual property.

287.      **Plaintiff re-alleges and incorporates by reference all of the Paragraphs above:**

Plaintiff has a claim under Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners), against Belinda Martinez, Kevin Carter and Lisa Morris.

288.      Belinda Martinez sought to deprive the Plaintiff of his rights to file a contempt of court charge against Rawah Algaouni by rejected the contempt filing three times before accepting it for filing after the Plaintiff informed her of his intent to file suit against her for the false rejection denying the Plaintiff his rights under the color of law.

289.      Kevin Carter, the mediator in the Mediation Department recommended sole custody be given to Rawah Algaouni without any consideration of how the minor children would be affected.  It was clear form this and other rulings that Kevin Carter was biased in his recommendation and lacked the fair and balanced recommendation that would have been in the best interest of the minor children.  At trial the Plaintiff will call a witness to attest to the fact that rulings made by Mr. Carter and other males in the department were severely biased and damaged the psyche of the minor children.

290.      **As a result of the Defendants' torts and other federal and California Penal Code violations the plaintiff and his son were harmed in following way:**

(a)   The Plaintiff was illegally deprived of his constitutional rights as a father under the color of law.

(b)   The Plaintiff was alienated from his minor children.

(c)   Intentional infliction of emotional distress.

(d)   The Plaintiff was treated as if he committed domestic violence by Kevin Carter, though he was found not to have done so, as well as having Kevin Carter receive further verification from Dr. McAffee that the allegations of excessive drinking and abuse were unfounded.

## V. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests special, punitive and exemplary damages as well as injunctive relief:

291.      Injunctive relief from Riverside County Family, Criminal and Civil Courts.  The Plaintiff requests that he be granted sole custody of son Tariq Walker.

292.      An order recusing Hon. Jackson Lucky from the case Algaouni v. Walker Riverside Family Court RID 236-721, and that the case is assigned to another jurisdiction other than Riverside, San Bernardino and Orange Counties for a fair hearing and final division of assets settlement.

293.      An order disqualifying and recusing Hon. Jorge Hernandez from all cases involving the Plaintiff, in particular case BAM1302202 to be heard on January 21st, 2014.

294.     A permanent restraining order against Thierry Lemaitre, Ahlam Algaouni, Mazzin Afghani, Montaser Algaouni and Basma Arabi, restraining them from coming within 100 yards of the Plaintiff and his minor son Tariq Walker.

295.     A hearing to determine spousal and child support because there was not a proper hearing for such a determination to be heard in another jurisdiction to insure a fair trial.

296.     The passport belonging to the minor child Tariq Walker  is to be held by the court, or ordered cancelled.

297.     Special and exemplatory damages and an order demanding that Thierry Lemaitre and Ahlam Algaouni pay for the counseling of Tariq Walker and Bilal Walker if Bilal Walker so decides to take this counseling.

298.     Immediate Sole access to the funds with the Tocqueville Fund (Delafield Fund) that was hidden from the court by Rawah Algaouni, and which she failed to disclose at the direction of Elick Toby Bowler.

299.     All records pertaining to the divorce permanently sealed, Riverside County Case number RID236721.

300.     Return of all stolen property in good working order belonging to the Plaintiff, Apple 17' MAC Book Pro, Mont Blanc Pen Collection, all corporate documents belonging to Accessone Barbados, Inc., Crystal, deeds to property in

Barbados and all copies made of any document stored in any form taken form the stolen laptop.

301.       Overturn and complete expunging of all records of case BAM-1101556, California Superior Court Riverside County- Banning, and a copy of this action be sent to the Plaintiff, as well as sent to all credit bureaus .

302.       Special, punitive, exemplary and compensatory damages be awarded to the Plaintiff and his sons as follows:

A.       E. Toby Bowler- $ 5,000,000.00 USD.

B.       City of Beaumont Unified School District and Beaumont High School
         -   $ 2,000,000.00 USD.

C.       City of Beaumont- $ 10,000,000.00

D.       City of Riverside Police Department- $ 2,000,000.00 USD.

E.       City of Ontario Police Department-  $ 2,000,000.00 USD

F.       City of  Rancho Cucamonga Police Department- $ 2,000,000.00 USD

G.       Paul Zellerbach (Private Capacity)- $ 5,000,000.00 USD

H.       Craig Datig (Private Capacity)- $ 2,000,000.00 USD

I.      Bill Essayli ( Private Capacity)- $ 500,000.00 USD

J.      Dr. Maureen Latham, Shawn Mitchell, Marilyn Saucedo, Mark
        DuSold and Ken Wagner in their private capacities each ordered to
        pay  damages of- $ 500,000.00.

K.      George Walter-  $ 500,000.00

L.      Thomas D'Alessandro- $ 200,000.00

M.      Joshua Galbraith- $ 1,000,000.00

N.      Frank Coe- $ 800,000.00

O.      Gregory Fagan- $ 800,000.00

P.      Jeremy Harris- $ 500,000.00

Q.      Roger Berg-  $ 2,000,000.00

R.      Alan Kapanicas- $ 2,000,000.00

S.      Sergeant Timothy Glisson (Ontario Police Department) in his private
        capacity be ordered to pay damages of- $ 500,000.00 USD

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 145

T.    Gresham Savage Tilden & Nolan- $ 2,000,000.00

U.    Thierry Lemaitre & Ahlam Algaouni- $ 2,000,000.00

V.    Montaser Algaouni - $ 800,000.00

W.    Basma (Algaouni) Arabi- $ 500,000.00

X.    Rawah Algaouni- $ 5,000,000.00

Y.    Z-Tech Advance Technologies- $ 3,000,000.00

Z.    Mazzin Afghani-  $ 1,000,000.00

AA.    MTA Gallery- $  500,000.00

BB.    Mediterranean Café- $ 500,000.00

CC.    Robert Ardrey- $ 3,000,000.00

DD.    Christopher Plumbing- $ 2,000,000.00

EE.    Susan Bjork- $ 500,000.00

FF.    Frontier Airlines- $ 3,000,000.00

Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (non-prisoners) Oppression, Breach of Trust by an Officer, Neglect of
Official Duty, Subornation of Perjury, Obstruction of Justice, Compounding Crime, Misprison of Felony, Malicious
Prosecution, Perjury, and Complaint for Damages and Injunctive Relief From Riverside County Family Court and Riverside
County Civil Court and other tort complaints- 146

GG.    Aero Mexico Airlines- $ 5,000,000.00

HH.    Solar City- $ 800,000.00

303.    **  Half of all proceeds from items-302 above be used to set up a foundation (The Bilal & Tariq Walker Riverside and San Bernardino Legal Aid Foundation) to award funds for counseling for children and parents in divorce proceedings, as well as to provide paid legal services and representation for families  in the Riverside and San Bernardino counties by attorneys approved by the foundation.

304.    The Plaintiff and his sons will seek to be relocated and try as best as possible to rebuild their lives that has been destroyed by the conspiracy by the Defendants to deny them equal protection under the laws, violation of their constitutional and federal statutory rights, the deep and highly stressful infliction of emotional distress, the defamation of character and financial ruin and other financial loss and the failure to prosecute persons who have committed crimes against them under the color of law.  The deliberate and intentional criminally damaging actions by those in law enforcement, charged with upholding the law, but instead conspiring with others in the attempt to cover-up the criminal activities of others while conducting malicious prosecution and persecution of the Plaintiff at every turn.

305.    The Plaintiff will show that the defendants Aero Mexico and Frontier Airlines engaged in an unlawful practice of violations of federal and state laws

1   being an accomplice to parental kidnapping and international parental

2   kidnapping.  Investigators will be called to show the incessant problems

3   encountered with international parental kidnapping, and the devastating affect it

4   has on the lives of the children and parents upon whom this crime is perpetrated

5   on.

6

7   306.      Using persons known to have committed crimes against the State of

8   California and violations of federal statutes who are lacking the required

9   credibility and truthfulness upon which to rely on to intentionally and

10  wrongfully incarcerate the Plaintiff.

11

12  Executed on _____Feb 5th, 2014_____, in _Colorado Springs, CO_.

13

14

15

16  By: _____

17

18       KEITH J. WALKER

19

20

21

22

23

24

25

26

27

28